UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS



SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

## SEA STAR MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT AND FOR DAMAGES, OR ALTERNATIVELY TO TRANSFER VENUE OR ABSTAIN

SEA STAR LINE, LLC ("SEA STAR") initiated this action against EMERALD EQUIPMENT LEASING, INC. ("EMERALD") on March 1, 2004. In its Complaint SEA STAR seeks a declaratory judgment as to the parties' rights and liabilities under an Equipment Rental Agreement dated September 28, 2002, and states claims based on breach of maritime contracts, open account, and goods delivered and services provided. SEA STAR effected long-arm service on the Florida Secretary of State, as EMERALD's statutory agent, and notified EMERALD by certified letter, enclosing copies of the pleadings and other relevant documents.

On March 17, 2004, EMERALD filed an adversary proceeding in the United States Bankruptcy Court for the District of Delaware. Subsequently SEA STAR received copies of the Summons and Complaint in regular mail. Premised on the Equipment Rental Agreement attached to

-1-

SEA STAR's Complaint, EMERALD has sued for "Post-Petition Account Receivable/Breach of Lease", "Post-Petition Quantum Meruit", "Turnover Action/Conversion", and "Accounting". *See* Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain ("Motion") Ex. "A". EMERALD's Complaint is a compulsory counterclaim *sub judice*. *See* Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 775 F.2d 1453, 1455 (11 Cir. 1985); United State *ex rel.* Mueller v. Eckerd Corp., 184 F.R.D. 686, 687 (M.D. Fla. 1999); Fed. R. Civ. P. 13(a).

The controversy arises from EMERALD's dealings with SEA STAR in regard to the post-petition Equipment Rental Agreement. In its Motion EMERALD does not contest this Court's subject matter and personal jurisdiction, service of process, or the factual recitation and most claims in SEA STAR's Complaint.[1] Operating as an ocean carrier, SEA STAR maintains its principal place of business in Jacksonville, Florida. Complaint para. 2. EMERALD does not deny its substantial business with SEA STAR in the State of Florida, including but not limited to delivery and return of equipment in the Port of Jacksonville, as well as carriage of equipment as cargo from the Port of San Juan, Puerto Rico to Florida ports. Complaint para. 3. Moreover, EMERALD cannot deny that it purposefully directed its

---

[1]EMERALD acknowledges that SEA STAR has made claims based on contracts of carriage totaling $92,318.05 yet believes "the amount of the claim could be below the sum in controversy necessary to support diversity jurisdiction" [Motion 6 n.1], which SEA STAR has not pled. *Contra,* 28 U.S.C.A. §1332(a). Instead SEA STAR premises this Court's jurisdiction on 28 U.S.C.A. §§1333, 1337, and 1367. Complaint para. 1.

ARMSTRONG & MEJER, P.A., ATTORNEYS, 2600 DOUGLAS ROAD, SUITE IIII, CORAL GABLES, FLORIDA 33134 • TEL. (305) 444-3355

activities toward SEA STAR and that the Equipment Rental Agreement--and equipment received, stored, used, transported, or returned by SEA STAR--had a significant Florida nexus. Complaint para. 3, Ex. "A". Florida "has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985)(citations omitted).

Though the State of Delaware has no connection to this case, EMERALD essentially advocates a "second filed" rule, echoing other litigants' failed arguments. See e.g., IMS Health, Inc. v. Vality Technology, Inc., 59 F. Supp.2d 454, 460-62 (E.D. Pa. 1999). Without factual support EMERALD complains that SEA STAR won "a transparent 'race to the courthouse'". Motion 2. EMERALD deems SEA STAR's claim for declaratory relief, detailed in Count I of the Complaint, "wholly inappropriate", instituted "in bad faith, solely as a pre-emptive maneuver in furtherance of its 'forum shopping' goal." Motion 3.[2] To buttress its position, EMERALD improperly relies on self-serving conclusions and factual allegations as to extraneous matters outside the four corners of the Complaint. Motion 4-5. EMERALD's allegations are impertinent and immaterial. E.g., Milburn v. United States, 734 F.2d 762, 765 (11 Cir. 1984); Raber v.

---

[2]EMERALD's use of the term "forum shopping" sub judice is misleading. One decision cited in EMERALD's Motion has reminded: "Forum shopping occurs when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivates the choice." Capitol Records, Inc. v. Optical Recording Corp., 810 F. Supp. 1350, 1353 (S.D.N.Y. 1992).

ARMSTRONG & MEJER, P.A., ATTORNEYS, 2600 DOUGLAS ROAD, SUITE 1111, CORAL GABLES, FLORIDA 33134 • TEL. (305) 444-3355

Osprey Alaska, Inc., 187 F.R.D. 675, 677 (M.D. Fla. 1999); Fed. R. Civ. P. 12(f).

**GOVERNING LAW**

A.    **Standard of Review**.

    EMERALD's Motion merely tests SEA STAR's Complaint and cannot decide the merits of this case. <u>Milburn v. United States</u>, *supra,* at 765. To withstand a Rule 12(b)(6) motion, "a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Harris v. Procter & Gamble Cellulose Co.</u>, 73 F.3d 321, 324 (11 Cir. 1996), *quoting* <u>Mann v. Adams Realty Co.</u>, 556 F.2d 288, 293 (5 Cir. 1977); *see* Fed. R. Civ. P. 8(a). "A party may also state as many separate claims...as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." Fed. R. Civ. P. 8(e)(2).

    Confronted by a dismissal motion, "a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff." <u>Raber v. Osprey Alaska, Inc.</u>, *supra,* 187 F.R.D. at 677; *see* <u>Burch v. Apalachee Community Mental Health Serv., Inc.</u>, 840 F.2d 797, 798 (11 Cir. 1988)(*en banc*), *aff'd sub nom.*, <u>Zinermon v. Burch</u>, 494 U.S. 113 (1990). The Eleventh Circuit has reiterated:

> [T]he Supreme Court has stated that the "accepted rule" for appraising the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

-4-

SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11 Cir.), *cert. denied sub nom.*, Peat Marwick Main & Co. v. Tew, 486 U.S. 1055 (1988), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The **threshold sufficiency** that a complaint must meet to survive a motion to **dismiss is exceedingly low**." Raber v. Osprey Alaska, Inc., *supra,* at 677, *quoting* Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11 Cir. 1985). Here EMERALD cannot satisfy its heavy burden. St. Joseph's Hosp., Inc. v. Hospital Corp. of Am., 795 F.2d 948, 953 (11 Cir. 1986). Moreover, EMERALD has no basis for arguing that venue in this Court is improper or that transfer of the case to a Delaware bankruptcy court would be permissible. *E.g,* In re Coram Healthcare Corp. (Adams v. Medical Accounts Receivable Solutions, Inc.), 2003 WL 22948234 at *3 (Bankr. D. Del. 2003).

**B.    Declaratory Judgment.**

The unspoken premise for EMERALD's Motion must be that this Court's resolution of the issues in Count I of the Complaint filed by SEA STAR would be an advisory opinion, while a bankruptcy court's decision involving such issues in an adversary proceeding filed by EMERALD would be an adjudication of a case or controversy. When SEA STAR filed its Complaint, however, "a real and substantial controversy admitting of specific relief through a decree of conclusive character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937). The Supreme Court has explained:

ARMSTRONG & MEJER, P.A., ATTORNEYS, 2600 DOUGLAS ROAD, SUITE IIII, CORAL GABLES, FLORIDA 33134 • TEL. (305) 444-3355

> Basically, the question in each case is whether
> the facts alleged, under all the circumstances,
> show that there is a substantial controversy,
> between parties having adverse legal interests,
> of sufficient immediacy and reality to warrant
> the issuance of a declaratory judgment....

Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273

(1941)(citations omitted).    *Accord,* Lake Carriers' Ass'n v.

MacMullan, 406 U.S. 498, 506 (1972).    Moreover, EMERALD's

characterization of SEA STAR as the "'natural' defendant" [Motion 6]

is meaningless: "It is immaterial that frequently, in the declaratory

judgment suit, the positions of the parties in the conventional suit

are reversed; the inquiry is the same in either case...." Maryland

Cas. Co. v. Pacific Coal & Oil Co., *supra,* at 273 (citations

omitted).

Determination whether an actual case or controversy exists

is on a case-by-case basis.    GTE Directories Publishing Corp. v.

Trimen America, Inc., 67 F.3d 1563, 1567 (11 Cir. 1995).    Given

$4,000,000 in dispute and the parties' contradictory contractual

interpretations, the controversy stated in Count I is substantial,

between parties having adverse legal interests, and of sufficient

immediacy and reality to warrant a declaratory judgment.    Maryland

Cas. Co. v. Pacific Coal & Oil Co., *supra,* at 273.    Contrary to

EMERALD's contention, SEA STAR's declaratory action serves a useful

purpose.    Motion 3.    Surely EMERALD does not assert that alleged

termination of the Equipment Rental Agreement mooted the controversy.

If EMERALD really recognized that the "[t]he Bankruptcy Court Sale

Order has long ago been effectuated" [Motion 8], it would adhere to

the Order's dictates and submit claims to the NPR bankruptcy estate,

-6-

rather than SEA STAR. *See, e.g.,* Complaint Ex. "A" at 9, para. 15.

Long after EMERALD allegedly terminated the Equipment Rental Agreement, **SEA STAR has received** invoices, revised invoices, and re-revised **invoices for** amounts allegedly due. Indeed, EMERALD alleges that **SEA STAR** "'self-billing reports' were grossly understated, and **failed to account** for numerous pieces of Emerald Equipment, which Sea Star had been using." Motion 4. SEA STAR remains exposed to **liability and damage claims** for EMERALD equipment outside SEA STAR's possession, as well as equipment left on SEA STAR's premises that is not "on-hire" but that EMERALD has failed to remove. Complaint para. 19. Furthermore, the dispute over such equipment affects **SEA STAR's** affirmative damage claims against EMERALD and its recoupment of overpayments. Complaint paras. 21(d), 21(e).

Within the ambit of 28 U.S.C.A. §2201, Count I of SEA STAR's Complaint is ripe for a declaratory decision. SEA STAR has alleged

> "facts from which the continuation of the dispute **may** be reasonably inferred. Additionally, the continuing controversy [is not] conjectural, hypothetical, or contingent; it [is] real and immediate, and create[s] a definite, rather than speculative threat of future injury."

Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 (11 Cir. 1999), *quoting* Emory v. Peeler, 756 F.2d 1547, 1552 (11 Cir. 1985). The controversy between SEA STAR and EMERALD is indeed "live". United States Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11 Cir. 1991). "Although the district court

-7-

has an area of **discretion** in deciding whether to grant or deny declaratory relief, **that discretion** should be exercised liberally in favor of granting **such relief** in order to accomplish the purposes of the Declaratory Judgment Act." <u>Cincinnati Ins. Co. v. Holbrook</u>, 867 F.2d 1330, 1333 (11 Cir. 1989).

Moreover, **Count I would** satisfy Third Circuit case-or-controversy criteria **for declaratory** judgments: "(1) adversity of interest of the **parties, (2) conclusivity** of the judicial judgment; and (3) the practical **help,** or utility, of that judgment." <u>Moore Corp. v. Wallace Computer Servs., Inc.</u>, 898 F. Supp. 1089, 1095 (D. Del. 1995)(citations omitted). Analogous to SEA STAR's declaratory claim is <u>Fischer & Porter Co. v. Moorco International, Inc.</u>, 869 F. **Supp. 323 (E.D. Pa. 1994).** The court found "an actual controversy regarding the **amount of the termination** fee to be paid by plaintiffs and regarding **whether payment** of that fee ends their obligation to defendant." *Id.* **at 326** (citations omitted). Exercising its limited discretion in **favor of hearing** the declaratory judgment claims met the Third Circuit's **four-pronged** test: (1) likelihood that a federal declaration will **resolve the** uncertainty of obligation which gives rise to the **controversy;** (2) convenience of the parties; (3) public interest in settlement **of the** uncertainty of the obligation; and (4) availability and **relative** convenience of other remedies. *Id.* at 327.

Involving **tort-related** claims, <u>Crown Cork & Seal Co. v. Borden, Inc.</u>, 779 F. **Supp.** 33 (E.D. Pa. 1991), <u>Cunningham Bros., Inc. v. Bail</u>, 407 F.2d 1165 (7 Cir.), *cert. denied*, 395 U.S. 959 (1969), and <u>Sarafin v. Sears, Roebuck & Co.</u>, 446 F. Supp. 611, 615 (N.D. Ill.

-8-

1978), are inapposite. In <u>Crown Cork</u> the parties had negotiated for more than two years over alleged product, breach of warranty, and negligence liabilities and had settled two lawsuits cooperatively. <u>Crown Cork & Seal Co. v. Borden, Inc.</u>, *supra,* 779 F. Supp. at 36. The district court held that "the litigation costs Crown seeks to avoid…are not the type of 'uncertainty and insecurity' the Declaratory Judgment Act intended to relieve." *Id.* at 35.

As <u>Crown Cork</u> noted, <u>Cunningham Bros.</u> held that a purpose of the Declaratory Judgment Act is not to enable a prospective negligence defendant to obtain a declaration of non-liability. <u>Cunningham Bros., Inc. v. Bail</u>, *supra,* 407 F.2d at 1168 (footnote omitted). The court reasoned that "[t]he sustaining of plaintiff's suit in the instant case would force an injured party to litigate a claim which he may not have wanted to litigate at a time which might be inconvenient to him or which might precede his determination of the full extent of his damages, and in a forum chosen by the alleged tortfeasor ...." *Id.* at 1169. In any event no indemnity obligation, no contractual duty to defend, and "no immediate controversy between the parties" had arisen. *Id.*

In <u>Sarafin</u> the district judge determined that a declaratory judgment, coupled with a mandatory injunction, would afford plaintiff "the benefits of a class action without the bother." <u>Sarafin v. Sears, Roebuck & Co.</u>, *supra,* 446 F. Supp. at 614. Relying in part on <u>Cunningham Bros.</u>, the court concluded:

> Plaintiff here is not attempting to settle a controversy before it ripens into a legal liability, nor is she trying to terminate

-9-

litigation. On the contrary, the declaratory
relief she requests would operate as a prelude
to or preparation for a myriad of individual
damage claims.

Sarafin v. Sears, Roebuck & Co., *supra,* 446 F. Supp. at 615.
Concerned with prospective piecemeal litigation, the court granted a
motion to dismiss. *Id.*

None of the arguments supporting dismissals in Crown Cork,
Cunningham Bros., and Sarafin applies to Count I of SEA STAR's
Complaint. Contrary to EMERALD's contention, "avoidable damages"
continue to accrue, as EMERALD submits new and revised claims. These
damages are not limited to litigation costs, much less hypothetical
indemnity obligations. Moreover, SEA STAR' Complaint does not
portend piecemeal litigation: Clearly this Court is the appropriate
forum to try all issues and to adjudicate the entire controversy.
Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169,
1173 (11 Cir. 1982); *see* Allendale Mut. Ins. Co. v. Bull Data Sys.,
Inc., 10 F.3d 425, 430 (7 Cir. 1993)(general rule that federal court
has duty to exercise jurisdiction that Congress has given it);
Sarafin v. Sears, Roebuck & Co., *supra,* at 615. Certainly Count I
does not concern abstention in the context of abstract
constitutional, statutory, regulatory, or administrative issues. *See*
Rivera-Puig v. Garcia-Rosario, 983 F.2d 311, 322 n.16 (1 Cir. 1992);
El Dia v. Hernandez Colon, 963 F.2d 488 (1 Cir. 1992); Sierra Club v.
Yeutter, 911 F.2d 1405, 1415-19 (10 Cir. 1990).

C.    **First-Filed Rule**.

The first-filed rule requires denial of EMERALD's Motion.

ARMSTRONG & MEJER, P.A., ATTORNEYS, 2600 DOUGLAS ROAD, SUITE 1111, CORAL GABLES, FLORIDA 33134 • TEL. (305) 444-3355

Curiously EMERALD has not cited any binding Eleventh Circuit precedent or persuasive Third Circuit precedent for its position. Denying a petition for writ of mandamus, the Fifth Circuit long ago stated:

> In Harkrader v. Wadley, 172 U.S. 148-163,...it was said: . ...When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases.'
>
> We consider the just stated rule applies with equal force to conflicts between federal courts in civil cases where the jurisdiction is concurrent.... It necessarily follows that the court, having prior jurisdiction of the cause, as between plaintiff and defendant, was authorized to issue an interlocutory injunction to preserve its jurisdiction.

Georgia Power Co. v. TVA, 89 F.2d 218, 221 (5 Cir. 1937)(citations omitted).[3]

Pertinent to SEA STAR's four-count Complaint, the Eleventh Circuit later pointed out:

> ...In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.... It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction.

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, *supra*, 675 F.2d at 1174.

---

[3]Decisions of the former Fifth Circuit issued before October 1, 1981 are binding Eleventh Circuit precedent unless and until they are overruled by the Court *en banc*. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11 Cir. 1981).

-11-

When a party, having notice of a potential law suit, files an action in its home forum, "'the first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just effective disposition of disputes, require otherwise.'" **Allstate Ins. Co. v. Clohessy**, 9 F. Supp.2d 1314, 1316 (M.D. Fla. 1998), *quoting* Serco Serv. Co. v. Kelley Co., 51 F.3d 1037, 1039 (**Fed. Cir. 1995**)(citations omitted). Like SEA STAR, Allstate had filed a declaratory action in the Middle District of Florida. Like EMERALD, the defendants sued Allstate in another forum. Denying a motion to dismiss the action filed by Allstate, this Court observed that the situs of the second suit—like the situs of EMERALD's adversary proceeding—was not even defendants' home forum. Allstate Ins. Co. v. Clohessy, *supra,* at 1316.

Nonetheless, **EMERALD** contends that commencing in September 2003, its counsel corresponded with SEA STAR's counsel "in an effort to exchange information so that the parties may attempt to amicably resolve their dispute." Motion 5. In a February 19, 2004 letter, EMERALD's attorney allegedly advised that, "'short of litigation', it would be necessary for the parties to immediately arrange a meeting to review the issues in an effort to resolve the dispute over the then terminated Equipment Rental Agreement." *Id.* EMERALD alleges that "10 days later, Sea Star instituted the Florida Litigation seeking declaratory relief. Motion 11.

In Supreme International Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604 (S.D. Fla. 1997), the district court rejected arguments similar to those advanced by EMERALD. Anheuser-Busch moved

-12-

to dismiss or in the alternative to stay proceedings, asserting that a trademark infringement case duplicated its earlier-filed declaratory action in the Eastern District of Missouri. The court granted Anheuser-Busch's motion, believing that

> the first-filed rule should apply in this case. First, contrary to Supreme's argument, A-B did not run to the courthouse as soon as it was aware of a problem. While Supreme's December 11 letter certainly makes it apparent that an infringement lawsuit is imminent, the letter was by no means the first time that Supreme had objected to A-B's use of the Penguin design, and therefore raised the specter of a lawsuit....

> Second, as A-B argues, the December 11 letter was the culmination of a series of mixed signals that Supreme sent on the issue.... There is no requirement that a business threatened with an infringement lawsuit sit back and wait to see if the other party is serious about suing....

Supreme Int'l Corp. v. Anheuser-Busch, Inc., *supra,* 972 F. Supp. at 607, *citing* Genentech, Inc. v. Eli Lily & Co., 998 F.2d 931, 937 (Fed. Cir. 1993), *cert. denied sub nom.,* Regents of University of Cal. v. Genentech, Inc., 510 U.S. 1140 (1994) (declaratory judgment purpose "to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist").

Third Circuit precedent strongly favors application of the first-filed rule in declaratory judgment cases. In its seminal decision, the Third Circuit explained:

> It was long ago laid down by Chief Justice Marshall as a salutary rule that 'In all cases of concurrent jurisdiction, the court which first has possession of the subject matter must decide it.'... The party who first brings a controversy into a court of competent

-13-

> jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice.

Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929-30 (3 Cir. 1941), cert. denied, 315 U.S. 813 (1942), quoting Smith v. McIver, 22 U.S. (9 Wheat) 532, 535 (1824). The first-filed rule has equal application "where one suit precedes the other by a day" or "where a year intervenes between suits." Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 130 F.2d 474, 475 (3 Cir.), cert. denied, 317 U.S. 681 (1942).

Later in Fischer & Porter Co., the district court summarized:

> One of the purposes of the first-filed rule is to ensure that litigants receive a single determination of their controversy, rather than multiple decisions, which may conflict and require several appeals to different circuit court of appeal. Furthermore, the first-filed rule helps to avoid the waste involved in duplicative suits, and the delay in providing prompt administration of justice.... The first-filed rule has routinely been applied when the first filed suit is an action for declaratory judgment.

Fischer & Porter Co. v. Moorco Int'l, Inc., supra, 869 F. Supp. at 325 (citations omitted). Choice of Pennsylvania as the litigation forum by a corporation organized and headquartered in Pennsylvania was "logical and proper". Furthermore, it seemed "likely that much of the evidence and many witnesses are in Pennsylvania"; and "all of the parties are subject to personal jurisdiction in Pennsylvania." Id.

-14-

Likewise, this Court is the logical and proper forum for resolution of the **entire** SEA STAR-EMERALD case. SEA STAR's principal office is in Jacksonville. SEA STAR maintains records pertaining to the controversy in Jacksonville, and most SEA STAR witnesses are in Florida. Neither **SEA STAR** nor **EMERALD** maintains an office in Delaware. The **Equipment** Rental Agreement does not relate to equipment in Delaware. **EMERALD** does not purport to allege that any relevant records or **witnesses** are located in Delaware. Fischer & Porter Co. v. Moorco Int'l, Inc., *supra*, 869 F. Supp. at 325; see RJF Holdings III, Inc. v. Refractec, Inc., 2003 WL 2279487 at *3-*5 (E.D. Pa. 2003); Moore Corp. v. Wallace Computer Servs., Inc., *supra*, 898 F. Supp. at 1100 (forum shopping not "sole reason" for choice of forum "because it is **the** logical and proper place for it to go forward").

Only in **exceptional** circumstances may courts deviate from the first-filed rule. Fischer & Porter Co. v. Moorco Int'l, Inc., *supra*, at 325, *citing* EEOC v. University of Pa., 850 F.2d 969, 979 (3 Cir. 1988) *aff'd*, 493 U.S. 182 (1990). In EEOC, for example, plaintiff had filed **suit** in another circuit to preempt an imminent subpoena enforcement **proceeding**, which the EEOC would institute after a twenty-day grace **period**, and to evade an unfavorable binding decision in the **Third** Circuit. Thus, the Third Circuit upheld the district court's **refusal** to invoke the first-filed rule and decision to retain jurisdiction **of** the second-filed EEOC enforcement action. EEOC v. University of Pa., *supra*, 850 F.2d at 972, 977-78.

Cited by **EMERALD**, Serco Services Co. v. Kelley Co., *supra*,

-15-

triggered the Federal Circuit's "special responsibility to foster national uniformity in patent practice ...." Serco Services Co. v. Kelley Co., *supra,* 51 F.3d at 1038.   Dismissal of a declaratory action filed three days before the patent holder's litigation was not an abuse of discretion, based on the conclusion that declaratory filing was anticipatory and consideration of "the availability of witnesses and documents in each forum." *Id.* at 1039.   "[T]he relative convenience of the parties was 'sound reason' not to continue the declaratory suit." *Id.* at 1040.

Also cited by EMERALD, Genentech, Inc., v. Eli Lilly & Co., *supra,* undercuts its position.   The court said:

> The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action.   When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed...action.

Genentech, Inc., v. Eli Lilly & Co., *supra,* 998 F.2d at 938.   That the first-filed action requests declaratory judgment on a contract does not alter the rule favoring the forum of the first-filed action. *Id.* at 937.

Orthmann v. Apple River Campground, Inc., 765 F.2d 119 (8 Cir. 1985), involved "first-filed" and "second-filed" suits by the same plaintiff in two different states.   After one case had been dismissed and the second had proceeded for two years, dismissal of the first case was reversed on appeal.   The Eighth Circuit simply

-16-

allowed the second case to go forward since it was "now further developed." <u>Orthmann v. Apple River Campground, Inc.</u>, *supra,* 765 F.2d at 121.

With respect to the Complaint *sub judice,* no "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping" exist. <u>EEOC v. University of Pa.</u>, *supra,* 850 F.2d at 972. SEA STAR's Complaint is not merely a "pre-emptive strike". Rather, SEA STAR sued after discussions became non-productive, EMERALD was not paying money owed, and EMERALD's contradictory interpretation of the Equipment Rental Agreement could result in substantial unreimbursed expenses in connection with storing and moving EMERALD equipment. No Third Circuit precedent "supports the proposition that a court may depart from the first-filed rule solely because a second-filed action is at the same stage of development as the first-filed action." <u>Stone Creek Mechanical, Inc. v. Carnes Co.</u>, ___ F. Supp.2d ___, 2002 WL 31424390 at *2 (E.D. Pa. 2002).

### D. <u>Transfer</u>.

SEA STAR's choice of forum is a "paramount" consideration that is not to be "lightly disturbed", and the Court should not grant a transfer to another district court unless "the balance of convenience" weighs strongly in favor of transfer. <u>Asten, Inc. v. Weavexx Corp.</u>, ___ F. Supp.2d ___, 2000 WL 1728354 at *3 (D. Del. 2000)(citations & footnote omitted). Ostensibly EMERALD's sole justifications for transferring the case to a Delaware—or Florida--bankruptcy court are that EMERALD is a debtor in a pending Chapter 11 case and that its claim is the "primary asset" of the bankruptcy

-17-

estate, which might provide a distribution to creditors. <u>Motion</u> 14. Courts have repudiated such arguments, particularly when the debtor is plaintiff.

On point is *In re Briarpatch Film Corp.,* 281 B.R. 820, 832 (Bankr. S.D.N.Y. 2002). Denying removal from state court, the bankruptcy judge stated:

> [R]emoval should not be justified on the ground that the bankruptcy court would be friendlier to the bankrupt as plaintiff. That would be impermissible forum shopping.... [E]very claim of a debtor is an asset of the estate, and that fact alone is not sufficient to warrant retention of federal jurisdiction....

That EMERALD's adversary proceeding may be "core" does not enhance its effort to transfer this case. *See In re Porter,* 295 B.R. 529, 535 (Bankr. E.D. Pa. 2003)(defining "core proceedings"). Claims held by parties such as SEA STAR "which do not involve any bankruptcy law provisions and which may be raised by those third parties in non-bankruptcy fora, do not 'arise in' or 'arise under' a debtor's bankruptcy case merely because they were discovered by that debtor during [its] bankruptcy case." *Id.* at 540 (citations omitted).

How the Court would transfer this case remains unexplained. On similar facts the Delaware bankruptcy court dismissed a trustee's complaint claiming post-petition breach of a post-petition contract for improper venue under 28 U.S.C.A. §1409(d). The court had jurisdiction over the pending bankruptcy; and predicated on the debtor's post-petition business operation, the adversary proceeding was a core proceeding. However, "[i]n carrying on its business after the filing of bankruptcy, the presumption in

-18-

favor of venue in the home bankruptcy court dissipates, and the debtor is exposed to liability in any court where the controversy might be heard as if the debtor were an ordinary citizen." *In re Coram Healthcare Corp.*, *supra*, 2003 WL 22948234 at *3, quoting *In re Geauga Trenching Corp.*, 110 B.R. 638, 652 (Bankr. E.D.N.Y.1990). Under the applicable **venue** statute, 28 U.S.C.A. §1391(b), the court held venue improper in Delaware since the parties conducted no business in Delaware. *In re Coram Healthcare Corp.*, *supra,* at *4.

Under the circumstances EMERALD's assertion that SEA STAR's Complaint is mere "forum shopping" becomes disingenuous: Not only has EMERALD failed to show that SEA STAR's choice of forum is impermissible, but also venue in Delaware would be improper. Legally and factually EMERALD's arguments lack substance. Therefore, the circumstances SEA STAR respectfully requests that the Court deny EMERALD's Motion.

> ARMSTRONG & MEJER, P.A.
> Suite 1111, Douglas Centre
> 2600 Douglas Road
> Coral Gables, FL 33134
> Tel: (305) 444-3355
> Fax: (305) 442-4300

By: _____
TIMOTHY J. ARMSTRONG

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this *12* day of May, 2004 to **MICHAEL L. GORE**, **ESQ.**, Shutts & Bowen LLP, P.O. Box 4956, Orlando, FL 32802-4956 and **GARY M. SCHILDHORN, ESQ. and ALAN I. MOLDOFF, ESQ.**, Adelman Lavine

-19-

Gold and Levin, Suite 900, Four Penn Center, Philadelphia, PA 19103-2808.

<pre>
                        ARMSTRONG & MEJER, P.A.
                        Suite 1111, Douglas Centre
                        2600 Douglas Road
                        Coral Gables, FL 33134
                        Tel: (305) 444-3355
                        Fax: (305) 442-4300


                        By: _____
                            TIMOTHY J. ARMSTRONG
</pre>

ARMSTRONG & MEJER, P.A., ATTORNEYS, 2600 DOUGLAS ROAD, SUITE IIII, CORAL GABLES, FLORIDA 33134 • TEL. (305) 444-3355