UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



2004 JUN 14 A 9:53

...T COURT
...DA

SEA STAR LINE, LLC, etc.,

    Plaintiff,

v.                                          Case No. 3:04-cv-146-J-99HTS

EMERALD EQUIPMENT LEASING, INC., etc.,

    Defendant

_____/

## CASE MANAGEMENT REPORT

1.    <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on June 10, 2004 at 9:30 a.m. ( x ) by telephone and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Timothy J. Armstrong, Esq. | Sea Star Line, LLC |
| Alan I. Moldoff, Esq. | Emerald Equipment Leasing, Inc. |

2.    <u>Initial Disclosures</u>:

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R.



Civ. P.26(a)(1).[1]

The parties (check one)

__X__ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before June 30, 2004.[2]

_____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____
_____
_____
_____

_____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____
_____
_____
_____

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

Plaintiff will seek to narrow the issues and to resolve disputed facts using Requests

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

for Admission. The parties have no objection to the number of Requests unless they become burdensome, at which time appropriate motions may be filed.

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u>

Plaintiff agrees to serve a maximum of twenty-five Interrogatories. Any request to exceed this amount will be presented by motion.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>

Plaintiff will use and serve Requests for Production or Inspection in accordance with applicable Federal Rules of Civil Procedure.

(4) <u>Oral Depositions</u>:

Plaintiff will take no more than ten (10) depositions, unless the Court otherwise orders.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R Civ. P. 30(a)(2)(A) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| N/A | | |

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Plaintiff will disclose experts on or before October 29, 2004 and rebuttal experts on or before November 30, 2004.

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

Plaintiff's supplementation will be provided within thirty days of discovery of the need for supplementation.

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before January 28, 2005.

4. <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

Defendant will seek to narrow the issues and to resolve disputed facts using Requests for Admission. The parties have no objection to the number of Requests unless they become burdensome, at which time appropriate motions may be filed.

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

Defendant agrees to serve a maximum of twenty-five Interrogatories. Any request to exceed this amount will be presented by motion.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P. including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>

Defendant will use and serve Requests for Production or Inspection in accordance with applicable Federal Rules of Civil Procedure.

(4) <u>Oral Depositions</u>:

Defendant will take no more than ten (10) depositions, unless the Court otherwise orders.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | **Proposed length** <br> <u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| N/A | | |

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Defendant will disclose experts on or before November 12, 2004 and rebuttal experts on or before December 14, 2004.

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P.26(e) will be provided at the following times:

Defendant's supplementation will be provided within thirty days of discovery of the need for supplementation.

d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before January 28, 2005.

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

Proprietary matters will remain proprietary, and confidential matters will be confidential. The parties will execute a mutually agreeable Confidentiality Agreement if any party so desires. A party that does not produce documents on grounds of privilege or work product shall produce a privilege log in accordance with Fed. R. Civ. P. 26(d)(5) within ten (10) days after asserting privilege or work product.

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

None.

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be December 14, 2004.

8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
\_\_\_\_ likely          (check one)
_x_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

  yes\_\_\_\_          no _x_           likely to agree in future\_\_\_\_\_

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. §636.

  yes\_\_\_\_          no _x_           likely to agree in future\_\_\_\_\_

10. <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties

\_\_\_\_ request          (check one)
_x_ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

N/A

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after February 11, 2005 and for trial on or after February 22, 2005. This Jury ___ Non-Jury _x_ trial is expected to take approximately _35_ hours.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other Matters</u>:

Defendant has filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain. Plaintiff has filed an opposing Memorandum.

Date: June _10_, 2004.

Signature of Counsel (with information
required by Local Rule 1.05(d)) and Signature
of Unrepresented Parties

_____
TIMOTHY J. ARMSTRONG
Florida Bar No. 135859
ARMSTRONG & MEJER, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134
Telephone: (305) 444-3355
Telefax:     (305) 442-4300

_____
MICHAEL L. GORE
Florida Bar No. _____
Shutts & Bowen LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL 32801-3373

_____
ALAN I. MOLDOFF
Florida Bar No. _____
ADELMAN, LAVINE, GOLD & LEVIN
Suite 900
Four Penn Center
Philadelphia, PA 19103

liz\04pldgs\03-3621-009

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after February 11, 2005 and for trial on or after February 22, 2005. This Jury ___ Non-Jury _x_ trial is expected to take approximately _35_ hours.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other Matters</u>:

Defendant has filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain. Plaintiff has filed an opposing Memorandum.

Date: June ____, 2004.

Signature of Counsel (with information
required by Local Rule 1.05(d)) and Signature
of Unrepresented Parties

_____
TIMOTHY J. ARMSTRONG
Florida Bar No. 135859
ARMSTRONG & MEJER, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134
Telephone: (305) 444-3355
Telefax:   (305) 442-4300

_____
MICHAEL L. GORE
Florida Bar No. 441252
Shutts & Bowen LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL 32801-3373

_____
ALAN J. MOLDOFF
Florida Bar No. _____
ADELMAN, LAVINE, GOLD & LEVIN
Suite 900
Four Penn Center
Philadelphia, PA 19103

11. **Final Pretrial Conference and Trial**: Parties agree that they will be ready for a final pretrial conference on or after February 11, 2005 and for trial on or after February 22, 2005 This Jury ___ Non-Jury _x_ trial is expected to take approximately _35_ hours.

12. **Pretrial Disclosures and Final Pretrial Procedures**: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3 06

13. **Other Matters**:

Defendant has filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain. Plaintiff has filed an opposing Memorandum

Date: June _10_, 2004.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

TIMOTHY J ARMSTRONG
Florida Bar No. 135859
ARMSTRONG & MEJER, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134
Telephone: (305) 444-3355
Telefax: (305) 442-4300

MICHAEL L GORE
Florida Bar No _____
Shutts & Bowen LLP
300 S. Orange Avenue
Suite 1000
Orlando, FL 32801-3373

ALAN I. MOLDOFF
Florida Bar No _____
ADELMAN, LAVINE, GOLD & LEVIN
Suite 900
Four Penn Center
Philadelphia, PA 19103

l:\04pldgs\03-1621-009

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _11_ day of June, 2004 to **MICHAEL L. GORE, ESQ.**, Shutts & Bowen LLP, P.O. Box 4956, Orlando, FL 32802-4956 and **ALAN L. MOLDOFF, ESQ.**, Adelman Lavine Gold and Levin, Suite 900, Four Penn Center, Philadelphia, PA 19103-2808.

ARMSTRONG & MEJER, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134
Telephone: (305) 444-3355
Telefax: (305) 442-4300

By: _____
TIMOTHY J. ARMSTRONG