UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS

SEA STAR LINE, LLC,
a limited liability company,

      Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

      Defendant.

_____/

## MOTION FOR MODIFICATION OF CASE MANAGEMENT
## AND SCHEDULING ORDER AND FOR EXTENSION OF DEADLINES

     Defendant, EMERALD EQUIPMENT LEASING, INC. (the "Defendant" or

"Emerald"), by and through its undersigned attorneys and pursuant to Rule 6 of the

Federal Rules of Civil Procedure, hereby requests this Court to modify the Case

Management and Scheduling Order (the "Scheduling Order")(Docket #15) in this action,

and to extend the expert witness disclosure deadline, extend the time to complete

discovery in this action and extend the dispositive motion filing deadline. In support of

this motion, the Defendant states as follows:

### BACKGROUND

     1.    On or about March 1, 2004, Sea Star Line, LLC ("Sea Star") initiated this

declaratory judgment action by the filing of a Complaint against Emerald. The

Complaint was served in Emerald on or about March 25, 2004.

1

2. In response to the Complaint, on or about April 28, 2004, Emerald filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain, and Memorandum of Law in Support Thereof (the "Dismissal Motion"). The Dismissal Motion has been fully briefed by the parties. In addition, a request for oral argument with respect to the Dismissal Motion has been made.

3. No oral argument has ever been scheduled and the Court has not yet ruled on the Dismissal Motion.

4. Since there has been no disposition of the Dismissal Motion, Emerald has not yet filed its Answer to the Complaint. In the event that the Plaintiff's action is not dismissed or transferred as requested in the Dismissed Motion, Emerald will be filing a substantial counterclaim, seeking in excess of $4.000,000.00

5. In the interim, however, the parties, as required by the local rules, submitted a Joint Case Management Report. Subsequently, the Court entered the Scheduling Order establishing deadlines for witness disclosure, discovery and dispositive motion filing considerably sooner than those proposed by the parties.

**RELIEF REQUESTED**

6. In light of the circumstances and present posture of this case, the deadlines set forth in the Scheduling Order are not feasible deadlines for the parties and this litigation should not proceed on the expedited schedule ordered by the Court. This dispute, which concerns the leasing of thousands of pieces of equipment, involves fact intensive discovery, requiring the production and inspection of voluminous documents and what would appear to be a considerable number of witnesses.

7.    In fact, Emerald's First Request for Documents was responded to by Sea Star with the production of over 20,000 pages of documents, which need to be carefully reviewed by Emerald.

8.    Likewise, Emerald produced in excess of 13,000 pages of documents in response to the Sea Star Request For Documents, which need to be carefully reviewed by Sea Star.

9.    Furthermore, in the event the Court denies the Dismissal Motion, Emerald will then file its Answer and Counterclaim, which will compel Sea Star to Answer the Counterclaim and may likely result in the need for further discovery of issues not yet raised by the pleadings.

10.    Taking into account the early stage of the pleadings and the sheer volume of documents and other evidence that need to be reviewed and numerous witnesses that will need to be deposed, the deadlines as set forth in the Court's Order fail to provide the parties with sufficient time to adequately and thoroughly conduct discovery, retain expert witnesses and file dispositive motions.

11.    Moreover, closing discovery before the Court rules on the Dismissal Motion and before Emerald has an opportunity to file its Answer and Counterclaim may generate piecemeal litigation.

12.    In light of the above, it is requested that the Court extend the expert witness disclosure deadline to January 1, 2005, extend the time to complete discovery until February 1, 2005, and extend the dispositive motion filing deadline to March 1, 2005.

3

13.     The extension of the deadlines as sought by Emerald should not result in a delay of the trial in this matter currently scheduled for the trial term beginning June 6, 2005.

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

14.     Counsel for Emerald has spoken with counsel for Sea Star regarding the relief requested in this motion for the purpose of presenting this motion as an unopposed motion to the Court.  Although Sea Star's counsel initially indicated that Sea Star did not oppose an extension of the discovery deadline, upon review of Emerald's proposed motion, advised counsel for Emerald that it could not be submitted as an unopposed motion.  Accordingly, Emerald certifies that despite its best efforts to resolve this matter, Sea Star opposes the relief requested in this motion.

## MEMORANDUM OF LAW

15.     The Court has broad discretion to enlarge time periods established by Rules of procedure or Court order.  See Woods v. Allied Concord Financial Corp., 373 F.2d 733 (5th Cir. 1967): Fed. R. Civ. P. 6.  Furthermore, enlargements of time are appropriate where a party demonstrates a reasonable basis for such request.  See Beaufort Concrete Co. v. Atlantic States Const. Co., 352 F.2d 460 (5th Cir. 1965).

In this case, a reasonable basis exists for granting the requested extension.  Furthermore, the parties are in agreement as to the extension.

Wherefore, the Defendant respectfully requests that the Court extend the expert witness disclosure deadline to January 1, 2005, extend the time to complete discovery in

4

this action to February 1, 2004, and extend the dispositive motion filing deadline to March 1, 2005.

**SHUTTS & BOWEN LLP**
Attorneys for Defendants
300 S. Orange Ave., Suite 1000
Orlando, Florida 32801-3373

Mailing Address: **P.O. Box 4956**
**Orlando, Florida 32802-4956**
Phone: (407) 423-3200
Fax: (407) 425-8316

By: /s/ Michael L. Gore
Michael L. Gore
Florida Bar No. 441252
Joey E. Schlosberg
Florida Bar No. 0079685

- and -

Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq.
**ADELMAN LAVINE GOLD AND LEVIN**
A Professional Corporation
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808
Phone: (215) 568-7515
Fax: (215) 557-7922

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th of September, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will sent a notice of electronic filing to the following:

Timothy J. Armstrong, Esq.
Armstrong & Mejer
2600 Douglas Road
Suite 1111, Douglas Center
Coral Gables, FL 33134

/s/ Michael L. Gore
Of counsel

ORLDOCS 10271482 1

5