UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS

SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING NOTICED RULE 30(b)(6) DEPOSITION OF DEFENDANT AND ALL OTHER DEPOSITIONS IN THIS CASE PENDING DISPOSITION OF DISMISSAL MOTION

Defendant, EMERALD EQUIPMENT LEASING, INC. (the "Defendant" or "Emerald"), by and through its undersigned attorneys and pursuant to Rule 26(c), Federal Rules of Civil Procedure, hereby moves for a protective order which delays the taking of the depositions of Defendant's employees and representatives pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, and all other depositions in this case pending disposition of the Dismissal Motion (as hereinafter defined). In support of this motion, the Defendant states as follows:

### BACKGROUND

1. On or about March 1, 2004, Sea Star Line, LLC ("Sea Star") initiated this declaratory judgment action by the filing of a Complaint against Emerald. The Complaint was served in Emerald on or about March 25, 2004.

1

2. In response to the Complaint, on or about April 28, 2004, Emerald filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain, and Memorandum of Law in Support Thereof (the "Dismissal Motion"). The Dismissal Motion has been fully briefed by the parties. In addition, a request for oral argument with respect to the Dismissal Motion has been made.

3. The Dismissal Motion essentially argues that the filing of the within Complaint by Sea Star seeking a "declaratory judgment" in the Florida courts was: (1) an improper use of the Declaratory Judgment Act; and (2) instituted by Sea Star solely as a pre-emptive maneuver in furtherance of its "forum shipping" goal. In short, the real dispute between Emerald and Sea Star involves Emerald's substantial claim against Sea Star for breach of an equipment lease between them. As Plaintiff is aware, the pleadings which would define all the issues between the parties have not yet been pled pending disposition of the Dismissal Motion. No oral argument has ever been scheduled and the Court has not yet ruled on the Dismissal Motion.

4. Since there has been no disposition of the Dismissal Motion, Emerald has not yet filed its Answer to the Complaint. In the event that the Plaintiff's action is not dismissed or transferred as requested in the Dismissed Motion, Emerald will be filing a substantial counterclaim, seeking in excess of $4,000,000.00 (the "Emerald Claim"). Given the present posture of the state of the pleadings, the substantial Emerald Claim is not yet before the Court. Instead, the only issue now before the Court is a Motion to Dismiss.

2

5.  In the interim, however, the parties, as required by the local rules, submitted a Joint Case Management Report. Subsequently, the Court entered the Scheduling Order establishing deadlines for witness disclosure, discovery and dispositive motion filing considerably sooner than those proposed by the parties.

6.  In order to comply with the Scheduling Order, Emerald and Sea Star have both initiated document discovery, requesting from the other production of documents in this action. In response to Emerald's First Request for Documents, Sea Star produced over 20,000 pages of documents. In response to Sea Star's request for production, Emerald produced in excess of 13,000 pages of documents.

7.  During the course of document discovery, Sea Star served a notice of taking deposition pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure ("Rule 30(b)(6)") requesting that Emerald produce for deposition employees or designees of Emerald to provide testimony regarding 59 separately designated areas of substantive inquiry. The deposition was set for an arbitrary date (September 1, 2004) without coordination with opposing counsel (although counsel for Sea Star did communicate with counsel for Emerald that the deposition could be moved if that date was inconvenient), and was set for the office of a court reporter in Jacksonville.

8.  Emerald advised Sea Star that the witnesses would not be available for deposition on September 1, 2004, and requested that the depositions be reset. Sea Star then reset the depositions for September 29, 2004 (again, without any coordination with opposing counsel). During this same time period, Emerald and Sea Star discussed the practicality and functionality of stipulating to the extension of the discovery period in this action (along with an extension of the time to designate expert witnesses and for the

3

filing of dispositive motions) particularly in light of Emerald's pending Dismissal Motion, and the fact that the pleadings have not yet progressed past the Complaint. Specifically, because Emerald has not yet answered the complaint herein: (1) no response has been given to Sea Star's substantive allegations, (2) Emerald has not asserted its counterclaim against Sea Star, which is projected to be in excess of $4,000,000.00, and (3) Sea Star has not replied to the Counterclaim.

9. After initially appearing to be amenable to stipulate to the extension of the discovery cutoff in this action, Sea Star subsequently indicated otherwise, and Emerald filed a motion to extend the discovery cutoff, deadline to disclose expert witnesses, and for the filing of dispositive motions (the "Discovery Extension Motion")(doc. #20). That Discovery Extension Motion remains pending.

10. Sea Star has now again re-noticed the deposition of Emerald pursuant to Rule 30(b)(6) for Friday, October 15, 2004 in Jacksonville, Florida. A true and correct copy of the Notice of Taking Deposition (the "Notice"), including the Exhibit "A" outlining the areas of inquiry, is attached hereto as Exhibit "A." Sea Star has also served a subpoena and notice of deposition on another witness to be deposed in Jacksonville on Thursday, October 14, 2004. A true and correct copy of that Notice of Taking Deposition (John Allen, deponent) is attached hereto as Exhibit "B." Emerald has requested that the noticed deposition 30(b)(6) and any other depositions be postponed pending a resolution of the Discovery Extension Motion, but Sea Star has declined to postpone the depositions.

11. Conducting extensive discovery before pleadings have been closed will be extremely prejudicial to Emerald in that any witnesses deposed now will only have to be

4

re-deposed in a proceeding in the Delaware Bankruptcy Court if Emerald's Motion to Dismiss is granted, or in this proceeding after the close of pleadings.

12. Emerald will be similarly prejudiced by employing experts and preparing reports before the issues are framed by the close of pleadings.

13. Despite inquiry, Sea Star has provided no reason for its failure to agree to extend or delay discovery. Emerald can only conclude from Sea Star's conduct that it is misusing the deadlines established in the Scheduling Order to prejudice Emerald's position regarding the pending Motion to Dismiss, rather than pursuing meaningful discovery.

## RELIEF REQUESTED

14. Emerald respectfully requests that the Court issue a protective order directing:

(a) That the Rule 30(b)(6) deposition of Emerald in accordance with the Notice and all other depositions be postponed pending resolution of the Dismissal Motion, and, in the event that the Dismissal Motion is denied, the filing of Emerald's Answer and Counterclaim so as to not subject Emerald's witnesses to multiple depositions.

(b) That the depositions of Emerald's corporate deponents be taken in Philadelphia, Pennsylvania, where those witnesses regularly conduct business, rather than Jacksonville, Florida.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure provide, in pertinent part, that upon motion by a party, the Court may make any order that justice requires, including that discovery not be had. See Fed. R. Civ. P. 26(c). The Federal Rules also empower courts to impose

5

a stay of discovery upon a showing of good cause. *See id.* It is routinely recognized that the decision to allow or deny discovery "is committed to the sound discretion of the district court," and is subject to review only for "abuse of discretion." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (citing *Aviation Specialties, Inc. v. United Techs. Corp.*, 568 F.2d 1186 (5th Cir. 1978)); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (same).

Here, Emerald has filed a motion to dismiss Sea Star's claims pursuant to Rule 12(b), Federal Rules of Civil Procedure, or, alternatively, to transfer venue or abstain. (Doc.# ). As set forth in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997):

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

123 F.3d @ 1367 (footnote omitted); *See also, McDonnell Douglas Corporation v. Polin*, 429 F.2d 30 (motion to transfer case should be decided prior to discovery on the merits). Although the parties have exchanged initial document discovery in this action, no depositions have yet to be taken. Under the holding in *Chudasama*, it would be appropriate for further substantive discovery to be placed on hold pending resolution of the pending motion to dismiss, or alternatively, to transfer venue or abstain. To force Emerald to continue to litigate this case in Florida at this early juncture in the case would be unfair and highly prejudicial.

6

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

Emerald's counsel has contacted counsel for Sea Star, and certifies that despite efforts to resolve this matter, Sea Star opposes the relief requested in this motion.

|  |  |
|---|---|
| Mailing Address: | **SHUTTS & BOWEN LLP**<br>Attorneys for Defendants<br>300 S. Orange Ave., Suite 1000<br>Orlando, Florida 32801-3373<br>**P.O. Box 4956**<br>**Orlando, Florida 32802-4956**<br>Phone: (407) 423-3200<br>Fax: (407) 425-8316 |
| By: | /s/ Michael L. Gore<br>Michael L. Gore<br>Florida Bar No. 441252<br>Joey E. Schlosberg<br>Florida Bar No. 0079685 |

- and -

Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq.
**ADELMAN LAVINE GOLD AND LEVIN**
A Professional Corporation
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808
Phone: (215) 568-7515
Fax: (215) 557-7922

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th of October, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will sent a notice of electronic filing to the following:

Timothy J. Armstrong, Esq.
Armstrong & Mejer
2600 Douglas Road
Suite 1111, Douglas Center
Coral Gables, FL 33134

/s/ Michael L. Gore
Of counsel

ORLDOCS 10273213 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS


SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

## RE-NOTICE OF TAKING DEPOSITION

TO:  **MICHAEL L. GORE, ESQ.**    **ALAN I. MOLDOFF, ESQ.**
    Shutts & Bowen LLP    Adelman Lavine Gold and Levin
    P.O. Box 4956    Suite 900
    Orlando, FL 32802-4956    Four Penn Center
        Philadelphia, PA 19103-2808

    PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

NAME:    EMERALD EQUIPMENT LEASING, INC., by and through any one or more officers, directors, managing agents, or corporate designees having personal knowledge of and qualified to testify as to the matters specified in attached Exhibit "A" pursuant to Fed. R. Civ. P. 30(b)(6).

DATE:    FRIDAY, OCTOBER 15, 2004
TIME:    10:00 A.M.

PLACE:    Powers Reporting, Inc.
        220 Forsyth St.
        Jacksonville, FL 32202
        Phone: (904) 355-4077

-1-

EXHIBIT A

upon oral examination before Process Reporting, Inc., a Notary Public, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. Each deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the applicable and governing rules.

THE SAID DEPONENT is to bring the following: All documents responsive to Sea Star Line, LLC's Request for Production of Documents dated July 16, 2004.

IT IS HEREBY CERTIFIED that a true copy of the foregoing Notice of Taking Deposition was telecopied and mailed to the above-named addressees this _____1_____ day of October, 2004.

cc: Powers Reporting, Inc.  
220 W. Forsyth St.  
Jacksonville, FL 32202

ARMSTRONG & MEJER, P.A.  
Suite 1111, Douglas Centre  
2600 Douglas Road  
Coral Gables, Florida 33134  
(305) 444-3355

By: _____  
TIMOTHY J. ARMSTRONG

liz\04pldgs\03-3621-020

-2-

## EXHIBIT "A"

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant, EMERALD EQUIPMENT LEASING, INC. ("EMERALD"), shall testify as to the facts relating to the following matters:

1. The relationship between EMERALD and MBC LEASING, INC. ("MBC").

2. All agreements between EMERALD and MBC relating to EMERALD equipment.

3. All communications between EMERALD and MBC regarding the subject matter of this litigation.

4. All communications between EMERALD and MBC relating to EMERALD equipment after February 1, 2002.

5. The relationship between EMERALD and SEA STAR LINE, LLC ("SEA STAR").

6. All communications between EMERALD and SEA STAR relating to EMERALD equipment.

7. Each oral contract between EMERALD and SEA STAR relating to rental of equipment.

8. Each written contract between EMERALD and SEA STAR relating to rental of equipment.

9. Negotiation and execution of the Equipment Rental Agreement dated as of July 31, 2002.

10. Termination of the Equipment Rental Agreement dated as of July 31, 2002.

11. The specific EMERALD equipment involved in the oral

contractual relationship between EMERALD and SEA STAR.

12. The specific EMERALD equipment involved in the written contractual relationship between EMERALD and SEA STAR.

13. Preparation and delivery of EMERALD billings for equipment involved in the oral contractual relationship between EMERALD and SEA STAR.

14. Preparation and delivery of EMERALD billings for equipment involved in the written contractual relationship between EMERALD and SEA STAR.

15. Payments relating to equipment involved in the oral contractual relationship between EMERALD and SEA STAR.

16. Payments relating to equipment involved in the written contractual relationship between EMERALD and SEA STAR.

17. EMERALD financial records relating to equipment involved in the oral contractual relationship between EMERALD and SEA STAR.

18. EMERALD financial records relating to equipment involved in the written contractual relationship between EMERALD and SEA STAR.

19. Dispatches of EMERALD equipment out of port terminals and depots on and after April 1, 2002.

20. Disposition of all EMERALD equipment leased to NPR, Inc.

21. All EMERALD equipment identified by NPR, Inc. as lost.

22. Generation of EMERALD schedules and reports relating to EMERALD equipment leased to NPR, Inc. on and before April 26, 2002.

23. All EMERALD equipment involved in shipments in process as of April 27, 2002.

24. SEA STAR's use of EMERALD equipment leased to NPR, Inc.

25. All "EMERALD Equipment Move Histories" prepared by or on behalf of EMERALD after April 1, 2002.

26. All inventories and reports prepared by or on behalf of EMERALD relating to EMERALD equipment on and after April 1, 2002.

27. All investigations as to the locations of EMERALD equipment on and after April 1, 2002.

28. All sales of EMERALD equipment on and after April 1, 2002.

29. Use of EMERALD equipment by persons other than SEA STAR on and after April 1, 2002.

30. Rental of EMERALD equipment by persons other than SEA STAR on and after April 1, 2002.

31. Notices received by EMERALD relating to termination of use of EMERALD equipment on and after April 1, 2002.

32. Claims by persons other than SEA STAR pertaining to EMERALD equipment on and after April 1, 2002.

33. All agreements between EMERALD and Greenwich

Terminal, Inc. pertaining to EMERALD equipment.

34. All communications between EMERALD and Greenwich Terminals, Inc. pertaining to EMERALD equipment on and after April 1, 2002.

35. All agreements between EMERALD and General Transportation Service, Inc. pertaining to EMERALD equipment on and after April 1, 2002.

36. All communications between EMERALD and General Transportation Service, Inc. pertaining to EMERALD equipment on and after April 1, 2002.

37. All communications between EMERALD and other persons relating to EMERALD equipment on and after April 1, 2002.

38. Generation of EMERALD schedules and reports relating to equipment "leased" by SEA STAR.

39. EMERALD responses to SEA STAR's "analysis" as to EMERALD equipment.

40. Preparation and execution of trailer interchange receipts and other documents relating to EMERALD equipment delivered to SEA STAR.

41. Preparation and execution of trailer interchange receipts and other documents relating to EMERALD equipment re-delivered by SEA STAR.

42. EMERALD disposition of all equipment located on SEA STAR's premises on and after April 27, 2002.

43. EMERALD disposition of all equipment returned to SEA

STAR's premises on and after April 27, 2002.

44. Payments by EMERALD in connection with equipment removed from SEA STAR's premises on and after April 27, 2002.

45. EMERALD equipment sold to SEA STAR on and after April 27, 2002.

46. EMERALD equipment sold to parties other than SEA STAR on and after April 27, 2002.

47. All EMERALD equipment held in non-SEA STAR depots, shipper pools, or shipper warehouses on April 27, 2002.

48. All EMERALD equipment held in non-SEA STAR depots, shipper pools, and other facilities after April 27, 2002.

49. EMERALD negotiations for SEA STAR's transportation of equipment from Puerto Rico to the Continental United States.

50. All contracts between EMERALD and SEA STAR relating to transportation of EMERALD equipment from Puerto Rico to the continental United States.

51. SEA STAR's alleged gross understatement of "self billing reports".

52. SEA STAR's alleged failures to account for EMERALD equipment that SEA STAR had been using.

53. All rent allegedly due to EMERALD from SEA STAR.

54. EMERALD notifications of damage to equipment re-delivered by SEA STAR.

55. SEA STAR's alleged loss, damage, theft, or destruction of EMERALD equipment.

56. SEA STAR's alleged failure to deliver chassis, gensets, and containers subject to the Equipment Rental Agreement.

57. EMERALD's determination that SEA STAR has not returned EMERALD equipment pursuant to EMERALD's demand.

58. EMERALD's alleged damages in excess of $4,000,000.00.

59. EMERALD's response to SEA STAR's Request for Production dated July 16, 2004.

60. The identity and mode of preparation of all documents described in and produced pursuant to SEA STAR's Request for Production of Documents dated July 16, 2004.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS


SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

### NOTICE OF TAKING DEPOSITION

TO:  MICHAEL L. GORE, ESQ.    ALAN I. MOLDOFF, ESQ.
     Shutts & Bowen LLP       Adelman Lavine Gold and Levin
     P.O. Box 4956            Suite 900
     Orlando, FL 32802-4956     Four Penn Center
                                 Philadelphia, PA 19103-2808

     PLEASE TAKE NOTICE that the undersigned attorneys will take
     the deposition of:

NAME:     JOHN ALLEN
ADDRESS:  120 Gun Club Road
         Jacksonville, FL 32218

DATE:     THURSDAY, OCTOBER 14, 2004
TIME:     10:00 A.M.

PLACE:    Powers Reporting, Inc.
         220 Forsyth St.
         Jacksonville, FL 32202
         Phone: (904) 355-4077

upon oral examination before Process Reporting, Inc., a Notary
Public, or any other Notary Public or officer authorized by law to
take depositions in the State of Florida. The oral examination

-1-


EXHIBIT B

ARMSTRONG & MEJER, P.A., ATTORNEYS, 2600 DOUGLAS ROAD, SUITE III, CORAL GABLES, FLORIDA 33134 • TEL. (305) 444-3355

will continue from day to day until completed. Each deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the applicable and governing rules.

THE SAID DEPONENT is to bring the following: All documents listed in Exhibit "A".

IT IS HEREBY CERTIFIED that a true copy of the foregoing Notice of Taking Deposition was mailed to the above-named addressees this _29_ day of September, 2004.

cc: Powers Reporting, Inc.
220 W. Forsyth St.
Jacksonville, FL 32202

ARMSTRONG & MEJER, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, Florida 33134
(305) 444-3355

By: _____
TIMOTHY J. ARMSTRONG

liz\04pldgs\03-3621-019

## EXHIBIT "A"

Deponent shall produce the following documents relating to Emerald Equipment Leasing, Inc. ("EMERALD"):

1. All records of deponent and General Transportation Service, Inc. relating to EMERALD equipment.

2. All inventories of EMERALD equipment received by deponent on and after May 1, 2002.

3. All inventories of EMERALD equipment prepared by deponent or General Transportation Service, Inc. on and after May 1, 2002.

4. All schedules of EMERALD Equipment leased to NPR, Inc.

5. All reports prepared by deponent or General Transportation Service, Inc. relating to EMERALD equipment.

6. All documents pertaining to locations of EMERALD equipment on and after May 1, 2002.

7. All Trailer Interchange Receipts and Equipment Interchange Receipts relating to EMERALD equipment and dated on and after May 1, 2002.

8. All documents relating to sales of EMERALD equipment.

9. All documents relating to use of EMERALD equipment after May 1, 2002.

10. All documents relating to rental of EMERALD equipment after May 1, 2002.

11. All documents, including but not limited to notices, received by deponent or General Transportation Service, Inc. relating to termination of use of EMERALD equipment.

12. All agreements between EMERALD and General Transportation Service, Inc. pertaining to EMERALD equipment.

13. All documents relating to agreements between EMERALD and General Transportation Service, Inc. pertaining to EMERALD equipment.

14. All documents pertaining to communications, including but not limited to e-mails, wireless records, and correspondence, between EMERALD and General Transportation Service, Inc. representatives pertaining to EMERALD equipment.

15. All documents pertaining to meetings between EMERALD and General Transportation Service, Inc. representatives pertaining to EMERALD equipment.