UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS

SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

**SEA STAR RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF CASE MANAGEMENT AND SCHEDULING ORDER AND FOR EXTENSION OF DEADLINES**

On March 1, 2004, SEA STAR LINE, LLC ("SEA STAR") filed a Complaint against EMERALD EQUIPMENT LEASING, INC. ("EMERALD"). SEA STAR not only seeks a declaratory judgment as to the parties' rights and liabilities under an Equipment Rental Agreement dated as of July 31, 2002, but also states claims based on breach of other maritime contracts, open account, and goods delivered and services provided. EMERALD has moved to dismiss the Complaint, to transfer venue, or to abstain. Its motion remains pending.

Predicated on the Equipment Rental Agreement attached to SEA STAR's Complaint, EMERALD filed an adversary proceeding in the United States Bankruptcy Court for the District of Delaware on March 17, 2004. EMERALD's Motion for Modification of Case

-1-

Management and Scheduling Order and for Extension of Deadlines ("Modification Motion") does not mention that the bankruptcy court heard and issued an Order Granting Defendant Sea Star Line, LLC's Motion to Dismiss, Stay or Abate Complaint of Plaintiff Emerald Equipment Leasing, Inc. on May 27, 2004. Subsequently SEA STAR filed a copy of the Order in the case *sub judice.*

After the bankruptcy court dismissed its Complaint in late May, EMERALD did not seek reconsideration or appeal. Nonetheless, EMERALD did not withdraw its motion and file an Answer or Counterclaim in this case. EMERALD now states that "there has been no disposition of the Dismissal Motion" and argues that "closing discovery before the Court rules on the Dismissal Motion and before Emerald has an opportunity to file its Answer and Counterclaim may generate piecemeal litigation." [Modification Motion 2, 3, paras. 4, 11] Practically speaking, EMERALD has implemented a unilateral solution to its perceived problem by refusing to appear for a Fed. R. Civ. P. 30(b)(6) deposition and then seeking a protective order. *See* Defendant's Motion for Protective Order Regarding Noticed Rule 30(b)(6) Deposition and All Other Depositions in This Case Pending Disposition of Dismissal Motion (Oct. 8, 2004). EMERALD has not hesitated, however, to initiate other discovery, such as Requests for Production, Interrogatories, and Requests for Admission. *See* Modification Motion 3, para. 7.

-2-

In Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989), the Supreme Court reiterated that

> courts traditionally have exercised considerable authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."...The interest of courts in managing collective actions in an orderly fashion is reinforced by Rule 16(b), requiring entry of a scheduling order limiting time for various pretrial steps such as joinder of additional parties.

Id. at 172-73, quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). Accord, Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5 Cir. 1996). "Deadlines are not meant to be aspirational …. A district court must be able to exercise its managerial power to maintain control over its docket." Young v. City of Palm Bay, Fla., 383 F.3d 859, 864 (11 Cir. 2004).

The Case Management and Scheduling Order, dated June 16, 2004, noted:

> The parties may agree among themselves to extend discovery if they deem necessary. However, no other deadlines under this order will be extended as a result of their agreement.

Nowhere in the Order did the Court authorize EMERALD to delay commencement of depositions pending disposition of its dismissal motion. Before filing the Modification Motion, EMERALD did not request reconsideration of the Order. See Woods v. Allied Concorde Fin. Corp. (Del.), 373 F.2d 733, 734 (5 Cir. 1967) (no exception taken to correctness of account within "delay

-3-

prescribed").

Under the circumstances SEA STAR disputes the allegations but does not oppose the relief requested in EMERALD's Motion. Modification of the Order and extension of deadlines have become necessary, not because the "the deadlines as set forth in the Court's Order fail[ed] to provide the parties with sufficient time to adequately and thoroughly conduct discovery, retain expert witnesses and file dispositive motions" [Modification Motion 3, para. 10] or were unfeasible as of June 16, 2004, but because EMERALD's dilatory tactics have made commencement and completion of deposition discovery impossible before October 31, 2004. Thus, SEA STAR respectfully requests that the Court deny EMERALD's dismissal motion, modify the Case Management and Scheduling Order, and set revised pretrial deadlines.

S/ *Timothy J. Armstrong*
_____
TIMOTHY J. ARMSTRONG
Fla. Bar. No 135859
Armstrong & Mejer, P.A.
Douglas Centre, Suite 1111
2600 Douglas Road
Coral Gables, FL 3313
Telephone 305-444-3355
Telefax 305-442-4300
E-mail amesq@aol.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15 day of October, 2004 to **MICHAEL L.**

**GORE, ESQ.**, Shutts & Bowen LLP, P.O. Box 4956, Orlando, FL 32802-4956 and mailed to **GARY M. SCHILDHORN, ESQ. and ALAN I. MOLDOFF, ESQ.**, Adelman Lavine Gold and Levin, Suite 900, Four Penn Center, Philadelphia, PA 19103-2808.

S/ *Timothy J. Armstrong*
_____
TIMOTHY J. ARMSTRONG
Fla. Bar. No 135859
Armstrong & Mejer, P.A.
Douglas Centre, Suite 1111
2600 Douglas Road
Coral Gables, FL 3313
Telephone 305-444-3355
Telefax 305-442-4300
E-mail amesq@aol.com

liz\04pldgs\03-3621-022