UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS

SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

**SEA STAR RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING NOTICED RULE 30(b)(6) DEPOSITION OF DEFENDANT AND ALL OTHER DEPOSITIONS IN THIS CASE PENDING DISPOSITION OF DISMISSAL MOTION**

    The Complaint of SEA STAR LINE, LLC ("SEA STAR") against EMERALD EQUIPMENT LEASING, INC. ("EMERALD"), filed on March 1, 2004, not only seeks a declaratory judgment with respect to rights and liabilities under the Equipment Rental Agreement dated as of July 31, 2002, but also states claims based on breach of other maritime contracts, open account, and goods delivered and services provided.  EMERALD has moved to dismiss the Complaint, to transfer venue, or to abstain.  Its motion remains pending.

    After EMERALD and SEA STAR submitted a Joint Case Management Report, the Court issued a Case Management and Scheduling Order.  <u>Defendant's Motion for Protective Order</u>

1

<u>Regarding Noticed Rule 30(b)(6) Deposition of Defendant and all other Depositions in this Case Pending Disposition of Dismissal Motion</u> 3, para. 5 (Oct. 8, 2004)("<u>Motion for Protective Order</u>"). Dated June 16, 2004, the Order has set deadlines of October 1, 2004 for disclosing experts; November 1, 2004 for completing discovery; and December 1, 2004 for filing dispositive motions. *See id.* The Court further noted:

> The parties may agree among themselves to extend discovery if they deem necessary. However, no other deadlines under this order will be extended as a result of their agreement.

Upon receipt of the Order, EMERALD did not object or seek reconsideration.

A month before the discovery deadline, EMERALD filed a Motion for Modification of Case Management and Scheduling Order and for Extension of Deadlines ("Motion for Modification"). *Id.* at 4, para. 9. On October 8 EMERALD filed a Motion for Protective Order, contending:

> Since there has been no disposition of the Dismissal Motion, Emerald has not yet filed its Answer to the Complaint.... Given the present posture of the state of pleadings, the substantial Emerald Claim is not yet before the Court. Instead, the only issue now before the Court is a Motion to Dismiss.

*Id.* at 2, para. 4. On October 12 the Court stayed the depositions at issue pending final resolution of the Motion for Protective

2

Order.

Referenced in the Motion for Protective Order, the "substantial Emerald claim" is that which EMERALD had filed in the United States Bankruptcy Court for the District of Delaware. On March 17, 2004, EMERALD initiated an adversary proceeding predicated on the Equipment Rental Agreement attached to SEA STAR's Complaint. Neither the Motion for Protective Order nor the Motion for Modification discloses that the bankruptcy court repudiated the arguments in EMERALD's "Dismissal Motion" *sub judice*--*i.e.*, "filing of the within Complaint by Sea Star seeking a 'declaratory judgment' in the Florida courts was: (1) an improper use of the Declaratory Judgment Act; and (2) instituted by Sea Star solely as a pre-emptive maneuver in furtherance of its 'forum shopping' goal." Motion for Protective Order 2, para. 3.

When the bankruptcy judge heard SEA STAR's Motion to Dismiss, Stay or Abate Complaint of Plaintiff Emerald Equipment Leasing, Inc. in the adversary proceeding, she stated:

> I think the initial issue is what jurisdiction the Court has over the current adversary whether it's core or non-core .... And I think that it's clear that this contract dispute, essentially a contract dispute between the parties is not something that arises under Title 11 or could only arise in the context of the bankruptcy case. So it's not a core proceeding, I would have related to jurisdiction over the adversary because it does involve property rights of the debtor but

> contrasted with that is also a specific provision, 28 U.S.C. 959 that provides that a party that does business with a debtor-in-possession or trustee has the right to file suit regarding that dispute in any jurisdiction. So it's clear that there is concomitant jurisdiction and I'll assume for the purposes of this decision that Florida has that jurisdiction. So the question is given that there are two pending cases dealing with the same dispute, one filed by Sea Star in Florida on March 1, and one filed by the debtor in this court on March 17, whether or not I should abstain from hearing this dispute, and I think that under the 3rd Circuit's articulation of the first filed rule, that in all cases of concurrent jurisdiction, the Court would first--has possession of the subject must decide it. ...[A]lthough there is discretion in the second court, not to apply that rule, it should be limited to rare or extraordinary circumstances inequitable conduct, bad faith or forum shopping. There are no allegations of bad faith or inequitable conduct, but there is an allegation of forum shopping. The debtor asserts that Sea Star, in essence, filed the suit in Florida not because it has a legitimate claim against the debtor, but simply to forestall the filing of a complaint by the debtor here and that this is clearly a case of forum shopping. Without going into the merits of the complaint, I don't think facially it is a case of forum shopping, again, because 28 U.S.C. 959 allows Sea Star to commence an action if there's a dispute in any jurisdiction in the country. So on the face of it--and again, given that there is concurrent jurisdiction, I will apply the first filed rule and I will dismiss this action and let the Florida court decide.

<u>Transcript of Hearing</u> 4-5 (May 27, 2004)(citations omitted)(copy attached as Exhibit "A"). That day the bankruptcy court issued an

Order granting SEA STAR's Motion and dismissing the adversary proceeding, as well as EMERALD's Complaint, without prejudice. Subsequently SEA STAR filed a copy of the Order in this case.

Ignoring the tenor of the bankruptcy court's oral and written rulings, EMERALD did not withdraw its "Dismissal Motion" or file an Answer in this Court. EMERALD did not seek reconsideration or appeal the Order yet now complains:

> ...Conducting extensive discovery before pleadings have been closed will be extremely prejudicial to Emerald in that any witnesses deposed now will only have to be re-deposed in a proceeding in the Delaware Bankruptcy Court if Emerald's Motion to Dismiss is granted, or in this proceeding after the close of pleadings.
>
> ...Emerald will be similarly prejudiced by employing experts and preparing reports before the issues are framed by the close of pleadings.

<u>Motion for Protective Order</u> 4-5, paras. 11, 12. Despite its present protests as to the depositions, EMERALD has not hesitated to pursue other types of discovery, such as Requests for Production, Interrogatories, and Requests for Admission. *See id.* at 3, para. 6.

SEA STAR first telefaxed and mailed a Rule 30(b)(6) Notice, together with a cover letter, on July 23, 2004, setting EMERALD's deposition on September 1, 2004. In mid-August EMERALD's attorney advised "that the witnesses would not be available...and

5

requested that the deposition be reset" in late September. *See* Motion for Protective Order 3, para. 8. Later the parties' attorneys discussed extending discovery through November, but EMERALD's "Dismissal Motion" and prospective Counterclaim were not factors. Indeed, non-discovery deadlines in the Case Management and Scheduling Order necessarily circumscribed communications as to discovery extensions. Given the Order's express directives, a delay in commencing deposition discovery for an unspecified time until "pleadings have been closed" [*Id.* at 4, para. 11] could not have been a subject of negotiation.

On September 7, 2004, SEA STAR served a Re-Notice, re-scheduling EMERALD's deposition on September 29, 2004. EMERALD's attorney responded on September 27, asserting that any Rule 30(b)(6) deposition should take place sometime in October and in Philadelphia, Pennsylvania, rather than Jacksonville, Florida, although the person or persons who might respond plan to attend trial. *See* M.D. Fla. L.R. 3.04(b). On October 1 SEA STAR telefaxed and mailed a second Re-Notice, re-scheduling EMERALD's deposition on October 15 in Jacksonville. SEA STAR also subpoenaed another witness for deposition on October 14 in Jacksonville. As stated above, the Court stayed these depositions after EMERALD filed the Motion for Protective Order.

That the Case Management and Scheduling Order

"establish[ed] deadlines for witness disclosure, discovery and dispositive motion filing considerably sooner than those proposed by the parties" [Motion for Protective Order 3, para. 5] is not a legitimate excuse. A district court has broad discretion in deciding how to manage its cases and maintain control over its docket. Young v. City of Palm Bay, Fla., 383 F.3d 859, 864 (11 Cir. 2004)(deadlines not meant to be aspirational); Chudasana v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11 Cir. 1997). In Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989), the Supreme Court reiterated that

> courts traditionally have exercised considerable authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."...The interest of courts in managing collective actions in an orderly fashion is reinforced by Rule 16(b), requiring entry of a scheduling order limiting time for various pretrial steps such as joinder of additional parties.

*Id.* at 172-73, *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). *Accord*, Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5 Cir. 1996); *see* Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11 Cir. 1990)(matters pertaining to discovery committed to sound discretion of district court).

This case does not involve a "shotgun complaint" that pleads claims patently unsupported by Georgia law, such as that examined in Chudasana v. Mazda Motor Corp., *supra,* at 1368. To the

contrary SEA STAR's Complaint delineates factual and legal issues pertaining to the Equipment Rental Agreement. Moreover, EMERALD undeniably has been cognizant that this Court's Order does not authorize delay in scheduling and conducting deposition discovery pending disposition of the "Dismissal Motion". Like the Barrett plaintiffs, EMERALD has

> offered no persuasive explanation for [its] failure to meet the district court's discovery deadline. Indeed, the record suggests that [EMERALD] engaged in dilatory conduct clearly violative of the district court's orders. [EMERALD] originally agreed to Case Management Orders, but then failed to follow them by failing to produce [its representatives] for scheduled depositions.

Barrett v. Atlantic Richfield Co., *supra,* 95 F.3d at 380.

EMERALD's Motion for Protective Order remains unfounded. As stated in SEA STAR's response to EMERALD's Motion for Modification, however, extension of deadlines specified in the Case Management and Scheduling Order has become necessary. Practically speaking, EMERALD's dilatory tactics have made commencement, much less completion, of depositions before October 31, 2004 impossible. Thus, SEA STAR respectfully requests that the Court deny EMERALD's Motion for Protective Order and require EMERALD to appear for the Rule 30(b)(6) deposition in Jacksonville, Florida upon notice. Further, SEA STAR requests that the Court deny EMERALD's "Dismissal Motion", modify the Case Management and Scheduling Order, and set

revised pretrial deadlines.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 20 day of October, 2004 to **MICHAEL L. GORE, ESQ.**, Shutts & Bowen LLP, P.O. Box 4956, Orlando, FL 32802-4956 and mailed to **GARY M. SCHILDHORN, ESQ. and ALAN I. MOLDOFF, ESQ.**, Adelman Lavine Gold and Levin, Suite 900, Four Penn Center, Philadelphia, PA 19103-2808.

S/Timothy J. Armstrong
_____
TIMOTHY J. ARMSTRONG
Fla. Bar. No 135859
Armstrong & Mejer, P.A.
Douglas Centre, Suite 1111
2600 Douglas Road
Coral Gables, FL 3313
Telephone 305-444-3355
Telefax 305-442-4300
E-mail amesq@aol.com

liz\04pldgs\03-3621-023