UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
EMERALD EQUIPMENT,         . Case No.  01-934 (MFW)
                           . Adv. No.  04-53071
     v.                    .
                           .
SEA STAR,                  .
                           . 824 Market Street
                           . Wilmington, Delaware 19801
          Debtors,         .
                           . May 27, 2004
. . . . . . . . . . . . . .  9:00 a.m.
```

TRANSCRIPT OF HEARING
BEFORE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Debtor:            Adelman Lavine
                           By: ALAN MOLDOFF, ESQ.
                           919 North Market Street
                           Suite 710
                           Wilmington, DE 19801

For the Debtor:            Adelman Lavine Gold and Levin
                           By: BRADFORD J. SANDLER, ESQ.
                           919 North Market Street
                           Suite 710
                           Wilmington, DE 19801

For Sea Star:              Bifferato, Bifferato & Gentilotti
                           By: IAN CONNOR BIFFERATO, ESQ.
                           Buckner Building
                           1308 Delaware Avenue
                           P.O. Box 2165
                           Wilmington, DE 19899

Audio Operator:            Jennifer M. Patone

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

---

J&J COURT TRANSCRIBERS, INC.
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-Mail: jjcourt@optonline.net

(609) 586-2311   Fax No. (609) 587-3599

```
 1            THE COURT:  Good morning.
 2            MR. MOLDOFF:  Good morning, Your Honor.  Alan Moldoff
 3  appearing first in connection with the Dockside case.
 4            THE COURT:  Yes.
 5            MR. MOLDOFF:  The only thing that's on the agenda
 6  today for Dockside is our eighth interim fee application.
 7  Yesterday I can report to the Court that we filed an amended
 8  plan and amended disclosure statement in an intent to have a
 9  hearing on the disclosure statement scheduled for the July
10  omnibus hearing date.
11            THE COURT:  Okay.
12            MR. MOLDOFF:  With respect to the fee application
13  it's seeking fees for the month of October, November, December
14  2003.  Fee is in the amount of $4,765, cost, $993.22, there's
15  been no objections filed, CNO was filed and we'd just ask that
16  an order be entered.
17            THE COURT:  All right, I have no problems with that,
18  and I will enter the order.
19            MR. MOLDOFF:  Next, on Emerald, I have a form of
20  order --
21            THE COURT:  You can hand it up, that's easier.
22  Thank you.
23            All right, on Emerald.
24            MR. MOLDOFF:  Emerald, the first matter on the agenda
25  is the application of Emerald to retain Schuts & Bowen
```

Case 1:04-cv-00256-JJF-LPS   Document 426   Filed 04/27/2005   Page 3 of 7

3

(phonetic), they are counsel in Florida, in connection with the Sea Star litigation. As Your Honor knows, we had filed the complaints here and they filed a complaint in Florida.

THE COURT: Well, I've got a CNO on that and entered the order?

MR. MOLDOFF: The order has been entered?

THE COURT: Yes.

MR. MOLDOFF: Thank you, Your Honor.

Next on the agenda is our fee application. This also is for October, November and December, fees sought in the amount of $5,210.50, cost in the amount of $404.01, again, there have been no objections, and we have filed a CNO, and I have a form of order.

THE COURT: Let me look at that. I have no problem with that one either.

MR. MOLDOFF: May I hand this up?

THE COURT: You may.

MR. MOLDOFF: The last matter is just, again, the pretrial conference. I think the last time Your Honor indicated that we would continue it, I think, until there is some disposition. One, the motion to dismiss that was filed in this Court, of course, we argued against that.

THE COURT: Well, I have taken a look at the papers and if the parties want, I can issue my ruling on the bench rather than take the time to write an opinion, if that's all

1 right.

2       MR. MOLDOFF: That's fine.

3       THE COURT: I think the initial issue is what
4 jurisdiction the Court has over the current adversary whether
5 it's core or non-core and while many courts have held that the
6 determination is only whether or not it's a post petition
7 contract dispute, which would make it core, I think the 3rd
8 Circuit has a tougher standard as articulated in <u>Halper v.</u>
9 <u>Halper</u> at 164 Fed. 3rd, 830, where I have to determine whether
10 -- to determine if it's core, whether invokes a substantive
11 right provided by Title 11 or if it is a proceeding that by its
12 nature could only arise in the context of a bankruptcy case.
13 And I think that it's clear that this contract dispute,
14 essentially a contract dispute between the parties is not
15 something that arises under Title 11 or could only arise in the
16 context of a bankruptcy case. So it's not a core proceeding, I
17 would have related to jurisdiction over the adversary because
18 it does involve property rights of the debtor but contrasted
19 with that there is also a specific provision, 28 U.S.C. 959
20 that provides that a party that does business with a debtor-in-
21 possession or trustee has the right to file suit regarding that
22 dispute in any jurisdiction. So it's clear that there is
23 concomitant jurisdiction and I'll assume for the purposes of
24 this decision that Florida has that jurisdiction. So the
25 question is given that there are two pending cases dealing with

the same dispute, one filed by Sea Star in Florida on March 1st, and one filed by the debtor in this court on March 17th, whether or not I should abstain from hearing this dispute, and I think that under the 3rd Circuit's articulation of the first filed rule, that in all cases of concurrent jurisdiction, the Court would first -- has possession of the subject must decide it. And that's <u>Crosley v. Hazeltine Corporation</u>, case, 122 Fed. 2d, 925. In this the court, the 3rd Circuit says this rule should apply, although there is discretion in the second court, not to apply that rule, it should be limited to rare or extraordinary circumstances inequitable conduct, bad faith or forum shopping. There are no allegations of bad faith or inequitable conduct, but there is an allegation of forum shopping. The debtor asserts that Sea Star, in essence, filed the suit in Florida not because it has a legitimate claim against the debtor, but simply to forestall the filing of a complaint by the debtor here and that this is clearly a case of forum shopping. Without going into the merits of the complaint, I don't think facially it is a case of forum shopping, again, because 28 U.S.C. 959 allows Sea Star to commence an action if there's a dispute in any jurisdiction in the country. So on the face of it -- and again, given that there is concurrent jurisdiction, I will apply the first filed rule and I will dismiss this action and let the Florida court decide it.

1    MR. MOLDOFF:  Your Honor, may I just ask is that
2 dismissal is without prejudice because you know we have filed a
3 motion to dismiss in Florida pending whatever happens there, I
4 think that --
5    THE COURT:  All right, yes, it is without prejudice
6 if the Florida court determines that it doesn't have
7 jurisdiction or its action should be dismissed, the debtor is
8 free to file here.
9    MR. MOLDOFF:  Thank you.
10    All right, I'll grant the motion.  Did the order say
11 without prejudice?
12    MR. MOLDOFF:  I believe it did.
13    THE COURT:  Yes, it does.  So I'll enter the order
14 that was submitted with the motion.
15    All right.
16    MR. MOLDOFF:  Thank you, Your Honor.
17    THE COURT:  Thank you, we'll stand adjourned.
18                              * * * * *

1           C E R T I F I C A T I O N
2
3       I, Johanna LiMato, court approved transcriber,
4  certify that the foregoing is a correct transcript from the
5  official electronic sound recording of the proceedings in the
6  above-entitled matter.
7
8
9  _____          Date:  July 1, 2004
10 J&J COURT TRANSCRIBERS, INC.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25