UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEA STAR LINE, LLC,
a limited liability
company,

      Plaintiff,

vs.                                    CASE NO. 3:04-cv-146-J-99HTS

EMERALD EQUIPMENT LEASING,
INC., a corporation,

      Defendant.
_____

**O R D E R**

      This cause is before the Court on Defendant's Motion for Protective Order Regarding Noticed Rule 30(b)(6) Deposition of Defendant and all Other Depositions in this Case Pending Disposition of Dismissal Motion (Doc. #21; Motion), filed October 8, 2004. The Motion is opposed by Plaintiff. *See* Sea Star Response to Defendant's Motion for Protective Order Regarding Noticed Rule 30(b)(6) Deposition of Defendant and all Other Depositions in this Case Pending Disposition of Dismissal Motion (Doc. #24; Opposition), filed October 20, 2004.

      The Motion first requests the Court to order that no depositions be taken until after the pending motion to dismiss is resolved. *See* Motion at 5. Additionally, Defendant asks "[t]hat the depositions of Emerald's corporate deponents be taken in Philadelphia, Pennsylvania, where those witnesses regularly conduct business, rather than Jacksonville, Florida." *Id.*

The Court has broad discretion over matters concerning discovery. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990)(per curiam). As such, pursuant to Rule 26(c), Federal Rules of Civil Procedure, the Court may, for good cause shown, make orders to protect individuals and parties from "annoyance, embarrassment, oppression, or undue burden or expense" related to discovery.

Here, Defendant Emerald Equipment Leasing Inc.'s, Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain (Doc. #9; Motion to Dismiss) was filed on April 28, 2004, over five months before the Motion. Discovery has been ongoing and, prior to the filing of the Motion, no stay of discovery had been sought. As a result of the extension granted by the Court after the filing of the Motion, discovery is currently set to end in approximately three months, on February 1, 2005. *See* Order (Doc. #25), filed October 22, 2004. Additionally, it is far from clear that the Motion to Dismiss will be granted. *See* Transcript of Hearing, attached to Opposition, at 4-5. Under the circumstances presented, an order preventing depositions from proceeding is not warranted.

With respect to the request that depositions of Defendant's corporate representatives be taken in Pennsylvania, a 30(b)(6) deposition "should ordinarily be taken at [the corporation's]

- 2 -

principal place of business . . . ." *Payton v. Sears, Roebuck and Co.*, 148 F.R.D. 667, 669 (N.D. Ga. 1993) (quotation marks and citation omitted). Under this rule, Defendant's corporate representatives should be deposed at Emerald's principal place of business.

In light of the foregoing, the Motion (Doc. #21) is **GRANTED** to the extent the deposition of Emerald's corporate representatives should be conducted at the company's principal place of business. Otherwise, the Motion is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of October, 2004.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
and *pro se* parties, if any