UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEA STAR LINE, LLC,                  CASE NO. 3:04-CV-146-99HTS
a limited liability company,

       Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

       Defendant.
_____/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER
REGARDING DEPOSITION OF THIRD PARTY WITNESS**

Defendant, EMERALD EQUIPMENT LEASING, INC. (the "Defendant" or "Emerald"), by and through its undersigned attorneys and pursuant to Rule 26(c), Federal Rules of Civil Procedure, hereby moves for a protective order which reschedules the taking of the depositions of Third Party Witness John Allen. In support of this motion, the Defendant states as follows:

**BACKGROUND**

1. On or about March 1, 2004, Sea Star Line, LLC ("Sea Star") initiated this declaratory judgment action by the filing of a Complaint against Emerald. The Complaint was served in Emerald on or about March 25, 2004.

2. In response to the Complaint, on or about April 28, 2004, Emerald filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain, and Memorandum of Law in Support Thereof (the "Dismissal Motion"). The Dismissal Motion has been fully briefed by the

1

parties. In addition, a request for oral argument with respect to the Dismissal Motion has been made. No disposition of the Dismissal Motion has yet been entered.

3. On November 19, 2004, Plaintiff served Defendant with a Re-Notice of Deposition for Third Party Witness John Allen (the "Notice" attached as Exhibit "A") pursuant to a subpoena served by the Plaintiff on Mr. Allen. The deposition has been noticed for Thursday, December 2, 2004.

4. Prior to service of the Notice, Plaintiff did not communicate with defense counsel regarding the timing of the noticed deposition. In response to the Notice, Defendant's counsel attempted to contact Plaintiff's counsel with respect to a convenient date for the depositions. These attempts included an e-mail dated November 23, 2004 and subsequent phone calls.

5. Due to the intervening Thanksgiving holiday, counsel for Defendant was not able to speak with Plaintiff's counsel until late on November 29, 2004 at which time it was agreed that the parties would try to get together the next day to agree upon a schedule for an initial round of depositions of both parties.

6. It is difficult to communicate with Plaintiff's counsel, as he has no voice mail and his offices refuses to give out his cell phone number. As such, Defendant's counsel was unable to speak with Plaintiff's counsel on the following day. Defendant's counsel was finally able to make contact with Plaintiff's counsel at approximately 11:00 a.m. on December 1, 2004 with respect to the scheduled deposition.

7. Defendant has served a Rule 30(b)(6) Notice of Deposition on Plaintiff seeking to conduct a deposition of Plaintiff's corporate representative, solely with respect to Plaintiff's record keeping systems and procedures.

2

8. Defendant has requested that Plaintiff reschedule Mr. Allen's deposition to any available date during the month of December in order to accommodate Defendant making one trip to Jacksonville, at which time Mr. Allen's deposition can be conducted by Plaintiff and Defendant could conduct the deposition of a designated representative of Plaintiff regarding the record keeping system.

8. Plaintiff has refused this accommodation, unless Defendant's made substantive concessions regarding the scope and nature of discovery which Defendant might seek to take in the future.

9. By filing this Protective Order, Defendant does not seek to prevent Plaintiff from taking discovery of Defendant's witnesses in the order they have been noticed, and has asked for no other accommodation other than the courtesy of permitting depositions of ancillary witnesses to occur on a certain date.

10. Accordingly, Defendant requests that the Court enter an Order granting a Protective Order and requiring Plaintiff to schedule the deposition of the ancillary third party witness and Plaintiff's designated witness regarding record keeping on a single convenient date.

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

Counsel for Emerald hereby certify that they have attempted to resolve this dispute with opposing counsel, but have been unable to do so with the intervention of the Court.

|  |  |  |
|---|---|---|
| Mailing Address: |  | SHUTTS & BOWEN LLP<br>Attorneys for Defendants<br>300 S. Orange Ave., Suite 1000<br>Orlando, Florida  32801-3373<br>**P.O. Box 4956**<br>**Orlando, Florida 32802-4956**<br>Phone: (407) 423-3200<br>Fax: (407) 425-8316 |
|  | By: | /s/ Michael L. Gore<br>Michael L. Gore<br>Florida Bar No. 441252<br>Joey E. Schlosberg<br>Florida Bar No. 0079685 |
|  |  | - and - |
|  |  | Gary M. Schildhorn, Esq.<br>Alan I. Moldoff, Esq.<br>**ADELMAN LAVINE GOLD AND LEVIN**<br>A Professional Corporation<br>Suite 900, Four Penn Center<br>Philadelphia, PA 19103-2808<br>Phone: (215) 568-7515<br>Fax: (215) 557-7922 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st of December, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will sent a notice of electronic filing to the following:

Timothy J. Armstrong, Esq.
Armstrong & Mejer
2600 Douglas Road
Suite 1111, Douglas Center
Coral Gables, FL 33134

/s/ Michael L. Gore
Of counsel

ORLDOCS 10283795 1