UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS

SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

**UNOPPOSED MOTION FOR FURTHER MODIFICATION OF CASE MANAGEMENT
AND SCHEDULING ORDER AND FOR EXTENSION OF DEADLINES**

    Defendant, EMERALD EQUIPMENT LEASING, INC. (the "Defendant" or "Emerald"), by and through its undersigned attorneys and pursuant to Rule 6 of the Federal Rules of Civil Procedure, hereby requests this Court to further modify the Case Management and Scheduling Order (the "Scheduling Order") (Docket #15) in this action, and to extend the expert witness disclosure deadline, extend the time to complete discovery in this action and extend the dispositive motion filing deadline. Counsel for Sea Star Line, LLC (the "Plaintiff" or "Sea Star") has advised that Plaintiff has no objection to this motion. In support of this motion, the Defendant states as follows:

**BACKGROUND**

    1.    On or about March 1, 2004, Sea Star Line, LLC ("Sea Star") initiated this declaratory judgment action by the filing of a Complaint against Emerald. The Complaint was served on Emerald on or about March 25, 2004.

1

2. In response to the Complaint, on or about April 28, 2004, Emerald filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain, and Memorandum of Law in Support Thereof (the "Dismissal Motion"). The Dismissal Motion has been fully briefed by the parties. In addition, a request for oral argument with respect to the Dismissal Motion has been made.

3. No oral argument has ever been scheduled and the Court has not yet ruled on the Dismissal Motion.

4. On December 3, 2004, Emerald filed a Notice To The Court Pursuant to Local Rule 3.01(h) (the "3.01(h) Notice") since there has been no disposition of the Dismissal Motion and more than 180 days have elapsed since the filing of the Plaintiff's Response to the Dismissal Motion.

5. Since there has been no disposition of the Dismissal Motion, Emerald has not yet filed its Answer to the Complaint. In the event that the Plaintiff's action is not dismissed or transferred as requested in the Dismissed Motion, Emerald intends to file a substantial counterclaim, seeking in excess of $4,000,000.00

6. In the interim, however, the parties, as required by the local rules, submitted a Joint Case Management Report. Subsequently, the Court entered the Scheduling Order establishing deadlines for witness disclosure, discovery and dispositive motion filing considerably sooner than those proposed by the parties.

7. Emerald previously filed a Motion For Modification of Case Management and Scheduling Order and for Extension of Deadlines that was granted by Order (the "Extension Order") entered on October 22, 2004 whereby the Court modified the Case Management and Scheduling Order such that the expert witness disclosure deadline is January 1, 2005; the

discovery cut-off deadline is February 1, 2005; and the dispositive motion filing deadline is March 1, 2005.

**RELIEF REQUESTED**

8.  Since the Dismissal Motion is still pending, the pleadings are still in an early stage and the pertinent issues not yet framed by the pleadings. In light of this circumstance and the present posture of this case, the deadlines set forth in the Extension Order are still not feasible deadlines for the parties and this litigation should not proceed on the schedule ordered by the Court.

9.  This dispute, concerns the leasing of thousands of pieces of equipment, and involves fact intensive discovery, requiring the production and inspection of voluminous documents and what would appear to be a considerable number of witnesses. The parties have exchanged and continue to exchange voluminous documents numbering in the tens of thousands. The parties have taken certain depositions of witnesses and are in the process scheduling the depositions of various other witnesses.

10. The non-disposition of the Dismissal Motion prejudices the parties. In the event the Court denies the Dismissal Motion, Emerald will then file its Answer and Counterclaim, which will compel Sea Star to Answer the Counterclaim and may likely result in the need for further discovery of issues not yet raised by the pleadings.

11. Taking into account the early stage of the pleadings, given the nondisposition of the Dismissal Motion and the sheer volume of documents and other evidence that need to be reviewed and numerous witnesses that will need to be deposed, the deadlines as set forth in the Extension Order fail to provide the parties with sufficient time to adequately and thoroughly conduct discovery, retain expert witnesses and file dispositive motions.

12. Moreover, closing discovery before the Court rules on the Dismissal Motion and before Emerald has an opportunity to file its Answer and Counterclaim will likely generate piecemeal litigation.

13. In light of the above, it is requested that the Court further extend the expert witness disclosure deadline to March 1, 2005, extend the time to complete discovery until April 1, 2005, and extend the dispositive motion filing deadline to May 1, 2005.

14. It is not presently contemplated that the extension of the deadlines as sought herein would result in a delay of the trial in this matter currently scheduled for the trial term beginning June 6, 2005 (assuming the Court makes a prompt determination of the Dismissal Motion).

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

15. Counsel for Emerald has spoken with counsel for Sea Star regarding the relief requested in this motion for the purpose of presenting this motion as an unopposed motion to the Court. Upon review of Emerald's proposed motion, Sea Star's counsel advised counsel for Emerald that it has no objection to the Motion.

## MEMORANDUM OF LAW

16. The Court has broad discretion to enlarge time periods established by Rules of procedure or Court order. See Woods v. Allied Concord Financial Corp., 373 F.2d 733 (5th Cir. 1967): Fed. R. Civ. P. 6. Furthermore, enlargements of time are appropriate where a party demonstrates a reasonable basis for such request. See Beaufort Concrete Co. v. Atlantic States Const. Co., 352 F.2d 460 (5th Cir. 1965). In this case, a reasonable basis exists for granting the requested extension. Furthermore, the parties are in agreement as to the extension.

4

WHEREFORE, the Defendant respectfully requests that the Court extend the expert witness disclosure deadline to March 1, 2005, extend the time to complete discovery in this action to April 1, 2004, and extend the dispositive motion filing deadline to May 1, 2005.

|   |   |
|---|---|
| Mailing Address: | **SHUTTS & BOWEN LLP**<br>Attorneys for Defendants<br>300 S. Orange Ave., Suite 1000<br>Orlando, Florida 32801-3373<br>**P.O. Box 4956**<br>**Orlando, Florida 32802-4956**<br>Phone: (407) 423-3200<br>Fax: (407) 425-8316 |
| By: | /s/ Michael L. Gore<br>Michael L. Gore<br>Florida Bar No. 441252<br>Joey E. Schlosberg<br>Florida Bar No. 0079685 |

- and -

Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq.
**ADELMAN LAVINE GOLD AND LEVIN**
A Professional Corporation
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808
Phone: (215) 568-7515
Fax: (215) 557-7922

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th of December, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Timothy J. Armstrong, Esq.
Armstrong & Mejer
2600 Douglas Road
Suite 1111, Douglas Center
Coral Gables, FL 33134

/s/ Michael L. Gore
Of counsel

ORLDOCS 10288983 1