IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEA STAR LINE, LLC,                      CASE NO. 3:04 CV-146-V-99HTS
a limited liability company,

       Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING,
INC., a corporation,

       Defendant.
_____/

## SECOND NOTICE TO THE COURT PURSUANT TO LOCAL RULE 3.01(h)

Defendant, Emerald Equipment Leasing, Inc., by and through its undersigned counsel, files this Notice to the Court, and in support thereof avers as follows:

1. On or about March 1, 2004, Sea Star Line, LLC ("Sea Star") initiated this declaratory judgment action by the filing of a Complaint against Emerald Equipment Leasing, Inc. ("Emerald"). The Complaint was served on Emerald on or about March 25, 2004.

2. On or about April 28, 2004, Emerald filed a Motion to Dismiss Complaint For Declaratory Judgment and For Damages, or Alternatively to Transfer Venue or Abstain, and Memorandum of Law in support thereof (the "Emerald Motion to Dismiss").

3. On or about May 13, 2004, Sea Star filed a Memorandum in Opposition to Defendant's Motion to Dismiss Complaint For Declaratory Judgment and For Damages,

or Alternatively to Transfer Venue or Abstain (the "Sea Star Response to Motion to Dismiss").

4. On June 25, 2004, Emerald filed a Request For Oral Argument with respect to the Emerald Motion to Dismiss.

5. More than 180 days have elapsed since the filing of Sea Star's Response to the Emerald Motion to Dismiss. Since there has been no disposition of the Emerald Motion to Dismiss, Emerald has not yet filed its Answer to the Complaint. In the event that the Plaintiff's action is not dismissed or transferred as requested in the Motion to Dismiss, Emerald intends to file a substantial counterclaim, seeking in excess of $4,000,000.00 (the "Emerald Claim"). Given the present posture of the pleadings, however, the substantial Emerald Claim is not yet before the Court. Instead, the only issue now before the Court is the Emerald Motion to Dismiss which has not yet been determined.

6. Emerald believes the Sea Star Complaint should be dismissed since it serves no legitimate purpose in that it seeks a "declaration of rights" under an undisputed lease agreement, which had, in fact, been terminated months before the Sea Star Complaint was initiated.[1]

---

[1] Sea Star has improperly implied (if not misrepresented) in a prior pleading filed with this Court (see Sea Star Response to Defendant's Motion For Protective Order Regarding Noticed Rule 30(b)(6) Deposition of Defendant and All Other Depositions in This Case Pending Disposition of Dismissal Motion) that the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") where Emerald's bankruptcy petition is pending "repudiated the arguments" in the Emerald Motion to Dismiss. The Bankruptcy Court did no such thing. Rather, it simply applied the "first filed rule", leaving the merits of Emerald's arguments regarding the impropriety of Sea Star's filing of the Complaint in the Florida Court, to be determined by the Florida Court. The merits of the Emerald Motion to Dismiss were never determined by the Bankruptcy Court; instead the merits of the Emerald Motion to Dismiss are left with this Court; the Bankruptcy Court specifically leaving open the potentiality of Emerald's Complaint being refiled in the Bankruptcy Court if the Florida Court grants Emerald's Motion to Dismiss.

7. A trial date has been set in this matter for June, 2006. The failure of the Court to decide the Emerald Motion to Dismiss may prejudice the parties, as the parties are forced to pursue discovery prior to the pleadings being completed.

8. On December 3, 2004, Emerald filed its first Notice to the Court pursuant to Local Rule 3.01(h). More than thirty (30) days have elapsed since that first notice.

WHEREFORE, Emerald files this Second Notice to The Court pursuant to this District Court's Local Rule 3.01(h) and requests that this Court determine the merits of the Emerald Motion to Dismiss forthwith.

|  |  |
|---|---|
| Mailing Address: | **SHUTTS & BOWEN LLP**<br>Attorneys for Defendants<br>300 S. Orange Ave., Suite 1000<br>Orlando, Florida 32801-3373<br>**P.O. Box 4956**<br>**Orlando, Florida 32802-4956**<br>Phone: (407) 423-3200<br>Fax: (407) 425-8316 |
| By: | /s/ Michael L. Gore<br>Michael L. Gore<br>Florida Bar No. 441252<br>Joey E. Schlosberg<br>Florida Bar No. 0079685 |
|  | - and - |
|  | Gary M. Schildhorn, Esq.<br>Alan I. Moldoff, Esq.<br>**ADELMAN LAVINE GOLD AND LEVIN**<br>A Professional Corporation<br>Suite 900, Four Penn Center<br>Philadelphia, PA 19103-2808<br>Phone: (215) 568-7515<br>Fax: (215) 557-7922 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th of January, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Timothy J. Armstrong, Esq.
Armstrong & Mejer
2600 Douglas Road
Suite 1111, Douglas Center
Coral Gables, FL 33134

/s/ Michael L. Gore
Of counsel

ORLDOCS 10294823 1