UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS

SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Plaintiff, SEA STAR LINE, LLC ("SEA STAR"), moves for entry of Summary Judgment in its favor and against Defendant, EMERALD EQUIPMENT LEASING, INC. ("EMERALD"). The pleadings and admissions on file show that there is no genuine issue as to any material fact and that SEA STAR is entitled to judgment as a matter of law. In particular, SEA STAR requests that the Court declare:

1. Any EMERALD claims are limited by the terms of the bankruptcy court's Order Authorizing Sale of the NPR Assets Free and Clear of All Liens, Claims and Encumbrances ("Sale Order"), dated April 26, 2002, and the Equipment Rental Agreement, dated as of July 31, 2002 ("EMERALD Agreement").

2. SEA STAR has no responsibility or liability for rental, damage, or loss of equipment subject to previous agreements

-1-

between EMERALD and NPR that SEA STAR did not use pursuant to the EMERALD Agreement after closing of the asset purchase.

3.  SEA STAR has no responsibility or liability to pay rent while EMERALD equipment was involved in shipments in process. For such equipment any SEA STAR on-hire and rental obligation began when SEA STAR signed an equipment interchange receipt or TIR for use after completion of a shipment in process.

4.  Any SEA STAR on-hire and rental obligation for EMERALD equipment not involved in shipments in process began when SEA STAR signed an equipment interchange receipt or TIR for use on or after April 29, 2002.

5.  SEA STAR has no responsibility or liability to pay rent for EMERALD equipment located and stored in a SEA STAR terminal as of or after closing and is entitled to compensation for storage after expiration of the 30-day grace period afforded for EMERALD equipment.

6.  Any SEA STAR on-hire and rental obligation for EMERALD equipment in the possession of or returned to third parties, such as non-SEA STAR depots, shipper pools, or shipper warehouses, as of and after closing began when SEA STAR signed an equipment interchange receipt, TIR, or other written order, removing such equipment from such a third party or acknowledging receipt from a customer or delivering carrier for SEA STAR's use. Otherwise, SEA STAR has no responsibility and is not obligated to pay rent for such equipment.

7. SEA STAR's obligation to pay rent for EMERALD equipment on-hired by SEA STAR ended at the following times:

    (a) <u>Philadelphia, PA</u>:  Upon return to the Greenwich receiving terminal at Packer Avenue and execution of an equipment interchange receipt or TIR after SEA STAR's use of particular equipment;

    (b) <u>San Juan, P.R.</u>: Upon return to the SEA STAR receiving terminal and execution of an equipment interchange receipt or TIR after SEA STAR's use of particular equipment;

    (c) <u>Jacksonville, FL</u>: Upon return to the SEA STAR receiving terminal and execution of an equipment interchange receipt or TIR after SEA STAR's use prior to August 1, 2002, as shown by self-billing reports delivered to MBC and EMERALD; or upon return to the Greenwich receiving terminal on or after August 1, 2002 and execution of equipment interchange receipt or TIR after SEA STAR's use of particular equipment;

    (d) <u>Other Designated Terminals</u>: Upon return to the receiving terminal and execution of an equipment interchange receipt or a TIR after SEA STAR's use of particular equipment or upon receipt of EMERALD's request to release for potential sale, whichever is earlier;

8. SEA STAR has no responsibility or liability for equipment damage claims not reported by EMERALD within seven (7) days after redelivery.

9. SEA STAR has no responsibility or liability for

lost equipment claims unless such equipment was not involved in shipments in process and a signed equipment interchange receipt or TIR discloses SEA STAR's use on or after April 29, 2002.

10. SEA STAR is entitled to reimbursement or credit for rent paid or credited with respect to EMERALD equipment while such equipment was involved in shipments in process.

11. EMERALD is liable to pay SEA STAR for storage of EMERALD equipment on SEA STAR's premises.

12. EMERALD is obligated to effect immediate removal of all EMERALD equipment from SEA STAR's premises.

In support of this Motion, SEA STAR submits the attached Memorandum and an Appendix.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 1st day of March, 2005 to **MICHAEL L. GORE, ESQ.**, Shutts & Bowen LLP, P.O. Box 4956, Orlando, FL 32802-4956 and **ALAN I. MOLDOFF, ESQ.**, Adelman Lavine Gold and Levin, Suite 900, Four Penn Center, Philadelphia, PA 19103-2808.

S/*Timothy J. Armstrong*
_____
TIMOTHY J. ARMSTRONG
Fla. Bar. No 135859
Armstrong & Mejer, P.A.
Douglas Centre, Suite 1111
2600 Douglas Road
Coral Gables, FL 33134
Telephone 305-444-3355
Telefax 305-442-4300
E-mail amesq@aol.com

liz\05pldgs\03-3621-009