IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04 CV-146-V-99HTS

SEA STAR LINE, LLC,
a limited liability company,

      Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING,
INC., a corporation,

      Defendant.
_____/

## UNOPPOSED MOTION TO DEFER FINAL PRE-TRIAL CONFERENCE UNTIL FURTHER ORDER OF THE COURT

Defendant, Emerald Equipment Leasing, Inc. (the "Defendant" or "Emerald"), by and through its undersigned attorneys, and pursuant to Rule 6 of the Federal Rules of Civil Procedure, hereby requests this Court to defer the Final Pre-Trial Conference in these proceedings until further Order of the Court. Counsel for Sea Star Line, LLC (the "Plaintiff" or "Sea Star") has advised that Plaintiff has no objection to this Unopposed Motion. In support of this Motion, Emerald states as follows:

### BACKGROUND

1. On or about March 1, 2004, Sea Star Line, LLC ("Sea Star") initiated this declaratory judgment action by the filing of a Complaint against Emerald.[1] The Complaint was served in Emerald on or about March 25, 2004.

---

[1] Emerald is a debtor in possession, having filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the District of Delaware on March 21, 2001.

1

2. In response to the Complaint, on or about April 28, 2004, Emerald filed a Motion to Dismiss Complaint for Declaratory Judgment and for Damages, or Alternatively to Transfer Venue or Abstain, and Memorandum of Law in Support Thereof (the "Dismissal Motion"). The Dismissal Motion has been fully briefed by the parties. In addition, a request for oral argument with respect to the Dismissal Motion has been made.

3. The Dismissal Motion essentially argues that the filing of the within Complaint by Sea Star seeking a "declaratory judgment" in the Florida courts was: (1) an improper use of the Declaratory Judgment Act; and (2) instituted by Sea Star solely as a pre-emptive maneuver in furtherance of its "forum shipping" goal.

4. Although the Dismissal Motion was filed in this Court on April 28, 2004, there has been no disposition of this Motion. Emerald has filed a Notice to the Court pursuant to Local Rule 3.01(h) and a second Notice to the Court pursuant to Local Rule 3.01(h) advising the Court of the outstanding Dismissal Motion.

5. Since Emerald has filed the Dismissal Motion, which challenges the propriety of Sea Star's Complaint, Emerald has not yet been required to file an Answer to the Complaint or its Counterclaim. The Counterclaim would state a claim against Sea Star in an amount in excess of $4,000,000.00 arising from unpaid rental and other charges due pursuant to an equipment lease agreement entered into between Emerald and Sea Star (the "Emerald Claim").[2]

---

[2] Due to the passage of time since the filing of the Dismissal Motion, Emerald now believes it must file its Answer and Counterclaim solely as a protective measure so as not to run afoul of any pertinent statute of limitations. It is intended that said filing be made without prejudice to Emerald's position as set forth in the Dismissal Motion.

6. Given the present posture of the state of the pleadings, the substantial Emerald Claim is not yet before the Court. Instead, the only issue, at least preliminarily, presently before the Court is the Dismissal Motion.

7. The issues in this case with respect to the Emerald Claim are fact intensive involving tens of thousands of documents.

8. The parties have engaged in various discovery involving depositions and exchange of documents, even though the pleadings have not yet been closed. A pre-trial conference is presently scheduled for April 29, 2005.

### RELIEF REQUESTED

9. Since the Dismissal Motion is still pending, the pleadings are still in an early stage and the pertinent issues not yet framed by the pleadings. In light of this circumstance and the present posture of this case, the conduct of a Final Pre-Trial Conference would not be feasible at this time.

10. In light of the above, it is requested that the Court defer any Final Pre-Trial Conference in this matter at least until the pleadings are closed and upon further Order of the Court. Instead, or alternatively, it is requested that the Court set this matter down for a status conference (to be held telephonically, if possible) at its earliest convenience. The purpose of said status conference would be for the parties and the Court to confer as to the further conduct of this case.

### CERTIFICATION UNDER LOCAL RULE 3.01(g)

11. Counsel for Emerald has spoken with counsel for Sea Star regarding the relief requested in this Motion for the purpose of presenting this Motion as an unopposed

3

Motion to the Court. Upon review of Emerald's proposed Motion, Sea Star's counsel advised counsel for Emerald that it has no objection to the Motion.

### **MEMORANDUM OF LAW**

12. The Court has broad discretion to enlarge time periods established by Rules of procedure or Court order. See Woods v. Allied Concord Financial Corp., 373 F.2d 733 (5th Cir. 1967): Fed. R. Civ. P. 6. Furthermore, enlargements of time are appropriate where a party demonstrates a reasonable basis for such request. See Beaufort Concrete Co. v. Atlantic States Const. Co., 352 F.2d 460 (5th Cir. 1965). In this case, a reasonable basis exists for granting the requested relief.

WHEREFORE, Emerald respectfully requests that the Court defer the scheduling of a Final Pre-Trial Conference in this matter until further Order of the Court.

|  |  |
|---|---|
| Mailing Address: | **SHUTTS & BOWEN LLP**<br>300 S. Orange Ave., Suite 1000<br>Orlando, Florida 32801-3373<br>P.O. Box 4956<br>Orlando, Florida 32802-4956<br>Phone: (407) 423-3200<br>Fax: (407) 425-8316 |
| By: | /s/ Michael L. Gore<br>Michael L. Gore<br>Florida Bar No. 441252<br>Joey E. Schlosberg<br>Florida Bar No. 0079685 |

- and -

Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq.
**ADELMAN LAVINE GOLD AND LEVIN**
 A Professional Corporation
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808
Phone: (215) 568-7515
Fax: (215) 557-7922
**Attorneys for Defendants**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th of April, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Timothy J. Armstrong, Esq.
Armstrong & Mejer
2600 Douglas Road
Suite 1111, Douglas Center
Coral Gables, FL 33134

/s/ Michael L. Gore
Of counsel

5