UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**SEA STAR LINE, LLC,**
a limited liability company,

     Plaintiff,

v.                                 **CASE NO.   3:04-CV-146-J-99HTS**

**EMERALD EQUIPMENT LEASING, INC.,**
a corporation,

     Defendant.

## O R D E R

     This Cause is before the Court on Emerald's Motion to Dismiss Complaint or

Alternatively to Transfer Venue or Abstain (Dkt. 9) and Plaintiff's response thereto.  Upon

consideration, the Court finds as follows:

**Background**

     Emerald Equipment Leasing, Incorporated (Emerald) is a debtor in a pending Chapter 11

bankruptcy case in Delaware. The instant case revolves around the parties' dealings regarding a

post petition Equipment Rental Lease Agreement (Lease Agreement).  Evidently, the Lease

Agreement arose out of a transaction between Emerald and Sea Star Line, LLC (Sea Star)

subsequent to Sea Star's purchase of the assets of one of the Jointly Administered Debtors in

Emerald's bankruptcy.  According to Emerald, it has a four million dollar claim against Sea Star

for unpaid rental charges and its claim against Sea Star is the sole asset of the bankruptcy estate

that offers a distribution to creditors in its pending bankruptcy.

     On March, 1, 2004, Sea Star filed a Complaint in this Court (Florida Complaint) against

Emerald. The Complaint primarily seeks a declaratory judgment as to the parties' rights and liabilities under the aforementioned Lease Agreement and a Sale Order entered by the Delaware bankruptcy court. The Complaint also claims breach of a maritime contract, seeking damages of $92,318.05. Emerald asserts that these damages, if owed, would simply amount of an offset on its four million dollar claim against Sea Star for unpaid equipment rental charges.

On March 17, 2004, Emerald filed an adversary proceeding regarding Sea Star's alleged breach of the Leasing Agreement in the Delaware bankruptcy court (Delaware Complaint). Emerald asserts that at that time it had not been served with the Florida Complaint. As mentioned, Emerald states that its four million dollar claim against Sea Star is the primary asset of its bankruptcy estate.

On May 28, 2004, the Delaware bankruptcy court dismissed Emerald's adversary proceeding without prejudice. According to a transcript of the hearing, the Court's decision was based solely on the first filed rule.

Emerald urges the Court to dismiss or transfer the instant case primarily because: (1) it seeks a declaration of rights under an undisputed lease agreement which was terminated months before the Complaint was initiated; (2) the suit was filed solely to preempt Emerald's forthcoming litigation; and, (3) the case relates to an ongoing bankruptcy proceeding and therefore venue properly lies in the Delaware bankruptcy court.

**Analysis**

Emerald first seeks to transfer this case, pursuant to 28 U.S.C. § 1404(a). In determining whether to transfer venue, a court must first determine whether the action may have been brought in the proposed transferee court, and then it must decide whether the action should be transferred.

The parties do not contest that this action may have been properly brought in Delaware. Consequently, the first step in the change of venue analysis is satisfied.

Turning to the second step in the analysis, the Court begins with the understanding that "federal courts traditionally have accorded a plaintiff's choice of forum considerable deference." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Several different factors are taken into consideration when a Court considers a request to transfer a case. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir.1996); 28 U.S.C. § 1404(a)("For the convenience of the parties and witnesses, in the interest of justice." a district court may transfer any civil action to any other district or division where it might have been brought).

Convenience of non-party witnesses, for example, is a weighty consideration. *Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, 2000 WL 88847, *5 (N.D. Ill. January 20, 2000); *Insuracorp, Inc. v. American Fidelity Assur. Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996); *Gundle Lining Constr. v. Fireman's Fund Ins.*, 844 F. Supp. 1163 (S.D. Tex.1994). In contrast, convenience of parties and parties' executives and employees carries less weight as it is presumed parties and employees will voluntarily appear as witnesses. *Central Money Mortg. Co. [IMC], Inc. v. Holman*, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000)(convenience of the parties is irrelevant); *Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, 2000 WL 88847, *5 (N.D. Ill. January 20, 2000)(convenience of a party's employees is irrelevant as it is presumed employees will voluntarily appear as witnesses).

This Court notes the ongoing bankruptcy litigation would make Delaware a more

convenient forum for Emerald's witnesses.  However, Sea Star argues that most of the witnesses and documents it needs to prosecute this litigation are in Jacksonville. Thus, the convenience factor does not weigh in favor of the action being transferred to Delaware.

In addition to weighing the convenience of the parties and witnesses, the Court must weigh the costs, judicial economy and efficiency, expeditious discovery and trial process. *Tingley Systems, Inc. v. Bay State HMO Mgt.*, 833 F. Supp. 882, 887 (M.D. Fla.1993) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).  Emerald also asserts that its financial strength, or lack thereof, should be taken into consideration.

In addition, Emerald notes that Sea Star's Complaint references proceedings that took place in the Delaware Bankruptcy Court.   Therefore,  Emerald asserts that judicial economy would be served by transfer; that court is already familiar with the parties and many of the issues. *Capitol Records Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350 (S.D.N.Y. 1992).  Emerald asserts that this Court should take into account that Sea Star has appeared in the Delaware Bankruptcy Court and utilized that Court to enforce its rights.  Emerald asserts that the issues involved in the instant case are core bankruptcy issues and asserts that the determinations of these issues are "essential to Emerald's contemplated liquidating plan of reorganization."

The Court notes that Sea Star's Complaint references proceedings that took place in the Delaware bankruptcy Court.  This Court agrees that judicial economy would be best served by this Court transferring this action to Delaware and thus this factor weighs strongly in favor of this Cause being transferred.

Besides the enumerated factors that a court usually considers when deciding whether to transfer a case, this Court also considers other arguments that Emerald makes in its motion to

4

dismiss regarding the appropriateness of retaining this case here.  Although these considerations

are not necessary to the Court's ruling on the transfer motion, they also weigh in favor of

Emerald's transfer request.

Emerald asserts that the instant action constitutes an improper use of the declaratory

judgment act; it was filed solely as a preemptive measure and amounts to forum shopping.

Regarding the appropriateness of a declaratory judgment action, Emerald notes that there is no

danger of additional accrual of avoidable damages because the instant Complaint seeks a

determination of rights under an agreement that was terminated in October of 2003.[1]  Emerald

also notes that it invited Sea Star by letter to discuss settlement of its four million dollar claim

but instead of responding Sea Star filed this litigation.

Considering the transfer factors, the Court finds that Delaware offers the most appropriate

forum for efficient use of judicial resources.  In addition, the Court notes this case's relationship

to Emerald's pending bankruptcy proceeding and the fact that the instant case is a declaratory

judgment action at least arguably commenced as an attempt to preempt Emerald's proposed

adversary filing.  Accordingly, it is **ORDERED:**

---

[1] Sea Star asserts that it "remains exposed to liability and damage claims for Emerald
equipment outside Sea Star's possession, as well as equipment left on Sea Star's premises.... that
Emerald failed to remove."  Thus, Sea Star asserts that damages continue to accrue.

Emerald's Motion to Dismiss or Transfer Case (Dkt. 9) is **GRANTED in Part.** This

Case is **Transferred** to the United States District Court for the District of Delaware for potential

referral to the United States Bankruptcy Court for the District of Delaware. All pending motions

are **MOOT.**

**DONE AND ORDERED** at Jacksonville, Florida this 20 day of April , 2005.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Counsel of Record