

**Smith Katzenstein Furlow LLP**
*Attorneys at Law*

The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, Delaware 19899
(Courier 19801)
Phone (302) 652-8400
Fax (302) 652-8405
www.skfdelaware.com

May 17, 2005

Craig B. Smith
Robert J. Katzenstein
David A. Jenkins
Laurence V. Cronin
Michele C. Gott
Kathleen M. Miller
Roger D. Anderson
Joelle E. Polesky
Robert K. Beste
Etta R. Wolfe

The Honorable Joseph J. Farnan, Jr.
U.S. District Court
844 N. King Street
Wilmington, DE 19801

Re:   *Sea Star Line LLC v. Emerald Equipment Leasing, Inc.*
      C.A. No.: 05C-245 JJF

Dear Judge Farnan:

Pursuant to the Court's directive, this is to provide the Court with the status of this litigation, which was recently transferred to this Court.

### Background

On March 1, 2004, Sea Star Line, LLC ("Sea Star") filed its complaint in the United States District Court for the Middle District of Florida (the "Florida Action"), against Emerald Equipment Leasing, Inc. ("Emerald"), seeking a declaratory judgment with respect to rights and liabilities under an Equipment Rental Agreement dated as of July 31, 2002 (the "Equipment Rental Agreement"). The complaint also states claims based on breach of other maritime contracts, open account, and goods delivered and services provided. Emerald moved to dismiss the Complaint, to transfer venue, or to abstain.

On March 17, 2004, Emerald, a debtor in possession in a pending Chapter 11 case, initiated an adversary proceeding in the United States Bankruptcy Court for the District of Delaware, predicated on the Equipment Rental Agreement. Sea Star then moved to dismiss, stay or abate Emerald's Complaint in the adversary proceeding. At the hearing on Sea Star's motion, the Court stated:

> I think the initial issue is what jurisdiction the Court has over the current adversary whether it's core or non-core .... And I think that it's clear that this contract dispute, essentially a contract dispute between the parties is not something that arises under Title 11 or could only arise in the context of a bankruptcy case. So it's not a core

The Honorable Joseph J. Farnan, Jr.
May 17, 2005
Page 2

> proceeding, I would have related to jurisdiction over the adversary because it does involve property rights of the debtor but contrasted with that is also a specific provision, 28 U.S.C. 959 that provides that a party that does business with a debtor-in-possession or trustee has the right to file suit regarding that dispute in any jurisdiction. So it's clear that there is concomitant jurisdiction and I'll assume for the purposes of this decision that Florida has that jurisdiction. So the question is given that there are two pending cases dealing with the same dispute, one filed by Sea Star in Florida on March 1st, and one filed by the debtor in this court on March 17th, whether or not I should abstain from hearing this dispute, and I think that under the 3rd Circuit's articulation of the first filed rule, that in all cases of concurrent jurisdiction, the Court would first-- has possession of the subject must decide it. ...[A]lthough there is discretion in the second court, not to apply that rule, it should be limited to rare or extraordinary circumstances inequitable conduct, bad faith or forum shopping. There are no allegations of bad faith or inequitable conduct, but there is an allegation of forum shopping. The debtor asserts that Sea Star, in essence, filed the suit in Florida not because it has a legitimate claim against the debtor, but simply to forestall the filing of a complaint by the debtor here and that this is clearly a case of forum shopping. Without going into the merits of the complaint, I don't think facially it is a case of forum shopping, again, because 28 U.S.C. 959 allows Sea Star to commence an action if there's a dispute in any jurisdiction in the country. So on the face of it--and again, given that there is concurrent jurisdiction, I will apply the first filed rule and I will dismiss this action and let the Florida court decide it.

The Honorable Joseph J. Farnan, Jr.
May 17, 2005
Page 3

D.I. 24, Ex. "A". On May 27 the Bankruptcy Court also issued an Order granting Sea Star's Motion and dismissing the adversary proceeding, without prejudice. Subsequently, Sea Star filed a copy of that Order in the Florida Action. D.I. 11, 14.

The Case Management and Scheduling Order issued by the Court in the Florida Action, scheduled trial beginning in early June 2005. D.I. 15. Later, the District Court modified the Case Management and Scheduling Order to extend certain deadlines, such as those for discovery and dispositive motions. E.g., D.I. 25. On April 20, 2005, the District Court issued an Order canceling the Final Pre-Trial conference, which had been scheduled for April 29. D.I. 44.

That same day the District Court also issued an Order granting Emerald's Motion to Dismiss or Transfer Case "**in Part**". D.I. 45. Invoking 28 U.S.C. §1404(a), the Florida District Court transferred the case to this Court. The Court also ruled that "[a]ll pending motions are **MOOT**." At the time Sea Star's Motion for Partial Summary Judgment remained pending. D.I. 37, 38, 39.

On April 21, 2005, before the docket was transferred to this Court, Emerald filed its Answer, Affirmative Defenses and Counterclaim, which admits that federal jurisdiction exists pursuant to 28 U.S.C. §1333, but denies that federal jurisdiction exists pursuant to 28 U.S.C.. §§1337 and 1367. D.I. 46 at 1, ¶ 1; 8, ¶ 1. Moreover, Emerald avers that the Court has jurisdiction "pursuant to 28 U.S.C. Sections 1334 and 157 and Sections 542 of Title 11 of the United States Code ...." D.I. 46 at 8, ¶ 1. Despite the Bankruptcy Court's earlier determination, Emerald "further assert[s] that this adversary proceeding is a 'core' proceeding to be heard and determined by a bankruptcy court pursuant to 28 U.S.C. Sections 157(b)(2)(A)(C)(E) and (O)." D.I. 46 at 8,¶ 1.

In its Counterclaim, Emerald asserts claims against Sea Star for "Post-Petition Account Receivable/Breach of Lease", "Post-Petition Quantum Merit", "Turnover Action", "Accounting", "Fraud", "Constructive Fraud", "Fraudulent Concealment", "Negligent Misrepresentation; Breach of Fiduciary Duty". Essentially, Emerald's compensatory damage claims consist of "[r]ent due to Emerald" and "[l]oss incurred as a result of the loss, damage, theft or destruction of certain equipment." D.I. 46 at 11, ¶ ¶ 18(a), (b).

**Current Status**
On May 11, 2005 Sea Star filed in this Court, a Motion to Dismiss Emerald Equipment Leasing, Inc.'s Counterclaim, along with its supporting opening brief. After this motion to dismiss is fully briefed, Sea Star anticipates requesting oral argument on the motion.

The Honorable Joseph J. Farnan, Jr.
May 17, 2005
Page 4


Sea Star will need to conduct discovery on Emerald's Affirmative Defenses, raised in its answer filed on April 21. If the Counterclaim is not dismissed, Sea Star will need to conduct discovery on those claims as well. Accordingly, Sea Star believes that a teleconference with the Court will be beneficial in setting appropriate deadlines.

Respectfully,

Kathleen M. Miller
Id. No. 2898

cc:   Bradford Sandler, Esquire (via eFiling)