## ADELMAN LAVINE GOLD AND LEVIN

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW



LEWIS H. GOLD
ROBERT H. LEVIN
GARY M. SCHILDHORN
BARRY D. KLEBAN
GARY D. BRESSLER
STEVEN D. USDIN
RAYMOND H. LEMISCH
LEON R. BARSON
WILLIAM R. HINCHMAN
ALAN I. MOLDOFF
KATHLEEN E. TORBIT
BRADFORD J. SANDLER
MARK PFEIFFER
ANNE R. MYERS
D. ANDREW BERTORELLI JR.
JENNIFER R. HOOVER
ALEXANDER MORETSKY
JONATHAN M. STEMERMAN

SUITE 900
FOUR PENN CENTER
PHILADELPHIA, PA 19103-2808
(215) 568-7515

FACSIMILE (215) 557-7922
lawyers@adelmanlaw.com

SUITE 710
919 NORTH MARKET STREET
WILMINGTON, DE 19801
302-654-8200

May 20, 2005

**BY FEDERAL EXPRESS**

Hon. Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    Sea Star Line, LLC v. Emerald Equipment Leasing, Inc.
              C.A. #05C-245JJF

Dear Judge Farnan:

       Counsel for Sea Star Line, LLC ("Sea Star" or "Plaintiff") mailed a letter to Your Honor dated May 17, 2005, a copy of which has been provided to this law firm which serves as counsel to Emerald Equipment Leasing, Inc. ("Emerald"). The letter purports to be a status report written upon the directive of this Court. Although Emerald is unaware of any directive by this Court requesting the litigants to file a status report, counsel is aware of Local Rule 81.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. This rule requires a limited statement identifying all pending matters which require judicial action.

       The May 17, 2005 letter submitted by Plaintiff goes far beyond a statement identifying all pending matters which require judicial action. The May 17, 2005 letter submitted to this Court (i) contains a prejudicial and argumentative recitation of the case background, (ii) raises questions and presents arguments with respect to certain positions taken by Emerald, and (iii) misrepresents the current status of discovery.

       Rather than compound Plaintiff's action in violating Local Rule 81.2 by providing an in depth and detailed response to the May 17, 2005 letter, Emerald will submit its statement identifying pending matters, as follows:

Hon. Joseph J. Farnan, Jr.
May 20, 2005
Page 2

**Status of Pleadings**. Before the Court is Sea Star's Complaint against Emerald seeking declaratory judgment and other relief, Emerald's Answer, Affirmative Defenses and Counterclaim and Sea Star's Motion to Dismiss Emerald's Counterclaim, along with supporting opening Brief. Emerald's Response to Sea Star's Motion to Dismiss has not yet been filed with the Court.

**Status of Discovery**. Pursuant to Scheduling Orders entered by the United States District Court in Florida, all discovery in this matter has been completed. Thousands of pages of exhibits have been exchanged, in excess of at least ten (10) depositions have been completed, and Interrogatories and Requests For Admissions have been exchanged. Emerald's Answer, Affirmative Defenses and Counterclaim filed in the District Court in Florida is based on the same operative facts which supported the original Complaint filed in the Bankruptcy Court and is further based on the discovery developed while this matter was being litigated in Florida. During the course of these proceedings, the discovery conducted by Sea Star fully explored Emerald's claims against Sea Star.

**Jurisdiction of the Court**. Emerald asserts that this is a core proceeding because Emerald is asserting a Counterclaim to a Complaint brought by Sea Star against Emerald which is currently a Debtor-in-Possession. See, 28 U.S.C. Section 157(c). This element was not considered or even before the Bankruptcy Court in connection with the Emerald Motion to dismiss the Complaint heard by the Honorable Mary Walrath referred to in Sea Star's letter to this Court dated May 17, 2005.

**Status of Ancillary Proceedings**. On April 22, 2005, one day after the Florida Court entered an Order transferring this case from Florida to Delaware, Sea Star instituted an action in the courts of Puerto Rico. Emerald believes that this Complaint seeks to recover damages arising from equipment leased by Sea Star under the equipment lease at issue in the matter before this Court. Emerald cannot be certain of this conclusion, as the Complaint is in Spanish and Sea Star's counsel has refused to provide an English translation. Emerald has advised Sea Star that the Complaint involves the same subject matter of the pending litigation before this Court and further constitutes a violation of the automatic stay provisions of the Untied States Bankruptcy Code. Emerald anticipates filing a Motion For Injunctive Relief before this Court since the Puerto Rico Complaint is encompassed by the present litigation and for enforcement of the automatic stay, seeking injunctive relief and compensatory and/or punitive damages.

Hon. Joseph J. Farnan, Jr.
May 20, 2005
Page 3

**Other Matters.** In light of the intense fact finding required in this proceeding, the parties have agreed that the appointment of a Special Master would be appropriate. It is anticipated that a pleading seeking this relief will be filed with the Court.

Respectfully yours,

GARY M. SCHILDHORN

GMS:md
cc:   Kathleen M. Miller, Esquire (By Federal Express)
      Timothy J. Armstrong, Esquire (By Federal Express)
      Charles C. Robinson, Esquire (By Federal Express)
      Emerald Equipment Leasing, Inc. (By First-Class Mail)
      Alan I. Moldoff, Esquire

g:\393\10\letters\farnan-md