IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC,<br>a limited liability company, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | |
| EMERALD EQUIPMENT LEASING,<br>INC., a corporation, | : | |
| | : | |
| Defendant/Plaintiff<br>on the Counterclaim | : | Case No. 05-CV-00245-(JJF) |
| | : | |
| | : | |
| -vs- | : | |
| | : | |
| SEA STAR LINE, LLC | : | |
| | : | |
| Defendant on the<br>Counterclaim | : | |

**APPENDIX TO EMERALD EQUIPMENT LEASING, INC.'S ANSWERING
BRIEF IN OPPOSITION TO SEA STAR LINE, LLC'S MOTION TO DISMISS
<u>EMERALD EQUIPMENT LEASING, INC.'S COUNTERCLAIM</u>**

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Bradford J. Sandler, Esq. (No. 4142)
Jonathan M. Stemerman, Esq (No. 4510)
919 North Market Street, Suite 710
Wilmington, DE  19801
302-654-8200

-and-

Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq.
Suite 900, Four Penn Center
Philadelphia, PA  19103-2808
215-568-7515
Counsel for Emerald Equipment Leasing,
Inc.

May 31, 2005

## TABLE OF CONTENTS

Chapter 11 Bankruptcy Petition of Emerald Equipment Leasing, Inc........................B1

Sea Star Action Filed in Puerto Rico.............…..................................................…..B3

Letter Dated May 13, 2005 from Counsel to Sea Star in Puerto Rico Action to Counsel
for Emerald.......................................................................................................B9

Letter from Counsel to Emerald Dated May 16, 2005 to Counsel for Sea Star in Puerto
Rico Action........................................................................................................B10

Voluntary Dismissal of Puerto Rico Action..................................................B12

Sea Star's Response to Emerald's First Request for Admissions...........................B15

Western Electric Co. v. Components, Inc., 1970 WL 458 (Del. Ch. Dec. 7, 1970).…...B25

Pinkert v. Olivieri, P.A., 2001 WL 641737 (D. Del. May 24, 2001).....................B28

F/V Robbins Nest v. Atlantic Marine Diesel, Inc.,
1994 WL 594592 (D. N.J. Oct. 24, 1994)..................................................…..B35

3/29/2001 11:46 FAX 6524132    Cannon Laser E    ☑010/026

**BK    61-0934**

## United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| **EMERALD EQUIPMENT LEASING, INC.** | **NONE** |

| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
|---|---|
| | |

| Soc. Sec./ Tax I.D. No. (if more than one, state all): **52-2063877** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, State & Zip Code): **101 SOUTH KING STREET GLOUCESTER CITY, NJ 08030** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
|---|---|

| County of Residence or of the Principal Place of Business: **CAMDEN** | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address): P.O. Box 8698 PHILADELPHIA, PA 19101 | Mailing Address of Joint Debtor (if different from street address): |
|---|---|

Location of Principal Assets of Business Debtor
(if different from street address above):
**SAN JUAN, PR; PHILADELPHIA, PA; JACKSONVILLE, FL**

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7    ☒ Chapter 11    ☐ Chapter 13 | |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-business    ☒ Business | ☒ Full Filing Fee attached |
| | ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |

**Chapter 11 Small Business** (Check all boxes that apply)
☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information** (Estimates only)
☒ Debtor estimates that value will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors (on a consolidated basis) | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Assets* | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

| Estimated Debts* | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

* May reflect material intercompany assets and liabilities

FILED/RECEIVED    MAR 21    8 00 AM '01    U.S. BANKRUPTCY COURT    CLERK DISTRICT OF DELAWARE

B1

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Emerald Equipment Leasing, Inc.** | Page 2 |
|---|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheets)**

| ...cation<br>...here Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor:<br>**SEE ATTACHMENT B** | Case Number: | Date Filed |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of Debtor (Corporation/Partnership)** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X **Not Applicable**<br>Signature of Debtor<br><br>X **Not Applicable**<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br>**John A. Evans**<br>Printed Name of Authorized Individual<br>**Corporate General Counsel**<br>Title of Authorized Individual<br>**March 30 2001**<br>Date |

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br>**Laura Davis Jones, Esq.**<br>Printed Name of Attorney for Debtor(s)<br>**Pachulski, Stang, Ziehl, Young & Jones P.C.**<br>Firm Name<br>**919 North Market Street**<br>Address<br>**Wilmington, Delaware 19801**<br>**(302) 652-4100**<br>Telephone Number<br>**March 21, 2001**<br>Date | I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>___**Not Applicable**___<br>Printed Name of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number<br><br>_____<br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document: |

| **Exhibit A** | |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>[X] Exhibit A is attached and made a part of this petition. | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X **Not Applicable**<br>Signature of Bankruptcy Petition Preparer<br><br>_____<br>Date |

| **Exhibit B** | |
|---|---|
| (To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have formed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br><br>X _____<br>Signature of Attorney for Debtor(s)          Date | A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156. |

B2

Case 1:05-cv-00245-JEI-LBS;    Document 67    Filed 05/31/2005    Page 5 of 26    PAGE 2
SENT BY: HP LASERJET 3180;    856 000 0000;    MAY 12-05    F.1
May 12 05 12:10p    carl    215 626 8010    p.1

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

SEA STAR LINE, LLC                                    CIVIL NUM: KAC05-3971

        Demandante,                                   SOBRE:

        Vs.                                           VENTA JUDICIAL Y
                                                      COBRO DE DINERO
EMERALD EQUIPMENT LEASING, INC.

        Demandada.

E M P L A Z A M I E N T O :

ESTADOS UNIDOS DE AMERICA,                  }
EL PRESIDENTE DE LOS ESTADOS UNIDOS.        }SS.
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO     }

        A:      EMERALD EQUIPMENT LEASING, INC.
                P/C Thomas Hok, Sr.
                10710 Ellicott Road
                Philadelphia, PA 19154

o sea la parte demandada arriba mencionada.

POR LA PRESENTE se le emplaza y requiere para que notifique al Licenciado:

                LCDO. IAN P. CARVAJAL
                LCDO. MANUEL SOSA BÁEZ
                SALDAÑA & CARVAJAL, P.S.C.
                1225 PONCE DE LEÓN
                VIG TOWER - SUITE 702
                SAN JUAN, PUERTO RICO 00907
                Tel. (787) 289-9250
                Fax. (787) 289-9253

abogado del demandante, cuya dirección es la aquí indicada, con copia de su Demanda, que se le
entrega en este acto, dentro de los veinte (20) días de haber sido diligenciado este
Emplazamiento, si se hiciere en la isla de Puerto Rico; y dentro de los treinta (30) días si se
hiciere fuera de Puerto Rico, excluyéndose el día del diligenciamiento. Se le apercibe que en
caso de usted no hacerlo, se podrá dictar Sentencia en rebeldía en contra suya, concediendo el
remedio solicitado en la Demanda.

        EXPEDIDO BAJO MI FIRMA y el Sello del Tribunal, hoy día ____ de ____ de 2005.

                                                      _____
                                                      Secretario


                        POR:                          _____
                                                      Sub - Secretario


                                    63

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| SEA STAR LINE, LLC | CIVIL NÚM. |
| Demandante, | SOBRE: |
| Vs. | VENTA JUDICIAL Y COBRO DE DINERO |
| EMERALD EQUIPMENT LEASING, INC. | |
| Demandada. | |

**DEMANDA**

AL HONORABLE TRIBUNAL:

COMPARECE la parte demandante, Sea Star Line, LLC (en adelante denominada "Sea Star") representada por el abogado que suscribe, y muy respetuosamente EXPONE, ALEGA Y SOLICITA:

1.  Sea Star es una corporación de responsabilidad limitada organizada de acuerdo a las leyes de Delaware, dedicada a la transportación de carga por mar y a la operación de un terminal marítimo. La dirección postal de su agente en Puerto Rico (Sea Star Line Agency, Inc.) es P.O. Box 195461, San Juan, Puerto Rico 00919-5461.

2.  Emerald Equipment Leasing, Inc. (en adelante "Emerald") es una corporación organizada de acuerdo a las leyes de una jurisdicción que no es el Estado Libre Asociado de Puerto Rico, y la cual en todo momento pertinente a las alegaciones de esta Demanda, se dedicó al arrendamiento de furgones de carga. La última dirección conocida de Emerald es 101 South King Street, Gloucester City, NJ 08030.

**I.  HECHOS**

3.  Sea Star adquirió el 26 de abril de 2002 algunos los activos de la compañía conocida como NPR, Inc. Los activos incluían varios buques de carga, así como el uso

SENT BY: HP LASERJET 3150;                858 000 0000;          MAY 12 05  1:43PM;  PAGE 4
May 12 05 12:11p        carl                    215 828 8010                p.3

Demanda
Página 2

preferencial de varios muelles y el uso exclusivo de
ciertas tierras aledañas a los muelles de Puerto Nuevo.

4.    La adquisición se llevó a cabo como parte de la
liquidación de NPR, Inc., la cual se encontraba acogida
a la protección del Tribunal de Quiebras de los Estados
Unidos, Distrito de Delaware, casos consolidados núm.
01-00926 al 01-00950 (MFW).

5.    Al momento de decretarse la venta de activos, Emerald le
tenía arrendado a NPR, Inc. múltiples furgones y chasis.
Algunos de éstos se encontraban en las facilidades
portuarias de NPR, Inc. en Puerto Nuevo (ahora propiedad
de Sea Star), y otros se encontraban a bordo de varios
de los buques de carga también adquiridos por Sea Star.

6.    La Orden de venta requería que Sea Star le permitiera a
Emerald, o a cualquier otro acreedor de NPR, Inc.,
acceso a las nuevas facilidades de Sea Star para remover
cualquier equipo arrendado a NPR, Inc.  El acceso a la
propiedad de Sea Star debía ser durante las horas
regulares de negocio, siempre y cuando la remoción de
dicho equipo no causara un estorbo a las operaciones de
la parte compareciente.

7.    Luego de consumada la venta, furgones y chassis de
Emerald que se encontraban a bordo de los barcos fueron
descargados y almacenados en el terminal de Sea Star en
Puerto Nuevo.

8.    Los oficiales y/o agentes de Emerald tenían acceso a
dicho equipo y el mismo no se encontraba bajo el dominio
y control exclusivo de Sea Star.

9.    El 17 de octubre del año 2003, Sea Star le requirió por
escrito a Emerald que removiera el equipo de las
facilidades de Sea Star en o antes del primero de

Demanda
Página 3

diciembre del año 2003.   Sin embargo, Emerald nunca
removió el equipo según solicitado.

10.   Al presente, el inventario de equipo consta de 37 chasis
y 17 furgones.   También hay varios otros chasis que se
sospecha puedan pertenecer a Emerald.   Ver listado de
equipo anejado como **EXHIBIT I.**

11.   La ocupación y uso del espacio del terminal de Sea Star
por parte de los furgones y chasis de Emerald le está
causando a Sea Star serios inconvenientes al no poder
utilizar ese espacio para sus propias operaciones.

## II. PRIMERA CAUSA DE ACCION
### SOLICITUD DE ORDEN

12.   Emerald ha abandonado el equipo el cual se encuentra en
un grave estado de deterioro y no se anticipa que tengan
ningún valor comercial.   Sin embargo, la permanencia de
este equipo en las facilidades de Sea Star le está
causando graves inconvenientes y daños al no permitirle
utilizar esos espacios para sus propias operaciones.

13.   Por lo tanto, la parte compareciente respetuosamente
solicita de este Honorable Tribunal que le ordene a
Emerald a remover su equipo de las facilidades de Sea
Star y apercibirle, que de no hacerlo en un término
razonable, el equipo se venderá en pública subasta.   El
dinero que genere tal subasta, si alguno,   será
depositado en el Tribunal para el eventual pago de una
sentencia en este caso la cual debe incluir todos los
gastos relacionados con la remoción del equipo.

## III. SEGUNDA CAUSA DE ACCION

12.   Emerald no ha pagado los cargos de almacenamiento y
manejo del equipo antes mencionados desde el mes de
enero de 2004.

Case 1:05-cv-00245-JHF-LRS    Document 67    Filed 05/31/2005    Page 9 of 26
SENT BY: HP LASERJET 3150;                   856 000 0000;             MAY-12-05   4:40PM;   PAGE 6/7
May 12 05 12:12p        carl                        215 826 8010              p.b

Demanda
Página 4

13.  Hasta el pasado mes de marzo del 2005, Emerald le debía
     a Sea Star la cantidad de $27,890.00, la cual no ha sido
     satisfecha hasta el momento.   Esta cantidad aumenta
     conforme pasa el tiempo.

14.  Por tal motivo, Sea Star respetuosamente le solicita a
     este Honorable Tribunal que dicte Sentencia condenando a
     Emerald al pago de los gastos de almacenamiento y manejo
     que al presente han sido calculados como ascendentes a
     $27,890.00, más los gastos adicionales que sean
     calculados hasta el momemento en que este Honorable
     Tribunal emita la orden solicitada, más intereses,
     costas y honorarios de abogado por $1,000.00.

     POR TODO LO ANTES EXPUESTO, la parte demandada, Sea Star
Line, LLC, respetuosamente solicita que este Honorable Tribunal
decrete CON LUGAR la presente Demanda y en su consecuencia,
emita una Orden para la remoción y/o venta en pública subasta
de los equipos antes mencionados y que también dicte Sentencia
condenando a Emerald al pago de los gastos de almacenamiento,
manejo, remoción, costas y honorarios de abogado.

     RESPETUOSAMENTE SOMETIDO.

     En San Juan, Puerto Rico, hoy día 22 de abril de 2005.

 
 

SALDAÑA & CARVAJAL, P.S.C.
VIG Tower – Suite 702
Ave. Ponce de León 1225
San Juan, P.R. 00907
Tel. (787) 289-9250
Fax. (787) 289-9253

IAN P. CARVAJAL
Colegiado Núm. 12115

MANUEL SOSA
Colegiado Núm. 15312

B7

SENT BY: HP LASERJET 3150;                    856 000 0000;        MAY-12-05  1:43PM;      PAGE 7/7
          May 12 05 12:12p     carl                215 828 8010              p.6

## CERTIFICADO DE DILIGENCIAMIENTO DEL ALGUACIL

CERTIFICO: Que recibí este emplazamiento el día _____ de _____ de 2005, notificando personalmente a _____ o sea, el demandado mencionado en dicho emplazamiento, el día ___ de _____ de 2005, a las _____ de la _____, en _____, Puerto Rico, entregándole personalmente copia de la Demanda presentada y copia de este emplazamiento, al dorso de la cual hice constar bajo mi firma la fecha y sitio de entrega y notificación.   Fechado hoy día ___ de _____ de 2005 en _____, Puerto Rico.

Alguacil

POR:_____
              Alguacil – Auxiliar

_____          _____

## DILIGENCIAMIENTO POR PERSONA PARTICULAR

Yo,_____, previamente juramentado, DECLARO:

Que me llamo como queda dicho, soy mayor de 21 años de edad; sé leer y escribir; y no soy abogado del demandante en este asunto, ni parte en este pleito, no teniendo tampoco interés en el mismo.

Que recibí este emplazamiento el día ___ de _____ de 2005, notificándolo personalmente a _____ o sea, el demandado mencionado en dicho emplazamiento, el día ___ de _____ de 2000, a las _____ de la _____, en _____, Puerto Rico, entregándole personalmente copia de la Demanda presentada y copia de este Emplazamiento, al dorso de la cual hice constar bajo mi firma la fecha y sitio de entrega y notificación.

_____
Diligenciante

Jurado y suscrito ante mí por _____ quien es mayor de 21 años de edad,_____, y vecino de _____, Puerto Rico, hoy día ___ de _____ de 2005.

NOTARIO PUBLICO

88

# SALDAÑA & CARVAJAL, P.S.C.
ATTORNEYS AND COUNSELLORS AT LAW
VIG Tower – Suite 702
1225 Ponce de León Avenue
San Juan, Puerto Rico 00907
Telephone: (787) 289-9250
Fax: (787) 289-9253
www.saldanacarvajal.com

Associated office in New York
One Battery Park Plaza
New York, NY 10004-1486
Telephone: (212) 804-4200
Fax: (212) 344-8066

LUIS N. SALDAÑA
IAN P. CARVAJAL*

FRANCES R. COLÓN
MANUEL SOSA
FRANCISCO J. VIZCARRONDO
ANTONIO BAYÓN+
FRANCISCO M. VIEJO

*ALSO ADMITTED IN THE
STATE OF LOUISIANA
+ALSO ADMITTED IN THE
STATE OF FLORIDA

Email: saldanaromanl@microjuris.com
carvajalian@microjuris.com
francesr@microjuris.com
sosam@microjuris.com
fvizcarrondo@microjuris.com
abayon@microjuris.com
viejof@microjuris.com

May 13, 2005

**VIA TELEFAX 1-215-557-7922**

Alan I. Moldoff, Esq.
Adelman, Lavine, Gold and Levy
Suite 900
Four Penn Center
Philadelphia, PA 19103-2808

Re:    Sea Star Line, LLC v. Emerald Equipment Leasing, Inc.
Court of First Instance, San Juan Part/Division
Civil Action No. KAC 05-2971
Our file: 32-2/032.

Dear Mr. Moldoff:

We are in receipt of your letter dated yesterday. I can confirm that the apparent pleading to which you refer is in fact in Spanish and a Complaint before the Court of First Instance of the Commonwealth of Puerto Rico. I'm sorry to inform you that we will not provide you with a translation. To answer your next question, service of process was done in a manner allowed by our Rules of Civil Procedure.

As a matter of courtesy, I am advising you that the Complaint seeks an order from the Court commanding Emerald to remove the equipment it abandoned in the premises of Sea Star and alternatively, an order for the interlocutory sale of the equipment. Sea Star also seeks payment of approximately $28,000.00 for the overdue storage charges of the mentioned equipment.

Please govern yourselves accordingly. With nothing further, we remain,

Very truly yours,

**SALDAÑA & CARVAJAL, P.S.C.**
Ian P. Carvajal

# ADELMAN LAVINE GOLD AND LEVIN

### A PROFESSIONAL CORPORATION

### ATTORNEYS AND COUNSELORS AT LAW

LEWIS H. GOLD
ROBERT H. LEVIN
GARY M. SCHILDHORN
BARRY D. KLEBAN
GARY D. BRESSLER
STEVEN D. USDIN
RAYMOND H. LEMISCH
LEON R. BARSON
WILLIAM R. HINCHMAN
ALAN J. MOLDOFF
KATHLEEN E. TORBIT
BRADFORD J. SANDLER
MARK PFEIFFER
ANNE R. MYERS
D. ANDREW BERTORELLI, JR.
JENNIFER R. HOOVER
ALEXANDER MORETSKY
JONATHAN M. STEMERMAN

SUITE 900
FOUR PENN CENTER
PHILADELPHIA, PA 19103-2808
(215) 568-7515

FACSIMILE (215) 557-7922
lawyers@adelmanlaw.com

SUITE 710
919 NORTH MARKET STREET
WILMINGTON, DE 19801
302-654-8200

May 16, 2005

## BY TELECOPIER (787-289-9253)

Ian P. Carvajal, Esquire
Saldana & Carvajal, P.S.C.
VIG Tower – Suite 702
Ave. Ponce de Leon 1225
San Juan, P.R. 00907

Re:   **Emerald Equipment Leasing, Inc.; Bankruptcy No. 01-00934 (MFW)**
      **Sea Star Line, LLC v. Emerald Equipment Leasing, Inc.**
      **USDC, District of Delaware; Civil Action No. 1:05-CV-00245-UNA**

Dear Mr. Carvajal:

I am in receipt of your letter dated May 13, 2005 regarding the lawsuit you instituted on behalf of Sea Star Line, LLC ("Sea Star") against Emerald Equipment Leasing, Inc. ("Emerald") in the Court of First Instance of the Commonwealth of Puerto Rico. In your letter, you indicated that the subject of the lawsuit you filed (for which you have refused to provide an English translation), involves equipment which you assert is Emerald's property.

As I indicated to you in my prior letter dated May 12, 2005, it appears that the claim you have instituted on behalf of Sea Star against Emerald is already encompassed by prior litigation instituted by Sea Star in the United States District Court for the Middle District of Florida. As such, the filing of the lawsuit in Puerto Rico can only be viewed as abusive.

Moreover, as I am sure you are aware, Emerald is currently a debtor-in-possession, having filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code on March 21, 2001. Accordingly, you should be aware that the United States Bankruptcy Code, specifically, 11 U.S.C. Section 362 provides, inter alia, that the filing of a bankruptcy petition operates as a stay, applicable to all entities of, among other

B10

Ian P. Carvajal, Esquire
May 16, 2005
Page 2

things, any act to obtain possession of property of the estate or of property from the estate
or to exercise control over property of the estate.  You should be further aware that any
entity violating the "automatic stay" provided by 11 U.S.C. Section 362, may be subject
to sanctions.

　　　The suit you filed on behalf of Sea Star in Puerto Rico clearly constitutes
an act to exercise control over property of Emerald's bankruptcy estate.  This is
intentional, and, in light of the prior litigation, abusive.  Accordingly, the suit you filed in
Puerto Rico should be withdrawn immediately.  Please advise me as to your intentions in
this regard by the close of business today.  Otherwise, I will take the appropriate action
either in the United States Bankruptcy Court for the District of Delaware, or the United
States District Court for the District of Delaware, seeking sanctions against both your law
firm and Sea Star.

　　　Thank you very much.

　　　　　　　　Very truly yours,

　　　　　　　　ALAN I. MOLDOFF

AIM:md
cc:　　Emerald Equipment Leasing, Inc.
　　　　Gary M. Schildhorn, Esquire

g:\393\10\letters\carvajal

B11

## Moldoff, Alan

| | |
|---|---|
| **From:** | Ian P. Carvajal [carvajalian@microjuris.com] |
| **Sent:** | Tuesday, May 24, 2005 6:57 PM |
| **To:** | Moldoff, Alan |
| **Subject:** | RE: Sea Star v. Emerald; Our file: 32-2/032. |

Dear Mr. Moldoff:

Attached please find a copy of the Notice of Voluntary Dismissal.

Sincerely,

*Ian P. Carvajal*
Saldaña & Carvajal, P.S.C.
VIG Tower, Suite 702
1225 Ponce de Leon Ave.
San Juan, P.R. 00907
Tel: 787-289-9250
Fax: 787-289-9253

**From:** Moldoff, Alan [mailto:amoldoff@adelmanlaw.com]
**Sent:** Tuesday, May 17, 2005 9:22 AM
**To:** Ian P. Carvajal
**Subject:** RE: Sea Star v. Emerald; Our file: 32-2/032.

I will resend fax - but I must have prompt response. Thanks.

> -----Original Message-----
> **From:** Ian P. Carvajal [mailto:carvajalian@microjuris.com]
> **Sent:** Monday, May 16, 2005 6:49 PM
> **To:** Moldoff, Alan
> **Subject:** Sea Star v. Emerald; Our file: 32-2/032.
>
> Dear Mr. Moldoff:
>
> Thank you for your fax of today.  The first page was illegible.  I will appreciate if you send it again.
>
> Sincerely,
>
> *Ian P. Carvajal*
> Saldaña & Carvajal, P.S.C.
> VIG Tower, Suite 702
> 1225 Ponce de Leon Ave.
> San Juan, P.R. 00907
> Tel: 787-289-9250
> Fax: 787-289-9253

5/25/2005

B12

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

SEA STAR LINE, LLC

           Demandante,

    Vs.

EMERALD EQUIPMENT LEASING, INC.

           Demandada.

CIVIL NUM.  KAC 05-2971 (508)

SOBRE:

VENTA JUDICIAL Y
COBRO DE DINERO

## MOCIÓN DE DESISTIMIENTO VOLUNTARIO SIN PERJUICIO

**AL HONORABLE TRIBUNAL:**

    **COMPARECE** el demandante, SEA STAR LINE, LLC, por conducto de los abogados que suscriben, y muy respetuosamente **EXPONE Y SOLICITA:**

1. La parte demandante, SEA STAR LINE, LLC, desiste **sin perjuicio** de la reclamación contenida en la *Demanda* de epígrafe, sin especial imposición de costas, gastos ni honorarios de abogados a favor de ninguna de las partes, todo conforme establece la Regla 39.1 (a)(1) de las de Procedimiento Civil vigentes.

2. La parte demandada, a pesar de haber sido debidamente emplazada, aún no ha contestado la *Demanda* de epígrafe.

    **POR TODO LO CUAL**, la parte demandante, SEA STAR LINE, LLC, muy respetuosamente solicita de este Honorable Tribunal que tome conocimiento de lo anteriormente expuesto.

    **RESPETUOSAMENTE SOMETIDO.**

    En San Juan, Puerto Rico, hoy día 20 de mayo de 2005.

B13

Desistimiento Voluntario Sin Perjuicio
Página 2.



**SALDAÑA & CARVAJAL, P.S.C.**
VIG Tower - Suite 702
Ave. Ponce de León 1225
San Juan, P.R. 00907
Tel. (787) 289-9250
Fax. (787) 289-9253



IAN P. CARVAJAL
Colegiado Núm. 12115

B14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS

SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.

_____/

### SEA STAR LINE, LLC RESPONSE TO DEFENDANT'S
### FIRST REQUEST FOR ADMISSIONS

Pursuant to the applicable Federal Rules of Civil Procedure, Plaintiff, SEA STAR LINE, LLC ("Sea Star"), in response to the Request for Admissions served by Defendant, EMERALD EQUIPMENT LEASING, INC. ("Emerald"), says:

1. Admit that a binding agreement existed between Sea Star and Emerald relating to the equipment made the subject matter of this litigation (hereinafter the "Emerald Equipment") that was agreed to by Sea Star and Emerald on or about May 2, 2002 (the "Oral Agreement").

**ANSWER:** Sea Star admits that a binding agreement relating to Emerald equipment exists between Sea Star and Emerald but denies the agreement was an "Oral Agreement" that "was agreed to by Sea Star and Emerald on or about May 2, 2002."

2.  Admit that the document attached hereto as Exhibit "A" is a true and correct copy of an e-mail communication between Sea Star and Emerald relating to the Oral Agreement.

**ANSWER:**  Sea Star denies Request No. 2.

3.  Admit that Exhibit "A" reflects the basic terms and conditions of the Oral Agreement.

**ANSWER:**   Sea Star denies Request No. 3.   The e-mail does outline some of the written terms incorporated in the Equipment Rental Agreement dated as of July 31, 2002, which expressly states that it contains the entire agreement between the parties.

4.  Admit that, pursuant to the Oral Agreement, Sea Star used the Emerald Equipment.

**ANSWER:**   Sea Star denies Request No. 4.

5.  Admit that Sea Star and NPR, Inc. ("NPR") entered into an agreement for the sale of NPR assets to Sea Star, which sale took place on or about April 26, 2002.

**ANSWER:**   Sea Star admits that Sea Star and NPR entered into an agreement for sale of certain NPR assets to Sea Star pursuant to an Order Authorizing Sale of the NPR Assets Free and Clear of all Liens, Claims and Encumbrances, dated April 26, 2002 but denies that closing occurred on April 26, 2002.

6.  Admit that, pursuant to the sale of assets by NPR to Sea Star on or about April 26, 2002 (the "NPR Sale"), Sea Star came into possession of the Emerald Equipment located on vessels

formerly owned by NPR, and which vessels were sold to Sea Star.

**ANSWER:**    Sea Star admits that Sea Star came into possession of certain Emerald equipment on vessels formerly owned by NPR pursuant to an Order Authorizing Sale of the NPR Assets Free and Clear of all Liens, Claims and Encumbrances, dated April 26, 2002, when closing occurred on April 27, 2002.  Sea Star denies Request No. 6 to the extent that Emerald intends any other meaning for "NPR Sale".

7.   Admit that Sea Star did not notify Emerald in writing at any time within thirty (30) days after the NPR Sale of any Emerald Equipment that Sea Star had stored, which equipment Emerald had previously been leasing to NPR just prior to the NPR Sale.

**ANSWER:**    Sea Star admits Request No. 7.   To Sea Star's knowledge, however, Emerald representatives received notifications as to storage of Emerald equipment in bankruptcy court hearings and orders and through representatives of other Debtors, such as NPR, Inc.

8.   Admit that Sea Star and Emerald entered into a written agreement relating to the Emerald Equipment that was executed on or about July 31, 2002 (the "Equipment Rental Agreement").

**ANSWER:**    Sea Star admits that Sea Star and Emerald entered into a written agreement relating to Emerald equipment but denies that the parties executed the document on or about July 31, 2002.  The Equipment Rental Agreement is dated as of July 31, 2002 but was executed in September 2002.

9.  Admit that the Equipment Rental Agreement related to the use of the Emerald Equipment by Sea Star beginning on or about April 29, 2002.

**ANSWER:**   Sea Star admits Request No. 9, subject to NPR-Sea Star agreements, MBC-Sea Star agreements, and court orders.

10.  Admit that Sea Star was responsible for payments to Emerald for the use of any Emerald Equipment pursuant to the Equipment Rental Agreement and the Oral Agreement for any month that Sea Star first used such piece of equipment and for all months thereafter until said piece of equipment was redelivered to Emerald.

**ANSWER:**   Sea Star denies Request No. 10.

11.  Admit that Sea Star was permitted to return or redeliver Emerald Equipment to Emerald to the following locations only: Greenwich Terminal, Philadelphia, Pennsylvania; Sea Star Terminal, Puerto Nuevo, San Juan, Puerto Rico; Greenwich Terminal, Port of Jacksonville, Florida; and any other location as to which the parties have agreed in writing.

**ANSWER:**   Sea Star admits Request No. 11 for the period after July 31, 2002 but denies Request No. 11 for the period before August 1, 2002.  To Sea Star's knowledge, Greenwich Terminal had no agreement with Jaxport for space allocation at the Port of Jacksonville, Florida before August 1, 2002.  Furthermore, Sea Star and Emerald executed the Equipment Rental Agreement dated as of July 31, 2002 in September 2002.

12.  Admit that Sea Star and Emerald did not agree in

writing to the return or redelivery of Emerald Equipment to any location other than the specific locations referenced in Paragraph 11, *supra,* except when the parties agreed that a specific piece of Emerald Equipment would be sold to a third party at a specific location.

**ANSWER:**    Sea Star admits Request No. 12 for the period after July 31, 2002 but denies Request No. 12 for the period before August 1, 2002.

13.  Admit that Sea Star's obligation to pay for the use of Emerald Equipment, after Sea Star's use of such equipment, did not end upon Sea Star's (re)delivery of the Emerald Equipment to third parties.

**ANSWER:**    Sea Star objects to Request No. 13.  Said Request is overbroad and does not disclose Emerald's meaning of  "Sea Star's (re)delivery of the Emerald Equipment to third parties".

14.  Admit that Sea Star attempted to redeliver and/or did redeliver Emerald Equipment that Sea Star used for less than thirty (30) days.

**ANSWER:**    Sea Star admits Request No. 14.

15.  Admit that Sea Star was permitted to return or redeliver Emerald Equipment only by way of a written document executed by both Sea Star and Emerald.

**ANSWER:**    Sea Star denies Request No. 15.

16.  Admit that on or about November 1, 2003, counsel for Sea Star received notice from Emerald's counsel that Emerald intended to

terminate the Equipment Rental Agreement, effective as of November 30, 2003 (the "Termination Letter").

**ANSWER:**    Sea Star admits Request No. 16.

17.    Admit that, pursuant to the Termination Letter, Sea Star was required to redeliver all Emerald Equipment in its possession no later than December 1, 2003.

**ANSWER:**    Sea Star denies Request No. 17.

18.    Admit that manifests were prepared by or on behalf of Sea Star for shipments of equipment and/or cargo by Sea Star vessels.

**ANSWER:**    Sea Star admits Request No. 18.

19.    Admit that manifests were prepared by or on behalf of Sea Star for shipments of equipment and/or cargo by vessels chartered by Sea Star.

**ANSWER:**    Sea Star admits Request No. 19.

20.    Admit that the manifests prepared by or on behalf of Sea Star for shipments of equipment and/or cargo on Sea Star vessels, vessels chartered by Sea Star, and/or slots chartered by Sea Star on other vessels would reflect usage of the Emerald Equipment by Sea Star.

**ANSWER:**    Sea Star denies Request No. 20.    Manifests prepared by or on behalf of Sea Star would reflect not only usage of equipment by Sea Star but also shipments of equipment for Emerald or for third parties.

21.    Admit that Sea Star purchased slot charters onboard vessels from April 26, 2002 through December 1, 2003.

**ANSWER:**    Sea Star denies Request No. 21.    Sea Star entered into transportation services agreements with other ocean carriers but did not purchase slot charters onboard vessels.

22.   Admit that manifests or other records were prepared by or on behalf of Sea Star relating to all equipment shipped aboard vessels on which Sea Star purchased slot charters.

**ANSWER:**    Sea Star denies Request No. 22.

23.      Admit that beginning on April 26, 2002 and ending on December 1, 2003, when Emerald Equipment appeared on a manifest prior to its redelivery to Emerald or sale to a third party, it evidenced use of Emerald Equipment by Sea Star.

**ANSWER:**    Sea Star objects to Request No. 23.    Said Request is overbroad and does not specify any equipment or identify any "sale" or "third party" to which the Request refers.    Without waiving its objection, Sea Star denies Request No. 23.

24.   Admit that beginning on April 26, 2002 and ending on December 1, 2003, when Emerald Equipment appeared on a gate record prior to its redelivery to Emerald or sale to a third party, it evidenced use of Emerald Equipment by Sea Star.

**ANSWER:**    Sea Star objects to Request No. 24.    Said Request is overbroad; fails to identify the type of "gate record", the issuer, or any "third party" to which it refers; and fails to specify a proper beginning date.    Sea Star gate records beginning April 29, 2002 could evidence not only use of Emerald equipment by Sea Star but also receipt of equipment from third parties, delivery of

equipment, or movement of equipment held in storage.

25.  Admit that when Emerald Equipment appeared on a Sea Star "Self Billing Report", it evidenced use of Emerald Equipment by Sea Star.

**ANSWER:**    Sea Star admits Request No. 25 to the extent the Report shows a charge to Sea Star, not a charge by Sea Star.

26.  Admit that Sea Star inputted "move histories" directly into the Holt Oversight computer for purposes of tracking Sea Star's use of equipment, including Emerald Equipment.

**ANSWER:**    Sea Star objects to Request No. 26, which fails to identify the "Holt Oversight computer". Without waiving said objection, Sea Star admits that for a short time after the NPR closing, Sea Star purchased Holt Oversight computer services primarily to track and facilitate intermodal shipments and movements of containerized cargo and equipment through certain automated gates.

27.  Admit that where the movement of Emerald Equipment between April 26, 2002 and December 1, 2003, was input into the computer application referred to by both Sea Star and Emerald as Emerald Equipment Move History, it evidenced use of Emerald Equipment by Sea Star.

**ANSWER:**    Sea Star denies Request No. 27. Sea Star computer inputs beginning April 29, 2002 could evidence not only use of Emerald equipment by Sea Star but also receipt of Emerald equipment from third parties, delivery of equipment, or movement of

equipment held in storage.  Further, Sea Star does not refer to its computer application as "Emerald Equipment Move History".

28.  Admit that Sea Star caused Emerald Equipment to be moved, directly or indirectly, to railroad depots.

**ANSWER:**    Sea Star admits Request No. 28.

29.  Admit that Sea Star caused Emerald Equipment to be moved, directly or indirectly, to railroad yards.

**ANSWER:**    Sea Star admits Request No. 29.

30.  Admit that Sea Star caused Emerald Equipment to be moved, directly or indirectly, to customer pools.

**ANSWER:**    Sea Star admits Request No. 30.

31.  Admit that Sea Star caused Emerald Equipment to be moved, directly or indirectly, to truck yards.

**ANSWER:**    Sea Star admits Request No. 31.

32.  Admit that any Emerald Equipment that was moved from April 26, 2002 through December 1, 2003 prior to its redelivery to Emerald or sale to a third party, was caused to be moved by Sea Star.

**ANSWER:**    After reasonable inquiry information known or readily obtainable by Sea Star is insufficient to enable Sea Star to admit or deny this Request.  Therefore, Sea Star denies Request No. 32.

33.  Admit that Sea Star used Emerald Equipment for time periods not included in the self-billing reports prepared by Sea Star.

**ANSWER:**    Sea Star admits Request No. 33.

34.    Admit that at no time within thirty (30) days after the NPR Sale did Sea Star notify Emerald that certain Emerald Equipment was seized by third parties in the Dominican Republic.

**ANSWER:**    After reasonable inquiry information known or readily obtainable by Sea Star is insufficient to enable Sea Star to admit or deny this Request at present.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _29_ day of October, 2004 to **MICHAEL L. GORE, ESQ.**, Shutts & Bowen LLP, P.O. Box 4956, Orlando, FL 32802-4956 and mailed to **GARY M. SCHILDHORN, ESQ. and ALAN I. MOLDOFF, ESQ.**, Adelman Lavine Gold and Levin, Suite 900, Four Penn Center, Philadelphia, PA 19103-2808.

ARMSTRONG & MEJER, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134
Telephone: (305) 444-3355
Telefax:   (305) 442-4300

By: _____
TIMOTHY J. ARMSTRONG
Florida Bar No. 135859

liz\04pldgs\03-3621-025a