UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE


SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-                             CASE NO. 05-CV-00245 (JJF)

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

**SEA STAR LINE, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS EMERALD EQUIPMENT LEASING, INC.'S AMENDED COUNTERCLAIM**

SMITH, KATZENSTEIN & FURLOW, LLP
Kathleen M. Miller (I.D. No. 2898)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899(courier 19801)
Phone: (302) 652-8400
Fax:   (302) 652-8405
E-mail: KMiller@skfdelaware.com

Attorneys for Sea Star Line, LLC

Of Counsel:
Charles C. Robinson
Garvey Schubert Barer
1191 Second Avenue, #1800
Seattle, WA 98101-2939

Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134

March 6, 2006

# TABLE OF CONTENTS

PAGE

TABLE OF CITATIONS........................................... iii

STATEMENT OF CASE.............................................. 1

SUMMARY OF ARGUMENT........................................... 2

ARGUMENT...................................................... 3

A.  Standard of Review....................................... 3

B.  Subject Matter Jurisdiction.............................. 3

C.  Contract Claims.......................................... 4

1.  Breach of Contract (Count I) ........................... 4

2.  Turnover (Count II) .................................... 5

D.  Tort Claims (Count IV-Count VII)......................... 6

1.  Pleading Defects........................................ 6

2. Statutes of Limitations ................................. 9

E.  Request for Extension of Time to Respond................. 10

CONCLUSION.................................................... 11

## TABLE OF CITATIONS

                                                            **PAGE**

**Cases**

Harrison v. Westinghouse Savannah River Co.,
   176 F.3d 776 (4th Cir. 1999)............................... 9

In re Rockefeller Center Properties, Inc. Sec. Litig.,
   184 F.3d 280 (3d Cir. 1997)............................... 3

Lum v. Bank of America,
   361 F.3d 217 (3d Cir. 2004)
   cert. denied, 543 U.S. 918 (2004).................. 3, 8, 9

Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,
   742 F.2d 786 (3d Cir. 1984)............................... 8

Werwinski v. Ford Motor Co.,
   286 F.3d 661 (3d Cir. 2002). . . . . . . . . . . . . . . .6


**Statutes and Other Authorities**

11 U.S.C. § 342......................................... 2, 6

11 U.S.C. § 542......................................... 3, 6

28 U.S.C. § 157.......................................... 3

10 Del. C. § 8106........................................ 9

Fed. R. Civ. P. 6....................................... 10

Fed. R. Civ. P. 9...................................... 7, 8

Fed. R. Civ. P. 10(b). . . . . . . . . . . . . . . . . . .6

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . .9

Md. Code Ann., Courts & Judicial Proceedings § 5-101........ 9

## STATEMENT OF CASE

The Court's January 26, 2006 Order granted in part and denied in part Sea Star Line, LLC's ("Sea Star") Motion to Dismiss the Counterclaim filed by Emerald Equipment Leasing, Inc. ("Emerald"). (D.I. 76).  In a Memorandum Opinion, the Court explained the reasons for its decision. (D.I. 75).  Among other things, the Court granted Emerald leave to file an Amended Counterclaim. (D.I. 76; D.I. 75 at 1, 27).

In the Amended Counterclaim, Emerald has sued Sea Star for "Post-Petition Account Receivable/Breach of Lease", "Turnover Action", "Accounting", "Fraud", "Constructive Fraud", "Fraudulent Concealment", and "Negligent Misrepresentation; Breach of Fiduciary Duty". (D.I. 79). Essentially, the compensatory damage claims consist of "[r]ent due to Emerald" and "[l]oss incurred as a result of the loss, damage, theft or destruction of certain equipment." (D.I. 79, ¶¶ 18(a),(b)).  Each count expressly incorporates the paragraphs in all preceding counts, including Count I, the breach-of-contract claim. (D.I. 79, ¶¶ 22, 25, 29, 41, 45, 51).  All counts incorporate allegations not only as to the Equipment Rental Agreement, but also as to a document that Emerald calls the "E-Mail Agreement", which is attached as an Exhibit to the Amended Counterclaim. (D.I. 79, ¶¶ 9-11, 17, 22, 25, 29, 41, 45, 51; Ex. "A").

1

## SUMMARY OF ARGUMENT

Emerald's Amended Counterclaim ignores this Court's Memorandum Opinion and disregards its Order.  In light of the Court's rulings and governing precedent, certain counts of the Amended Counterclaim cannot survive scrutiny.  Examination of the asserted counts, each of which expressly incorporates all preceding paragraphs, discloses:

1. The clear and unambiguous Equipment Rental Agreement "contains the entire agreement between the parties".  Given the Court's explicit dismissal, no claim for breach of a prior "E-Mail Agreement" is permissible. Nevertheless, Emerald has repeated and reincorporated its "E-Mail Agreement" allegations into all counts, attaching a copy of the document as an Exhibit to the Amended Counterclaim.

2. Emerald has no claim for "turnover" relief under 11 U.S.C. § 342.

3. The Amended Counterclaim discloses that applicable statutes of limitations bar particular fraud claims pled by Emerald.

4. The Amended Counterclaim does not comport with explicit requirements of the Court's Memorandum Opinion and Order.  As pled, Emerald's claims do not satisfy Fed. R. Civ. P. 9(b) and 12(b)(6).

2

10001398.WPD

**ARGUMENT**

**A.    Standard of Review**

        To   reiterate   the   Court's   delineation   of   the
applicable Standard of Review [D.I. 75 at 5-6] would be
redundant.    Sea Star's Motion to Dismiss focuses on the
sufficiency of Emerald's Amended Counterclaim, not the merits
of the case.  *See, e.g.,* Lum v. Bank of America, 361 F.3d 217,
221 n.3, 223 (3d Cir. 2004)cert. denied, 543 U.S. 918 (2004);
In *re* Rockefeller Center Properties, Inc. Sec. Litig., 184
F.3d 280, 287 (3d Cir. 1997).

**B.    Subject Matter Jurisdiction**

        In  its  Memorandum  Opinion,  the  Court  repudiated
Emerald's attempt to raise a jurisdictional issue based on 28
U.S.C. § 157.(D.I. 75 at 6-9).   The Court pointed out that
"the  parties  agree  that  the  exercise  of  the  Court's
jurisdiction is appropriate under 28 U.S.C. § 1333." (D.I. 75
at 8-9).   Nonetheless, Emerald repeats its assertion that
federal jurisdiction exists "pursuant to 28 U.S.C. Sections
1334 and 157 and Sections 542 of Title 11 of the United States
Code", as well as 28 U.S.C. § 1333. (D.I. 79, ¶ 1).   Contrary
to Emerald's contention, 28 U.S.C. § 157 and 11 U.S.C. § 542
are not federal jurisdictional statutes.

3

10001398.WPD

### C.    Contract Claims

#### 1.    Breach of Contract (Count I)

The Court determined "that Emerald has failed to state a claim for breach of the E-Mail Agreement" and dismissed Count I of Emerald's Counterclaim "to the extent that Count I alleges a breach of the E-Mail Agreement . . . ." (D.I. 75 at 11; D.I. 76).  After examination of the Equipment Rental Agreement, the Court's ruling could not have been clearer:

> In these circumstances, the Court concludes that extrinsic evidence is not required to determine the meaning of the Equipment Rental Agreement, and Emerald cannot maintain its Counterclaim to the extent that it alleges a breach of the E-Mail Agreement because the E-Mail Agreement was subsumed by the Equipment Rental Agreement entered into by the parties.

(D.I. 75 at 14)(citations omitted).

Ignoring the Memorandum Opinion, however, Emerald again alleges in its Amended Counterclaim:

> Accordingly, on or about May 1, 2002, Sea Star and Emerald entered into an agreement(the "E-Mail Agreement" . . . , whereby Sea Star agreed to lease Emerald equipment previously leased by Emerald to NPR.
>
> The E-Mail Agreement was effective as of May 1, 2002 and was applicable to any cargo worthy Emerald equipment, which Sea Star dispatched out of any port terminal

4

> or inland depot for customer use at agreed
> upon per diems ....
>
> Sea Star used the Emerald Equipment
> pursuant to the E-Mail Agreement for a
> number of months, before the leasing
> arrangement was more formally documented
> in a written agreement executed by Sea
> Star and Emerald in the later part of
> September, 2002 (the "Equipment Rental
> Agreement" . . . ..

(D.I. 79, ¶¶ 9, 10, 11). Among the Exhibits to the Amended
Counterclaim is a copy of the document that Emerald has called
the "E-Mail Agreement". (D.I. 79, ¶ 9; Ex. "A"). Count I
expressly incorporates these paragraphs "in their entirety",
as well as the Exhibit. (D.I. 79, ¶ 17).

Whether purposeful or negligent, Count I does not
comply with the Court's Order. The "E-Mail Agreement" remains
an integral part of Emerald's pleading. Therefore, Sea Star
requests that the Court dismiss Count I of the Amended
Counterclaim.

## 2.   Turnover (Count II)[1]

In its answering brief on Sea Star's Motion to
Dismiss the Counterclaim, Emerald stated that its reference to
section 342 of the Bankruptcy Code in its turnover count was a
typographical error. (D.I. 66 at 6). Despite its earlier
admission, Emerald repeats its reference to section 342 in
Count II of the Amended Counterclaim:  The "WHEREFORE" clause

---

[1] Count II of the original Counterclaim was a Quantum Meruit claim.
Emerald removed that count from the Amended Counterclaim, consistent with
the Court's Memorandum Opinion.

5

10001398.WPD

requests, "pursuant to 11 U.S.C. Section 342, or otherwise, . . . the turnover of damages equaling the value of the unreturned equipment . . . ."

With respect to "turnover", the Court has observed:

> In Count III of its Counterclaim, Emerald alleges a claim for turnover pursuant to 11 U.S.C. § 342. In its briefing, Emerald alleges that its reference to Section 342 is a typographical error, and that the appropriate reference should be to 11 U.S.C. § 542.

(D.I. 75 at 17).

If the reference to section 342 is again a typographical error, then the Court has already ruled on Emerald's claim for turnover under section 542. If not, then it should be dismissed.

### D.  Tort Claims (Count IV-Count VII)

#### 1.  Pleading Defects

Counts IV through VII remain deficient.[2]  Having examined the Counterclaim, the Court found:

> Emerald has not pled any specific dates of the alleged fraud and to the extent

---

[2] Under any state's law the Court might find controlling [D.I. 75 at 23-24 n.5], Sea Star believes that Emerald's tort claims cannot survive under the economic loss doctrine.  Counts IV through VII remain "undergirded by factual allegations identical to those supporting [EMERALD's] breach of contract counts." Werwinski v. Ford Motor Co., 286 F.3d 661, 678 (3d Cir. 2002), quoting Public Service Enterprise Group, Inc. v. Philadelphia Elec. Co., 722 F. Supp. 184, 201 (D.N.J. 1989); see Fed. R. Civ. P. 10(b). However, the Court has already ruled on Sea Star's economic loss doctrine argument and Sea Star will not re-assert it here.  While it believes that the issue is already preserved, Sea Star raises it here out of caution.

10001398.WPD

Emerald is aware from the further investigation it alleges it conducted in its Counterclaim, Emerald has not disclosed which invoices were defective or which pieces of equipment were implicated. In these circumstances, the Court concludes that additional facts are required to establish the pleading requirements of Rule 9(b), if those facts are within Emerald's knowledge. To the extent that some or all of this information is within Sea Star's exclusive control, Emerald should reflect that allegation in any amended pleading it submits.

(D.I. 75 at 27).

Disregarding the Court's directive and Fed. R. Civ. P. 9(b), Emerald continues to make generic assertions as to "false and/or misleading" and "inaccurate" information, "misrepresentations", and gross under-reporting in Sea Star "self-billing reports", as well as "representations which have a tendency to deceive and undermine confidence and are injurious to the public interest." (D.I. 79, ¶¶ 31, 32, 37, 43, 44, 48, 53). The Amended Counterclaim does not disclose the substantive factual underpinning for these conclusory allegations. For example, Emerald has not identified the invoices—or "self billing reports"—which were defective or the pieces of equipment which were implicated.

Not even paying lip service to the Court's admonitions, Emerald has chosen to attach schedules "of certain Emerald Equipment used by Sea Star", "backdated TIRs",

7

"schedules identifying the equipment pieces involved" in an August 2002 "Sea Star invoice to CSX Line", and September 2002 "documentation".   (D.I. 79, ¶¶ 35, 36(a), (b), (c)).   To excuse its non-compliance, Emerald merely avers that "[s]imilar schedules (which are voluminous), based upon Emerald's investigation to date, have been supplied to Sea Star for other types of Emerald Equipment used by Sea Star . . . ." (D.I. 79, ¶ 35).   Although the "facts are within Emerald's knowledge" (D.I. 75 at 27), none of these schedules is an Exhibit to the Amended Counterclaim.

As the Court has reiterated, Rule 9(b) requires that "fraud charges" be pled "with particularity". (D.I. 75 at 27). Emerald "must plead with particularity "'the circumstances' of the alleged fraud in order to place [Sea Star] on notice of the precise misconduct with which [it is] charged, and to safeguard [Sea Star] against spurious charges of immoral and fraudulent behavior." Lum v. Bank of America, *supra,* 361 F.3d at 223-24, *quoting* Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).   Emerald "also must allege who made a representation to whom and the general content of the misrepresentation." Lum v. Bank of America, *supra,* at 224 (citations omitted).   Having failed to comply with the letter and the spirit of Rule 9(b) and the Memorandum Opinion, Emerald has failed to state tort claims that pass

8

10001398.WPD

Rule 12(b)(6) scrutiny. *Id.* at 224-27; Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783-84 & n.5 (4th Cir. 1999). Therefore, the Court must dismiss Counts IV through VII. Lum v. Bank of America, *supra,* 361 F.3d at 227.

## 2.  **Statutes of Limitations**

Evidencing the importance of Rule 9 requirements are the two instances with respect to which Emerald deigned to plead specific dates of alleged "fraudulent and/or misleading information supplied by Sea Star". In paragraph 36(b) of the Amended Counterclaim, Emerald refers to a "Sea Star invoice to CSX Line" relating to transactions "from May 15, 2002 to July 17, 2002". (D.I. 79, ¶ 36(b), Ex. "E"). In paragraph 36(c) Emerald alleges "certain documentation indicates that duplicate 'self-billing reports' were prepared by Sea Star for the month of September, 2002 indicating different amounts for the same month." (D.I. 79, ¶ 36(c), Ex. "F").

Emerald's initial allegations as to the particular "fraudulent and/or misleading information supplied by Sea Star" in 2002 are in the Amended Counterclaim. Since Emerald filed its Amended Counterclaim on February 15, 2006, more than three years after the alleged causes of action accrued, the Maryland statute of limitations *prima facie* bars these claims. Md. Code Ann., Courts & Judicial Proceedings § 5-101. *See also* 10 Del. C. §8106. Sea Star is entitled to full

9

disclosure, not piecemeal illustrations selected by Emerald. (*See, e.g.,* D.I. 79, ¶ 35). Compelling Emerald to plead in compliance with Rule 9(b) should uncover other stale allegations and claims.

### E.    Request for extension of time to respond to the remainder of the Amended Counterclaim

Sea Star seeks, pursuant to Fed. R. Civ. P. 6(b), an extension of time to respond to the counts in the Amended Counterclaim, which are not addressed in this motion to dismiss. Sea Star requests that its time to respond to those counts be extended to 10 days after the Court enters a decision on this motion.

10

## CONCLUSION

Considered in the context of the Memorandum Opinion, Emerald's Amended Counterclaim is still deficient. The Court furnished a map, which Emerald did not follow. Additionally, where Emerald did follow the road map, it revealed that some of its claims are barred by the statute of limitations. Therefore, Sea Star respectfully requests that the Court dismiss the Amended Counterclaim, consistent with the above arguments.

March 6, 2006            SMITH, KATZENSTEIN & FURLOW,LLP

                         _____
                         Kathleen M. Miller (I.D. No. 2898)
                         800 Delaware Avenue, 7th Floor
                         P.O. Box 410
                         Wilmington, DE  19899 (Courier 19801)
                         Phone: (302) 652-8400
                         Fax: (302) 652-8405
                         E-mail: KMiller@skfdelaware.com

OF COUNSEL:              Attorneys for Sea Star Lines, LLC
Charles C. Robinson
Garvey Schubert Barer
1191 Second Avenue, #1800
Seattle, WA 98101-2939


Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **6th** day of **March, 2006,** a copy of the foregoing ***Opening Brief In Support Of Its Motion To Dismiss Emerald Equipment Leasing, Inc. Amended Counterclaim*** was served on the following by first class mail:

**GARY M. SCHILDHORN, ESQ.**
**ALAN I. MOLDOFF, ESQ.**
Adelman Lavine Gold and Levin
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808

**BRADFORD J. SANDLER, ESQ.**
Adelman Lavine Gold and Levin, P.C.
919 North Market Street, Suite 710
Wilmington, DE 19801

/s/ Kathleen M. Miller
Kathleen M. Miller

12

10001398.WPD