IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, <br> a limited liability company, <br><br> Plaintiff, <br><br> -vs- <br><br> EMERALD EQUIPMENT LEASING, INC., <br> a corporation, <br><br> Defendant, <br><br> -vs- <br><br> SEA STAR LINE, LLC, <br><br> Counter-Defendant. | ) <br> ) <br> ) Civil Action No. 05-CV-245 JJF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SEA STAR LINE, LLC'S REPLY BRIEF IN SUPPORTOF ITS
MOTION FOR PARTIAL DISMISSAL OF EMERALD
EQUIPMENT LEASING, INC.'S AMENDED COUNTERCLAIM**

|   |   |
|---|---|
|  | SMITH, KATZENSTEIN & FURLOW LLP <br> Kathleen M. Miller (I.D. No. 2898) <br> 800 Delaware Avenue, 7th Floor <br> P.O. Box 410 <br> Wilmington, DE 19899 (courier 19801) |
| OF COUNSEL: <br> Charles C. Robinson <br> Garvey Schubert Barer <br> 1191 Second Avenue, #1800 <br> Seattle, WA 98101-2939 | Phone: (302) 652-8400 <br> Fax:   (302) 652-8405 <br> E-mail: KMiller@skfdelaware.com <br><br> *Attorneys for Sea Star Line, LLC* |
| Timothy J. Armstrong <br> Armstrong & Mejer, P.A. <br> Suite 1111, Douglas Centre <br> 2600 Douglas Road <br> Coral Gables, FL 33134 | |

March 30, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    Contract Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        1.    Breach of Contract (Count I). . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.    Turnover (Count II) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D.    "Tort" Claims (Count IV-Count VII). . . . . . . . . . . . . . . . . . . . . . . . 4

        1.    Pleading Defects . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2.    Statutes of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*Alpern v. Utilicorp United, Inc.*,
    84 F.3d 1525 (8th Cir. 1996) .................................................. 8

*Cowen & Co. v. Merriam*,
    745 F. Supp. 925 (S.D.N.Y. 1990) ............................................. 7

*Dean v. United States*,
    278 F.3d 1218 (11th Cir. 2002) ................................................ 8

*Harrison v. Westinghouse Savannah River Co.*,
    176 F.3d 776 (4th Cir. 1999) .................................................. 7

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
    184 F.3d 280 (3d Cir. 1997) ................................................... 2

*In re Sunrise Sec. Litig.*,
    793 F. Supp. 1306 (E.D. Pa. 1992) ........................................ 2, 6

*Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Tex.*,
    20 F.3d 1362 (5th Cir. 1994) ................................................ 7, 8

*Lum v. Bank of America*,
    361 F.3d 217 (3d Cir.),
    *cert. denied*, 543 U.S. 918 (2004) ..................................... 2, 6, 7

*Merrill v. Crothall-American, Inc.*,
    606 A.2d 96 (Del. 1992) ....................................................... 7

*Miller v. MBM Corp. (In re Ameriking, Inc.)*,
    Bankr. No. 02-13515, Adv. No. 04-57450,
    2006 WL 539006 (Bankr. D. Del. Mar. 2, 2006) ......................... 8

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
    742 F.2d 786 (3d Cir. 1984) .................................................. 6, 9

*Toner v. Allstate Ins. Co.*,
    829 F. Supp. 695 (D. Del. 1993) ............................................ 6, 7

**Statutes and Other Authorities**

11 U.S.C. § 342 .................................................... 1, 4

11 U.S.C. § 542 .................................................... 2, 4

28 U.S.C. § 157 ..................................................... 2

FED. R. CIV. P. 9 ............................................... 1, 5, 6, 9

FED. R. CIV. P. 12 ............................................... 1, 7, 10

FED. R. CIV. P. 15 ................................................. 7, 8

10 *Del. C.* § 8106 ................................................... 9

MD. CODE ANN., COURTS & JUDICIAL PROCEEDINGS § 5-101 ................ 8

6A CHARLES A. WRIGHT, ET AL.,
    FEDERAL PRACTICE & PROCEDURE § 1496 (1990).          ............ 8

**SUMMARY OF ARGUMENT**

As the Answering Brief (D.I. 82) submitted by Emerald Equipment Leasing, Inc. ("Emerald") confirms, the Amended Counterclaim (D.I. 79) cannot withstand the Court's scrutiny. Emerald's non-compliance with the January 26, 2006 Memorandum Opinion (D.I. 75) ("Opinion") and Order (D.I. 76), together with governing precedent, requires that the Court grant the Motion for Partial Dismissal of the Amended Counterclaim (D.I. 80) filed by Sea Star Line, LLC ("Sea Star"). Examination of the Amended Counterclaim discloses:

1. The clear and unambiguous Equipment Rental Agreement "contains the entire agreement between the parties." Despite the Court's dismissal Order, however, Emerald explicitly reincorporated its "E-Mail Agreement" allegations into Count I, as well as all other counts. Emerald also attached a copy of the document as an exhibit to the Amended Counterclaim.

2. Emerald has not stated a valid claim for "turnover" relief under 11 U.S.C. § 342.

3. Even if Emerald legitimately could plead tort claims, the Amended Counterclaim does not comport with explicit requirements of the Court's Memorandum Opinion and Order. As pled, Emerald's claims do not satisfy FED. R. CIV. P. 9(b) and 12(b)(6).

4. Even if Emerald legitimately could plead tort claims, the Amended Counterclaim discloses that applicable statutes of limitations bar particular fraud claims pled by Emerald.

1

# ARGUMENT

A. **Standard of Review.**

To reiterate the Court's delineation of the applicable Standard of Review would be redundant. (*See* Opinion at 5-6). *See, e.g., Lum v. Bank of America*, 361 F.3d 217, 221 n.3, 223 (3d Cir.), *cert. denied,* 543 U.S. 918 (2004); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1997). The Court need not "accept as true all allegations in the complaint" (Answering Brief (D.I. 82) ("AB") at 1), but only well pled allegations in the Amended Counterclaim. *E.g., In re Sunrise Sec. Litig.*, 793 F. Supp. 1306, 1310 (E.D. Pa. 1992).

B. **Subject Matter Jurisdiction.**

Ostensibly Emerald now concedes that 28 U.S.C. § 157 and 11 U.S.C. § 542 are not federal jurisdictional statutes. (AB at 1; *see* Opinion at 6-9). Whatever Emerald may have "meant" (*see* AB at 2), its assertion in the Amended Counterclaim that federal jurisdiction exists "pursuant to 28 U.S.C. Sections . . . 157 and Sections 542 of Title 11 of the United States Code" is improper. (*See* Amended Counterclaim (D.I. 79) ("Am. Counterclaim") ¶ 1).

C. **Contract Claims.**

1. **Breach of Contract (Count I).**

Explaining the dismissal of Count I of Emerald's Counterclaim "to the extent that Count I alleges a breach of the E-Mail Agreement . . . ." (Opinion at 11; Order (D.I. 76)), the Opinion is clear:

2

> In these circumstances, the Court concludes that extrinsic evidence is not required to determine the meaning of the Equipment Rental Agreement, and Emerald cannot maintain its Counterclaim to the extent that it alleges a breach of the E-Mail Agreement because the E-Mail Agreement was subsumed by the Equipment Rental Agreement entered into by the parties.

(Opinion at 14) (citations omitted).

Emerald's effort to justify inclusion of the "E-Mail Agreement" in the Amended Counterclaim becomes duplicitous. On the one hand, Emerald avers that the "Amended Counterclaim deletes any reference to a 'breach of the E-Mail Agreement'. Rather Count I now only asserts breach of the Equipment Rental Agreement." (AB at 2). On the other hand, Emerald expressly incorporates all paragraphs comprising the "'Background' section of the Amended Counterclaim recit[ing] the factual assertions of the E-Mail Agreement" into Count I "in their entirety." (AB at 2; Am. Counterclaim ¶¶ 9, 10, 11, 17). Furthermore, a copy of the document identified as the "E-Mail Agreement" remains an Exhibit to the Amended Counterclaim. (Am. Counterclaim ¶ 9 and Ex. A).

Undermining its own position, Emerald recognizes that "the Court concluded that extrinsic evidence is not required to illuminate the meaning of the Equipment Rental Agreement because it is not ambiguous when viewed from the standpoint of a reasonable person." (AB at 3). In the next sentence, however, Emerald attempts to negate the ruling quoted above, opining: "The clear sense of the Court's Opinion was that the <u>integration clause</u> is not ambiguous and that accordingly, there was no need to consider 'extrinsic evidence' in connection with the <u>integration clause</u>." (AB at 3 (emphasis in original)). Further, the Court did not merely conclude "that there can be no separate cause of action for

3

breach of the E-Mail Agreement." (AB at 3). Instead, given the explicit dismissal, no claim for breach of a prior "E-Mail Agreement" is permissible.

To allege that "Emerald complied with the Court's ruling by eliminating a claim for breach of the E-Mail Agreement" (AB at 4) begs questions. Moreover, Emerald has not explained how Sea Star's objection "twists the words of this Court" and what "rulings on issues which are not properly before the Court" Sea Star seeks. (AB at 3). Because Emerald's explicit incorporation of the "E-Mail Agreement" into Count I does not comply with the Court's Order, Sea Star reiterates its request that the Court dismiss Count I of the Amended Counterclaim.

### 2. Turnover (Count II).

With respect to "turnover", Emerald admittedly erred in referring to 11 U.S.C. § 342 rather than 11 U.S.C. § 542. (Opinion at 17). Nevertheless, Emerald repeats the "typographical error" in Count II of the Amended Counterclaim: The "WHEREFORE" clause requests, "pursuant to 11 U.S.C. Section 342, or otherwise, . . . the turnover of damages equaling the value of the unreturned equipment . . . ." Emerald would have another opportunity to correct the error in a Second Amended Counterclaim.

### D. "Tort" Claims (Count IV-Count VII).

#### 1. Pleading Defects.

With respect to the torts alleged in Emerald's Counterclaim, the Court found:

> Emerald has not pled any specific dates of the alleged fraud and to the extent Emerald is aware from the further investigation it alleges it conducted in its Counterclaim, Emerald has not disclosed which invoices were defective or which pieces of equipment were implicated. In these

4

>circumstances, the Court concludes that additional facts are required to establish the pleading requirements of Rule 9(b), if those facts are within Emerald's knowledge. To the extent that some or all of this information is within Sea Star's exclusive control, Emerald should reflect that allegation in any amended pleading it submits.

(Opinion at 27). Manifestly the Amended Counterclaim has not cured Emerald's pleading deficiencies.

As stated earlier, Emerald has disregarded the Court's Order and FED. R. CIV. P. 9(b) in continuing to make generic assertions as to "false and/or misleading" and "inaccurate" information, "misrepresentations", and gross under-reporting in Sea Star "self-billing reports", as well as "representations which have a tendency to deceive and undermine confidence and are injurious to the public interest." (Am. Counterclaim ¶¶ 31, 32, 37, 43, 44, 48, 53). The Amended Counterclaim does not disclose the substantive factual underpinning for these conclusory allegations. For example, Emerald has not identified the "self billing reports" which "grossly underreported Sea Star's usage", the "diverse dates" when the alleged under-reporting occurred, or the pieces of equipment which were implicated. (Id. ¶¶ 32, 33). The Amended Counterclaim contains no allegation that "all of the 'self-billing reports' were . . . fraudulent . . . ." (AB at 7).

It should not be "stunning" that Sea Star has challenged Emerald's decision to attach to the Amended Counterclaim only selected schedules as examples "of certain Emerald Equipment used by Sea Star", "backdated [terminal inter-change receipts]", "schedules identifying the equipment pieces involved" in an August 2002 "Sea Star invoice to CSX Line," and September 2002 "documentation" (Am. Counterclaim ¶¶ 35, 36(a), (b),

5

(c); AB at 7). For Emerald to assert that "[s]imilar schedules (which are voluminous), based upon Emerald's investigation to date, have been supplied to Sea Star for other types of Emerald Equipment used by Sea Star" (Am. Counterclaim ¶ 35), does not satisfy Rule 9(b) requirements or the Court's directives in its Opinion. Although the "facts are within Emerald's knowledge" (Opinion at 27), none of these schedules is an exhibit to the Amended Counterclaim.

Rule 9(b) requires that "fraud charges" be pled "with particularity." FED. R. CIV. P. 9(b). Emerald "must plead with particularity 'the circumstances of the alleged fraud in order to place [Sea Star] on notice of the precise misconduct with which [it is] charged, and to safeguard [Sea Star] against spurious charges of immoral and fraudulent behavior.'" *Lum*, 361 F.3d at 223-24, *quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (internal quotation omitted). In *Seville* the Third Circuit found:

> Seville adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces of machinery that were the subject of the alleged fraud. Moreover, Seville divided this list into five "exhibits" and identified which pieces were the subject of which alleged fraudulent transaction. The complaint sets forth the nature of the alleged misrepresentations, and while it does not describe the precise words used, each allegation of fraud adequately describes the nature and subject of the alleged misrepresentation.

*Seville*, 742 F.2d at 791 (footnote omitted). *Accord, Lum*, 361 F.3d at 223-24; *In re Sunrise Sec. Litig.*, 793 F. Supp. at 1312.

To satisfy one purpose of the particularity rule, Emerald must plead "the existence and nature of defendant's duty to speak." *Toner v. Allstate Ins. Co.*, 829 F. Supp.

6

695, 705 (D. Del. 1993). Emerald "also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Lum*, 361 F.3d at 224 (citations omitted).[1] "'An essential element of [a fraud] claim...is that the alleged victim not be aware of the true facts which are misrepresented.'" *Toner*, 829 F. Supp. at 701, *quoting Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 100 (Del. 1992). Emerald cannot pretend that Counts IV through VII of its Amended Counterclaim comport with this Court's Order and Third Circuit criteria for pleading fraud claims that pass muster under Rule 9(b) and Rule 12(b)(6). *Lum*, 361 F.3d at 224-27; *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 & n.5 (4th Cir. 1999).

### 2. Statutes of Limitations.

Evidently Emerald deems Sea Star's discussion of an obvious statute of limitation defense "unfathomable", asserting that Sea Star may not point out such a defense without discussion of FED. R. CIV. P. 15(c)(2). (AB at 10). Whether Emerald filed its original Counterclaim "within three years of the commencement of any relationship between Sea Star and Emerald" (AB at 11) is immaterial, however; the issue is transactional, not relational. According to the Fifth Circuit, the rationale of Rule 15(c) is that "once litigation involving a particular transaction has been instituted, the parties should not be protected by a statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1367 (5th Cir. 1994);

---

[1] District court decisions involving elements of proof in regard to securities claims in other circuits are not even persuasive precedent. *E.g., Cowen & Co. v. Merriam*, 745 F. Supp. 925 (S.D.N.Y. 1990).

7

To invoke Rule 15(c)(2), Emerald must prove that each claim in the Amended Counterclaim arises out of "the same transactions, occurrences, and conduct alleged in the original [Counterclaim]." *E.g., Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996); *See also, Miller v. MBM Corp. (In re Ameriking, Inc.)*, Bankr. No. 02-13515, Adv. No. 04-57450, 2006 WL 539006 (Bankr. D. Del. Mar. 2, 2006) (attached as Ex. 1). "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002). Moreover, "[t]he standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; . . . the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised in the amended pleading." *Kansa Reinsurance Co.*, 20 F.3d at 1368 n.6, *quoting* 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1496 (1990).         Examples of new allegations in the Amended Counterclaim specifying dates of alleged "fraudulent and/or misleading information supplied by Sea Star" are: an allegation as to a "Sea Star invoice to CSX Line" relating to transactions "from May 15, 2002 to July 17, 2002" and an allegation as to "certain documentation indicat[ing] that duplicate 'self-billing reports' were prepared by Sea Star for the month of September, 2002 indicating different amounts for the same month." (Am. Counterclaim ¶¶ 36(b), 36(c) and Exs. E and F). Unless these allegations, which Emerald included for the first time in the Amended Counterclaim more than three years after the causes of action allegedly accrued, relate back to the original Counterclaim, the Maryland statute of limitations *prima facie* bars the particular claims based on them. MD. CODE ANN., COURTS & JUDICIAL PROCEEDINGS

8

§ 5-101. *See also* 10 *Del. C.* § 8106. Sea Star is unable to determine at this time whether the statute of limitations will bar some or all of Emerald's claims because the specific factual allegations, as required by Rule 9(b) have not been provided. Only after such information is disclosed can the Court make a determination of whether the amendments relate back to the date of the filing of the original Counterclaim.

In any event, Sea Star is entitled to full disclosure, not piecemeal illustrations selected by Emerald. *See, e.g.,* (Am. Counterclaim ¶ 35). Compelling Emerald to plead in compliance with Rule 9(b) is essential to identify the specific equipment, time periods, claims, and amounts involved. Therefore, *Seville* and other Third Circuit decisions dictate dismissal of Counts IV through VII of the Amended Counterclaim.

## CONCLUSION

Stripped of invective, the Answering Brief does not explain why Emerald failed to follow the pleading map drawn by the Court in its Memorandum Opinion. Emerald's Amended Counterclaim fails to state breach of contract, turnover, or tort claims on which relief could be granted. Pursuant to Fed. R. Civ. P. 12(b)(6), Sea Star respectfully requests that the Court dismiss the Amended Counterclaim.

Dated: March 30, 2006          SMITH, KATZENSTEIN & FURLOW, LLP

```
                               _____
                               Kathleen M. Miller (I.D. No. 2898)
                               800 Delaware Avenue, 7th Floor
                               P.O. Box 410
                               Wilmington, DE  19899
                               Courier 19801
                               Phone: (302) 652-8400
                               Fax: (302) 652-8405
                               E-mail: KMiller@skfdelaware.com
```

OF COUNSEL:
Charles C. Robinson              *Attorneys for Sea Star Line LLC*
Garvey Schubert Barer
1191 Second Avenue, #1800
Seattle, WA 98101-2939
Telephone: 206.816.1451
Facsimile: 206.464.0125
Email: crobinson@gsblaw.com

and

Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Miami, FL 33134
Telephone: 305-444-3355
Fax: 305-442-4300