**REPLY BRIEF**  **Exhibit 1**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 539006 (Bankr.D.Del.)
**(Cite as: 2006 WL 539006 (Bankr.D.Del.))**

Only the Westlaw citation is currently available.

United States Bankruptcy Court,
D. Delaware.
In re **AMERIKING,** INC., Debtor.
George L. Miller, Chapter 7 Trustee Plaintiff
v.
MBM Corporation Defendant.
Bankruptcy No. 02-13515(KJC).
Adversary No. 04-57450.

March 2, 2006.

Karen C. Bifferato, Connolly, Bove, Lodge & Hutz, Christopher Page Simon, Cross & Simon, LLC, Rosalie L. Spelman, Ciardi & Ciardi P.C., Christopher A. Ward, Mary E. Augustine, Neil B. Glassman, Steven M. Yoder, The Bayard Firm, Jennifer M. Zelvin, McCarter & English, Wilmington, DE, Raymond L. Fitzgerald, Butler Fitzgerald & Potter PC, New York, NY, for Debtor.

*MEMORANDUM* [FN1]

FN1. This Memorandum constitutes the findings of fact and conclusion of law, as required by Fed.R.Bankr.P. 7052. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

CAREY, Bankruptcy J.

*1 The Plaintiff chapter 7 trustee filed a complaint on December 2, 2004 (Docket No. 1)("Original Complaint"), seeking recovery from the Defendant of eight alleged transfers aggregating $1,222,901.80 under 11 U.S.C. §§ 547, 548, 502(d) and 550.

An amended complaint was filed on March 22, 2005 (Docket No. 5)("Amended Complaint") as of right, since no answer had yet been filed. *See* Fed.R.Civ.P. 15(a), made applicable by Fed.R.Bankr.P. 7015. The allegations in the preference count of the Original Complaint (Count I) specifically identified only eight transfers. The Amended Complaint asserted the same claims as the Original Complaint, but added a new two-page Exhibit "B", detailing 56 apparently additional transfers totaling $4,959,980.09.

The Plaintiff now seeks leave to file a Second Amended Complaint, for avoidance of no new alleged transfers, but to add a new Count V, seeking, for the first time, recovery of unauthorized post-petition transfer(s) under 11 U.S.C. § 549. The Motion to Amend Complaint (Docket No. 27)("Motion") makes clear--and it is undisputed--that the proposed amendment is directed to only *one* transfer: a $72,411.80 wire transfer made on December 4, 2002. This transfer was first listed on Exhibit "B" to the Amended Complaint but, according to the Motion, later discovered by the Plaintiff to have been made post-petition. It is also undisputed that the two-year statute of limitations under § 549(d) for asserting § 549 claims expired *prior* to the filing of the Amended Complaint. [FN2] For this reason, the Plaintiff's entitlement to relief hinges upon the Court concluding that the Second Amended Complaint should relate back to the date of filing of the Original Complaint under Fed.R.Civ.P. 15(c).

FN2. Section 549(d) provides:
....
(d) An action or proceeding under this section may not be commenced after the earlier of--
(1) two years after the date of the transfer sought to be avoided; or
(2) the time the case is closed or dismissed.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading only by leave of the court once a responsive pleading has been filed and that "leave shall be freely given when justice so requires." The Court, in *Forman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), has instructed that "the grant or denial of an opportunity to amend is within the discretion of the ... Court." *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The *Forman* Court also articulated the instances in which leave should not be given: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.,* at 182.

Under Rule 15(c), an amendment will relate back to the original complaint when:
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transactions, or occurrence set forth or attempted to be set forth in the original pleading, ...
....

The Defendant argues that the proposed amendment is futile because the statute of limitations has already run to bring a count under § 549.

*2 "Futility" of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss. *See, Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990) (quoting *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.) *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983)).

*Quality Botanical Ingredients, Inc. v. Triarco Indus., Inc.* (In re Quality Botanical Ingredients, Inc.), 249 B.R. 619, 629 (Bankr.D.N.J.2000).

The Defendant concedes that the proposed new count *may* relate back to the filing of the Amended Complaint, since the disputed transfer was listed on Exhibit "B"; however, the Defendant contends that the proposed new count would not relate back to the filing of the Original Complaint because the transfer was not identified on any exhibit thereto. Therefore, since only the Original Complaint and not the Amended Complaint was timely filed under the statute of limitations for § 549, the amendment must be denied as futile even if the amendment related back to the Amended Complaint.

Unless the single transfer at issue in the proposed amendment can be said to relate back to the Original Complaint, the amendment will be futile. Several bankruptcy courts have previously addressed the issue of whether allegedly preferential transfers sought to be added by an amended complaint, arise out the same conduct, transactions, or occurrence. Many of those courts have held that each preferential transfer in an avoidance action is a separate and distinct transaction between the debtor and the creditor. *See Peltz v. CTC Direct, Inc.* (In re MBC Greenhouse, Co.), 307 B.R. 787 (Bankr.D.Del.2004) (finding no commonality between the new transfers sought to be added and those alleged in the original complaint); *Coan v. O & G Industries, Inc.* (*In re Austin Driveway Services, Inc.* ), 179 B.R. 390, 399 (Bankr.D.Conn.1995) (concluding that without an "underlying unifying scheme or course of conduct" each preferential transfer should be viewed as a distinct transaction); *Gordon v. Slaughter* (*In re Slaughter Co. and Associates, Inc.*), 242 B.R. 97, 102 (Bankr.N.D.Ga.1999) (holding that each transfer is an isolated event); *New Bedford Capacitor, Inc. v. Sexton Can Co.* (*In re New Bedford Capacitor, Inc.* ), 301 B.R. 375 (Bankr.D.Mass.2003) (same).

Under these circumstances, in which the Plaintiff proposes to attack a new transfer upon a new legal theory, I conclude that further amendment of the Amended Complaint would be futile, since the proposed § 549 claim is barred by the two-year § 549(d) limitations period. *See Axistel Communications, Inc. v. Forvas (In re Axistel Communications, Inc.),* 312 B.R. 258, 272 (Bankr.D.Del.2004). The Plaintiff has failed to demonstrate that "the claim ... arose out of the conduct, transaction, or occurrence set forth ... in the original pleading." *See* Fed.R.Civ.P. 15(c)(2); *Axistel,* supra. at 262; *Global Link Telecom Corp. v. Avantel, S.A. (In re Global Link Telecom Corp.),* 327 B.R. 711 (Bankr.D.Del.2005). *See also MBC Greenhouse Co.,* 307 B.R. at 791. ("[T]o allow the trustee to use the relation-back doctrine to bootstrap new transactions onto viable actions ... cannot be allowed," quoting from *Slaughter,* 242 B.R. at 102-03)).

*3 An appropriate Order follows.

### ORDER

AND NOW, this 2nd day of March, 2006, upon consideration of the Plaintiff's Motion to Amend Complaint (Docket No. 27), ("Motion") the Defendant's Objection thereto (Docket No. 32), after argument thereon and for the reasons expressed in the accompanying Memorandum, it is hereby

ORDERED and DECREED that the Motion is DENIED.

Slip Copy, 2006 WL 539006 (Bankr.D.Del.)

END OF DOCUMENT