IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEA STAR LINE, LLC, a limited       :
liability company,                  :
                                    :
            Plaintiff,              :
                                    :
       v.                           : Civ. Act. No. 05-245-JJF
                                    :
EMERALD EQUIPMENT LEASING, INC.,    :
a corporation,                      :
                                    :
            Defendant.              :

Kathleen M. Miller, Esquire of SMITH, KATZENSTEIN & FURLOW, LLP, Wilmington, Delaware.
Of Counsel:  Charles C. Robinson, Esquire of GARVEY SCHUBERT BARER, Seattle, Washington.
Timothy J. Armstrong, Esquire of ARMSTRONG & MEJER, P.A., Coral Gables, Florida.
Attorneys for Plaintiff.

Bradford J. Sandler, Esquire and Jonathan M. Stemerman, Esquire of ADELMAN LAVINE GOLD AND LEVIN, A Professional Corporation, Wilmington, Delaware.
Of Counsel:  Gary M. Schildhorn, Esquire and Alan I. Moldoff, Esquire of ADELMAN LAVINE GOLD AND LEVIN, A Professional Corporation, Philadelphia, Pennsylvania.
Attorneys for Defendant.

## MEMORANDUM OPINION

April 13, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion For Partial Dismissal Of The Amended Counterclaim And For An Extension Of Time To Respond To The Remainder Of The Complaint (D.I. 80) filed by Plaintiff, Sea Star Line, LLC ("Sea Star").[1]  For the reasons discussed, Sea Star's Motion To Dismiss will be denied.

## BACKGROUND

The background relevant to this action has been set forth in the Court's January 26, 2006 Memorandum Opinion (D.I. 75) and Order (D.I. 76) granting in part and denying in part Sea Star's Motion To Dismiss The Counterclaim filed by Defendant, Emerald Equipment Leasing, Inc. ("Emerald").  The Court also granted Emerald leave to file the Amended Counterclaim, which is the subject of Sea Star's instant Motion For Partial Dismissal.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs Sea Star's Motion For Partial Dismissal Of The Amended Counterclaim.  The purpose of a motion to dismiss is to test the sufficiency of a complaint, or in this case, a counterclaim, and not to resolve disputed facts or decide the merits of the case.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  When considering a

---

[1] Sea Star's motion refers to an extension of time to respond to the remainder of the complaint.  However, it appears to the Court that this is a typographical error and that the extension of time is requested to respond to the Amended Counterclaim.

1

motion to dismiss, a court must accept as true all allegations in the counterclaim and must draw all reasonable factual inferences in the light most favorable to the non-moving party. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when it appears beyond doubt that the movant can prove no set of facts in support of its claims entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the counterclaim fails to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F. Supp. 64, 67 (D. Del. 1991) (citations omitted).

## DISCUSSION

**I. Whether Count I of the Amended Counterclaim Alleging Breach Of Contract Should Be Dismissed**

By its Motion, Sea Star contends that Count I of the Amended should be dismissed, because (1) Emerald includes in the Background section of the Amended Counterclaim a reference to the "E-Mail Agreement," (2) Count I incorporates by reference the previous counts of the Amended Counterclaim, and (3) a copy of the E-Mail Agreement is attached to the Amended Counterclaim as an exhibit. Sea Star contends that the Court dismissed Count I to the extent that it alleged a breach of the E-Mail Agreement,

and therefore, Count I of the Amended Counterclaim should be dismissed for failure to comply with the Court's directives.

In its previous Memorandum Opinion, the Court concluded "that extrinsic evidence is not required to determine the meaning of the Equipment Rental Agreement, and Emerald cannot maintain its Counterclaim to the extent that it alleges a breach of the E-Mail Agreement because the E-Mail Agreement was subsumed by the Equipment Rental Agreement entered into by the parties." D.I. 75 at 14. Emerald has since amended its counterclaim to delete a claim for breach of the E-Mail Agreement, and the Court does not read the factual background of the Amended Counterclaim to be an attempt to reassert a claim for breach of the E-Mail Agreement. The factual recitation of the Amended Counterclaim is simply that, the factual predicate for the parties' dispute, and in this case, the factual predicate included the fact that the parties had entered into the E-Mail agreement, even though that agreement cannot stand on its own for purposes of a breach of contract claim. Accordingly, the Court concludes that Emerald has complied with the Court's Memorandum Opinion, and therefore, the Court will deny Sea Star's motion to dismiss the breach of contract claim alleged in Count I of the Amended Counterclaim.

II. **Whether Count II of the Amended Counterclaim Alleging Turnover Should Be Dismissed**

Sea Star raises as a basis for dismissal of Count II Emerald's reference to Section 342 of the Bankruptcy Code.

3

Emerald admits that this is a repeat of its previous typographical error. Therefore, the Court will require Emerald to file a replacement page to correct the error.

### III. Whether Counts IV through VII Of The Amended Counterclaim Alleging Tort Claims Should Be Dismissed

Sea Star also contends that Counts IV through VII of the Amended Counterclaim should be dismissed for failure to plead with specificity as required by Federal Rule of Civil Procedure 9(b) and the Court's previous Memorandum Opinion. Sea Star also contends that the allegations contained in paragraph 36(c) of the Amended Counterclaim alleging duplicate self-billing reports for September 2002 are barred by the applicable statute of limitations, because the Amended Counterclaim was filed on February 15, 2006.

Fraud must be pleaded with particularity in order to put the defending party "on notice of the precise misconduct with which [it is] charged, and to safeguard [the defending party] against spurious charges of immoral and fraudulent behavior." Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004). Emerald has attached to its Amended Counterclaim a schedule identifying over 1,000 pieces of equipment which Emerald alleges Sea Star used and fraudulently failed to account for properly on its self-billing reports. The schedule identifies the usage dates reported by Sea Star, or the alleged failure to report such usage, Emerald's contention as to the actual dates of usage and

the rent owed for each piece of equipment. Emerald has also attached other documents which it alleges were backdated, as well as what it contends are duplicate self-billing reports prepared by Sea Star for the month of September 2002. In the Court's view, the information contained in the Amended Counterclaim and the exhibits is sufficient to satisfy both the letter and spirit of Rule 9(b). Accordingly, the Court will deny Sea Star's Motion To Dismiss these allegations under Rule 9(b).

As for Sea Star's statute of limitations argument, the Court likewise concludes that Sea Star is not entitled to relief. Federal Rule of Civil Procedure 15(c)(2) provides that:

> An amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.

In the Court's view, the claims in the Amended Counterclaim sufficiently relate back to the conduct set forth in the original pleading. See e.g., Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1367 (5th Cir. 1994) (recognizing that "once litigation involving a particular transaction has been instituted, the parties should not be protected by a statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings"; Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1543 (8th cir. 1996) (recognizing that Rule 15(c) should be liberally

5

construed so that amendments relate back to the date of the original pleading if they are related to the general fact situation alleged in the original pleading). Accordingly, the Court cannot conclude, at this juncture, that Sea Star's claims are time-barred.[2]

## CONCLUSION

For the reasons discussed, the Court will deny Sea Star's Motion For Partial Dismissal Of Emerald Equipment Leasing, Inc.'s Amended Counterclaim. Although Emerald has not specifically moved for sanctions against Sea Star, it has suggested in its Answering Brief that sanctions are appropriate because Sea Star's Motion For Partial Dismissal is frivolous. At this time, however, the Court declines to sanction Sea Star in connection with the instant Motion. The Court further notes that Sea Star has requested an extension of time to file its Answer to the Amended Counterclaim. Emerald has not opposed this request, and therefore, in accordance with Sea Star's request, the Court will order Sea Star to file its response to the Amended Counterclaim

---

[2] In its Reply Brief, Sea Star contends that it cannot "determine at this time whether the statute of limitations bars some or all of Emerald's claims because the specific factual allegations as required by Rule 9(b) have not been provided." (D.I. 83 at 9). The Court has concluded that for purposes of adjudicating a motion to dismiss, Rule 9(b) has been satisfied; however, the Court will not preclude Sea Star from raising its statute of limitations defense during summary judgment proceedings, if it becomes apparent during discovery that some or all of Emerald's counterclaims are time-barred.

within ten days of the date of the Order issued concurrent with this Memorandum Opinion.

An appropriate Order will be entered.