IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC, a Limited Liability Company | ) ) ) | CIVIL ACTION<br>No. 05-cv-245 (JJF) |
| Plaintiff | ) ) ) | |
| v. | ) ) | |
| EMERALD EQUIPMENT LEASING, INC., a Corporation | ) ) ) | |
| Defendant | ) ) | |
| v. | ) ) | |
| SEA STAR LINE, LLC | ) ) | |
| Counterclaim Defendant | ) | |

## NOTICE OF FILING OF CORRECTED[1] PAGE NO. 5 REGARDING THE AMENDED COUNTERCLAIM OF EMERALD DOCKET NO. 79

Dated: April 21, 2006

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Raymond H. Lemisch, Esquire (No. 4204)
919 North Market Street, Ste. 710
Wilmington, DE  19801-1292
(302) 654-8200

-and-

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Alan I. Moldoff, Esquire
Suite 900, Four Penn Center
Philadelphia, PA 19103

Attorneys for the Chapter 7 Trustee

---

[1] Page 5 is being replaced to correct a non-substantive typographical error.

23.    By letter dated October 31, 2003, Emerald gave Sea Star thirty (30) days prior written notice of its termination of the Equipment Rental Agreement and demanded that Sea Star return all Emerald equipment to Emerald on or before December 1, 2003 in accordance with the provisions of paragraph 10 of the Equipment Rental Agreement.

24.    Upon investigation, Emerald has determined that numerous chassis, gen sets and containers have not been returned by Sea Star to Emerald pursuant to Emerald's demand in accordance with the Equipment Rental Agreement.

WHEREFORE, Emerald, pursuant to 11 U.S.C. Section 542, or otherwise, requests the entry of an Order providing for the turnover of damages equaling the value of the unreturned equipment, together with interest and costs of suit.

## COUNT III
### (Accounting)

25.    Plaintiff incorporates paragraph 1 through 24 set forth above, as fully as if set forth herein in their entirety.

26.    Certain information pertaining to the usage of Emerald Equipment while in the possession of Sea Star remains solely in the possession of Sea Star.

27.    Emerald has requested that Sea Star provide a full accounting of Sea Star's usage of all Emerald Equipment.

28.    Sea Star, to date, has failed to provide such accounting.

WHEREFORE, Emerald requests an Order requiring that Sea Star provide to Emerald a full accounting of all Sea Star's usage of Emerald Equipment.

## COUNT IV
### (Fraud)

29.    Plaintiff incorporates paragraphs 1 through 28 set forth above, as fully as if set forth herein in their entirety.