IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, <br> a limited liability company, <br><br> Plaintiff, <br><br> -vs- <br><br> EMERALD EQUIPMENT LEASING, INC., <br> a corporation, <br><br> Defendant, <br><br> -vs- <br><br> SEA STAR LINE, LLC, <br><br> Counter-Defendant. | Civil Action No. 05C-245 JJF |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIM

Plaintiff/Counter-Defendant, SEA STAR LINE, LLC ("SEA STAR"), in answer to the Amended Counterclaim filed by Defendant/Counter-Plaintiff, EMERALD EQUIPMENT LEASING, INC. ("EMERALD"), says:

1. Answering paragraph 1, SEA STAR admits that the Court has jurisdiction over the Amended Counterclaim pursuant to 28 U.S.C.A. §§ 1333 and 1334. SEA STAR denies the remaining allegations in paragraph 1 of the Amended Counterclaim.

2. SEA STAR denies EMERALD's allegations in paragraph 2 of the Amended Counterclaim.

3. Answering paragraph 3, SEA STAR denies EMERALD's allegation that EMERALD remains in possession of its assets and continues to operate its business under the

applicable provisions of the Bankruptcy Code. SEA STAR is without sufficient knowledge to admit or deny the remaining allegations in paragraph 3 of the Amended Counterclaim.

4. SEA STAR is without sufficient knowledge to admit or deny EMERALD's allegations in paragraph 4 of the Amended Counterclaim.

5. SEA STAR admits EMERALD's allegations in paragraph 5 of the Amended Counterclaim.

6. SEA STAR is without sufficient knowledge to admit or deny EMERALD's allegations in paragraph 6 of the Amended Counterclaim. SEA STAR further states that any "Consent Order" speaks for itself.

7. Answering paragraph 7, SEA STAR denies that SEA STAR purchased "NPR's bookings", as SEA STAR understands the meaning of the term. SEA STAR admits EMERALD's remaining allegations in paragraph 7 of the Amended Counterclaim. SEA STAR further states that the April 26, 2004 "Sale Order" speaks for itself.

8. SEA STAR admits EMERALD's allegations in paragraph 8 of the Amended Counterclaim.

9. Answering paragraph 9, SEA STAR states that the e-mail, a copy of which is attached as Exhibit "A" to the Amended Counterclaim, speaks for itself. SEA STAR denies EMERALD's allegations in paragraph 9 of the Amended Counterclaim.

10. Answering paragraph 10, SEA STAR states that the e-mail speaks for itself. SEA STAR is without sufficient knowledge to admit or deny the remaining allegations in paragraph 10 of the Amended Counterclaim.

11. Answering paragraph 11, SEA STAR admits that SEA STAR used certain

EMERALD equipment at various times before SEA STAR and EMERALD executed the formal written Equipment Rental Agreement; dated as of July 31, 2002, in September 2002. SEA STAR admits that a copy of the Equipment Rental Agreement is attached to the Amended Counterclaim as Exhibit "B". SEA STAR denies the remaining allegations in paragraph 11 of the Amended Counterclaim.

12. SEA STAR denies EMERALD's allegations in paragraph 12 of the Amended Counterclaim.

13. SEA STAR is without sufficient knowledge to admit or deny EMERALD's allegations in paragraph 13 of the Amended Counterclaim.

14. Answering paragraph 14, SEA STAR admits that EMERALD received copies of monthly "self billing reports". SEA STAR denies the remaining allegations in paragraph 14 of the Amended Counterclaim.

15. SEA STAR denies EMERALD's allegations in paragraph 15 of the Amended Counterclaim.

16. SEA STAR denies EMERALD's allegations in paragraph 16 of the Amended Counterclaim.

## COUNT I

17. SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 16 above and further states:

18. SEA STAR denies EMERALD's allegations in paragraph 18 of the Amended Counterclaim.

19. SEA STAR denies EMERALD's allegations in paragraph 19 of the Amended

Counterclaim.

20. SEA STAR denies EMERALD's allegations in paragraph 20 of the Amended Counterclaim.

21. SEA STAR denies EMERALD's allegations in paragraph 21 of the Amended Counterclaim.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

## COUNT II

22. SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 21 above and further states:

23. Answering paragraph 23, SEA STAR admits that EMERALD's attorney sent a letter dated October 31, 2003, which speaks for itself. SEA STAR denies EMERALD's remaining allegations in paragraph 23 of the Amended Counterclaim.

24. Answering paragraph 24, SEA STAR is without sufficient knowledge to admit or deny EMERALD's alleged "investigation.". SEA STAR denies the remaining allegations in paragraph 24 of the Amended Counterclaim.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

## COUNT III

25. SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 24 above and further states:

26. SEA STAR denies EMERALD's allegations in paragraph 26 of the Amended Counterclaim.

27. SEA STAR is without sufficient knowledge to admit or deny EMERALD's allegations in paragraph 27 of the Amended Counterclaim.

28. SEA STAR denies EMERALD's allegations in paragraph 28 of the Amended Counterclaim.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

## COUNT IV

29. SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 28 above and further states:

30. SEA STAR denies EMERALD's allegations in paragraph 30 of the Amended Counterclaim.

31. SEA STAR denies EMERALD's allegations in paragraph 31 of the Amended Counterclaim.

32. SEA STAR denies EMERALD's allegations in paragraph 32 of the Amended Counterclaim.

33. Answering paragraph 33, SEA STAR is without sufficient knowledge to

admit or deny EMERALD's alleged "investigation", determinations, or beliefs. SEA STAR denies the remaining allegations in paragraph 33 of the Amended Counterclaim.

34. SEA STAR denies EMERALD's allegations in paragraph 34 of the Amended Counterclaim.

35. Answering paragraph 35, SEA STAR admits that EMERALD attached and marked as Exhibit "C" to the Amended Counterclaim an alleged schedule. SEA STAR denies the remaining allegations in paragraph 35 of the Amended Counterclaim.

36. SEA STAR denies EMERALD's allegations in paragraph 36 of the Amended Counterclaim.

37. SEA STAR denies EMERALD's allegations in paragraph 37 of the Amended Counterclaim.

38. SEA STAR denies EMERALD's allegations in paragraph 38 of the Amended Counterclaim.

39. SEA STAR denies EMERALD's allegations in paragraph 39 of the Amended Counterclaim.

40. SEA STAR denies EMERALD's allegations in paragraph 40 of the Amended Counterclaim.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

## COUNT V

41. SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 40 above and further states:

42. SEA STAR denies EMERALD's allegations in paragraph 42 of the Amended Counterclaim.

43. SEA STAR denies EMERALD's allegations in paragraph 43 of the Amended Counterclaim.

44. SEA STAR denies EMERALD's allegations in paragraph 44 of the Amended Counterclaim.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

## COUNT VI

45. SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 45 above and further states:

46. Answering paragraph 46, SEA STAR states that the Equipment Rental Agreement speaks for itself. SEA STAR is without sufficient knowledge to admit or deny EMERALD's allegations in paragraph 46 of the Amended Counterclaim.

47. SEA STAR denies EMERALD's allegations in paragraph 47 of the Amended Counterclaim.

48. SEA STAR denies EMERALD's allegations in paragraph 48 of the Amended Counterclaim.

49. SEA STAR denies EMERALD's allegations in paragraph 49 of the Amended Counterclaim.

50. SEA STAR denies EMERALD's allegations in paragraph 50 of the Amended Counterclaim.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

## COUNT VII

51. SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 50 above and further states:

52. SEA STAR denies EMERALD's allegations in paragraph 52 of the Amended Counterclaim.

53. SEA STAR denies EMERALD's allegations in paragraph 53 of the Amended Counterclaim.

54. SEA STAR denies EMERALD's allegations in paragraph 54 of the Amended Counterclaim.

55. SEA STAR denies EMERALD's allegations in paragraph 55 of the Amended Counterclaim.

56. SEA STAR denies EMERALD's allegations in paragraph 56 of the Amended Counterclaim.

57. SEA STAR denies EMERALD's allegations in paragraph 57 of the Amended Counterclaim.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

## DEFENSES

SEA STAR reiterates its responses to EMERALD's allegations in paragraphs 1 through 57 of the Amended Counterclaim and further states:

## FIRST DEFENSE

58.  The Amended Counterclaim fails to state claims against SEA STAR on which relief can be granted for alleged turnover, accounting, fraud, constructive fraud, fraudulent concealment, negligent misrepresentation, breach of fiduciary duty, prejudgment interest, punitive damages and attorney's fees.

## SECOND DEFENSE

59.  The Court lacks subject matter jurisdiction over tort-based claims asserted by EMERALD in the Amended Counterclaim against SEA STAR.

## THIRD DEFENSE

60.  Venue is improper in this District with respect to the Amended Counterclaim.

## FOURTH DEFENSE

61.  EMERALD is not the real party in interest and lacks standing to prosecute the claims asserted in the Amended Counterclaim against SEA STAR.

## FIFTH DEFENSE

62.  EMERALD has failed to join indispensable parties, such as MBC Leasing, Inc. and Storage Transfer, LLC.

**SIXTH DEFENSE**

63. EMERALD's claims against SEA STAR are barred by collateral estoppel.

**SEVENTH DEFENSE**

64. EMERALD's claims against SEA STAR are barred by judicial estoppel.

**EIGHTH DEFENSE**

65. EMERALD's claims against SEA STAR are barred by waiver.

**NINTH DEFENSE**

66. EMERALD's claims against SEA STAR are barred by anticipatory repudiation of the Equipment Rental Agreement.

**TENTH DEFENSE**

67. EMERALD's failure to fulfill conditions precedent, including but not limited to requisite notices under the Equipment Rental Agreement, bars its claims against SEA STAR.

**ELEVENTH DEFENSE**

68. The economic loss doctrine bars all extra-contractual claims asserted by EMERALD in the Amended Counterclaim, including but not limited to tort claims. Such claims are not separate from and independent of those based on the Equipment Rental Agreement.

**TWELFTH DEFENSE**

69. EMERALD's claims against SEA STAR are barred by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**

70. EMERALD's fraudulent misconduct bars its claims against SEA STAR.

**FOURTEENTH DEFENSE**

71.     Applicable statutes of limitations bar EMERALD claims against SEA STAR.

WHEREFORE, having fully answered, SEA STAR requests that the Court enter judgment in its favor and against EMERALD on the Amended Counterclaim and grant SEA STAR such additional relief as is just and proper under the circumstances.

Dated: April 26, 2006                SMITH, KATZENSTEIN & FURLOW LLP


                    /s/ Kathleen M. Miller
                    Kathleen M. Miller (ID No. 2898)
                    800 Delaware Avenue, 7th Floor
                    P.O. Box 410
                    Wilmington, DE 19899 (Courier 19801)
                    Telephone: 302-652-8400
                    Telecopy: 302-652-8405
                    Email: kmiller@skfdelaware.com

OF COUNSEL:
Charles C. Robinson          *Attorneys for Sea Star Line LLC*
Garvey Schubert Barer
1191 Second Avenue, #1800
Seattle, WA 98101-2939
Telephone:  206.816.1451
Facsimile:  206.464.0125
Email:  crobinson@gsblaw.com

and

Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Miami, FL 33134
Telephone: 305-444-3355
Fax: 305-442-4300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2006 a copy of the foregoing *Sea Star Lines, LLC's Answer and Affirmative Defenses to Amended Counterclaim* was served on the parties listed below in the manner indicated:

***FIRST CLASS MAIL***
GARY M. SCHILDHORN, ESQ.
ALAN I. MOLDOFF, ESQ.
Adelman Lavine Gold and Levin
Suite 900
Four Penn Center
Philadelphia, PA 19103-2808

***VIA ELECTRONIC MAIL AND FIRST CLASS MAIL***
Bradford J. Sandler, Esq.
Adelman Lavine Gold and Levin, P.C.
919 North Market Street
Suite 710
Wilmington, DE 19801
Email: adelman11@adelmanlaw.com

/s/ Kathleen M. Miller
Kathleen M. Miller (I.D. No. 2898)

10013633.WPD