UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, a limited liability company, | : CIVIL ACTION :  : |
| Plaintiff, | : : : |
| -vs- | : : |
| EMERALD EQUIPMENT LEASING, INC., a corporation, | : : : |
| Defendant/Plaintiff on the Counterclaim | : Case No 05-CV-00245-(JJF) : : |
| -vs- | : : |
| SEA STAR LINE, LLC | : : |
| Defendant on the Counterclaim | : : |

### DEFENDANT'S OBJECTIONS TO THIRD REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF, SEA STAR LINE, LLC

Defendant, Emerald Equipment Leasing, Inc. (hereinafter "Defendant" or "Emerald"), by and through its attorneys, Adelman Lavine Gold and Levin, a Professional Corporation, hereby objects (the "Objection") to Plaintiff, Sea Star Line, LLC's (hereinafter "Plaintiff" or "Sea Star") Third Request For Production of Documents (the "Third Document Request"), as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's Third Document Request in that the Third Document Request is duplicative of the voluminous discovery which has already been exchanged between the parties. As such, Defendant objects to the Third Document

Request as unreasonable and/or unduly burdensome, given the discovery already had in the case.

2. Defendant objects to the Third Document Request to the extent that the Third Document Request constitutes harassment, and is oppressive and interposed solely to cause unnecessary delay and a needless increase in the cost of litigation.

3. Defendant objects to the Third Document Request since, to the extent that it is not duplicative of prior discovery requests made in this case, it seeks information which is irrelevant and which is not reasonably calculated to lead to discovery of admissible evidence.

4. Defendant objects to the definitions and/or instructions of the Third Document Request to the extent that they purport to alter, expand or otherwise modify Defendant's obligations under the applicable Rules of Civil Procedure, or are, in any manner, overbroad.

5. Defendant objects to the Third Document Request to the extent that they seek: (a) attorney work product; (b) privileged information, including, but not limited to, information or documents which are subject to the attorney/client privilege; (c) documents and tangible things prepared in anticipation of litigation or for trial by Plaintiff or its attorneys, agents or representatives; or (d) information or documentation which is otherwise not discoverable under the Rules of Civil Procedure.

6. Defendant objects to the Third Document Request to the extent that the terms and phrases contained therein are undefined, vague and/or ambiguous.

7. Defendant objects to the Third Document Request to the extent that each request seeks information that is already in Plaintiff's possession, as such requests are overly burdensome and impose an undue financial hardship upon Defendant.

8. Finally, the Defendant believes that any further discovery to be taken in this case should be only such discovery as may be directed by a Special Master to be appointed in this case. As such, Defendant objects to the Third Document Request in that the Third Document Request is premature and should await the appointment of a Special Master as discussed between the parties.

9. The Defendant specifically reserves the right to amend or further supplement the Objection herein.

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

By: _____
Bradford J. Sandler, Esq. (No. 4142)
Jonathan M. Stemerman, Esq. (No. 4510)
919 North Market Street, Suite 710
Wilmington, DE 19801
302-654-8200
Counsel for Emerald Equipment Leasing, Inc.

-and-

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808
215-568-7515
Counsel for Emerald Equipment Leasing, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC,<br>a limited liability company,<br><br>    Plaintiff,<br><br>-vs-<br><br>EMERALD EQUIPMENT LEASING,<br>INC., a corporation,<br><br>    Defendant/Plaintiff<br>    on the Counterclaim<br><br>-vs-<br><br>SEA STAR LINE, LLC<br><br>    Defendant on the<br>    Counterclaim | CIVIL ACTION<br><br><br><br><br><br><br><br>Case No 05-CV-00245-(JJF) |

## CERTIFICATION OF SERVICE

    I, ALAN I. MOLDOFF, ESQUIRE, hereby certify that a true and correct copy of Defendant's Objections to Third Request For Production of Documents Propounded By Plaintiff, Sea Star, LLC, was served by first-class mail, postage prepaid, on the below-listed party, on September 19, 2005.

        Timothy J. Armstrong, Esquire
        Armstrong & Mejer
        Suite 1111, Douglas Center
        2600 Douglas Road
        Coral Gables, FL 33134

        ADELMAN LAVINE GOLD AND LEVIN,
        A Professional Corporation

        BY: _____
        ALAN I. MOLDOFF, ESQUIRE
        Attorney I.D. No. 29255
        Suite 900, Four Penn Center Plaza
        Philadelphia, PA 19103-2808
        (215) 568-7515

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC, a limited liability company, | : | CIVIL ACTION |
| Plaintiff, | : | |
| -vs- | : | |
| EMERALD EQUIPMENT LEASING, INC., a corporation, | : | |
| Defendant/Plaintiff on the Counterclaim | : | Case No. 05-CV-00245-(JJF) |
| -vs- | : | |
| SEA STAR LINE, LLC | : | |
| Defendant on the Counterclaim | : | |

## DEFENDANT'S OBJECTIONS TO INTERROGATORIES PROPOUNDED BY PLAINTIFF, SEA STAR LINE, LLC

Defendant, Emerald Equipment Leasing, Inc. (hereinafter "Defendant" or "Emerald"), by and through its attorneys, Adelman Lavine Gold and Levin, a Professional Corporation, hereby objects (the "Objection") to Plaintiff, Sea Star Line, LLC's (hereinafter "Plaintiff" or "Sea Star") Interrogatories (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's Interrogatories in that the Interrogatories are duplicative of the voluminous discovery which has already been exchanged between the parties, especially in light of the numerous depositions taken. As such, Defendant

objects to the Interrogatories as unreasonable and/or unduly burdensome, given the discovery already had in the case.

2.    Defendant objects to the Interrogatories to the extent that the Interrogatories constitutes harassment, and are oppressive and interposed solely to cause unnecessary delay and a needless increase in the cost of litigation.

3.    Defendant objects to the Interrogatories since, to the extent that it is not duplicative of prior discovery requests made in this case, it seeks information which is irrelevant and which is not reasonably calculated to lead to discovery of admissible evidence.

4.    Defendant objects to the definitions and/or instructions of the Interrogatories to the extent that they purport to alter, expand or otherwise modify Defendant's obligations under the applicable Rules of Civil Procedure, or are, in any manner, overbroad.

5.    Defendant objects to the Interrogatories to the extent that they seek: (a) attorney work product; (b) privileged information, including, but not limited to, information or documents which are subject to the attorney/client privilege; (c) documents and tangible things prepared in anticipation of litigation or for trial by Plaintiff or its attorneys, agents or representatives; or (d) information or documentation which is otherwise not discoverable under the Rules of Civil Procedure.

6.    Defendant objects to the Interrogatories to the extent that the terms and phrases contained therein are undefined, vague and/or ambiguous.

7. Defendant objects to the Interrogatories to the extent that each request seeks information that is already in Plaintiff's possession, as such requests are overly burdensome and impose an undue financial hardship upon Defendant.

8. Finally, the Defendant believes that any further discovery to be taken in this case should be only such discovery as may be directed by a Special Master to be appointed in this case. As such, Defendant objects to the Interrogatories in that the Interrogatories are premature and should await the appointment of a Special Master as discussed between the parties.

9. The Defendant specifically reserves the right to amend or further supplement the Objection herein.

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

By: _____
Bradford J. Sandler, Esq. (No. 4142)
Jonathan M. Stemerman, Esq. (No. 4510)
919 North Market Street, Suite 710
Wilmington, DE 19801
302-654-8200
Counsel for Emerald Equipment Leasing, Inc.

-and-

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq.
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808
215-568-7515
Counsel for Emerald Equipment Leasing, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, a limited liability company, | : CIVIL ACTION |
| Plaintiff, | : |
| -vs- | : |
| EMERALD EQUIPMENT LEASING, INC., a corporation, | : |
| Defendant/Plaintiff on the Counterclaim | : Case No. 05-CV-00245-(JJF) |
| -vs- | : |
| SEA STAR LINE, LLC | : |
| Defendant on the Counterclaim | : |

## CERTIFICATION OF SERVICE

I, ALAN I. MOLDOFF, ESQUIRE, hereby certify that a true and correct copy of Defendant's Objections to Interrogatories Propounded By Plaintiff, Sea Star, LLC, was served by first-class mail, postage prepaid, on the below-listed party, on September 19, 2005.

> Timothy J. Armstrong, Esquire
> Armstrong & Mejer
> Suite 1111, Douglas Center
> 2600 Douglas Road
> Coral Gables, FL 33134

> ADELMAN LAVINE GOLD AND LEVIN,
> A Professional Corporation
>
> BY: _____
> ALAN I. MOLDOFF, ESQUIRE
> Attorney I.D. No. 29255
> Suite 900, Four Penn Center Plaza
> Philadelphia, PA 19103-2808
> (215) 568-7515

G:\593\10\pleading\sea star objs to rogs.doc