UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC,<br>a limited liability company, | : | CIVIL ACTION |
| Plaintiff, | : | |
| -vs- | : | |
| EMERALD EQUIPMENT LEASING,<br>INC., a corporation, | : | |
| Defendant/Plaintiff<br>on the Counterclaim | : | Case No. 05-CV-00245-(JJF) |
| -vs- | : | |
| SEA STAR LINE, LLC | : | |
| Defendant on the<br>Counterclaim | : | |

### EMERALD EQUIPMENT LEASING, INC.'S OBJECTION TO SEA STAR LINE LLC STATEMENT IN ACCORDANCE WITH MAY 8, 2006 ORDER

Emerald Equipment Leasing, Inc. ("Emerald"), by and through its undersigned counsel, hereby submits this Response/Objection (the "Objection") to Sea Star Line LLC's Statement In Accordance With May 8, 2006 Order (the "Sea Star Statement"), which Objection is submitted pursuant to the Memorandum Order entered May 24, 2006, and states as follows:

### BACKGROUND

1. This litigation ensued in March, 2004 when both Emerald and Sea Star Line LLC ("Sea Star") filed separate Complaints regarding the same subject matter in different jurisdictions. The <u>subject matter</u> of the dispute between Emerald and Sea Star involves rental and other charges which Emerald contends Sea Star owes for its use of certain

equipment (i.e., containers, chassis and gensets) used in the movement of marine cargo (the "Emerald Equipment").

2. Sea Star, rather than accepting Emerald's letter requests sent on February 12 and 19, 2004 (see Exhibit "A"), that a settlement meeting be arranged between the parties to address Emerald's claims, raced to the courthouse by filing a Complaint (the "Sea Star Complaint") on March 1, 2004 in the United States District Court for the Middle District of Florida (the "Florida District Court"). The Sea Star Complaint was characterized as a "declaratory judgment action" which sought a declaration of rights and obligations under a terminated written lease agreement between the parties pertaining to Sea Star's rental of the Emerald Equipment. Emerald, receiving no response to its February, 2004 letters inviting Sea Star to a settlement meeting,[1] filed its Complaint (the "Emerald Complaint" attached as Exhibit "B") on March 17, 2004, in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court') asserting its claims with respect to Sea Star's failure to pay rental charges and other damages due pursuant to the lease agreement, unaware that Sea Star had already filed suit.

3. In any event, due to what each party realized was duplicitous litigation pending in the Florida District Court and the Delaware Bankruptcy Court <u>involving the same subject matter</u>, each party filed respective Motions to Dismiss. The Delaware Bankruptcy Court shortly thereafter on May 27, 2004 dismissed the Emerald Complaint, without prejudice, based on the Third Circuit's judicially recognized "first-filed rule".[2] The Emerald Motion to Dismiss filed in the Florida District Court, (alleging, <u>inter alia</u>,

---

[1] Although Sea Star filed its Complaint in the Florida District Court on March 1, 2004, it was not served on Emerald until March 25, 2004.
[2] The "first-filed rule" essentially holds that when two suits are brought involving the same subject matter in different jurisdictions, absent extraordinary circumstances, the "first-filed" suit should continue and the subsequent suit dismissed.

that the Sea Star Complaint improperly invoked declaratory judgment relief in order to forum shop, and accordingly sought either outright dismissal or transfer of venue), however, remained undecided.

4. During the pendency of the Emerald Motion to Dismiss in the Florida District Court, a Case Management Order was entered on or about June 16, 2004 setting various discovery deadlines. As time went by, however, and it became apparent that the Emerald Motion to Dismiss was not going to be quickly decided, Emerald's counsel sought agreement from Sea Star's counsel to jointly request that the Florida District Court alter the discovery deadlines to avoid the potential for duplicitous discovery since the pleadings have not yet been closed. Sea Star refused to join in such a request.

5. As a result, Emerald filed a Motion (the "Emerald Discovery Motion") seeking a protective order regarding noticed Rule 30(b)(6) deposition of Defendant and all other depositions pending disposition of the dismissal motion (see Exhibit "C"). In the Emerald Discovery Motion, inter alia, Emerald asserted that:

> Conducting extensive discovery before pleadings have been closed will be extremely prejudicial to Emerald in that any witnesses deposed now will only have to be re-deposed in a proceeding in the Delaware Bankruptcy Court if Emerald's Motion to Dismiss is granted, or in this proceeding after the close of pleadings.
>
> Emerald will be similarly prejudiced by employing experts and preparing reports before the issues are framed by the close of pleadings.
>
> Despite inquiry, Sea Star has provided no reason for its failure to agree to extend or delay discovery. Emerald can only conclude from Sea Star's conduct that it is misusing the deadlines established in the Scheduling Order to prejudice Emerald's position regarding the pending Motion to Dismiss, rather than pursuing meaningful discovery.

6. Sea Star responded to Emerald's request by asserting that it saw no reason to delay depositions in the Florida District Court (see Exhibit "D").

7. In deciding the Emerald Discovery Motion, the Florida District Court agreed to extend discovery deadlines, however, the Florida District Court declined to hold depositions in abeyance pending disposition of the Emerald Motion to Dismiss.

8. As a result, from December 2004 through April 2005 Sea Star conducted seven depositions while this case was pending in the Florida District Court. Emerald conducted five depositions in those proceedings. In addition, voluminous documents were exchanged between the parties in response to various Requests For Documents, which documents were in the tens of thousands. A pre-trial conference in this litigation was scheduled for April 29, 2005.

9. Finally on April 20, 2005, just prior to the scheduled pre-trial conference, the Florida District Court granted Emerald's Motion to Dismiss, in part, by transferring venue to the United States District Court for the District of Delaware (the "Delaware District Court"). By this time, however, the parties had completed discovery and were facing the task of preparing final pre-trial statements.

10. As soon as the Emerald Motion to Dismiss was finally determined, Emerald filed its Answer and Counterclaim, which Counterclaim was amended subsequent to the Court's ruling on Sea Star's Motion to Dismiss in these proceedings[3] (see Amended Counterclaim attached as Exhibit "E"). The subject matter of the Amended Counterclaim is the same subject matter which the parties litigated, through extensive discovery, in the Florida District Court.

---

[3] Sea Star filed a Second Motion to Dismiss after the Amended Counterclaim was filed, which Second Motion to Dismiss was denied.

## ARGUMENT

11. Sea Star essentially asserts it is entitled to additional protracted discovery, as if this discovery has not already been conducted at Sea Star's insistence concerning the same subject matter. By doing so, Sea Star simply seeks to "redo" all of the discovery already taken.

12. Sea Star has advised this Court in the Sea Star Statement that it seeks eleven additional depositions listing 36 "issues" which it claims "postdate depositions taken in this case." Some of the named deponents have already been deposed.

13. The documents already exchanged between the parties and the deposition testimony already taken went directly to the core of the subject matter of this dispute, i.e., Sea Star's use of Emerald's Equipment which was not included on Sea Star's self-billing reports, and for which it did not pay any rental charges, as well as Emerald Equipment which Sea Star used and never returned. The alleged "new" issues cited by Sea Star are all subsumed by the same subject matter. This subject matter has been the dispute between Sea Star and Emerald ever since the initial letters sent by Emerald to Sea Star in February, 2004 prompting Sea Star to race off to the courthouse in Florida.

14. All of the "issues" which Sea Star now says were "raised" in the pleadings which postdate depositions, are issues of which Sea Star were well aware, i.e., Sea Star's rent of Emerald's Equipment and Sea Star's self-billing reports. Sea Star had ample opportunity to and did take discovery on these issues.

15. Indeed, even a cursory review of the Request For Production of Documents (see Exhibits "F" and "G") which Sea Star propounded upon Emerald, as well as the areas of inquiry set forth in the Rule 30(b)(6) Deposition Notice for the deposition Sea

Star already conducted (See Exhibit "A"), make clear that the discovery previously taken in this case includes substantially all, if not all of the "issues" which Sea Star now tells the Court were "raised" postdate depositions.

16. Sea Star should not be permitted to retake discovery. The fact that the parties were forced to undertake discovery before the pleadings were closed was precipitated by Sea Star's adamant refusal to jointly request that discovery be held in abeyance in the Florida District Court while the Emerald Motion to Dismiss was pending. Sea Star created this circumstance. It should not now be permitted to utilize this circumstance, which was of its own creation, to unnecessarily further delay these proceedings which has been its true intent from the day more than two years ago when Sea Star filed its improper Declaratory Judgment Action.

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

By: _____
Bradford J. Sandler, Esq. (No. 4142)
Jonathan M. Stemerman, Esq. (No. 4510)
919 North Market Street, Suite 710
Wilmington, DE 19801
302-654-8200
Counsel for Emerald Equipment Leasing, Inc.

-and-

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Gary M. Schildhorn, Esq.
Alan I. Moldoff, Esq.
Suite 900, Four Penn Center
Philadelphia, PA 19103-2808
215-568-7515
Counsel for Emerald Equipment Leasing, Inc.