# ADELMAN LAVINE GOLD AND LEVIN

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW

LEWIS H. GOLD
ROBERT H. LEVIN
GARY M. SCHILDHORN
BARRY D. KLEBAN
GARY D. BRESSLER
STEVEN D. USDIN
RAYMOND H. LEMISCH
LEON R. BARSON
ALAN I. MOLDOFF
KATHLEEN E. TORBIT
WILLIAM R. HINCHMAN
VICTORIA ENDRISS SHISLER
ROBERT J. LENAHAN
BRADFORD J. SANDLER
MARK PFEIFFER
D. ANDREW BERTORELLI, JR.
JENNIFER R. HOOVER

SUITE 900
FOUR PENN CENTER
PHILADELPHIA, PA 19103-2808
(215) 568-7515

FACSIMILE (215) 557-7922
lawyers@adelmanlaw.com

SUITE 710
919 NORTH MARKET STREET
WILMINGTON, DE 19801
302-654-8200

February 12, 2004

**BY FEDERAL EXPRESS**

Timothy J. Armstrong, Esquire
Armstrong & Mejer
Suite 1111, Douglas Center
2600 Douglas Road
Coral Gables, FL 33134

Re: **Equipment Rental Agreement Between Emerald Equipment Leasing, Inc. and Sea Star Line, LLC**

Dear Mr. Armstrong:

Enclosed are additional invoices issued by Emerald Equipment Leasing, Inc. ("Emerald") to Sea Star Line, LLC ("Sea Star") for charges payable in connection with the Lease Rental Agreement between Emerald and Sea Star (the "Lease"). These are as follows:

1. 20' chassis amended 12/30/03 in the amount of $163,545.80
2. 40' chassis amended 12/16/03 in the amount of $411,812.40
3. 40' reefers containers dated 12/22/03 in the amount of $608,859.00
4. 45' chassis amended 1/7/04 in the amount of $448,915.20
5. Gen sets amended 1/13/04 in the amount of $347,602.50
6. 20' chassis not returned in accordance with Lease and additional rent dated 1/23/04 in the amount of $137,819.00
7. 45' chassis not returned in accordance with Lease and additional rent dated 1/23/04 in the amount of $439,225.60
8. 40' reefers not returned in accordance with Lease and additional rent dated 1/23/04 in the amount of $341,696.00
9. Gen sets not returned as per Lease Agreement and additional rent dated 1/23/04 in the amount of $104,118.00

It is my understanding that some, if not all, of these schedules have previously been supplied by Emerald to Sea Star, at least as of January 16, 2004. Emerald is continuing to review and update the schedules of all the rented equipment.

Timothy J. Armstrong, Esquire
February 11, 2004
Page 2

      In our most recent conversation, you asked for a schedule of all equipment Emerald asserts was subject to the Lease for which Sea Star owes additional rent. The enclosed schedules, as well as the other schedules which I have previously forwarded to you on a number of occasions within the last several months, reflect the equipment subject to the Lease. Much of this equipment had previously been included on Sea Star's own "self-billing reports", although not all Lease payments were made for the months when this equipment was in Sea Star's possession and before such equipment was returned to Emerald with a TIR signed and acknowledged by Emerald. In addition, as is noted in the "Comments" section of the various schedules forwarded to you, a large quantity of equipment was used by Sea Star and therefore subject to the Lease, even though this equipment was never included on Sea Star's "self-billing reports". As noted in the "Comments", documentation or other evidence clearly shows "movement" of this equipment in and out of various ports, depots, rails, etc. after the April 27, 2002 closing, and which equipment was in Sea Star's possession. This equipment did not move by itself. Many of these equipment pieces were eventually returned by Sea Star clearly evidencing their possession of such equipment, even though such equipment never appeared on Sea Star's "self-billing reports".

      In any event, my client is prepared to review these schedules in detail with your client. It is necessary to move this matter along to some conclusion, either amicably or otherwise. In an effort to facilitate an amicable resolution, I would request that a representative(s) of Sea Star meet with a representative(s) of Emerald initially at Emerald's offices in Gloucester City, New Jersey for a review of the reefer schedule. If progress is made, the parties can then alternate review of the other schedules at both Sea Star's and Emerald's offices in the ensuing weeks.

      Please call me immediately upon receipt of this letter to discuss this matter in further detail.

Very truly yours,

ALAN I. MOLDOFF

AIM:md
Enclosure
cc:  Mr. Thomas Holt, Sr.
     Mr. Art Davis
     Gary M. Schildhorn, Esquire

g:\393\10\letters\armstrong-md2

# ADELMAN LAVINE GOLD AND LEVIN

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW

LEWIS H. GOLD
ROBERT H. LEVIN
GARY M. SCHILDHORN
BARRY D. KLEBAN
GARY D. BRESSLER
STEVEN D. USDIN
RAYMOND H. LEMISCH
LEON R. BARSON
ALAN I. MOLDOFF
KATHLEEN E. TORBIT
WILLIAM R. HINCHMAN
VICTORIA ENDRISS SHISLER
ROBERT J. LENAHAN
BRADFORD J. SANDLER
MARK PFEIFFER
D. ANDREW BERTORELLI, JR.
JENNIFER R. HOOVER

SUITE 900
FOUR PENN CENTER
PHILADELPHIA, PA 19103-2808
(215) 568-7515

FACSIMILE (215) 557-7922
lawyers@adelmanlaw.com

SUITE 710
919 NORTH MARKET STREET
WILMINGTON, DE 19801
302-654-8200

February 19, 2004

### BY FIRST-CLASS MAIL AND TELECOPIER

Timothy J. Armstrong, Esquire
Armstrong & Mejer
Suite 1111, Douglas Center
2600 Douglas Road
Coral Gables, FL 33134

Re: **Equipment Rental Agreement Between Emerald Equipment Leasing, Inc. and Sea Star Line, LLC**

Dear Mr. Armstrong:

  As a follow up to my prior letter to you dated February 12, 2004, and in response to your letter dated February 11, 2004, this is to reiterate that the "list" of Emerald equipment in Sea Star's possession and subject to the Lease Rental Agreement between Emerald and Sea Star (the "Lease") consists of the various invoice/schedules I have previously forwarded to you during the last several months. Those schedules include detailed comments specific to each item of equipment which provide the basis for Emerald's contention that Sea Star owes Emerald lease payments for each specific equipment piece itemized.

  This matter is not near as complicated as you or your client would like to suggest. Emerald is seeking only to recover from Emerald lease payments for specific items of equipment which were used by Sea Star and for which lease payments have not been made, as well as stipulated loss values in such instances where equipment used by Sea Star was never returned to Emerald. Emerald is not asking Sea Star to "double pay" on any specific items of equipment or to pay for equipment which it never used.

  It would seem to me that the only way this matter can be resolved, short of litigation, is by the parties meeting to review the various invoices/schedules which I have provided you and to discuss the items individually. Many of these items are self-explanatory. Emerald suggests that a review of the 40 foot reefer container schedule I forwarded to you last week (and which your client has had since January 16, 2004) would be a good place to start.

Timothy J. Armstrong, Esquire
February 19, 2004
Page 2

        Again, please call me upon receipt of this letter to discuss this matter in further detail.

        Very truly yours,

        ALAN I. MOLDOFF

AIM:md
cc:    Mr. Thomas Holt, Sr.
       Mr. Art Davis
       Gary M. Schildhorn, Esquire

g:\393\10\letters\armstrong-md3