UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:04-CV-146-99HTS


SEA STAR LINE, LLC,
a limited liability company,

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant.
_____/

## RE-NOTICE OF TAKING DEPOSITION

TO:   **MICHAEL L. GORE, ESQ.**    **ALAN I. MOLDOFF, ESQ.**
      Shutts & Bowen LLP         Adelman Lavine Gold and Levin
      P.O. Box 4956               Suite 900
      Orlando, FL 32802-4956      Four Penn Center
                                   Philadelphia, PA 19103-2808

    PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

NAME:    EMERALD EQUIPMENT LEASING, INC., by and through any one or more officers, directors, managing agents, or corporate designees having personal knowledge of and qualified to testify as to the matters specified in attached Exhibit "A" pursuant to Fed. R. Civ. P. 30(b)(6).

DATE:    FRIDAY, OCTOBER 15, 2004
TIME:    10:00 A.M.

PLACE:   Powers Reporting, Inc.
       220 Forsyth St.
       Jacksonville, FL 32202
       Phone: (904) 355-4077

-1-

upon oral examination before Process Reporting, Inc., a Notary Public, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. Each deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the applicable and governing rules.

THE SAID DEPONENT is to bring the following: All documents responsive to Sea Star Line, LLC's Request for Production of Documents dated July 16, 2004.

IT IS HEREBY CERTIFIED that a true copy of the foregoing Notice of Taking Deposition was telefaxed and mailed to the above-named addressees this ___/___ day of October, 2004.

cc: Powers Reporting, Inc.  
220 W. Forsyth St.  
Jacksonville, FL 32202

ARMSTRONG & MEJER, P.A.  
Suite 1111, Douglas Centre  
2600 Douglas Road  
Coral Gables, Florida 33134  
(305) 444-3355

By: _____  
TIMOTHY J. ARMSTRONG

liz\04pldgs\03-3621-020

-2-

**EXHIBIT "A"**

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant, EMERALD EQUIPMENT LEASING, INC. ("EMERALD"), shall testify as to the facts relating to the following matters:

1. The relationship between EMERALD and MBC LEASING, INC. ("MBC").

2. All agreements between EMERALD and MBC relating to EMERALD equipment.

3. All communications between EMERALD and MBC regarding the subject matter of this litigation.

4. All communications between EMERALD and MBC relating to EMERALD equipment after February 1, 2002.

5. The relationship between EMERALD and SEA STAR LINE, LLC ("SEA STAR").

6. All communications between EMERALD and SEA STAR relating to EMERALD equipment.

7. Each oral contract between EMERALD and SEA STAR relating to rental of equipment.

8. Each written contract between EMERALD and SEA STAR relating to rental of equipment.

9. Negotiation and execution of the Equipment Rental Agreement dated as of July 31, 2002.

10. Termination of the Equipment Rental Agreement dated as of July 31, 2002.

11. The specific EMERALD equipment involved in the oral

contractual relationship between EMERALD and SEA STAR.

12. The specific EMERALD equipment involved in the written contractual relationship between EMERALD and SEA STAR.

13. Preparation and delivery of EMERALD billings for equipment involved in the oral contractual relationship between EMERALD and SEA STAR.

14. Preparation and delivery of EMERALD billings for equipment involved in the written contractual relationship between EMERALD and SEA STAR.

15. Payments relating to equipment involved in the oral contractual relationship between EMERALD and SEA STAR.

16. Payments relating to equipment involved in the written contractual relationship between EMERALD and SEA STAR.

17. EMERALD financial records relating to equipment involved in the oral contractual relationship between EMERALD and SEA STAR.

18. EMERALD financial records relating to equipment involved in the written contractual relationship between EMERALD and SEA STAR.

19. Dispatches of EMERALD equipment out of port terminals and depots on and after April 1, 2002.

20. Disposition of all EMERALD equipment leased to NPR, Inc.

21. All EMERALD equipment identified by NPR, Inc. as lost.

22. Generation of EMERALD schedules and reports relating to EMERALD equipment leased to NPR, Inc. on and before April 26, 2002.

23. All EMERALD equipment involved in shipments in process as of April 27, 2002.

24. SEA STAR's use of EMERALD equipment leased to NPR, Inc.

25. All "EMERALD Equipment Move Histories" prepared by or on behalf of EMERALD after April 1, 2002.

26. All inventories and reports prepared by or on behalf of EMERALD relating to EMERALD equipment on and after April 1, 2002.

27. All investigations as to the locations of EMERALD equipment on and after April 1, 2002.

28. All sales of EMERALD equipment on and after April 1, 2002.

29. Use of EMERALD equipment by persons other than SEA STAR on and after April 1, 2002.

30. Rental of EMERALD equipment by persons other than SEA STAR on and after April 1, 2002.

31. Notices received by EMERALD relating to termination of use of EMERALD equipment on and after April 1, 2002.

32. Claims by persons other than SEA STAR pertaining to EMERALD equipment on and after April 1, 2002.

33. All agreements between EMERALD and Greenwich

Terminal, Inc. pertaining to EMERALD equipment.

34. All communications between EMERALD and Greenwich Terminals, Inc. pertaining to EMERALD equipment on and after April 1, 2002.

35. All agreements between EMERALD and General Transportation Service, Inc. pertaining to EMERALD equipment on and after April 1, 2002.

36. All communications between EMERALD and General Transportation Service, Inc. pertaining to EMERALD equipment on and after April 1, 2002.

37. All communications between EMERALD and other persons relating to EMERALD equipment on and after April 1, 2002.

38. Generation of EMERALD schedules and reports relating to equipment "leased" by SEA STAR.

39. EMERALD responses to SEA STAR's "analysis" as to EMERALD equipment.

40. Preparation and execution of trailer interchange receipts and other documents relating to EMERALD equipment delivered to SEA STAR.

41. Preparation and execution of trailer interchange receipts and other documents relating to EMERALD equipment re-delivered by SEA STAR.

42. EMERALD disposition of all equipment located on SEA STAR's premises on and after April 27, 2002.

43. EMERALD disposition of all equipment returned to SEA

STAR's premises on and after April 27, 2002.

44. Payments by EMERALD in connection with equipment removed from SEA STAR's premises on and after April 27, 2002.

45. EMERALD equipment sold to SEA STAR on and after April 27, 2002.

46. EMERALD equipment sold to parties other than SEA STAR on and after April 27, 2002.

47. All EMERALD equipment held in non-SEA STAR depots, shipper pools, or shipper warehouses on April 27, 2002.

48. All EMERALD equipment held in non-SEA STAR depots, shipper pools, and other facilities after April 27, 2002.

49. EMERALD negotiations for SEA STAR's transportation of equipment from Puerto Rico to the Continental United States.

50. All contracts between EMERALD and SEA STAR relating to transportation of EMERALD equipment from Puerto Rico to the continental United States.

51. SEA STAR's alleged gross understatement of "self billing reports".

52. SEA STAR's alleged failures to account for EMERALD equipment that SEA STAR had been using.

53. All rent allegedly due to EMERALD from SEA STAR.

54. EMERALD notifications of damage to equipment re-delivered by SEA STAR.

55. SEA STAR's alleged loss, damage, theft, or destruction of EMERALD equipment.

56. SEA STAR's alleged failure to deliver chassis, gensets, and containers subject to the Equipment Rental Agreement.

57. EMERALD's determination that SEA STAR has not returned EMERALD equipment pursuant to EMERALD's demand.

58. EMERALD's alleged damages in excess of $4,000,000.00.

59. EMERALD's response to SEA STAR's Request for Production dated July 16, 2004.

60. The identity and mode of preparation of all documents described in and produced pursuant to SEA STAR's Request for Production of Documents dated July 16, 2004.