**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| EMERALD EQUIPMENT LEASING, INC. | ) Case No. 01-934 (MFW) |
| | ) |
| Debtor. | ) |

## STIPULATION REGARDING DISPOSITION OF CERTAIN EQUIPMENT

This Stipulation (the "Stipulation"), which is subject to approval by the Bankruptcy Court, is entered into by and between debtor-in-possession Emerald Equipment Leasing, Inc. ("EEL") and Sea Star Line L.L.C. ("Sea Star").

### RECITALS

WHEREAS, on March 21, 2001, EEL filed a petition for relief under Chapter 11, Title 11, of the United States Code (the "Bankruptcy Code"), together with various affiliated entities (the "Affiliated Entities"), which case was initially jointly administered pursuant to an Order of the Court consolidating the cases for joint administration; and,

WHEREAS, the bankruptcy cases of the Affiliated Entities, but not that of EEL, were subsequently converted to cases under Chapter 7 of the Bankruptcy Code, and a trustee appointed, by Order of the court dated July 25, 2002; and,

WHEREAS, by Order of the Court of May 23, 2003, the joint administration of EEL's Chapter 11 case with the Chapter 11 cases of the other Affiliated Entities was terminated; and,

WHEREAS, EEL was previously in the business of leasing cargo handling equipment, including cargo containers, chassis to transport the cargo containers and gensets, to its principal customers, the Affiliated Entities; and,

WHEREAS, in 1997, EEL obtained a term loan from MBC in the approximate amount of $35,000,000 to enable EEL to purchase equipment from the Affiliated Entities

(the "Financing Agreement"), NPR, Inc. and Holt Cargo Systems, Inc., which equipment EEL in turn leased to NPR, Inc.; and,

WHEREAS, to secure its repayment obligations to MBC, EEL granted MBC a security interest in all of the purchased equipment, together with accounts, contract rights and other general intangibles arising from the use or sale of the equipment; and,

WHEREAS, EEL assigned its lease with NPR to MBC as additional security for its obligation to repay MBC; and,

WHEREAS, by Order dated July 22, 2002, the court granted MBC relief from the automatic stay, effective as of April 29, 2002, (the "MBC Relief From Stay Order") to exercise and enforce all of its rights and remedies against EEL's equipment which served as collateral to the Financing Agreement, and further ordered MBC to "deposit any proceeds of sale of the equipment in excess of the amount necessary to satisfy the outstanding balance due under the loan documents, if any, to [EEL] to be held pending further order of this Court"; and,

WHEREAS, on or about November 1, 2003, MBC assigned its secured position arising from the Financing Agreement to Storage Transfer, LLC ("Storage Transfer"); and,

WHEREAS, post-petition EEL and Sea Star, with MBC's authorization, entered into an Equipment Rental Agreement, dated as of July 31, 2002 (the "Equipment Rental Agreement"); and,

WHEREAS, a dispute arose between Sea Star and EEL regarding alleged breach of the Equipment Rental Agreement, such dispute, inter alia, being the subject of litigation in the United States District Court for the District of Delaware, *Sea Star Line LLC v. Emerald Equipment Leasing, Inc.,* No. 05-245-JJF (the "Litigation"); and,

WHEREAS, EEL asserts that Storage Transfer, by the Assignment from MBC, holds a fully perfected lien in all proceeds recovered by EEL in the Litigation; and,

WHEREAS, EEL asserts that by Agreement dated February 25, 2004, between Storage Transfer and EEL, Storage Transfer has agreed to a "carve out" to the EEL bankruptcy estate of fifteen percent (15%) of any proceeds, net of expenses or other amounts disbursed to third parties, it would otherwise receive on account of its secured claim as a result of any settlement of the Litigation or the collection of any judgment obtained upon prosecution of the claims against Sea Star; and,

WHEREAS, Sea Star asserts that certain equipment has been left on its premises at the San Juan Terminal, including 49 chassis and 17 cargo containers (the "Holdover Equipment"), without payment of storage fees, after Sea Star's demand by letter of October 17, 2003, that MBC and EEL remove EEL equipment from the San Juan Terminal; and,

WHEREAS, on August 29, 2005, Sea Star brought a motion for relief from the automatic stay (the "Motion") requesting that the Court enter an order, in the alternative:

(a)    that the automatic stay does not apply to the Holdover Equipment since it is not owned by debtor EEL; or

(b)    that the stay be lifted to allow Sea Star to dispose of the Holdover Equipment in a manner permitted by Puerto Rico law.

WHEREAS, EEL responded to the Motion disputing many of the assertions made by Sea Star in the Motion and advising, inter alia, that: (a) certain of the Holdover Equipment is not owned by EEL; and, (b) other of the Holdover Equipment owned by EEL will be voluntarily removed by EEL.

WHEREAS, EEL and Sea Star wish to resolve the issues raised by the Motion in a timely and cost-effective manner and EEL believes the Stipulation to be in the best interests of the estate;

### STIPULATED ORDER

ACCORDINGLY, EEL and Sea Star hereby STIPULATE AND AGREE and move the Court to enter an order as follows:

{10006823.DOC}

1.     The equipment listed in Exhibit "A", Part (a) is owned by EEL and shall be made available for pick up by Sea Star and be retrieved by EEL at its own expense, within thirty (30) days of the date of this Order.  As to any equipment listed in Part (a) that is not removed from the San Juan Terminal premises by this date, the automatic stay of Bankruptcy Code § 362(a) is terminated, without further Order of the Court, and Sea Star shall be entitled to dispose of such equipment in such manner as permitted by applicable law.

2.     The equipment listed in Exhibit "A", Part (b) is owned by EEL, but EEL abandons all interest in the equipment , pursuant to Bankruptcy Code § 554(a).  Sea Star shall be entitled to dispose of such equipment in such manner as permitted by applicable law.  The abandonment of the Part (b) equipment shall be without prejudice to any argument by Sea Star or EEL regarding, inter alia, costs or fees relating to use or storage of the equipment, and all such disputes shall be preserved and resolved in the Litigation.

3.     The equipment listed in Exhibit "A", Part (c), was formerly owned by EEL but the bankruptcy estate no longer claims an interest in this Part (c) equipment.  As the equipment is not property of the estate, the automatic stay of Bankruptcy Code § 362(a) is not applicable to the Part (c) equipment.  Within ten (10) days of the date of this Order, EEL shall provide Sea Star with copies of the Bills of Sale for all the Part (c) equipment, together with the names and addresses of the buyers and the dates of sale.

4.     The equipment listed in Exhibit "A", Part (d), is owned by EEL and shall be made available for pick up by Sea Star and shall be retrieved by EEL at its own expense, within thirty (30) days of the date of this Order.  As to any equipment listed in Part (d) that is not removed from the San Juan Terminal premises by this date, the automatic stay of Bankruptcy Code § 362(a) is terminated, without further Order of the Court and Sea Star shall be entitled to dispose of such equipment in such manner as permitted by applicable law.

5.      The equipment listed in Exhibit "A", Part (e) is owned by EEL. EEL abandons all interest in the equipment, pursuant to Bankruptcy Code § 554(a). Sea Star shall be entitled to dispose of such equipment in such manner as permitted by applicable law. The abandonment of the Part (e) equipment shall be without prejudice to any argument by Sea Star or EEL regarding, inter alia, costs or fees relating to use or storage of the equipment, and all such disputes shall be preserved and resolved in the Litigation.

6.      The equipment listed in Exhibit "A", Part (f), is not owned by EEL and no party known to EEL claims an interest in the equipment. Therefore the automatic stay of Bankruptcy Code § 362 is inapplicable, and Sea Star shall be entitled to dispose of such equipment in such manner as permitted by applicable law.

7.      Except as specified above, nothing contained in this Stipulation or the Court's Order shall prejudice or modify the rights of Sea Star or EEL, or limit any claim or argument to challenge and/or dispute any of the parties' alleged rights or obligations under the Equipment Rental Agreement, or otherwise, including but not limited to costs or charges which may be asserted by one against the other, or in any way limit the parties' ability to assert claims in the Litigation related to the equipment listed in Exhibit "A".

8.      This Stipulation is valid and effective when approved by the Court.

9.      This Stipulation, when approved by the Court, resolves the Motion in its entirety.

10.      This Stipulation may be executed in one or more counterparts, including facsimile transmittals, each of which shall be deemed an original and all of which, when taken together, shall constitute one in the same document.

SEA STAR LINE, LLC                               EMERALD EQUIPMENT LEASING, INC.

SMITH KATZENSTEIN & FURLOW        ADELMAN LAVINE GOLD & LEVIN

_____                  _____

{10006873 DOC}                                          - 5 -

Kathleen M. Miller
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899
Phone: (302) 652-8400
Fax: (302) 652-8405

Charles C. Robinson
GARVEY SCHUBERT BARER
1191 Second Avenue, 1800
Seattle, WA 98101-2939

Timothy J. Armstrong
ARMSTRONG & MEJER, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134

Raymond A.H. Lemisch
919 North Market Street, Suite 710
Wilmington, DE 19801
(302) 654-8200

Gary M. Schildhorn
Alan I. Moldoff

Suite 900, Four Penn Center Plaza
Philadelphia, PA 19103-2808

EXHIBIT A

| 9/6/05 | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| Part (a) | | | | | | | |
| PRMC | 120414 | | | | | | |
| PRMC | 150164 | | | | | | |
| PRMC | 150268 | | | | | | |
| PRMC | 150678 | | | | | | |
| PRMZ | 167984 | | | | | | |
| PRMC | 170306 | | | | | | |
| UFCC | 077707 | | | | | | |
| PRMU | 600119 | | | | | | |
| | | | | | | | |
| Part (b) | | | | | | | |
| PRMC | 120021 | | | | | | |
| PRMC | 120028 | | | | | | |
| PRMC | 120089 | | | | | | |
| PRMC | 120160 | | | | | | |
| PRMC | 120211 | | | | | | |
| PRMC | 120262 | | | | | | |
| PRMC | 120263 | | | | | | |
| PRMC | 120334 | | | | | | |
| PRMC | 120352 | | | | | | |
| PRMC | 120362 | | | | | | |
| PRMC | 120419 | | | | | | |
| PRMC | 120431 | | | | | | |
| | | | | | | | |
| Part (c) | | | | | | | |
| PRMC | 120105 | | | | | | |
| PRMC | 120451 | | | | | | |
| PRMC | 120492 | | | | | | |
| PRMC | 120639 | | | | | | |
| PRMC | 120772 | | | | | | |
| PRMC | 150079 | | | | | | |
| PRMC | 150744 | | | | | | |
| PRMZ | 165771 | | | | | | |
| PRMZ | 177605 | | | | | | |
| | | | | | | | |
| Part (d) | | | | | | | |
| | | 1st Inv | | | | | |
| PRMC | 120178 | 10/19/04 | | | | | |
| PRMC | 120470 | 8/18/05 | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| PRMC | 120487 | 8/18/05 | | | | |
| PRMC | 120488 | 8/18/05 | | | | |
| PRMC | 120687 | 2/23/04 | | | | |
| PRMC | 120734 | 8/18/05 | | | | |
| PRMC | 150351 | 8/18/05 | | | | |
| PRMC | 150551 | 8/18/05 | | | | |
| PRMC | 151111 | 8/18/05 | | | | |
| TXXZ | 167665 | 10/19/04 | | | | |
| PRMC | 170344 | 8/18/05 | | | | |
| PRMC | 170501 | 8/18/05 | | | | |
| PRMZ | 170786 | On SJ Pier 12/2/03 Not on Pier 12/03/03 | | | | |
| | | on 2/23/04 and further inventories | | | Not on 9/30/03 | |
| PRMC | 170913 | 8/18/05 | | | | |
| PRMC | 171055 | 8/18/05 | | | | |
| TXXZ | 174839 | 10/19/04 | | | | |
| TXXZ | 175625 | On SJ Pier 12/2/03 Not on Pier 12/03/03 | | | | |
| | | on 2/23/04 and further inventories | | | Not on 9/30/03 | |
| PRMZ | 182115 | 5/15/04 | | | | |
| PRMZ | 079473 | On SJ Pier 12/2/03 Not on Pier 12/03/03 | | | | |
| | | on 2/23/04 and further inventories | | | | |
| UFCC | 081592 | 5/15/04 | | | | |
| PRMZ | 085318 | 5/15/04 | | | | |
| PRMU | 600354 | 2/23/04 | | | | |
| PRMU | 600479 | On 9/30/03 not available 12/2/03 | | | | |
| | | on 2/23/04 and further inventories | | | | |
| PRMU | 673548 | On 9/30/03 not available 12/2/03 | | | | |
| | | on 2/23/04 and further inventories | | | | |
| PRMU | 674366 | 8/18/05 | | | | |
| PRMU | 650888 | On 9/30/03 not available 12/2/03 | | | | |
| | | on 2/23/04 and further inventories | | | | |
| | | | | | | |
| Part (e) | | | | | | |
| PRMU | 609716 | | | | | |
| PRMU | 670416 | | | | | |
| PRMU | 670453 | | | | | |
| PRMU | 670495 | | | | | |
| PRMU | 674637 | | | | | |
| | | | | | | |
| Part (f) | | | | | | |
| PRMU | 609525 | | | | | |
| PRMU | 670060 | | | | | |
| PRMU | 670374 | | | | | |

| PRMU | 671223 | | | | | | |
|------|--------|--|--|--|--|--|--|
| PRMU | 983694 | | | | | | |
| PRMU | 650503 | | | | | | |