UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC,<br>a limited liability company,<br><br>    Plaintiff,<br><br>-vs-<br><br>EMERALD EQUIPMENT LEASING, INC.,<br>a corporation,<br><br>    Defendant/Counter-Plaintiff,<br><br>-vs-<br><br>SEA STAR LINE, LLC,<br><br>    Counter-Defendant. | ) <br> ) <br> ) Civil Action No. 05C-245 JJF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SEA STAR LINE, LLC'S RESPONSE TO RULE 16 SCHEDULING ORDER REGARDING EXPERT DISCLOSURE

In response to the Rule 16 Scheduling Order, dated November 3, 2006, regarding expert disclosure, Plaintiff, SEA STAR LINE, LLC ("SEA STAR"), states:

1. During its case-in-chief, SEA STAR does not intend to call expert witnesses to testify concerning claims stated in its Complaint. Therefore, no requirement that SEA STAR disclose pursuant to Fed. R. Civ. P. 26(a)(2) arises at this time.

2. SEA STAR has been hampered in efforts to review claims asserted by EMERALD EQUIPMENT LEASING, INC. ("EMERALD") in its Amended Counterclaim and allegedly based on an Equipment Rental

Agreement, dated as of July 31, 2002. Attached as Exhibit "C" to the Amended Counterclaim was one schedule pertaining to a single category of equipment-*i.e.*, "40 foot chassis". <u>Amended Counterclaim</u> 6,¶ 35. Although the Amended Counterclaim refers to several other types of equipment, EMERALD did not attach schedules that allegedly "set forth the relevant equipment pieces, dates of usage, and other related information identifying the nature of the defective information contained in the Sea Star 'self-billing reports'." *Id.* at 7,¶ 35.

   3. When the Court's Scheduling Order authorized discovery, SEA STAR requested production of information supporting EMERALD's Amended Counterclaim. In late January 2007, EMERALD delivered voluminous spreadsheet "schedules" relating to claims in the Amended Counterclaim. These schedules significantly differ from those produced to substantiate claims in the original Counterclaim. Nevertheless, EMERALD has refused SEA STAR's requests to furnish the new schedules in an electronic format, such as Excel, as SEA STAR has provided in the past. Consequently, SEA STAR has had to retain outside scanning services in an attempt to facilitate comparison and analysis of EMERALD's old, new, and revised claims.

   4. SEA STAR is Plaintiff in this case. However, its comparison, analysis, and attestation procedures pertain to

Counterclaim. Expert evidence proffered by SEA STAR, if any, would be to contradict or rebut evidence, including but not limited to expert disclosures, on the subject matter of the Amended Counterclaim identified by EMERALD. If EMERALD retains and identifies an expert to support its case-in-chief on its Amended Counterclaim, SEA STAR reserves the right to identify a rebuttal expert.

5. The task of converting hundreds of pages of spreadsheet documents into a usable electronic format has delayed SEA STAR's comparison and analysis of EMERALD's claims, which is a perquisite to submitting the information to an expert for analysis. Because of this delay, if EMERALD does identify an expert, SEA STAR may have to request additional time to identify its expert.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Kathleen M. Miller (I.D. No. 2898)
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
(302) 652-8400

Dated: March 15, 2007

OF COUNSEL:
Charles C. Robinson
Garvey Schubert Barer
1191 Second Avenue, #1800
Seattle, WA 98101-2939

Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111, Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134    Attorneys for Sea Star Line, LLC