UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC, a limited liability company, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| -vs- | : : | |
| EMERALD EQUIPMENT LEASING, INC., a corporation, | : : : | |
| Defendant/Plaintiff on the Counterclaim | : : : | Case No. 05-CV-00245-(JJF) |
| -vs- | : : | |
| SEA STAR LINE, LLC | : : | |
| Defendant on the Counterclaim | : : | |

### MOTION OF EMERALD EQUIPMENT LEASING, INC. TO COMPEL SEA STAR LINE LLC'S RESPONSES TO CERTAIN INTERROGATORIES

Defendant/Counterclaimant, Emerald Equipment Leasing, Inc. ("Emerald"), by its attorneys, Eckert Seamans Cherin & Mellott LLC, hereby moves this Court for an Order compelling Sea Star Line LLC ("Sea Star") to respond to certain Interrogatories in accordance with Fed.R.Civ.P. 37(a)(2)(B).

### BACKGROUND

1. Emerald was engaged in the business of leasing various equipment used in the ocean going transportation business. Sea Star is a company engaged in the shipping business.

2. Emerald leased to Sea Star various equipment used in the transport of cargo, initially pursuant to an e-mail agreement, and later formalized by a written lease

agreement (the "Equipment Lease Agreement"), which, <u>inter alia</u>, is now the subject of this litigation.

3. A dispute arose as to the amount of rent and other charges due from Sea Star to Emerald for the lease of the equipment (the "Emerald Equipment"), which involves thousands of pieces of such equipment.

4. At the inception of the leasing arrangement between Emerald and Sea Star, the Emerald Equipment was not in Emerald's possession; instead, this equipment was located in various terminals, shipper locations, inland deposits and other locations. Further, Emerald was not notified when Sea Star commenced using the Emerald Equipment. Rather, Sea Star simply began using the Emerald Equipment wherever it was located.

5. Due to these circumstances, where only Sea Star knew which equipment it was using, Sea Star agreed to provide Emerald with monthly "self-billing reports" (the "Sea Star Self-Billing Reports"), which it prepared, reporting to Emerald its "usage" of the Emerald Equipment. Sea Star paid for its reported usage of the Emerald Equipment as set forth in the Sea Star Self-Billing Reports.

6. Emerald believes that Sea Star vastly underreported its usage of the Emerald Equipment on the Sea Star Self-Billing Reports and, accordingly, failed to pay Emerald rent charges due for Sea Star's use of such equipment. In addition, Emerald believes that Sea Star failed to return many pieces of Emerald Equipment which it had used, for which Emerald contends Sea Star is liable for the equipment's "stipulated loss value". Emerald's claim is in excess of $4,700,000.00.

7. Certain written discovery was exchanged between the parties pursuant to the Rule 16 Scheduling Order issued on November 3, 2006.

**SEA STAR'S FAILURE TO RESPOND TO CERTAIN**
**INTERROGATORIES PROPOUNDED BY EMERALD**

8. On or about January 30, 2007, Sea Star served its Answers and Objections to Emerald Equipment Leasing, Inc.'s Interrogatories Directed to Sea Star Line LLC (see Exhibit "A").

9. On February 9, 2007, counsel for Emerald wrote to counsel for Sea Star seeking an amicable resolution with respect to Interrogatory Nos. 1, 2, 4, 6, 8 and 9 to which Emerald believes Sea Star either provided an incomplete response or no response (see Exhibit "B"). Sea Star's counsel responded to this request for supplemental responses to the Interrogatories by letter dated February 16, 2007 (see Exhibit "C"). The attached letters at Exhibits "B" and "C" essentially set forth the parties' positions with respect to the disputed Interrogatory responses.

10. Of particular note is Sea Star's refusal to answer Interrogatory No. 1. This Interrogatory seeks information from Sea Star requesting that Sea Star provide to Emerald its position with respect to each disputed piece of Emerald Equipment. Throughout this litigation, Emerald has supplied Sea Star with detailed equipment piece by equipment piece information supporting Emerald's claim as to Sea Star's failure to accurately report its usage of the Emerald Equipment and its resultant failure to pay rental charges for that equipment and, in many instances, failure to return that equipment. Much of this information has been gleaned from documents produced by Sea Star during the course of this litigation. As more and more documents are received and reviewed, Emerald has adjusted its accounting of Sea Star's use of the Emerald Equipment. Emerald is entitled to obtain through discovery what Sea Star's position is with respect to

its use of each piece of the Emerald Equipment. Interrogatory No. 1 should be answered fully by Sea Star.

11. Also of particular note is Sea Star's refusal to answer Interrogatory No. 4. The term "Move Histories", as Sea Star is well aware, refers to the documents produced by Emerald entitled "Marine Information Technology" and subtitled "Emerald Equipment Move History". These documents have been supplied to Sea Star throughout discovery and have been commonly referred to as "Move Histories' throughout this litigation.

12. Interrogatory No. 6 clearly requested more information then was supplied by Sea Star in the documents referred to in Sea Star's Response. For example, the documents supplied do not respond to the specific information requested in this Interrogatory, such as the names and addresses of the persons who took such inventories, the reasons for such inventories and the dates such inventories were first provided to Emerald. This information should be provided.

13. Similarly, Sea Star's refusal to provide a response to Interrogatory No. 8 is unjustified. Sea Star is well aware of the equipment pieces at issue. Sea Star's letter dated February 16, 2007 attached as Exhibit "C" begins to answer the Interrogatory. A formal and complete response should be given by Sea Star.

14. Finally, Interrogatories 2 and 9 should be responded to. With respect to these Interrogatories, Sea Star seeks to evade answering these Interrogatories by summarily defining on its own in whose "representative" capacity certain individuals were acting. These Interrogatories should be answered.

## **LOCAL RULE 7.1.1 STATEMENT**

15.   Reasonable efforts, as indicated above, have been made to amicably resolve this discovery dispute without success.  This statement is made pursuant to Local Rule 7.1.1.

WHEREFORE, Emerald Equipment Leasing, Inc. respectfully requests that this Court grant the relief sought herein.

                              ECKERT SEAMANS CHERIN & MELLOTT, LLC

                          By:/s/ Tara L. Lattomus
                              Ronald S. Gellert, Esquire (No. 4259)
                              Tara L. Lattomus, Esquire (No. 3515)
                              300 Delaware Avenue, Suite 1210
                              Wilmington, De  19801
                              Phone:  302-425-0430
                              Fax:     302-425-0432

                                       and

                              Gary M. Schildhorn, Esquire
                              Alan I. Moldoff, Esquire
                              Eckert Seamans Cherin & Mellott, LLC
                              Two Liberty Place
                              50 South 16th Street, 22nd Floor
                              Philadelphia, PA  19102
                              Phone:  215-851-8400
                              Fax:     215-851-8383