UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC, | : | CIVIL ACTION |
| a limited liability company, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -v- | : | |
| | : | |
| EMERALD EQUIPMENT LEASING, | : | |
| INC., a corporation, | : | |
| | : | |
| Defendant/Plaintiff | : | Case No. 05-CV-00245-(JJF) |
| on the Counterclaim | : | |
| | : | |
| -v- | : | |
| | : | |
| SEA STAR LINE, LLC | : | |
| | : | |
| Defendant on the | : | |
| Counterclaim | : | |

## EMERALD EQUIPMENT LEASING, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING RE-NOTICED RULE 30(b)(6) DEPOSITION OF EMERALD EQUIPMENT LEASING, INC.

Defendant/Counterclaimant, Emerald Equipment Leasing, Inc. ("Emerald"), by its attorneys, Eckert Seamans Cherin & Mellott LLC, herby moves this Court for a Protective Order in connection with Sea Star Line, LLC's re-noticed Rule 30(b)(6) deposition of Emerald.

## BACKGROUND

1. This dispute involves, *inter alia,* rent and other charges Emerald contends is owed by Sea Star Line, LLC ("Sea Star") arising out of a written lease agreement ("The Equipment Rental Agreement") entered into between Emerald and Sea Star as of April 29, 2002 and which was terminated as of November 30, 2003.

2.    Shortly after termination of the Equipment Rental Agreement, Emerald invited Sea Star to attend a settlement meeting to discuss Emerald's assertions that Sea Star had vastly under-recorded its usage of the Emerald equipment and that as a result Sea Star owed Emerald substantial unpaid rent, as well as stipulated loss values for equipment used by Sea Star and not returned.

3.    Failing to receive any response from Sea Star, Emerald filed, on March 17, 2004, a summons and complaint (the "Emerald Complaint" attached as Exhibit "A") instituting an adversary proceeding in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") against Sea Star asserting claims for the unpaid rent, stipulated loss values and other charges.

4.    Unknown to Emerald however, Sea Star, in a "race to the court house", instituted its own proceedings by filing a summons and complaint (the "Sea Star Complaint") in the United States District Court for the Middle District of Florida (the "Florida District Court") against Emerald, seeking in main part, a "declaratory judgment" as to the parties rights and liabilities under the equipment rental agreement and a "declaration of its rights" under a Sale Order entered by the Delaware Bankruptcy Court.

5.    As a result, two actions involving the same subject matter, i.e. the claims of the parties arising out of and under the Equipment Rental Agreement, were proceeding simultaneously in the Delaware Bankruptcy Court and in the Florida District Court.

6.    Emerald's Complaint filed in the Delaware Bankruptcy Court was dismissed without prejudice due to the federally recognized "first filed rule", in light of the fact that Sea Star won the race to the court house.

7.    However, responding to Emerald's argument that the Sea Star Complaint was improperly filed in the Florida District Court, the Sea Star Complaint was transferred by the

Florida District Court to the United States District for the District of Delaware, where this case now resides.

8.   Although Emerald received the relief it sought, the Florida District Court's determination took more than one year for disposition.  In the interim, substantial discovery was conducted by the parties involving, *inter alia*, the taking of approximately twelve depositions and the exchange of tens of thousands of documents.

9.   Of note, the depositions of Emerald's witnesses were taken despite Emerald's objections (seeking to avoid "piecemeal litigation") since at the time of those depositions, the Florida District Court had not yet resolved Emerald's request to dismiss or transfer the Sea Star Complaint and Emerald had not yet filed an answer or counterclaim.

10.   Despite this, discovery was taken by both parties which fully explored all of the issues raised not only in the Sea Star Complaint, but all of the claims raised by Emerald in the Emerald Complaint which had been dismissed in the Delaware Bankruptcy Court.

11.   Finally, when the Florida District Court determined that the Sea Star Complaint should be transferred to this Court, Emerald filed its Answer and Counterclaim (Exhibit "B") and thereafter an Amended Counterclaim (Exhibit "C").  The Amended Counterclaim was substantially similar to the Emerald Complaint which had been filed in the Delaware Bankruptcy Court, except for the addition of certain causes of action asserting fraud (Count IV), constructive fraud (Count V), fraudulent concealment (Count VI), and negligent misrepresentation/breach of fiduciary duty (Count VII).

12.   Prior to the commencement of discovery in this Court, Emerald sought direction from this Court with respect to the conduct of additional discovery given the protracted history of this case and in light of the substantial discovery previously taken.

13.  As a result, this Court issued a Memorandum Order dated October 26, 2006 (see Exhibit "D") wherein this Court allowed certain discovery to go forward.  Of note, this Court recognized that, "although Emerald's Amended Counterclaim postdates the close of the discovery period in Florida, there is some overlap between the discovery that was conducted by Sea Star in Florida and the discovery sought by Sea Star here", but nonetheless allowed limited discovery to go forward "to account for the issues which may have arisen since the Florida discovery was completed and to insure that Sea Star had the opportunity to fully explore the allegations of Emerald's counterclaim in context, while simultaneously avoiding any prejudice to Emerald that might flow from retaking discovery which may have already been completed…".

14.  Sea Star has issued a re-notice of taking deposition of Emerald Equipment Leasing, Inc. pursuant to Fed.R.Civ. P 30(b)(6) scheduled for May 23, 2007 (see Exhibit "E").

15.  Sea Star had previously taken the deposition of Emerald Equipment Leasing pursuant to Fed.R.Civ. P. 30(b)(6) in the Florida District Court (see Exhibit "F").

16.  In order to avoid any dispute as to the scope of deposition testimony for the re-noticed rule 30(b)(6) deposition of Emerald, counsel for Emerald  directed a letter to Sea Star's counsel dated May 4, 2007 (see Exhibit "G").  In that correspondence counsel for Emerald asked that Sea Star provide a revised notice which specifically identified areas of testimony sought in the deposition which differs from the testimony covered in the prior deposition and which also must be limited to matters raised for the first time in the Amended Counterclaim filed in this matters.

17.  In response, counsel for Sea Star directed a letter to Emerald's counsel dated May 11, 2007 (see Exhibit "H") declining to limit the scope of the deposition as directed (although counsel for Sea Star has since indicated some willingness to reconsider).

18. Accordingly, this motion is filed seeking a protective order to appropriately confine any re-noticed 30(b)(6) deposition so as to avoid prejudice to Emerald resulting from the retaking of deposition testimony from the same deponent concerning the same subject matter as previously taken.

### BASIS FOR RELIEF

19. Fed.R.Civ.P. 26(b)(2) provides, in part:

The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the discovery sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery and resolving the issues. The Court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 16(c).

20. Furthermore, Fed.R.Civ.P. 30(a)(2)(B) provides that:

A party must obtain leave of court, which shall be granted to the extent consistent with the principals stated in Rule 26(b)(2)….if, without the written stipulation of the parties, the person to be examined has been deposed in the case.

21. As indicated above, a Rule 30(b)(6) deposition of Emerald has already been taken in this case. Sea Star has re-noticed a second Rule 30(b)(6) deposition of Emerald without first obtaining a written stipulation of the parties in violation of Fed.R.Civ.P. 30(a)(2)(B).

22. The Rule 30(b)(6) deposition of Emerald was taken on December 8, 2004 which lasted from approximately 10:00 a.m. until 5:50 p.m., consisting of a 265 page transcript and which incorporated 65 separate exhibits. The scope of the deposition testimony was all encompassing, including all of the allegations asserted by Emerald in the Emerald Complaint.

23.  A review of the original Rule 30(b)(6) notice (see Exhibit "F") makes clear the wide ranging mattes specified for which deposition testimony was sought.

24.  The only additional claims which have been asserted by Emerald since the time of the original Rule 30(b)(6) deposition are the fraud, constructive fraud, fraudulent concealment, and negligent misrepresentation/breach of fiduciary duty counts added to the Amended Counterclaim.

25.  Emerald believes that, to the extent any Rule 30(b)(6) deposition may be allowed, the scope of any testimony must be limited only to inquiry with respect to those additional claims.

## LOCAL RULE 7.1.1 STATEMENT

26.  Reasonable efforts, as indicated above, have been made to amicably resolve this discovery dispute without success.[1]  This statement is made pursuant to Local Rule 7.1.1.

## WAIVER OF BRIEF

27.  Emerald waives its right to file a brief in connection with this Motion pursuant to Local Rule 7.1.2(a)(3).

WHEREFORE, Emerald Equipment Leasing, Inc. respectfully requests that this Court grant the relief sought herein.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: /s/ Tara L. Lattomus
    Ronald S. Gellert, Esquire (No. 4259)
    Tara L. Lattomus, Esquire (No. 3515)
    300 Delaware Avenue, Suite 1210
    Wilmington, De  19801
    Phone:  302-425-0430
    Fax:     302-425-0432

---

[1] The parties are still discussing resolution of this dispute; however, this Motion has been filed as a protective measure in the event the continuing discussions are not successful.

6

and

Gary M. Schildhorn, Esquire
Alan I. Moldoff, Esquire
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
Phone:  215-851-8400
Fax:     215-851-8383