UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

SEA STAR LINE, LLC, )
a limited liability company, )
) Civil Action No. 05-CV-245-JJF
)
Plaintiff, )
-vs- )
EMERALD EQUIPMENT LEASING, INC., )
a corporation, )
)
Defendant, )
-vs- )
SEA STAR LINE, LLC, )
)
Counter-Defendant. )

**SEA STAR'S RESPONSE TO EMERALD'S MOTION TO COMPEL
RESPONSES TO CERTAIN INTERROGATORIES**

Devoid of legal citations and record references, the Motion of Emerald Equipment Leasing, Inc. ("Emerald")(D.I. 114) to Compel Responses to Certain Interrogatories ("Int. Motion") is meritless. Sea Star Line, LLC ("Sea Star") further states as follows:

1. Emerald never "leased various equipment" to Sea Star pursuant to an "Equipment Lease Agreement", and no "leasing arrangement between Emerald and Sea Star" existed. Int. Motion ¶¶ 2-4. Instead the "subject of this litigation" is the Equipment Rental Agreement, the express written terms of which govern Sea Star's rental of Emerald equipment.[1] App. B9 ¶ 15(a); App. B24.

2. Before Sea Star purchased certain NPR, Inc. ("NPR") assets in the bankruptcy court, all Emerald equipment had been leased to NPR and other NPR/Emerald affiliates. NPR periodically generated computer reports, showing equipment locations and status. *E.g.*, App. B41. Although Emerald knew NPR-leased equipment had been lost, stolen, damaged, or permanently out of service,

---

[1] Exhibits referenced in this Response and the Response to Emerald's Motion to Compel Responses to Certain Documents D.I. 115 ("Motion"), filed contemporaneously herewith, are compiled in Sea Star's Combined Appendix and are referenced in both responses as "App. B__".

05130|MOT|10026286.WPD

Emerald did not investigate or revise billing. App. B42-51.

3. On and after April 29, 2002, Sea Star began to rent certain "Emerald Equipment"[2], as needed. Moreover, Sea Star handled two other categories of equipment, which Emerald's Motion does not mention, much less differentiate: Sea Star completed NPR cargo shipments "in transit", an undertaking that necessarily involved equipment previously leased by NPR; Sea Star also stored previously leased equipment for lessors. *E.g.*, App. B8-9 ¶ 13 ("Sale Order"); App. B64-70. Holding that Sea Star was not NPR's successor in interest and did not assume any NPR liabilities, the Sale Order enjoined creditors from asserting or prosecuting claims against Sea Star on account of any NPR liability. App. B9 ¶ 15.

4. Sea Star dealt with and primarily addressed "self-billing reports" to MBC Leasing, Corp. ("MBC"), Emerald's secured equipment lender and the real party in interest, not to Emerald. *See* App. B2 ¶ 4(b). Through late 2003 Sea Star and MBC exchanged payments and credits for Sea Star's "reported usage of the Emerald Equipment" [Int. Motion ¶¶ 5, 6] and storage space for MBC/Emerald equipment. *E.g.*, App. B71-82.[3] In September 2003 MBC instructed an Emerald representative: "Just make sure you are not claiming payments for units and time periods covered under self billing reports from Sea Star." App. B85.

5. Disregarding the Sale Order and the Equipment Rental Agreement, the Interrogatories and Int. Motion confirm Emerald "believes" whatever equipment Sea Star allegedly "touched", Sea Star must have used. Int. Motion ¶ 6; App. B86-88. Emerald does not disclose that

---

[2] Construed in the context of the Memorandum Opinion, the definition of "Emerald Equipment" as "any container, genset, chassis, reefer or other equipment covered by and subject to...the Equipment Rental Agreement." Motion, Ex. B ¶ 6.

[3] Emerald held bare legal title to–not a beneficial interest in–equipment. Not until February 25, 2004 did Emerald allegedly acquire a contingent "carve out" interest of "15% of any proceeds, net of expenses or other amounts disbursed to third parties," it would otherwise receive on account of settlement or judgment with respect to the claim against Sea Star. App. B83-84.

the "[c]ertain written discovery" provided by Sea Star has comprised thousands of documents, as well as electronic data, before and after issuance of the Scheduling Order. *See* Int. Motion, Ex. C. Sea Star's continuing production encompasses not only equipment subject to the Equipment Rental Agreement but also equipment involved in NPR shipments "in transit" and in storage.

6.   To say "Emerald believes Sea Star either provided an incomplete response or no response" [Int. Motion ¶ 9] cannot justify its improper demands, which clearly are outside the bounds of legitimate discovery. "While most discovery involves some 'fishing'....the hook must be appropriately baited". *See In re ML Lee Acquisition Fund II, L.P.*, 151 F.R.D. 37, 41 (D. Del. 1993). Emerald cannot pretend to have fashioned Interrogatories that adhere to limitations imposed by paragraph 4(b) of the Scheduling Order and D. Del. L.R. 26.1(b).

7.   Sea Star has objected to Interrogatory No. 1, which apparently propounds more than 6000 unauthorized requests to admit, contravening the Scheduling Order. *See* D.I. 99, ¶¶ 4(b), (c). Moreover, Emerald attached no equipment list, and Sea Star has had no obligation to divine what "each and every piece of Emerald Equipment for which Emerald is asserting a claim in this matter" might be for purposes of responding to unauthorized requests for admissions disguised as improper Interrogatories. *See* D.Del. L.R. 26.1(b). Schedules produced to substantiate Emerald's original Counterclaim asserted claims relating to almost 6000 pieces of equipment. After Emerald finally produced schedules supporting the Am. Counterclaim, Sea Star found references to approximately 819 units that were not in the schedules produced in conjunction with the original Counterclaim. Contradicting Emerald representations that the schedules had been "supplied to Sea Star", several reveal revision dates subsequent to filing the Am. Counterclaim. *E.g.*, B108-110; *see* D.I. 79.

8.   Interrogatory No. 4 is another unauthorized request to admit, which does not define and identify any particular "Move History" and demands work product. E.g., *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947). *Accord, Sporck v. Peil*, 759 F.2d 312, 315-17 (3 Cir.), *cert. denied*,

474 U.S. 903 (1985); *Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416, 420-21 (D. Del. 2003). Moreover, Emerald attached no list of "documents referred to by Emerald in this litigation as 'Move histories'"; and Sea Star is not obliged to speculate as to what Emerald intends by this undefined term.

9. In response to Interrogatory No. 6, Sea Star produced its voluminous inventories, as well as related e-mails and other records pursuant to Fed. R. Civ. P. 33(d). Sea Star pointed out that deposition testimony has involved inventories and that Sea Star has identified potential inventory witnesses in its June 30, 2004 Rule 26(a)(1) Disclosures and in its Statement in Accordance with May 8, 2006 Order. *See* B111-117; D.I. 94 at 7.

10. Interrogatory No. 8, an unauthorized request to admit, ignores rights and responsibilities expressed in the Equipment Rental Agreement and the Indemnity Agreement, as well as the other factors delineated in Sea Star's answer. Without specifying any situation or particular equipment, the Interrogatory also assumes that liability for rental payments arose, obviously invites speculation, and demands legal conclusions.

11. Contrary to Emerald's contention, Sea Star has not sought "to evade answering...Interrogatories [Nos. 2 and 9] by summarily defining on its own in whose 'representative' capacity certain individuals were acting." Int. Motion at 4. Documents such as B71-84 establish representative capacities. Pursuant to Rule 33(d), Sea Star produced TIRs and self-billing reports, as well as related e-mails and other records, and accurately answered the Interrogatories.

WHEREFORE, Sea Star requests that the Int. Motion be denied.

May 29, 2007

And
Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Miami, FL 33134

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (I.D. No. 2898)
P.O. Box 410
Wilmington, DE 19899
Phone: (302) 652-8400
Attorneys for Sea Star Line LLC