UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

SEA STAR LINE, LLC,
a limited liability company,

      Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

      Defendant,

-vs-

SEA STAR LINE, LLC,

      Counter-Defendant.
_____/

Civil Action No. 05-CV-245-JJF

## SEA STAR'S RESPONSE TO EMERALD'S MOTION FOR PROTECTIVE ORDER REGARDING RE-NOTICED DEPOSITION

Efforts by Emerald Equipment Leasing, Inc. ("Emerald") to obtain protective orders to preclude discovery by Sea Star Line, LLC ("Sea Star") have become chronic. *See* D.I. 96 at 3-4, ¶¶ 4-7 & Exs. "C", "D" (Emerald's objections to Sea Star's statement of proposed discovery in this action, the "Statement"); D.I. 21 (Emerald's Motion for Protective Order regarding all depositions), 26 (Order denying stay of depositions), 27 (Emerald's Motion for Protective Order with regarding third party depositions), 28 (Clerk's Minutes of ruling denying motion), 29 (Order denying motion). According to its most recent Motion for Protective Order, Emerald previously "sought direction from this Court with respect to the conduct of additional discovery". D.I. 116 at 3, ¶ 11 (Emerald's Motion for Protective Order

Regarding Re-noticed Deposition, the "Motion"). Emerald objected to Sea Star's Statement in Accordance with May 8, 2006 Order, alleging that Sea Star "essentially asserts it is entitled to additional protracted discovery, as if this discovery has not already been conducted at Sea Star's insistence concerning the same subject matter" and complaining that "Sea Star simply seeks to 'redo' all of the discovery already taken." Statement at 5, ¶ 11.

In a Memorandum Order dated October 26, 2006, the Court issued the directive sought by Emerald. Overruling Emerald's objection, the Court stated:

> [A]lthough Emerald's Amended Counterclaim postdates the close of the discovery period in Florida, there is some overlap between the discovery that was conducted by Sea Star in Florida and the discovery sought by Sea Star here. To account for the issues which may have arisen since the Florida discovery was completed and to ensure that Sea Star has the opportunity to fully explore the allegations of Emerald's Amended Counterclaims in context, while simultaneously avoiding any prejudice to Emerald that might flow from retaking discovery which may have already been completed, the Court will permit the parties to engage in a period of limited discovery consistent with the parameters set forth by the Court in a Scheduling Order to be entered by the Court contemporaneously with this Memorandum Order.

Motion, Ex. C. Sea Star's Re-Notices of Taking Deposition pursuant to Fed. R. Civ. P. 30(b)(6) reference specific allegations in the Amended Counterclaim. Motion, Ex. D.

Despite the Court's ruling, Emerald now contends that Sea Star "has re-noticed a second Rule 30(b)(6) deposition of Emerald without first obtaining a written stipulation of the parties in violation of Fed. R. Civ. P. 30(a)(2)(B). Motion at 5, ¶ 21. Emerald fails to cite judicial precedent for its position. Moreover, Emerald has rejected Sea Star's invitation to furnish particulars as to the "areas of testimony which Sea Star seeks to depose Emerald's representative, as set forth in Exhibit 'A' attached to the Deposition Notice

[that] have already been the subject of the prior deposition taken in this matter." Motion, Ex. F, Ex. G.

Nowhere in its Motion does Emerald attempt to identify the "areas of testimony" or the "same subject matter as previously taken" in "deposition testimony from the same deponent". Motion at 5, ¶ 18. Emerald's generic references defy definition: When the parties engaged in discovery in the Middle District of Florida, neither the original Counterclaim nor the Amended Counterclaim existed. Even after the filing of the Amended Counterclaim, Emerald's claims evidently are changing. *See, e.g.,* D.I. 120, B108-110 (Combined Appendix to Sea Star's Response to Emerald's Motion to Compel Production of Certain Documents and Sea Star's Response to Emerald's Motion to Compel Responses to Certain Interrogatories). For instance, the Amended Counterclaim alleges:

> ...Emerald has provided detailed invoices to Sea Star setting forth the amounts owed to Emerald under the Equipment Rental Agreement. **Emerald's work on these invoices is ongoing as it continues its investigation** and discovers other Emerald Equipment which Sea Star has used, or has not returned, and has not compensated Emerald under the terms of the Equipment Rental Agreement.
> ...
> ...**Emerald's investigation, which is continuing,** has determined that it believes the extent of rental charges owed by Sea Star for Emerald Equipment it used, but for which it failed to accurately report on its self-billing report, total in excess of $3,000,000.00. In addition, **Emerald believes, based upon its continuing investigation**, that Sea Star used various pieces of Emerald Equipment which it never returned to Emerald, for which Sea Star owes Emerald a stipulated loss value and certain additional rental totaling approximately $1,800,000.00
> ...
> ... Similar schedules (which are voluminous), **based upon Emerald's investigation to date** have been supplied to

Sea Star ....

D.I. 79 at ¶¶ 21, 33, 35 (Amended Counterclaim)(Emphasis added).

The Amended Counterclaim also predicates tort claims on "[o]ther indicia of fraudulent and/or misleading information supplied by Sea Star" that "include, but is not limited to" certain alleged occurrences. Amended Counterclaim at ¶ 36. According to the Amended Counterclaim, "Emerald believes that other information pertinent to Sea Star's fraudulent conduct may be within Sea Star's exclusive control, **and, as such, subject to further investigation**." *Id.* at ¶ 36(d) (Emphasis added). Certainly, Emerald cannot contend that Sea Star's counsel should have divined the "areas of testimony" pertaining to – and the specific "subject matter" of – factual allegations, defenses, and claims that Emerald eventually would plead and that continue to change.

Emerald's Motion is legally and factually untenable. Authorizing filing of the Amended Counterclaim was within the Court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Sea Star could not have objected on grounds of undue prejudice or delay, although the Amended Counterclaim would require additional deposition and documentary discovery. *E.g., S.S. Silverblatt, Inc. v. East Harlem Pilot Block Bldg. 1 Housing Dev. Fund Co.*, 608 F.2d 28, 43 (2d Cir. 1979); *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. 1989); *United Brands, Inc. v. M.V. "Isla Plaza"*, 770 F. Supp. 220, 223-24 (S.D.N.Y. 1991); *see Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-05 (3d Cir. 2006). This Court's Memorandum Opinion denying partial dismissal of the Amended Counterclaim, as well the Memorandum Order, clearly contemplates that Sea Star would conduct discovery with respect to Emerald's claims. D.I.

86 at 6 n.2 (Memorandum Opinion). Emerald has not carried its burden to demonstrate the "good cause" prerequisite to issuance of a protective order. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); Fed. R. Civ. P. 26(c). *Accord, United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 158 (D. Del. 1999). Therefore, Sea Star respectfully requests that the Court deny Emerald's Motion.

      WHEREFORE, Sea Star requests that the Motion be denied.

June 4, 2007            SMITH, KATZENSTEIN & FURLOW LLP

And                    /s/ Kathleen M. Miller
Timothy J. Armstrong       Kathleen M. Miller (I.D. No. 2898)
Armstrong & Mejer, P.A.      P.O. Box 410
Suite 1111 Douglas Centre    Wilmington, DE 19899
2600 Douglas Road         Phone: (302) 652-8400
Miami, FL 33134           Attorneys for Sea Star Line LLC