# EXHIBIT A

°AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

                                                                          DISTRICT OF **MARYLAND**

SEA STAR LINE, LLC,
a limited liability company,
        Plaintiff,

Delaware)

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,
        Defendant,

-vs-

SEA STAR LINE, LLC,
        Counterclaim-Defendant.

**SUBPOENA DUCES TECUM**

Civil Action No. 05-CV-245-JJF
(Case pending in the United States
District Court for the District of

TO:   MBC Leasing Corp.
         Two Hopkins Plaza, 5th Floor
         Baltimore, MD 21201

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

X **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deponet shall designate person(s) having personal knowledge of and qualified to testify as to the matters specified in attached Exhibit "A"

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Neuberger, Quinn, Glelen, Rubin Gibber, P.A.<br>One South Street, 27th Floor<br>Baltimore, MD 21202 | Friday, August 24, 2007 at 10:00 am |

X **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents): See Attachment B

| PLACE | DATE AND TIME |
| --- | --- |
| Neuberger, Quinn, Glelen, Rubin Gibber, P.A.<br>One South Street, 27th Floor<br>Baltimore, MD 21202 | Tuesday, August 21, 2007 at 10:00 am |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF) | DATE |
|---|---|
| *[signature]* <br> Attorney for Plaintiff | August 8, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

cc:   Alan I. Moldoff, Esquire (via facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE <br> Aug 8, 2007 | PLACE <br> 7 St. Paul Street, Suite 1660 |
|---|---|---|
| SERVED ON (PRINT NAME) <br> Nina Taylor | MANNER OF SERVICE <br> hand served | |
| SERVED BY (PRINT NAME) <br> Marvin Dobson | TITLE | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on  Aug 8, 2007

DATE                                                                                                           SIGNATURE OF SERVER

ADDRESS OF SERVER

Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., One South Street, 27th Fl., Balto, MD 21202

Rule 45, Federal Rules of Civil Procedure, Parts C & D:          (c) Protection of Persons Subject to Subpoenas.

# SCHEDULE "A"

Deponent, MBC Leasing Corp. ("MBC"), shall designate one or more officers, directors, managing agents, or other corporate representatives designees having personal knowledge of and qualified to testify as to the following matters:

1. All MBC interests in Emerald equipment, including but not limited to containers, chassis, and gen sets, between April 1, 2002 and April 1, 2004.

2. All communications in regard to Emerald equipment between MBC representatives and any other person, including but not limited to the following:

    (a) Arthur Davis;

    (b) Lorraine Robins;

    (c) Martin McDonald;

    (d) E. T. Heinsen;

    (e) Representatives of E.T. Heinsen C por A;

    (f) Representatives of EMERALD;

    (g) Representatives of the NPR, Inc. bankruptcy trustee;

    (h) Persons holding or possessing Emerald equipment;

    (i) Purchasers and prospective purchasers of Emerald equipment;

    (j) Sellers and prospective sellers of Emerald equipment.

3. All recoveries of Emerald equipment by or on behalf of MBC.

4. All contracts for overland and ocean carriage of Emerald equipment on behalf

of MBC.

    5. All purchases of Emerald equipment by or on behalf of MBC.

    6. All sales of Emerald equipment by or on behalf of MBC.

    7. All transfers of title to Emerald equipment by or on behalf of MBC.

    8. All leases of Emerald equipment by or on behalf of MBC.

    9. All rental of Emerald Equipment by or on behalf of MBC.

    10. All agreements for use of land or facilities, relating to storage of Emerald equipment by or on behalf of MBC.

    11. All payments for Emerald equipment by or on behalf of MBC.

    12. All interchanges and deliveries relating to Emerald equipment by or on behalf of MBC.

    13. All lists of Emerald equipment prepared or received by any person on behalf of MBC.

    14. All inventories of Emerald equipment prepared or received by MBC or any other person on behalf of MBC.

    15. All agreements between MBC and STORAGE.

    16. All communications between MBC and STORAGE pertaining to EMERALD and Emerald Equipment.

    17. All agreements between MBC and Thomas Holt, Sr. pertaining to EMERALD or Emerald Equipment.

    18. All communications between MBC and Thomas Holt, Sr. or Thomas Holt, Jr. pertaining to EMERALD or Emerald Equipment.

19. All guarantees by any person relating to EMERALD or Emerald Equipment.

20. All documents relating to transfers of legal or equitable interests in EMERALD after July 31, 2002.

21. All documents relating to MBC transfers of security interests in EMERALD after October 1, 2003.

22. All communications between MBC representatives and EMERALD representatives, STORAGE representatives, or any other person pertaining to termination of the Equipment Rental Agreement.

23. All agreements between MBC and EMERALD, STORAGE, or any other person pertaining to termination of the Equipment Rental Agreement.

24. All communications between MBC representatives and EMERALD representatives, STORAGE representatives, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

25. All agreements between MBC and EMERALD, STORAGE, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

26. All communications between MBC representatives and EMERALD representatives, STORAGE representatives, or any other person pertaining to this litigation.

## DEFINITIONS

For purposes of production pursuant to the Subpoena, the following definitions apply:

1. "SEA STAR" means SEA STAR LINE, LLC.

2. "EMERALD" means EMERALD EQUIPMENT LEASING, INC. and its subsidiaries, branches, departments, divisions, and affiliates, as well as all other organizations in which EMERALD has a management or controlling interest. The term "EMERALD" also includes all present and former directors, officers, executives, and employees of EMERALD EQUIPMENT LEASING, INC., and all agents, representatives, and other persons acting or purporting to act on behalf of EMERALD.

3. "MBC" means MBC LEASING CORP. and any of its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "MBC" also includes all present and former directors, officers, executives, and employees of MBC LEASING CORP., and all agents, representatives, and other persons acting or purporting to act on behalf of MBC.

4. "STORAGE" means STORAGE TRANSFER, LLC and its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "STORAGE" also includes all present and former directors, officers, executives, and employees of STORAGE TRANSFER, LLC, and all agents, representatives, and other persons acting or purporting to act on behalf of STORAGE.

5. "AGREEMENT" means any contract, understanding or arrangement among two or more persons, written or oral, formal or informal, express or implied.

6. "COMMUNICATION" means correspondence, contact, discussion, and any other kind of written or oral exchange between two or more persons, including but not limited to all telephone conversations, face-to-face conversations, meetings, visits, conferences, internal and external discussions, and e-mails, memoranda, Blackberry and other wireless records, and other documents setting forth, summarizing or relating to such correspondence, contact, discussion, and other written or oral exchange.

7. "DOCUMENT" or "DOCUMENTS" mean anything which may be considered to be a document, electronically stored information, or tangible thing within the meaning of the Federal Rules of Civil Procedure. Without limitation and as examples, "DOCUMENTS" shall include all letters, correspondence, e-mails, records of conferences, conversations, and other communications, memoranda, notes, telegrams, summaries, telephone logs and records, Blackberry and other wireless records, teletypes, telefaxes, telexes, private written messages, desk calendars, diaries, appointment books, agendas, minutes of meetings, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, agreements, proposed agreements, notices, canceled checks, charts, graphs, transcripts of interviews, depositions, brochures, affidavits, communications with government bodies, invoices, notes and minutes of meetings of management, boards of directors and committees, intra-office and inter-office communications, results of investigations, working papers, newspaper and magazine articles, records of payments, releases, receipts, computer data, vouchers, papers similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and

other records of voice recordings, film, tapes, electronically stored information, and other data compilations stored in any medium from which information can be obtained. Any alterations, notes, comments, or other material contained in or attached to a copy which is not included in originals or copies to which the preceding definition refers shall be deemed a separate "DOCUMENT". **Deponent must produce: (a) the original, or copies if the original is not available, of all written or graphic matter, including but not limited to drafts and non-conforming copies of documents which contain deletions, insertions, handwritten notes, or comments, however produced or reproduced; (b) all other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the deponent into reasonably usable form; (c) any other tangible thing that constitutes or contains matters within the scope of the Subpoena.**

        8.     "Emerald equipment" means: (a) any container, genset, chassis, reefer, and other equipment which has had Emerald Equipment Leasing, Inc. prefixes or other markings; (b) any container, genset, chassis, reefer, and other equipment which has been subject to claims by Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC; (c) any container, genset, chassis, reefer, and other equipment sold by Deponent or Deponent's representatives on behalf of Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC.

        9.     "Equipment" means any container, genset, chassis, reefer, and other equipment used in the transport of cargo by vessel, train, truck, or other motor vehicle.

        10.    "MIT" means a document produced by EMERALD that is entitled "Marine Information Technology" and subtitled "Emerald Equipment Move History".

        11.    "TIR" means Trailer Interchange Receipt, Equipment Interchange Receipt, and all other documents evidencing the movement of equipment into or out of a terminal, depot, pool, or other facility and unto and off of a vessel.

        12.    "Person" means any natural person, corporation, company, partnership, joint venture, association, joint-stock company, institution, trustee in bankruptcy, and any other entity organized for any purpose, as well as any agent of any of the foregoing.

        16.    "Representative" or "Representatives", used in reference to a person, means (a) any past or present officer, director, partner, associate, agent, attorney, subsidiary, or affiliate of such person and (b) any other persons acting on behalf of, or in concert with, such persons, including but not limited to insurance brokers or agents, auditors, actuaries, and consultants of any type.

        17.    To make production inclusive rather than exclusive, the singular shall include the plural and *vice versa*; the masculine shall include the feminine and *vice versa*; and the disjunctive "or" shall include the conjunctive "and" and *vice versa*.

# SCHEDULE "B"

Pursuant to Federal Rule of Civil Procedure 45, MBC Leasing Corp. ("MBC") shall produce the following documents, as defined below:

1. MBC complete file relating to EMERALD.

2. MBC complete file relating to STORAGE.

3. MBC complete file relating to E.T. Heinsen C por A.

4. MBC complete file relating to Emerald equipment, including but not limited to containers, chassis, and gen sets.

5. All documents relating to communications in regard to Emerald equipment between MBC representatives and any other person, including but not limited to the following:

(a) Arthur Davis;

(b) Lorraine Robins;

(c) Martin McDonald;

(d) E. T. Heinsen;

(e) Representatives of E.T. Heinsen C por A;

(f) Representatives of EMERALD;

(g) Representatives of the NPR, Inc. bankruptcy trustee;

(h) Persons holding or possessing Emerald equipment;

(i) Purchasers and prospective purchasers of Emerald equipment;

(j) Sellers and prospective sellers of Emerald equipment.

6. All documents relating to recoveries of Emerald equipment by or on behalf of MBC.

7. All documents relating to contracts for overland and ocean carriage of Emerald equipment on behalf of MBC.

8. All documents relating to purchases of Emerald equipment by or on behalf of MBC.

9. All documents, including but not limited to bills of sale and notices of sale, relating to sales of Emerald equipment by or on behalf of MBC.

10. All documents relating to transfers of title to Emerald equipment by or on behalf of MBC.

11. All documents relating to leases of Emerald equipment by or on behalf of MBC.

12. All documents relating to rental of Emerald Equipment by or on behalf of MBC.

13. All documents, including but not limited to agreements for use of land or facilities, relating to storage of Emerald equipment by or on behalf of MBC.

14. All documents relating to payments for Emerald equipment by or on behalf of MBC.

15. All interchange receipts, gate receipts, and delivery receipts relating to Emerald equipment executed by or on behalf of MBC.

16. All lists of Emerald equipment prepared or received by any person on behalf of MBC.

17. All inventories of Emerald equipment prepared or received by MBC or any other person on behalf of MBC.

18. All agreements between MBC and STORAGE and related documents pertaining to EMERALD or Emerald Equipment.

19. All documents relating to communications between MBC and STORAGE pertaining to EMERALD or Emerald Equipment.

20. All agreements between MBC and Thomas Holt, Sr. and related documents pertaining to EMERALD or Emerald Equipment.

21. All documents relating to communications between MBC and Thomas Holt, Sr. or Thomas Holt, Jr. pertaining to EMERALD or Emerald Equipment.

22. All guarantees by any Person relating to EMERALD or Emerald Equipment.

23. All agreements, including but not limited to carveout agreements, between MBC and STORAGE and related documents.

24. All documents relating to transfers of legal or equitable interests in EMERALD after October 1, 2003.

25. All documents relating to MBC transfers of security interests in EMERALD after October 1, 2003.

26. All documents relating to communications between MBC representatives and EMERALD representatives, STORAGE representatives, or any other person pertaining to termination of the Equipment Rental Agreement.

27. All agreements between MBC and EMERALD, STORAGE, or any other person pertaining to termination of the Equipment Rental Agreement.

28. All documents relating to communications between MBC representatives and EMERALD representatives, STORAGE representatives, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

29. All agreements between MBC and EMERALD, STORAGE, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

## **DEFINITIONS**

For purposes of the Subpoena, the following definitions apply:

1. "SEA STAR" means SEA STAR LINE, LLC.

2. "EMERALD" means EMERALD EQUIPMENT LEASING, INC. and its subsidiaries, branches, departments, divisions, and affiliates, as well as all other organizations in which EMERALD has a management or controlling interest. The term "EMERALD" also includes all present and former directors, officers, executives, and employees of EMERALD EQUIPMENT LEASING, INC., and all agents, representatives, and other persons acting or purporting to act on behalf of EMERALD.

3. "MBC" means MBC LEASING CORP. and any of its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "MBC" also includes all present and former directors, officers, executives, and employees of MBC LEASING CORP., and all agents, representatives, and other persons acting or purporting to act on behalf of MBC.

4. "STORAGE" means STORAGE TRANSFER, LLC and its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "STORAGE" also includes all present and former directors, officers, executives, and employees of STORAGE TRANSFER, LLC, and all agents, representatives, and other persons acting or purporting to act on behalf of STORAGE.

5. "AGREEMENT" means any contract, understanding or arrangement among two or more persons, written or oral, formal or informal, express or implied.

6. "COMMUNICATION" means correspondence, contact, discussion, and any other kind of written or oral exchange between two or more persons, including but not limited to all

telephone conversations, face-to-face conversations, meetings, visits, conferences, internal and external discussions, and e-mails, memoranda, Blackberry and other wireless records, and other documents setting forth, summarizing or relating to such correspondence, contact, discussion, and other written or oral exchange.

       7.    "DOCUMENT" or "DOCUMENTS" mean anything which may be considered to be a document, electronically stored information, or tangible thing within the meaning of the Federal Rules of Civil Procedure. Without limitation and as examples, "DOCUMENTS" shall include all letters, correspondence, e-mails, records of conferences, conversations, and other communications, memoranda, notes, telegrams, summaries, telephone logs and records, Blackberry and other wireless records, teletypes, telefaxes, telexes, private written messages, desk calendars, diaries, appointment books, agendas, minutes of meetings, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, agreements, proposed agreements, notices, canceled checks, charts, graphs, transcripts of interviews, depositions, brochures, affidavits, communications with government bodies, invoices, notes and minutes of meetings of management, boards of directors and committees, intra-office and inter-office communications, results of investigations, working papers, newspaper and magazine articles, records of payments, releases, receipts, computer data, vouchers, papers similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and other records of voice recordings, film, tapes, electronically stored information, and other data compilations stored in any medium from which information can be obtained. Any alterations, notes, comments, or other material contained in or attached to a copy which is not included in originals or copies to which the preceding definition refers shall be deemed a separate "DOCUMENT". **Deponent must produce: (a) the original, or copies if the original is not available, of all written or graphic matter, including but not limited to drafts and non-conforming copies of documents which contain deletions, insertions, handwritten notes, or comments, however produced or reproduced; (b) all other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the deponent into reasonably usable form; (c) any other tangible thing that constitutes or contains matters within the scope of the Subpoena.**

       8.    "Emerald equipment" means: (a) any container, genset, chassis, reefer, and other equipment which has had Emerald Equipment Leasing, Inc. prefixes or other markings; (b) any container, genset, chassis, reefer, and other equipment which has been subject to claims by Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC; (c) any container, genset, chassis, reefer, and other equipment sold by Deponent or Deponent's representatives on behalf of Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC.

       9.    "Equipment" means any container, genset, chassis, reefer, and other equipment used in the transport of cargo by vessel, train, truck, or other motor vehicle.

       10.    "MIT" means a document produced by EMERALD that is entitled "Marine Information Technology" and subtitled "Emerald Equipment Move History".

       11.    "TIR" means Trailer Interchange Receipt, Equipment Interchange Receipt, and all other documents evidencing the movement of equipment into or out of a terminal, depot, pool, or other facility and unto and off of a vessel.

       12.    "Person" means any natural person, corporation, company, partnership, joint venture, association, joint-stock company, institution, trustee in bankruptcy, and any other entity organized for any purpose, as well as any agent of any of the foregoing.

       16.    "Representative" or "Representatives", used in reference to a person, means (a) any past or present officer, director, partner, associate, agent, attorney, subsidiary, or affiliate of such person and (b) any other persons acting on behalf of, or in concert with, such persons, including but not limited to insurance brokers or agents, auditors, actuaries, and consultants of any type.

       17.    To make production inclusive rather than exclusive, the singular shall include the plural and *vice versa*; the masculine shall include the feminine and *vice versa*; and the disjunctive "or" shall include the conjunctive "and" and *vice versa*.