# EXHIBIT B

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

__EASTERN__ DISTRICT OF __PENNSYLVANIA__

SEA STAR LINE, LLC,
a limited liability company,
    Plaintiff,

**SUBPOENA DUCES TECUM**

Civil Action No. 05-CV-245-JJF
(Case pending in the United States
District Court for the District of Delaware)

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,
    Defendant,

-vs-

SEA STAR LINE, LLC,
    Counterclaim-Defendant.

TO:   Storage Transfer, LLC
c/o Lorraine Robins
7900 Old Your Road, Suite 116A
Elkins Park, PA

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

X **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deponet shall designate person(s) having personal knowledge of and qualified to testify as to the matters specified in attached Exhibit "A".

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law offices of Francis C. Miller, Esq.<br>21 W. Washington Street, Suite D<br>West Chester, PA 19380 | Thursday, August 23, 2007 at 10:00 am |

X **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents): See Attachment B

| PLACE | DATE AND TIME |
|---|---|
| Law offices of Francis C. Miller, Esq.<br>21 W. Washington Street, Suite D<br>West Chester, PA 19380 | Monday, August 20, 2007 at 10:00 am |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF) | DATE |
|---|---|
| *[signature]* 7811 Attorney for Plaintiff | August 7, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

cc: Alan I. Moldoff, Esquire (via facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE 8/8/07  3:25 PM | PLACE 7900 Old York Rd. Elkins Park, PA |
|---|---|---|
| SERVED ON (PRINT NAME) Ryan Saunders - Receptionist | | MANNER OF SERVICE Handed to him at front desk |
| SERVED BY (PRINT NAME) J. Wilson Fox | | TITLE Constable |

## DECLARATION OF SERVER

I declare under penalty of perjury under the law of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on    8/9/07

*[signature]*

DATE                    SIGNATURE OF SERVER

252 E Market St, West Chester, PA 19382

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

*(c) Protection of Persons Subject to Subpoenas.*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place with the State in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

*(d) Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the

05130|SUBP|10029385.WPD

# SCHEDULE "A"

Deponent, STORAGE TRANSFER, LLC ("STORAGE"), shall designate one or more officers, directors, managing agents, or other corporate representatives designees having personal knowledge of and qualified to testify as to the following matters:

1. All STORAGE interests in Emerald equipment, including but not limited to containers, chassis, and gen sets.

2. All communications in regard to Emerald equipment between STORAGE representatives and any other person, including but not limited to the following:

    (a) Arthur Davis;

    (b) Lorraine Robins;

    (c) Martin McDonald;

    (d) E. T. Heinsen;

    (e) Representatives of E.T. Heinsen C por A;

    (f) Representatives of EMERALD;

    (g) Representatives of the NPR, Inc. bankruptcy trustee;

    (h) Persons holding or possessing Emerald equipment;

    (i) Purchasers and prospective purchasers of Emerald equipment;

    (j) Sellers and prospective sellers of Emerald equipment.

3. All recoveries of Emerald equipment by or on behalf of STORAGE.

4. All contracts for overland and ocean carriage of Emerald equipment on behalf

of STORAGE.

5. All purchases of Emerald equipment by or on behalf of STORAGE.

6. All sales of Emerald equipment by or on behalf of STORAGE.

7. All transfers of title to Emerald equipment by or on behalf of STORAGE.

8. All leases of Emerald equipment by or on behalf of STORAGE.

9. All rental of Emerald Equipment by or on behalf of STORAGE.

10. All agreements for use of land or facilities, relating to storage of Emerald equipment by or on behalf of STORAGE.

11. All payments for Emerald equipment by or on behalf of STORAGE.

12. All interchanges and deliveries relating to Emerald equipment by or on behalf of STORAGE.

13. All lists of Emerald equipment prepared or received by any person on behalf of STORAGE.

14. All inventories of Emerald equipment prepared or received by STORAGE or any other person on behalf of STORAGE.

15. All agreements between MBC and STORAGE.

16. All communications between MBC and STORAGE pertaining to EMERALD and Emerald Equipment.

17. All agreements between STORAGE and Thomas Holt, Sr. pertaining to EMERALD or Emerald Equipment.

18. All communications between STORAGE and Thomas Holt, Sr. or Thomas Holt, Jr. pertaining to EMERALD or Emerald Equipment.

19. All guarantees by any person relating to EMERALD or Emerald Equipment.

20. All documents relating to transfers of legal or equitable interests in EMERALD after July 31, 2002.

21. All documents relating to STORAGE transfers of security interests in EMERALD after October 1, 2003.

22. All communications between STORAGE representatives and EMERALD representatives, MBC representatives, or any other person pertaining to termination of the Equipment Rental Agreement.

23. All agreements between STORAGE and EMERALD, MBC, or any other person pertaining to termination of the Equipment Rental Agreement.

24. All communications between STORAGE representatives and EMERALD representatives, MBC representatives, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

25. All agreements between STORAGE and EMERALD, MBC, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

26. All communications between STORAGE representatives and EMERALD representatives, MBC representatives, or any other person pertaining to this litigation.

## **DEFINITIONS**

For purposes of production pursuant to the Subpoena, the following definitions apply:

1. "SEA STAR" means SEA STAR LINE, LLC.

2. "EMERALD" means EMERALD EQUIPMENT LEASING, INC. and its subsidiaries, branches, departments, divisions, and affiliates, as well as all other organizations in which EMERALD has a management or controlling interest. The term "EMERALD" also includes all present and former directors, officers, executives, and employees of EMERALD EQUIPMENT LEASING, INC., and all agents, representatives, and other persons acting or purporting to act on behalf of EMERALD.

3. "MBC" means MBC LEASING CORP. and any of its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "MBC" also includes all present and former directors, officers, executives, and employees of MBC LEASING CORP., and all agents, representatives, and other persons acting or purporting to act on behalf of MBC.

4. "STORAGE" means STORAGE TRANSFER, LLC and its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "STORAGE" also includes all present and former directors, officers, executives, and employees of STORAGE TRANSFER, LLC, and all agents, representatives, and other persons acting or purporting to act on behalf of STORAGE.

5. "AGREEMENT" means any contract, understanding or arrangement among two or more persons, written or oral, formal or informal, express or implied.

6. "COMMUNICATION" means correspondence, contact, discussion, and any other kind of written or oral exchange between two or more persons, including but not limited to all telephone conversations, face-to-face conversations, meetings, visits, conferences, internal and external discussions, and e-mails, memoranda, Blackberry and other wireless records, and other documents setting forth, summarizing or relating to such correspondence, contact, discussion, and other written or oral exchange.

7. "DOCUMENT" or "DOCUMENTS" mean anything which may be considered to be a document, electronically stored information, or tangible thing within the meaning of the Federal Rules of Civil Procedure. Without limitation and as examples, "DOCUMENTS" shall include all letters, correspondence, e-mails, records of conferences, conversations, and other communications, memoranda, notes, telegrams, summaries, telephone logs and records, Blackberry and other wireless records, teletypes, telefaxes, telexes, private written messages, desk calendars, diaries, appointment books, agendas, minutes of meetings, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, agreements, proposed agreements, notices, canceled checks, charts, graphs, transcripts of interviews, depositions, brochures, affidavits, communications with government bodies, invoices, notes and minutes of meetings of management, boards of directors and committees, intra-office and inter-office communications, results of investigations, working papers, newspaper and magazine articles, records of payments, releases, receipts, computer data, vouchers, papers similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and

other records of voice recordings, film, tapes, electronically stored information, and other data compilations stored in any medium from which information can be obtained. Any alterations, notes, comments, or other material contained in or attached to a copy which is not included in originals or copies to which the preceding definition refers shall be deemed a separate "DOCUMENT". **Deponent must produce: (a) the original, or copies if the original is not available, of all written or graphic matter, including but not limited to drafts and non-conforming copies of documents which contain deletions, insertions, handwritten notes, or comments, however produced or reproduced; (b) all other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the deponent into reasonably usable form; (c) any other tangible thing that constitutes or contains matters within the scope of the Subpoena.**

8.  "Emerald equipment" means: (a) any container, genset, chassis, reefer, and other equipment which has had Emerald Equipment Leasing, Inc. prefixes or other markings; (b) any container, genset, chassis, reefer, and other equipment which has been subject to claims by Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC; (c) any container, genset, chassis, reefer, and other equipment sold by Deponent or Deponent's representatives on behalf of Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC.

9.  "Equipment" means any container, genset, chassis, reefer, and other equipment used in the transport of cargo by vessel, train, truck, or other motor vehicle.

10. "MIT" means a document produced by EMERALD that is entitled "Marine Information Technology" and subtitled "Emerald Equipment Move History".

11. "TIR" means Trailer Interchange Receipt, Equipment Interchange Receipt, and all other documents evidencing the movement of equipment into or out of a terminal, depot, pool, or other facility and unto and off of a vessel.

12. "Person" means any natural person, corporation, company, partnership, joint venture, association, joint-stock company, institution, trustee in bankruptcy, and any other entity organized for any purpose, as well as any agent of any of the foregoing.

16. "Representative" or "Representatives", used in reference to a person, means (a) any past or present officer, director, partner, associate, agent, attorney, subsidiary, or affiliate of such person and (b) any other persons acting on behalf of, or in concert with, such persons, including but not limited to insurance brokers or agents, auditors, actuaries, and consultants of any type.

17. To make production inclusive rather than exclusive, the singular shall include the plural and *vice versa*; the masculine shall include the feminine and *vice versa*; and the disjunctive "or" shall include the conjunctive "and" and *vice versa*.

# SCHEDULE "B"

Pursuant to Federal Rule of Civil Procedure 45, STORAGE TRANSFER, LLC ("STORAGE") shall produce the following documents, as defined below:

1. STORAGE complete file relating to EMERALD.

2. STORAGE complete file relating to MBC.

3. STORAGE complete file relating to E.T. Heinsen C por A.

4. STORAGE complete file relating to Emerald equipment, including but not limited to containers, chassis, and gen sets.

5. All documents relating to communications in regard to Emerald equipment between STORAGE representatives and any other person, including but not limited to the following:

   (a) Arthur Davis;

   (b) Lorraine Robins;

   (c) Martin McDonald;

   (d) E. T. Heinsen;

   (e) Representatives of E.T. Heinsen C por A;

   (f) Representatives of EMERALD;

   (g) Representatives of the NPR, Inc. bankruptcy trustee;

   (h) Persons holding or possessing Emerald equipment;

   (i) Purchasers and prospective purchasers of Emerald equipment;

   (j) Sellers and prospective sellers of Emerald equipment.

6. All documents relating to recoveries of Emerald equipment by or on behalf of STORAGE.

7. All documents relating to contracts for overland and ocean carriage of Emerald equipment on behalf of STORAGE.

8. All documents relating to purchases of Emerald equipment by or on behalf of STORAGE.

9. All documents, including but not limited to bills of sale and notices of sale, relating to sales of Emerald equipment by or on behalf of STORAGE.

10. All documents relating to transfers of title to Emerald equipment by or on behalf of STORAGE.

11. All documents relating to leases of Emerald equipment by or on behalf of STORAGE.

12. All documents relating to rental of Emerald Equipment by or on behalf of STORAGE.

13. All documents, including but not limited to agreements for use of land or facilities, relating to storage of Emerald equipment by or on behalf of STORAGE.

14. All documents relating to payments for Emerald equipment by or on behalf of STORAGE.

15. All interchange receipts, gate receipts, and delivery receipts relating to Emerald equipment executed by or on behalf of STORAGE.

16. All lists of Emerald equipment prepared or received by any person on behalf of STORAGE.

17. All inventories of Emerald equipment prepared or received by STORAGE or any other person on behalf of STORAGE.

18. All agreements between STORAGE and MBC and related documents pertaining to EMERALD or Emerald Equipment.

19. All documents relating to communications between STORAGE and MBC pertaining to EMERALD or Emerald Equipment.

20. All agreements between STORAGE and Thomas Holt, Sr. and related documents pertaining to EMERALD or Emerald Equipment.

21. All documents relating to communications between STORAGE and Thomas Holt, Sr. or Thomas Holt, Jr. pertaining to EMERALD or Emerald Equipment.

22. All guarantees by any Person relating to EMERALD or Emerald Equipment.

23. All agreements, including but not limited to carveout agreements, between STORAGE and MBC and related documents.

24. All documents relating to transfers of legal or equitable interests in EMERALD after October 1, 2003.

25. All documents relating to MBC transfers of security interests in EMERALD after October 1, 2003.

26. All documents relating to communications between STORAGE representatives and EMERALD representatives, MBC representatives, or any other person pertaining to termination of the Equipment Rental Agreement.

27. All agreements between STORAGE and EMERALD, MBC, or any other person pertaining to termination of the Equipment Rental Agreement.

28. All documents relating to communications between STORAGE representatives and EMERALD representatives, MBC representatives, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

29. All agreements between STORAGE and EMERALD, MBC, or any other person pertaining to the Indemnity Agreement between MBC and SEA STAR.

## DEFINITIONS

For purposes of the Subpoena, the following definitions apply:

1. "SEA STAR" means SEA STAR LINE, LLC.

2. "EMERALD" means EMERALD EQUIPMENT LEASING, INC. and its subsidiaries, branches, departments, divisions, and affiliates, as well as all other organizations in which EMERALD has a management or controlling interest. The term "EMERALD" also includes all present and former directors, officers, executives, and employees of EMERALD EQUIPMENT LEASING, INC., and all agents, representatives, and other persons acting or purporting to act on behalf of EMERALD.

3. "MBC" means MBC LEASING CORP. and any of its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "MBC" also includes all present and former directors, officers, executives, and employees of MBC LEASING CORP., and all agents, representatives, and other persons acting or purporting to act on behalf of MBC.

4. "STORAGE" means STORAGE TRANSFER, LLC and its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "STORAGE" also includes all present and former directors, officers, executives, and employees of STORAGE TRANSFER, LLC, and all agents, representatives, and other persons acting or purporting to act on behalf of STORAGE.

5. "AGREEMENT" means any contract, understanding or arrangement among two or more persons, written or oral, formal or informal, express or implied.

6. "COMMUNICATION" means correspondence, contact, discussion, and any other kind of written or oral exchange between two or more persons, including but not limited to all

telephone conversations, face-to-face conversations, meetings, visits, conferences, internal and external discussions, and e-mails, memoranda, Blackberry and other wireless records, and other documents setting forth, summarizing or relating to such correspondence, contact, discussion, and other written or oral exchange.

       7.    "DOCUMENT" or "DOCUMENTS" mean anything which may be considered to be a document, electronically stored information, or tangible thing within the meaning of the Federal Rules of Civil Procedure. Without limitation and as examples, "DOCUMENTS" shall include all letters, correspondence, e-mails, records of conferences, conversations, and other communications, memoranda, notes, telegrams, summaries, telephone logs and records, Blackberry and other wireless records, teletypes, telefaxes, telexes, private written messages, desk calendars, diaries, appointment books, agendas, minutes of meetings, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, agreements, proposed agreements, notices, canceled checks, charts, graphs, transcripts of interviews, depositions, brochures, affidavits, communications with government bodies, invoices, notes and minutes of meetings of management, boards of directors and committees, intra-office and inter-office communications, results of investigations, working papers, newspaper and magazine articles, records of payments, releases, receipts, computer data, vouchers, papers similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and other records of voice recordings, film, tapes, electronically stored information, and other data compilations stored in any medium from which information can be obtained. Any alterations, notes, comments, or other material contained in or attached to a copy which is not included in originals or copies to which the preceding definition refers shall be deemed a separate "DOCUMENT". **Deponent must produce: (a) the original, or copies if the original is not available, of all written or graphic matter, including but not limited to drafts and non-conforming copies of documents which contain deletions, insertions, handwritten notes, or comments, however produced or reproduced; (b) all other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the deponent into reasonably usable form; (c) any other tangible thing that constitutes or contains matters within the scope of the Subpoena.**

      8.    "Emerald equipment" means: (a) any container, genset, chassis, reefer, and other equipment which has had Emerald Equipment Leasing, Inc. prefixes or other markings; (b) any container, genset, chassis, reefer, and other equipment which has been subject to claims by Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC; (c) any container, genset, chassis, reefer, and other equipment sold by Deponent or Deponent's representatives on behalf of Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC.

      9.    "Equipment" means any container, genset, chassis, reefer, and other equipment used in the transport of cargo by vessel, train, truck, or other motor vehicle.

      10.    "MIT" means a document produced by EMERALD that is entitled "Marine Information Technology" and subtitled "Emerald Equipment Move History".

11. "TIR" means Trailer Interchange Receipt, Equipment Interchange Receipt, and all other documents evidencing the movement of equipment into or out of a terminal, depot, pool, or other facility and unto and off of a vessel.

12. "Person" means any natural person, corporation, company, partnership, joint venture, association, joint-stock company, institution, trustee in bankruptcy, and any other entity organized for any purpose, as well as any agent of any of the foregoing.

16. "Representative" or "Representatives", used in reference to a person, means (a) any past or present officer, director, partner, associate, agent, attorney, subsidiary, or affiliate of such person and (b) any other persons acting on behalf of, or in concert with, such persons, including but not limited to insurance brokers or agents, auditors, actuaries, and consultants of any type.

17. To make production inclusive rather than exclusive, the singular shall include the plural and *vice versa*; the masculine shall include the feminine and *vice versa*; and the disjunctive "or" shall include the conjunctive "and" and *vice versa*.