IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC,<br>a limited liability company,<br><br>    Plaintiff,<br><br>-vs-<br><br>EMERALD EQUIPMENT LEASING, INC.,<br>a corporation,<br><br>    Defendant. | )<br>)<br>)<br>) CASE NO. 05-CV-00245 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONFIDENTIALITY AGREEMENT AND ORDER

    This CONFIDENTIALITY AGREEMENT ("Agreement"), dated as of September 11, 2007, is entered into by Emerald Equipment Leasing, Inc. ("EEL"), and Sea Star Line, LLC ("Sea Star").

    WHEREAS, EEL served discovery requests seeking information relating to, among other things, customers of Sea Star ("Customer Information").

    WHEREAS, Sea Star objected to the discovery requests.

    WHEREAS, EEL filed two Motions to Compel ("Discovery Motions") seeking, among other things, production of the Customer Information.

    WHEREAS, on August 22, 2007, the Court held a hearing on the Discovery Motions. Pursuant to the Court's ruling at the hearing, Sea Star is to provide EEL with a list of its customers during the period of April 29, 2002 through September 1, 2002 ("Customer List").

    WHEREAS, EEL is to select one (1) customer from the Customer List provided by Sea Star and seek production of documents from that customer ("Customer Documents").

    WHEREAS, EEL shall then submit the Customer Documents with its analysis of same under seal to the Court for an in-camera review and to Sea Star for a response. After the Court's review and Sea Star's response, the Court will rule on the Discovery Motions.

    WHEREAS, the parties are entering this Agreement to protect documents, which Sea Star deems confidential ("Confidential Materials") and to establish the parties' rights and obligations with respect thereto.

{M0609421.1} {M0609393.1}

NOW THEREFORE, in consideration of the foregoing, the parties agree as follows:

1. <u>Designation of Documents</u>. The Customer List to be provided to EEL by Sea Star is deemed to be proprietary, competitively sensitive and confidential. The Customer List is to be designated "Attorneys' Eyes Only." The Customer Documents are to be designated "Confidential Documents" ("Confidential Documents" and "Attorneys' Eyes Only" documents together "Confidential Materials.")

2. <u>Uses and Disclosure Of Confidential Materials</u>. EEL agrees that it will use Confidential Materials solely in connection with this litigation and for no other purpose.

   a. EEL may disclose documents deemed to be Confidential Documents to any of its directors, officers, employees, agents, or other representatives who are advising it in connection with this litigation, with a need to know or utilize the contents of such Confidential Documents, provided that EEL informs such person of the confidential nature of the Confidential Documents and provides such person with a copy of this Agreement and such person agrees in writing to be bound by this Agreement by signing the Nondisclosure Statement attached as Exhibit "A".

   b. If EEL, or any agent, is required (by interrogatory, subpoena, civil investigatory demand or any similar process relating to any legal proceeding, investigation, hearing or otherwise) to disclose in any manner Confidential Materials, EEL shall provide Sea Star with prompt notice in advance of such request for disclosure so that Sea Star may seek a protective order or other appropriate remedy and/or waive compliance with this Agreement. EEL shall cooperate in any action that Sea Star takes. In the event that such protective order or other remedy is not obtained, EEL shall furnish only such Confidential Materials as it is legally required and shall exercise its best efforts to obtain assurance that confidential treatment will be accorded to the Confidential Materials which it is compelled to disclose.

   c. In the event that any Confidential Materials are used in an open court in connection with any trial, hearing or other proceeding in or relating to this case or any appeal therefrom, they shall not lose their status as Confidential Materials through such use. Counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of such information used in the course of any court proceedings. If the parties are unable to agree upon such procedures, the parties shall request a ruling from the Court.

3. <u>Use and Disclosure of "Attorneys' Eyes Only" Materials.</u> Materials designated "Attorneys' Eyes Only" shall not be disclosed by the party receiving such materials to persons other than: (a) the Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition or any appeal therefrom; (b) EEL's counsel and clerical, paralegal and secretarial staff regularly employed by such counsel who counsel determines in good faith reasonably need access to such materials; and (c) EEL's one (1) designated representative whom EEL's counsel has informed of the confidential nature of the "Attorneys' Eyes Only" materials, and has provided with a copy of this Agreement and who has

agreed in writing to be bound by this Agreement by signing the Nondisclosure Statement attached as Exhibit "B".

4. *Customer Selected.* EEL shall provide Sea Star notice of the customer selected from the Customer List from whom EEL intends to seek documents within 2 business days of selection. EEL shall provide Sea Star with a copy of all Customer Documents within 3 business days of receipt.

5. *Term.* Within thirty calendar (30) days after the closing of this litigation (including any and all appellate proceedings), any party receiving Confidential Materials, summaries or extracts therefrom shall take reasonable steps to identify and destroy any and all such materials in its possession and shall inform the designating party that to the best of its knowledge such destruction has been accomplished. The parties' obligation to maintain the confidentiality of any Confidential Documents or "Attorneys' Eyes Only" materials received hereunder shall survive this agreement and information obtained from the Confidential Materials shall not be disclosed.

6. *Notices.* Notices required or permitted by this Agreement shall be given by email, certified mail and confirmed facsimile to the following notice addresses:

    a.    For EEL:

ALAN I. MOLDOFF, ESQ.
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street
22nd Floor
Philadelphia, PA 19102
(215) 851-8450
(215) 851-8383 (fax)
amoldoff@eckertseamans.com

    b.    For Sea Star:

Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134
(305) 444-3355
(305) 442-4300 (fax)
amesq@aol.com

{M0609421.1}

Kathy Miller
The Corporate Plaza
800 Delaware Avenue, 7th Floor
P.O. Box 410 (Courier 19801)
Wilmington, De 19899
(302) 652-8400
(302) 652-8405 (fax)
kmiller@skfdelaware.com

7. <u>Consent To Jurisdiction: Venue</u>. The parties shall have standing to enforce the terms of this Agreement by appropriate proceedings brought before the Court on due notice thereof and opportunity to be heard. The parties and any person who has signed the Nondisclosure Statement or who has otherwise become bound by this Agreement, and each of their representatives, hereby irrevocably and unconditionally submit to the exclusive jurisdiction and venue of this Court for purposes of any suit, action or other proceeding arising out of or relating to the enforcement or interpretation of this Agreement.

8. <u>Injunctive Relief</u>. EEL acknowledges that any breach or threatened breach of confidentiality obligations undertaken pursuant to this Agreement will cause Sea Star irreparable harm, for which there is no adequate remedy at law. In such event Sea Star shall be entitled to both temporary and permanent injunctive relief and sanctions, in addition to any remedies at law.

9. <u>Severability</u>. The provisions of this Agreement shall be severable. In the event that any of the provisions hereof is held by a court to be invalid, void, or otherwise unenforceable, the remaining provisions shall remain enforceable to the fullest extent permitted by law.

10. <u>Governing Law</u>. This Agreement shall be construed (both as to validity and performance) and enforced in accordance with the laws of the State of Delaware without regard to the principles of conflicts of laws thereof and shall be subject to the jurisdiction of the Court.

11. <u>Amendments; Waivers</u>. The provisions of this Agreement may be waived, amended, or modified only in writing signed by the party against whom such waiver, amendment or modification is sought to be enforced, and such written instrument shall set forth specifically the provisions of this Agreement that are to be so waived, amended, or modified. Without limiting the generality of the foregoing, no failure or delay by the parties or any other person subject to the terms of this Agreement, or their respective representatives, in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder. The parties or any other person subject to the terms of this Agreement, or their respective representatives, may, by appropriate application to the Court or mutual agreement of the parties, seek any modification or amendment to this Agreement.

{M0609421.1}

12. Counterparts. This Agreement may be executed in any number of counterparts and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute one and the same Agreement.

13. Entire Agreement. This Agreement embodies the entire agreement and all understandings between the parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof.

14. Assignability; Benefits. None of the rights, duties or obligations of any party hereto may be assigned without the prior written consent of the other parties hereto. This Agreement shall be binding upon the parties and shall inure to the benefit of the parties hereto and their respective heirs, successors and permitted assigns.

**ACCEPTED AND AGREED TO:**

SMITH, KATZENSTEIN & FURLOW, LLP

By: _____
Kathleen M. Miller (ID No. 2898)
The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Tel: (302) 652-8400
Fax: (302) 652-8405

And

Timothy J. Armstrong
Armstrong & Mejer, P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Coral Gables, FL 33134

Counsel for Sea Star Line, LLC

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: _____
Alan I. Moldoff, Esq. (_____)
Two Liberty Place
50 South 16th Street
22nd Floor
Philadelphia, PA 19102

{M0609421.1}

Counsel for Emerald Equipment Leasing, Inc.

So Ordered, this ___13___ day of September, 2007.

By the Court:

*/s/ Joseph J. Farnan Jr.*
Joseph J. Farnan JR.
United States District Court Judge

{M0609421.1}