IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEA STAR LINE, LLC, a limited : \
liability company, : \
                               : \
       Plaintiff, : \
                               : \
    v. : Civ. Act. No. 05-245-JJF \
                               : \
EMERALD EQUIPMENT LEASING, INC.,: \
a corporation, : \
                               : \
       Defendant. :

**MEMORANDUM ORDER**

    Pending before the Court is Emerald Equipment Leasing Inc.'s Motion For Protective Order Regarding Re-Noticed Rule 30(b)(6) Deposition Of Emerald Equipment Leasing Inc. (D.I. 116). By its Motion, Emerald Equipment Leasing Inc. ("Emerald") seeks to limit the contours of Sea Star Line, LLC's ("Sea Star") re-noticed deposition of Emerald's Rule 30(b)(6) witness to avoid duplicating subject matter that was previously covered during Emerald's Rule 30(b)(6) deposition in previous litigation before the United States District Court for the Middle District of Florida.

    In response, Sea Star contends that Emerald has not demonstrated good cause justifying a protective order. Sea Star points out that the Court granted the parties the opportunity to conduct limited discovery to ensure that Sea Star has the opportunity to fully explore the allegations of Emerald's Amended Counterclaims.

Protective orders are governed by Rule 26(c), which, in pertinent part, provides, "[u]pon motion by a party ... for good cause shown ... the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In determining whether good cause exists for a protective order, the Court may consider a variety of factors, including: (1) whether the disclosure violates any privacy interests; (2) whether the information is being sought for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether confidentiality is being sought over information that is important to the public's health and/or safety; (5) whether the sharing of information will promote fairness and efficiency in the litigation; (6) whether a party benefitting from the order of confidentiality is a public official; and (7) whether the case involves issues which are important to the public. Glenmede Trust Company v. Thompson, 56 F.3d 476, 483 (3rd Cir. 1995). In all circumstances, good cause requires a specific showing of a disclosure that will "cause a clearly defined and serious injury." Id.

Applying the above criteria to the circumstances of this case, the Court concludes that Emerald has not demonstrated that a protective order is warranted. In its October 26, 2006 Order, the Court recognized that there would necessarily be some overlap between the discovery contemplated on Emerald's Amended

Counterclaim and the discovery already taken in Florida, but nevertheless concluded that additional discovery was warranted. In light of the Court's Order, Emerald has not demonstrated that the discovery sought by Sea Star will cause it a clearly defined and serious injury.

NOW THEREFORE, IT IS HEREBY ORDERED that Emerald Equipment Leasing Inc.'s Motion For Protective Order Regarding Re-Noticed Rule 30(b)(6) Deposition Of Emerald Equipment Leasing Inc. (D.I. 116) is **DENIED**.

October 31, 2006
DATE

UNITED STATES DISTRICT JUDGE