

**ECKERT SEAMANS**

Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street
22nd Floor
Philadelphia, PA 19102

TEL 215 851 8400
FAX 215 851 8383
www.eckertseamans.com

Alan I. Moldoff
Direct Dial: 215-851-8450
amoldoff@eckertseamans.com

October 24, 2007



RECEIVED OCT 29 2007

**BY FEDERAL EXPRESS**

Hon. Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   Sea Star Line, LLC v. Emerald Equipment Leasing, Inc.
      C.A. #05CV-245JJF

Dear Judge Farnan:

In accordance with this Court's directives at the hearing on the discovery motions on this matter held on August 22, 2007 and pursuant to the Confidentiality Agreement and Order entered in this matter on September 13, 2007 (see enclosed), this letter and enclosures shall serve as the report by Emerald Equipment Leasing, Inc. ("Emerald") of its analysis of the documents received from Baxter Healthcare Corporation ("Baxter"). You will recall that you directed that Emerald obtain a list from Sea Star Line, LLC ("Sea Star") of all of its customers between April 29, 2002 and September 2002 and to choose one customer from whom to request bills of lading which will identify any Emerald equipment used for the shipment of goods. This was to be a "test" case since this litigation involves Emerald's claims that Sea Star used Emerald equipment to ship goods for its customers without reporting to Emerald on its "self-billing reports" its use of such equipment and paying the appropriate rental and other charges due in connection with those pieces of equipment.

From the customer list obtained from Sea Star, Emerald chose Baxter as its "test" customer. Emerald received the requested bills of lading on October 18, 2007 in response to a subpoena served by Emerald. From the approximately 200 bills of lading received, Emerald has identified 12 bills of lading which identified 12 separate pieces of Emerald equipment which were used by Sea Star to ship freight from or to Baxter (see Exhibit "A").[1] Also, enclosed is a spreadsheet prepared by Emerald (Exhibit "B"). This spreadsheet identifies for each piece of equipment, the following: (1) the equipment number; (2) whether or not the equipment was on, or not on, Sea Star's self-billing report; (3) what Sea Star asserts as the rental period; (4) what Emerald asserts as the rental period; and (5) Emerald's comments with reference to supporting documentation for its contentions. This reflects the information contained on Emerald's "invoices" which have been prepared by Emerald for this litigation, the relevant pages of which are also enclosed (Exhibit "C"). The equipment pieces identified on the Baxter bills of lading have been highlighted on these invoices.[2]

---

[1] Emerald Equipment can be identified and distinguished from shipping equipment owned by other entities by the prefix used in connection with the equipment number. Emerald equipment can be distinguished from equipment owned by other entities since its prefix designation for containers is PRMU.

[2] Equipment piece PRMU 650582 is not on the Emerald invoices since Emerald does not dispute the Sea Star self-billing reports for this particular piece of equipment.



Hon. Joseph J. Farnan, Jr.
October 26, 2007
Page 2

Significantly, of the 12 pieces of Emerald equipment identified, five of these pieces were not on Sea Star's self-billing reports. This represents a 42% discrepancy between Sea Star's actual use of Emerald equipment and its reported use of that equipment on its self-billing reports. Emerald's claim is that Sea Star's self-billing reports were false, inaccurately reporting the Emerald equipment it used. These documents clearly substantiate Emerald's claim.

Of the remaining pieces of Emerald equipment which were on the Sea Star self-billing reports, Emerald disputes the termination date of Sea Star's use of that equipment. Some of these pieces of equipment, although used by Sea Star and included in their self-billing reports, were not returned to Emerald and therefore Emerald has charged Sea Star with a stipulated loss value for each such piece of equipment as set forth in the Rental Agreement.

It should be further noted that the information contained on bills of lading relate only to containers used in the shipping process. Such documents do not provide any information as to the chassis which are required to be used in order to move these containers. This information can only come from Sea Star itself. Based on the results of this isolated example of one customer out of hundreds, Emerald has demonstrated a 42% discrepancy in Sea Star's reportage of its usage of Emerald containers. Emerald believes that if it would be permitted to conduct the necessary discovery as requested in its discovery motions, which Sea Star has so far obstructed, similar information would be uncovered providing additional evidence of Sea Star's usage of the Emerald equipment which is the subject of this litigation. As such, Emerald respectfully renews its requests made in the Discovery Motions.

Respectfully yours,

Alan I. Moldoff

AIM/md
Enclosure

cc:   Timothy J. Armstrong, Esquire (w/enc. - By Federal Express)
      Kathleen M. Miller, Esquire (w/enc. - By Federal Express)

MO603364