**Exhibit "A"**

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     PUERTO RICO

| SEA STAR LINE, LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| EMERALD EQUIPMENT LEASING, INC. | Case Number:[1] 05-CV-00245-(JJF) |
| | USDC District of Delaware |

TO: Marine Express Inc.
     Mayaguez Pier #1 Office #1
     Mayaguez, Puerto Rico 00681
     Attn: President/Legal Department

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit "A"

| PLACE   Eckert Seamans Cherin & Mellott, LLC<br>50 S. 16th Street, 22nd Floor, Two Liberty Place, Philadelphia, PA 19102 | DATE AND TIME<br>11/26/2007 4:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* Ronald S. Gellert | DATE<br>11/7/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ronald S. Gellert    (302) 425-0430
Eckert Seamans Cherin & Mellott, LLC, 300 Delaware Avenue, Suite 1210, Wilmington, DE 19801

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 11/14/07 | Marine Express #249 Concordia ST. Mayaguez PR |

SERVED ON (PRINT NAME): Jose Lopez in charge of office

MANNER OF SERVICE: Substitute Cooperate

SERVED BY (PRINT NAME): Freddy Rivera

TITLE: Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 11/15/07
DATE

SIGNATURE OF SERVER

c/o Dennis Richman's Services
ADDRESS OF SERVER
2 Penn Center, Ste. 1706
Philadelphia, PA 19102

Rule 45. Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## EMERALD SUBPOENA TO MARINE EXPRESS, INC.

1. Any and all documentation, including but not limited to, loading reports, discharge reports, manifests, bills of lading and invoices, which refer to or relate to the unit numbers on the containers, chassis and gen sets, pertaining to containers with the prefix PRMU, gen sets with the prefix PRGS and chassis with the prefix PRMC, PRMZ, UFCC, and TXXZ, which were transported for Sea Star Line, LLC out of or into Puerto Rico to and from all locations for the period of July 1, 2002 through June 30, 2004.

## DEFINITIONS

1. "Documentation" means, without limitation, the original and all copies and translations of any information in written, recorded, graphic or electronic form, including all memoranda of oral conversations, as well as all compilations, catalogs, and summaries of information or data, whether typed, handwritten, printed, recorded, digitally coded, or otherwise produced or reproduced, and shall include, without limitation, each and every note, memorandum, letter, telegram, publication, telex, facsimile, e-mail, circular, release, article, book, report, prospectus, record, financial statement, computer disk, computer tape, microfilm, microfiche, microform, index, list, claims file, analysis chart, money order, account book, draft, summary, diary, transcript, agreement, calendar, graph, receipt, chart, business record, insurance policy, computer printout, contract, and order.

2. "Refer" or "relate to" means refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any way, directly or indirectly, a document, subject, topic, issue, act or occurrence, and includes, without limitation, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting any event, act, or occurrence.

## INSTRUCTIONS

1. Marine Express Inc. is requested to produce all documents that are in its possession, custody or control or that of any of its representatives, or that are reasonably obtainable from other sources.

2. Each request herein for documentation to be produced, whether memoranda, reports, letters, minutes, or other documents of any description requires the production of the document in its entirety, without redaction or expurgation.

3. If any document covered by these requests is withheld from production, please furnish a list identifying each such document and providing the following information with respect to each such document:

   (a) the reason(s) for withholding;

   (b) the date of the document;

   (c) identification by name, job title, and the last known business and home addresses of each person who wrote, drafted, or assisted in the preparation of the document;

   (d) identification by name, job title, and the last known business and home addresses of each person who is known to have received or has custody of the document or copies thereof;

   (e) identification by name, job title, and the last known business and home addresses of each person who is known to have viewed or had access to the document or copies thereof or to whom any portion of the contents has been communicated;

   (f) a brief description of the nature and subject matter of the document;

   (g) a statement of the facts that constitute the basis for any claim of privilege, work product, or other grounds of nondisclosure; and

   (h) the paragraph(s) of these requests to which, the document is responsive.

4.  If any documents responsive to this subpoena are not currently available, include a statement to that effect and furnish whatever documents are available. Include in the statement when such documents were most recently in Marine Express, Inc.'s possession or subject to its control and what disposition was made of them, and identify each person currently in possession or control of such documents by name, job title, and last known business and home address. If any of such documents have been destroyed, state when and where such documents were destroyed, identify each person who directed that the documents be destroyed or who actually destroyed the documents by name, job title, and last known business and home address and state the reasons the documents were destroyed.

5.  Each document produced for inspection or copying shall be identified by the specific request for documents, or any portion thereof, to which it relates.

6.  The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

7.  The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

8.  This subpoena shall be deemed continuing so as to require further and supplemental production if any additional documentation is located.