# EXHIBIT A

LAW OFFICES
# GEBHARDT & SMITH LLP
NINTH FLOOR
THE WORLD TRADE CENTER
BALTIMORE, MARYLAND 21202-3064

BALTIMORE:     (410) 752-5830
WASHINGTON:    (301) 470-7468

FACSIMILE
(410) 385-5119

WRITER'S DIRECT DIAL NUMBER:

December 29, 2003

(410) 385-5015
Writer's E-Mail Address:
bhall@gebsmith.com

VIA FACSIMILE - (305) 442-4300

Timothy J. Armstrong, Esquire
Armstrong and Mejer P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Coral Gables, Florida 33134

Re:   Sea Star Line LLC

Dear Tim:

I was not able to reach my client, MBC Leasing Corp. ("MBC"), following our telephone conversation of December 23, 2003 because, as we suspected, my contact at MBC had taken time off for the Holidays. I did, however, discuss with him today your inquiry as to whether Storage Transfer, LLC ("Storage") has the authority to compromise claims that Emerald Equipment Leasing, Inc. ("Emerald") may have against your client, Sea Star Line, LLC ("Sea Star"), arising out of the use by Sea Star of the equipment that secured Emerald's obligations to MBC. The answer is that Storage has such authority, but that the authority is not unfettered.

As I told you during our telephone conversation, MBC sold the documents evidencing Emerald's obligations to MBC to Storage. The sale was effected pursuant to a Loan Sale and Assignment Agreement effective as of November 1, 2003. Storage did not pay the purchase price in cash, but agreed to pay the purchase price over time. The purchase price included an obligation to remit to MBC "twenty percent (20%) of the net amount, after deduction of reasonable attorneys' fees and other reasonable collection expenses, of any RENT collected from SEA STAR or any amount paid by SEA STAR in settlement of claims for RENT and received by [Storage]." "Rent" is defined as "accounts, chattel paper, contract rights, documents, general intangibles, and instruments arising from any of the EMERALD EQUIPMENT, including any amounts due from SEA STAR to [Emerald]"

In a Security Agreement dated as of November 1, 2003, Storage granted MBC a security interest in "all of [Storage's] rights under the "Assigned Documents" as defined in, and acquired from [MBC] by [Storage] pursuant to, a Loan Sale and Assignment Agreement of even date including, without limitation, [Storage's] rights under a $35,000,000.00 Term Loan Promissory Note

S:\WLH\18750LTR.080.Ver2.wpd

SE52879

GEBHARDT & SMITH LLP

Timothy J. Armstrong, Esquire
December 29, 2003
Page 2

dated as of November 20, 1997 from Emerald to the order of the Lender, a Loan and Security Agreement dated as of November 20, 1997 by and between Emerald and the Lender, an Amendment to Loan and Security Agreement made as of December 31, 1997 by and between Emerald and the Lender, a Second Amendment to Loan and Security Agreement made as of August 26, 1998 by and between Emerald and the Lender, an Assignment of Lease As Security made as of November 20, 1997 by and between Emerald and the Lender, Personal Property Mortgages and Affidavits, Lessees' Notice, Consent, and Acknowledgment made as of November 20, 1997, and an Acknowledgment and Ratification By Lessees dated ___ August, 1998" to secure payment of its "Obligations." "Obligations" are defined to include any "indebtedness or liability of [Storage] to [MBC], whether direct or indirect, joint or several, absolute or contingent, contemplated or uncontemplated, or otherwise arising from any loan, guaranty, overdraft, letter of credit, or any other duty owed by [Storage] to [MBC], now existing or hereafter arising." Thus, MBC holds a security interest in Storage's rights under the "Assigned Documents" to secure payment of Storage's obligation to remit to MBC twenty percent (20%) of the net amount of any "Rent" collected from Sea Star.

The assets of Emerald include claims against Sea Star for "Rent" due from Sea Star. Storage's interests under the "Assigned Documents" include a security interest in such "Rent." In the Security Agreement, [Storage] agreed, among other things, to "undertake all actions that are, in the opinion of [MBC], reasonably necessary to protect the rights, remedies, and interests of [Storage] under the Assigned Documents and in the assets of Emerald." Storage also agreed not to "undertake any action that, in the opinion of [MBC], impairs, or is likely to impair, the rights, remedies, and interests of [Storage] under the Assigned Documents or in the assets of Emerald." Consequently, Storage is obligated to take all actions that MBC believes are reasonably necessary to preserve the "Rent" claims against Sea Star and is prohibited from taking any action that, in MBC's opinion, impairs those claims. The end result of these provisions is that while Storage now holds a security interest in Emerald's claims against Sea Star and has the right to compromise them, a compromise of those claims in a manner that, in MBC's opinion, impaired Storage's rights and remedies against Sea Star or its interests in "Rent" would violate Storage's Security Agreement with MBC.

Sincerely,

William L. Hallam

WLH:clw

cc: Scott H. Krieger, Senior Vice President
    Howard Soloman, Esquire

S:\WLH\18750LTR.080.Ver2.wpd

SE52880