# EXHIBIT C

**MBC LEASING CORP.**

April 23, 2003

Mr. Phillip V. Bates
Senior Vice President Operations
Sea Star Line, LLC
100 Bell Tel Way
Suite 300
Jacksonville, FL 32216

Dear Phil:

    This will acknowledge receipt of your letter dated April 18, 2003 concerning the obligations of MBC Leasing under the Indemnity Agreement with Sea Star with respect to claims arising from Sea Star's use of "Emerald Equipment." Although MBC appreciates Sea Star's decision to notify MBC of claims asserted against Sea Star for use of the "Emerald Equipment" after April 27, 2002, the notice appears to be premature and nothing in your letter appears to require any immediate action by MBC.

    MBC's initial obligation under the Indemnity Agreement, assuming that Sea Star provides it with prompt written notice, is an obligation to "defend" any "Proceeding" brought by a "Competing Claimant" against Sea Star. While the term "Proceeding" is defined broadly in the Indemnity Agreement, a "Proceeding" still must involve an effort by a Competing Claimant to make Sea Star pay for use of Emerald Equipment for which it has already paid MBC. The e-mails attached to your letter all relate to claims that Sea Star used Emerald Equipment after April 27, 2002 and failed to pay MBC or anyone else for that use.

    Even if the claims described in your letter were "Proceedings," no "Proceeding" appears to have reached a point at which any defense has been required. To the extent that Sea Star has chosen to prevent a "Proceeding" from reaching such a point by devoting its resources to attempting to address inquiries by "Competing Claimants," particularly before providing MBC with notice, it has done so at its own risk and expense.

    Sea Star should keep in mind that MBC is obligated to indemnify Sea Star only for amounts awarded by a Court to a Competing Claimant for use of Emerald Equipment after April 27, 2002 for which Sea Star has already paid MBC. MBC's maximum liability is the amount Sea Star has already paid MBC for the same use. Personnel costs incurred by Sea Star responding to "Proceedings" are not included within MBC's indemnification obligations. MBC certainly is not obligated to indemnify Sea Star for personnel costs incurred by Sea Star responding to claims for use of Emerald Equipment for which Sea Star has not paid MBC, nor is MBC obligated to indemnify Sea Star for amounts determined to be due by a court for use of Emerald Equipment after April 27, 2002 for which Sea Star has failed to pay MBC.

Two Hopkins Plaza / P.O. Box 1451 / Baltimore, Maryland 21203 / (410) 237-5855
Affiliate Mercantile Bankshares Corporation / Member FDIC

Mr. Phillip V. Bates
Senior Vice President Operations
Sea Star Line, LLC
April 23, 2003
Page Two

    MBC will, of course, honor its obligations under the Indemnity Agreement at such time as those obligations arise. In the event that a "Proceeding" ever develops to the point that a defense is required and Sea Star provides MBC with prompt written notice, MBC will honor its obligation to defend that Proceeding. In the event that any court ever requires Sea Star to pay any Competing Claimant any amount for the same use of Emerald Equipment for which Sea Star has already paid MBC, MBC will honor its indemnification obligations as well.

Sincerely,

Scott H. Krieger
Treasurer and Assistant Secretary

SE51431