IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC : | |
| : | |
| Plaintiff/ : | |
| Counterclaim Defendant, : | |
| : | |
| v. : | Civ. No. 05-245-JJF-LPS |
| : | |
| EMERALD EQUIPMENT LEASING, INC. : | |
| : | |
| Defendant/ : | |
| Counterclaim Plaintiff, : | |

## SCHEDULING ORDER

**WHEREAS**, the Amended Counterclaim of Emerald Equipment Leasing, Inc. ("Emerald") was referred to Magistrate Judge Stark to regulate and resolve all pre-trial matters up to and including the pre-trial conference, subject to 28 U.S.C. Section 636(b)(1)(B) and any further Order of the Court (D.I. 142); and

**WHEREAS**, Emerald and Sea Star Line, LLC ("SSL") were ordered to make certain submissions with respect to certain discovery obtained from Baxter Healthcare, Inc. ("Baxter") (D.I. 146); and

**WHEREAS**, the parties have made said submissions.

**WHEREAS**, Emerald and SSL were further ordered that, if after making a diligent effort, the parties were unable to agree on the contents of a joint, proposed discovery scheduling order, the parties were to submit individual proposed discovery scheduling orders to the Court on or before December 7, 2007 (D.I. 146); and

**WHEREAS**, the parties have not been able to agree on a joint, proposed discovery scheduling order.

**NOW THEREFORE**, it is hereby ORDERED that:

U0010750

1. SSL shall, within thirty (30) days:

> (a) produce invoices or other similar documents between SSL and trucking companies used for the movement of the containers to or from Baxter. These bills should not just pertain to the specific Emerald Equipment identified in the Baxter documents, but to all equipment.
>
> (b) identify its five largest trucking companies (by volume) used by SSL in the United States and the three largest trucking companies (by volume) used by SSL in Puerto Rico. As to those five largest trucking companies in the United States and the three largest in Puerto Rico, SSL shall provide copies of all invoices from those trucking companies from April 29, 2002 through September 30, 2002.
>
> (c) provide copies of all invoices from ET Heinsen, its stevedoring company, used in the Dominican Republic, as well as any and all invoices from any company involved with loading, discharge or movement of any containers and/or chassis and/or gen sets from April 29, 2002 through November 1, 2003.

2. A hearing shall be held on the renewal of Emerald's Motion to Compel Sea Star Line LLC's Responses to Certain Interrogatories (D.I. 114) and the Motion of Emerald to Compel Sea Star Line LLC's Production of Certain Documents (D.I. 115) on _____.

3. All additional discovery to be conducted by the parties, or as may be ordered by the Court, shall be completed on or before March 1, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

U0010750

CERTIFICATE OF SERVICE

I, Michael G. Busenkell certify that on December 7, 2007, I caused copies of the foregoing Proposed Scheduling Order to be served in the manner indicated on:

The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Lockbox 26, Room 2325
Wilmington, DE 19801
**By Hand Delivery**

Kathleen M. Miller, Esq.
Smith, Katzenstein & Furlow, LLP
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
**By Hand Delivery**

Timothy J. Armstrong, Esq.
Armstrong & Mejer, P.A.
Suite 1111 Douglas Centre
2600 Douglas Road
Miami, FL 33134
**By First Class Mail**

_____
Michael G. Busenkell (No. 3933)

U0010749