**ECKERT SEAMANS**

Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801

TEL 302 425 0430
FAX 302 425 0432
www.eckertseamans.com

Michael G. Busenkell
302-425-0430
mbusenkell@eckertseamans.com

December 11, 2007

**BY E-FILING AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   **Sea Star Line, LLC. v. Emerald Equipment Leasing, Inc.**
      **C.A. No. 05-245 (JJF) (LPS)**

Dear Judge Stark:

We represent Emerald Equipment Leasing, Inc. ("Emerald"). Both Emerald and Sea Star Line, LLC ("Sea Star") have submitted to your Honor proposed discovery schedules as required by Order dated November 20, 2007. This letter is written in response to the letter from counsel for Sea Star submitted to Your Honor on December 7, 2007 accompanying the Sea Star proposed discovery schedule.

Specifically, Emerald objects to Sea Star's continuing efforts to limit discovery. Its latest effort in this regard, is to suggest to Your Honor that any further discovery should be limited to "outstanding" discovery. As Sea Star knows, Emerald has sought various documents which Sea Star has, to date, refused to provide. At the discovery hearing on August 22, 2007, Judge Farnan set up a "test" case relating to the Baxter Healthcare documents as a means to determine the scope of discovery going forward. Indeed, at the hearing, Judge Farnan specifically stated as follows:

> Now if you establish that representatively, the argument you're making, on this broader scale, I'm gonna allow you to go after them and I'm gonna make them do a lot of work in their documents, but until I'm convinced that it's in their documents and that this path of Discovery you've chosen has some merit to it, in other words, it's gonna give us a fruitful results so you'll get some evidence for the trial, I'm not gonna order them to respond to the kind of broad questioning you've asked for. (See transcript attached as Exhibit A hereto at page 21.)

At a further hearing in this matter held on November 1, 2007, Judge Farnan stated, as follows:

> Now, on the Emerald counterclaim, I gave the opportunity to have some kind of representative discovery conducted. And without commenting on the results in any way that would make a ruling, I think that Emerald has at least shown that there is information relevant to the counterclaim that might be available through further discovery efforts if they were permitted to expand.

**ECKERT SEAMANS**

Honorable Leonard P. Stark
December 11, 2007
Page 2

> But I'm not so sure that there aren't a lot of blind alleys that can be gone down with regard to that discovery, particularly if it goes beyond – let's say it goes to Sea Star customer information and that type of thing. What I'm going to do is talk with – I'm going to talk with Judge Stark, our new magistrate judge this afternoon in about an hour, and I'm going to request that he take on the supervision of that discovery, so that you can have a judicial officer available to make – I was weighing, you know, going back and forth between, you know, requiring a Special Master and using a Magistrate Judge. (See transcript attached as Exhibit B hereto at pages 4 -5.)

Based on the foregoing, Emerald does not believe that discovery should be limited to "outstanding" discovery. Rather, discovery, in this case, should be managed, in such a way as to allow the parties to develop the necessary relevant discovery (whether previously requested or not) which will shed light on the primary issue in this case, i.e., use of Emerald's equipment by Sea Star for which Sea Star has not paid rent or, in many instances, failed to return that equipment.

Furthermore, given the outstanding, as well as, additional discovery requested and as a result of the information obtained from the Baxter documents, Emerald anticipates taking further depositions in this matter. Before additional depositions are scheduled, however, Emerald has been awaiting resolution of the pending issues concerning the extent of the additional written discovery to be provided and the opportunity to review such discovery when received.

On a final note, Sea Star's assertion, in its letter, that "allowing Emerald an 'open' discovery period would be prejudicial as Sea Star would be preparing for the February trial on the Complaint and would be required to respond to potentially unfettered discovery at the same time," rings somewhat hollow. Sea Star has noticed and Emerald has agreed to depositions (at least two) in this matter to be held in January 2008 and is seeking to schedule a third deposition. Emerald likewise should have the same opportunity to conduct additional depositions.

**ECKERT SEAMANS**

Honorable Leonard P. Stark
December 11, 2007
Page 3


Accordingly, Emerald believes that discovery should not be limited only to "outstanding" discovery, as requested by Sea Star Rather, any additional discovery should be allowed as may be requested by the parties and/or as maybe ordered by the Court, to be completed on or before March 1, 2007.

Respectfully submitted,

MICHAEL G. BUSENKELL

Enclosure
M0621837.1

cc:   Kathy Miller, Esq
      Timothy Armstrong, Esq.