# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
SEA STAR LINE, LLC., a      )
limited liability company,)
                          )
        Plaintiff,         )   C.A. No. 05-CV-245-JJF
                          )
v.                         )
                          )
EMERALD EQUIPMENT LEASING,)
INC., a corporation,       )
                          )
        Defendant.         )
                          )
v.                         )
                          )
SEA STAR LINE, LLC.,       )
```

November 1, 2007
2:00 p.m.
Courtroom 4B

844 King Street
Wilmington, Delaware

BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge

APPEARANCES:

         SMITH, KATZENSTEIN, FURLOW, LLP
         BY:  KATHLEEN M. MILLER, ESQ.

                 -and-

         ARMSTRONG & MEJER, P.A.
         BY:  TIMOTHY J. ARMSTRONG, ESQ.

                         Counsel for the Plaintiff

```
 1    APPEARANCES CONTINUED:

 2
            ECKERT SEAMANS
 3          BY:  BRYA M. KEILSON, ESQ.
            BY:  GARY M. SCHILDHORN, ESQ.
 4          BY:  ALAN I. MOLDOFF, ESQ.

 5                          Counsel for the Defendant

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
 1                  THE CLERK:  All rise

 2                  THE COURT:  Be seated, please.

 3      And good afternoon.

 4                  (Everyone said, Good afternoon,

 5      Your Honor.)

 6                  THE COURT:  All right.  Do you

 7      want to announce your appearances?

 8                  MS. MILLER:  Good afternoon, Your

 9      Honor.  Kathy Miller on behalf of Sea Star Line.

10      And I have with me my co-counsel, Tim Armstrong.

11                  THE COURT:  Good afternoon,

12      Mr. Armstrong.

13                  MS. KEILSON:  Good afternoon, Your

14      Honor.  Brya Keilson of Eckert Seamans on behalf

15      of Emerald.  I have with me Gary Schildhorn and

16      Gary Moldoff.

17                  MR. SCHILDHORN:  Good afternoon,

18      Your Honor.

19                  MR. MOLDOFF:  Good afternoon, Your

20      Honor.

21                  THE COURT:  All right.  I've taken

22      a look at what you have filed since we --

23      including the proposed trial order -- since we

24      got together back in August.  And what I've
```

1    decided to do here is to take the Sea Star case

2    against Emerald and sever it from the

3    counterclaim of Emerald and move it to trial.

4                    And I think we have some tidying

5    up to do with regard to some third-party work

6    that Sea Star wanted to get done and a

7    deposition or so that you wanted to get done.

8                    And go ahead.

9                    MR. ARMSTRONG:  That's correct,

10   Your Honor.

11                   THE COURT:  Okay.  And so, we'll

12   get a trial date for that trial today in some

13   time frame for you to get those items that you

14   wanted to get accomplished accomplished.  And I

15   think we can probably complete that case in the

16   next three or four months.

17                   Now, on the Emerald counterclaim,

18   I gave the opportunity to have some kind of

19   representative discovery conducted.  And without

20   commenting on the results in any way that would

21   make a ruling, I think that Emerald has at least

22   shown that there is information relevant to the

23   counterclaim that might be available through

24   further discovery efforts if they were permitted

1    to be expanded.

2              But I'm not so sure that there

3    aren't a lot of blind alleys that can be gone

4    down with regard to that discovery, particularly

5    if it goes beyond -- let's say it goes to Sea

6    Star customer information and that type of

7    thing.  What I'm going to do is talk with -- I'm

8    going to talk with Judge Stark, our new

9    magistrate judge this afternoon in about an

10   hour, and I'm going to request that he take on

11   the supervision of that discovery, so that you

12   can have a judicial officer available to make --

13   I was weighing, you know, going back and forth

14   between, you know, requiring a Special Master

15   and using a Magistrate Judge.

16              But I think that there are some

17   legal complexities with regard to what Emerald

18   wants to do that really require a judicial

19   ruling, whether it's by Judge Stark or by

20   myself.  But if he does it, at least I can

21   review it, because I think in the context of

22   what Emerald wants to do, we're probably a ways

23   off from being ready for trial.

24              And whether they're going to be

6

1    permitted to do it may carry with them some

2    legal decisions that I think I'd feel more

3    comfortable with a judicial officer from the

4    Court making those rulings than a Special Master

5    from outside.

6                    Yes.

7                    MR. ARMSTRONG:  Your Honor, we

8    received the Emerald letter on Monday.  Do we

9    have a right to respond?

10                    And if so, you know, it wasn't

11   couched in the form of a motion or a memorandum.

12   It was the letter.

13                    THE COURT:  Well, I thought it was

14   couched -- well, let me say this:  Yes, you have

15   a right to respond.

16                    MR. ARMSTRONG:  Okay.

17                    THE COURT:  I didn't think it was

18   an application, the letter.  I thought it was a

19   report.

20                    And I thought that I had already

21   said what I was going to do if they could

22   demonstrate in some way that there was some

23   merit to what they wanted to go after.  And

24   unless -- but I'm going to give you a chance to

1    respond.

2              Let me say this:  So I didn't look

3    for a response, because I took the 42-percent

4    number.

5              Is that what it was?

6              MR. MOLDOFF:  Yes.

7              THE COURT:  On the Baxter inquiry

8    as being uncontested, to the extent that it was

9    what they were looking for.  But you can

10   certainly respond to it, both factually and from

11   a going forward point of view.

12             MR. ARMSTRONG:  All right.

13             THE COURT:  But I'm still going to

14   send you to Judge Stark.

15             MR. ARMSTRONG:  That's fine.  But

16   is there a time frame?  Is there ten days?

17             THE COURT:  I would say at least

18   ten days, because I think I'm going to let Judge

19   Stark set that schedule.  In other words, if

20   you're going to be doing anything and the kind

21   of things you want to raise, they're going to,

22   in the first instance, be heard by him.

23             So why don't you hold off until he

24   calls you, so he can make -- I'm going to talk

1  with him about this case, the counterclaim case.

2  Let me talk to him and then he'll probably get

3  in touch with you.

4           And I'll bring this up if you want

5  to respond.  Let him put it into the schedule

6  that he's going to contemplate going forward.

7           MR. ARMSTRONG:  Yes.  Well, we are

8  planning to respond.  We're not waiving that.

9           THE COURT:  Okay.

10          MR. ARMSTRONG:  Thank you, Your

11  Honor.

12          THE COURT:  Do you have any

13  questions about where you're going?

14          MR. SCHILDHORN:  Always, Your

15  Honor.  But in particular with this case, I have

16  some as well.

17          THE COURT:  Okay.

18          MR. SCHILDHORN:  Your Honor, I'm

19  trying to contemplate how this will proceed as

20  severed.  And I guess my first question is:  Are

21  you simply -- everything is out, the declaratory

22  judgment aspect of Sea Star's claim, or are you

23  also trying initially the monetary aspects of

24  it, which include rental charges, storage

1    charges, et cetera?

2                THE COURT:  I'm going to charge --

3    I'm going to try or decide the either legal or

4    mixed legal and fact questions of the count that

5    deal with the declaration of rights under the

6    agreement, which I think that's your first area

7    that you've brought up.

8                And the second area I'm going to

9    hear or we're going to try the damages claims

10   under those agreements and any modifications

11   that deal with both the shipping and the storage

12   claim that was made by Sea Star against Emerald.

13               And there was a third area, and

14   I'm just not remembering.

15               MR. MOLDOFF:  The third area, I

16   believe, Your Honor, was an issue of what they

17   called overcharges, but the overcharges

18   intimately involved.

19               THE COURT:  That may be the one

20   that won't get tried because of the relationship

21   to the counterclaim.

22               MR. MOLDOFF:  Okay.

23               THE COURT:  But I'm going to wait

24   until we get through this discovery.  And we're

1    going to have a pretrial conference on the Sea

2    Star complaint, and that may be the one that

3    gets sliced out.

4              But the other two are definitely

5    in for the first trial.

6              MR. SCHILDHORN:  And Your Honor,

7    just thinking on my feet here, will the

8    testimony that's presented in that trial be

9    available to be used in the second trial without

10   having to recreate it in a second trial?

11             THE COURT:  If it -- yes, is the

12   -- I always like to give a yes or no answer to a

13   lawyer's question like the objection part.  Yes,

14   it will be available, because we don't want to

15   waste your resources.

16             And since there will be what I

17   would think is some overlapping testimony, I'll

18   allow that.  What I won't allow is seepage of

19   the counterclaim issues into the trial on Sea

20   Star's complaint.

21             So in other words, sometimes

22   lawyers think, well, on cross-examination, I'd

23   like to ask this, because the witness is here

24   and it really doesn't principally relate to the

1    issues on trial.  I won't allow that.

2              But I will allow the use of

3    testimony that overlaps.

4              MR. SCHILDHORN:  We had reserved

5    the right in the pretrial to take additional

6    discovery in light of the discovery that's

7    ongoing by Emerald's side.  Do we still have

8    permission to take additional discovery beyond

9    the customers and the ship manifest that we've

10   asked for in our motion, if it's limited to one

11   or two witnesses in a deposition?

12             THE COURT:  Well, we're going to

13   talk about that right now.  The discovery on Sea

14   Star's complaint is what we're going to talk

15   about.  And I'll listen to anything that you

16   want to request.

17             But my understanding was that was

18   not outstanding discovery on the Sea Star count.

19   But I'll listen to you.

20             Okay.  So is there anymore

21   questions about the separation?

22             MR. ARMSTRONG:  No, Your Honor.

23             THE COURT:  All right.  Now,

24   again, I have this from the August hearing and

1    the papers, but do you want to tell me what it

2    is that you, that Sea Star would like to do by

3    way of tying up the discovery for the counts

4    that you would present at the first trial?

5                MR. ARMSTRONG:  Your Honor, Your

6    Honor issued an order allowing the Emerald

7    deposition.  I really have to look at that in

8    light of Your Honor's rulings today and

9    determine what aspects of the Emerald deposition

10   would relate to the first, that is the

11   complaint, if any.

12               It may be that, under the

13   circumstances, the Emerald deposition would be

14   postponed to the counterclaim discovery period.

15   I may need just Emerald to identify some

16   documents.  I just have to review that.

17               And also I may need a couple

18   records custodians, one or two records

19   custodians to identify documents.  But I believe

20   that insofar as the complaint is concerned, we,

21   that is both parties, have done their discovery.

22               In fact, Emerald objected in May

23   to the additional discovery that Sea Star wanted

24   in connection with the counterclaim.  So I think

1    that we're pretty well set on the complaint.

2              THE COURT:  All right.

3              MR. ARMSTRONG:  I just have to

4    look.

5              THE COURT:  All right.  Emerald.

6              MR. SCHILDHORN:  Your Honor, I

7    think I tend to agree with Mr. Armstrong.  I

8    would like to reserve the right to go back and

9    think about what Your Honor has said today about

10   the severing of the trial.  There may be some

11   limited information that I would have been able

12   to get in differently if we were trying the

13   cases together, and I may need a deposition at

14   this point to bring it in, such as a record

15   keeper.

16              I have to think about it.  But may

17   I propose to Your Honor that if we believe there

18   is additional discovery that has to be taken, we

19   submit a letter to Your Honor within --

20              THE COURT:  Well, here's what

21   we'll do.  You both have a sense of where you

22   are on Sea Star's complaint.  Why don't I give

23   you a couple weeks, two weeks or so to decide if

24   you want any additional discovery.

1    And if you can agree to it, I

2  won't interfere with what you agree to.  In

3  other words, if you each want to take a

4  deposition or something of a custodian or

5  whatever you want to do.

6    And let's say, though, that

7  whatever disputes you have, you'll submit to me.

8  In other words, if you have a request for

9  discovery, but it's disputed, --

10    MR. SCHILDHORN:  I understand.

11    THE COURT:  -- or the other side

12  has, you'll submit them by November 22nd, the

13  disputes only.

14    And any discovery that you want to

15  do by agreement, let's say that has to be

16  completed by December 14th.  So those kinds of

17  things you're describing don't seem like they

18  should take very long.

19    So it will be closed out by

20  December 14th.  And we should be ready for trial

21  after the first of the year on that complaint.

22    MR. SCHILDHORN:  Your Honor, I'm

23  going to go back and ask a question about

24  severing.

1          THE COURT:  Sure.

2              MR. SCHILDHORN:  Let's assume for

3    the purpose of this argument that Your Honor

4    determines that there are rental charges that

5    might be due and owing for storage on one of the

6    grounds for relief that Sea Star has requested

7    as storage charge, that would be on a monetary

8    judgment; I assume there would be no enforcement

9    of any judgment?

10             THE COURT:  There won't be any

11   execution on any monetary judgment until we have

12   the second case resolved, because it would be an

13   offset.

14             MR. SCHILDHORN:  Right.  That's --

15   I could have just said wouldn't there have been

16   an offset, but I was too wordy on that, Your

17   Honor.

18             THE COURT:  That's all right.

19             MR. SCHILDHORN:  That's where I

20   was heading on that.  Let me think about that,

21   Your Honor.

22             I appreciate the opportunity for

23   counsel to work together.  I'm hopeful we should

24   be able to cooperate without submitting a

1    discovery dispute.  I don't know any judge that

2    likes a discovery dispute.

3              So to the extent we can work it

4    out, we'll make an effort to do so.

5              THE COURT:  Actually discovery

6    disputes are easy.  You only have a 50-percent

7    chance of being wrong when there's only two

8    parties.

9              MR. ARMSTRONG:  You're being

10   optimistic.

11             THE COURT:  That's true.  That's

12   true.  All right.

13             Now, this is a jury trial on the

14   complaint; right?  No.  It's a non-jury.

15             MR. SCHILDHORN:  Non-jury.

16             THE COURT:  And on the

17   counterclaim -- I'm sorry.  Go ahead.

18             MR. ARMSTRONG:  No. Both of them

19   are non-jury.

20             THE COURT:  Yeah, non-jury.  And

21   do you have your calenders with you, so I can

22   give you a range of when you can talk about?

23   I'm not going to give you a date today, but --

24             MR. SCHILDHORN:  My calender is

1   with me, but it's with the security guard

2   downstairs.

3               THE COURT:  Oh, okay.

4               MR. ARMSTRONG:  Why don't you give

5   us a range to work with.

6               THE COURT:  Why don't I give you a

7   range and then you can work with it.

8               As a bench trial, I can pretty

9   much try this any time during the month of

10  February 2008.  And that would be my preference,

11  assuming we get closed out in December,

12  mid-December, and we could have a supplemental

13  pretrial order submitted in January.  We'd be

14  ready to go.

15              And as I said, I'm available any

16  time during the month of February.  And I would

17  also be available any time or I'd make myself

18  available.  I have some conflicts, but I could

19  make myself available any time during the month

20  of April of 2008.

21              THE COURT:  So whatever date you

22  pick.

23              MR. SCHILDHORN:  I have a request,

24  Your Honor.

1           THE COURT:  Okay.

2           MR. SCHILDHORN:  I think we've

3   mentioned in our papers that our client has been

4   anxious to go to trial.  We're the plaintiff for

5   quite some time.  I was wondering if we could

6   set the April date for the trial on the Sea Star

7   on the Emerald counterclaim.

8           THE COURT:  Right.

9           MR. SCHILDHORN:  And we'll make

10  the February date for the complaint, assuming

11  that we still have a counterclaim, so that at

12  least my client knows that it's got a day or a

13  time period set aside to try the case in this

14  matter.

15          THE COURT:  I can do that.  I can

16  set -- if you are available at Sea Star, we can

17  set February for the Sea Star date and April.

18          Now, the only caveat would be, and

19  it's your trigger on what you're going to want

20  to discover and put Judge Stark through.  So as

21  long as you convince Judge Stark that what

22  you're going after can all be accomplished and

23  wrapped up and ready for an April trial, I'm

24  okay with that.

```
 1              MR. SCHILDHORN:  Your Honor, if

 2     there's discovery that we want to take between

 3     now and for the April hearing, --

 4              THE COURT:  Yes.

 5              MR. SCHILDHORN:  -- I presume we

 6     don't have to wait until the February trial is

 7     concluded --

 8              THE COURT:  Oh, no.

 9              MR. SCHILDHORN:  -- to seek that

10     discovery?

11              THE COURT:  Right.

12              MR. SCHILDHORN:  I can't imagine

13     that I'll need more time than that, Your Honor.

14              THE COURT:  You can be preparing

15     for the February trial, and concurrently doing

16     your discovery for the April trial.  The only

17     wrinkle is you'll be seeing me in February.  And

18     during the time of your discovery on Emerald's

19     counterclaim, you'll be seeing Judge Stark.

20              MR. SCHILDHORN:  And I assume,

21     Your Honor, that you're going to not rule on the

22     partial motion for summary judgment and the

23     motion for the appointment of a master.  You're

24     going to defer or you're going to deny that, one
```

1    way or another?

2              THE COURT:  I'm just going to

3    leave them sitting there for the time being,

4    because as I read through the papers and

5    reviewed the August discussions, I think this,

6    of course, since it's my plan, I should think

7    it's a good plan.

8              It's kind of being modest, but I

9    think I've got you on a track that will work for

10   you, you and the Court and get everybody out of

11   here by the end of spring.

12             MR. SCHILDHORN:  I understand,

13   Your Honor.  I appreciate it.

14             THE COURT:  So I'm just going to

15   sit on those motions, because I don't think

16   right now they're helpful.

17             MR. SCHILDHORN:  I appreciate it,

18   Your Honor.  Thank you for the clarification.

19             MR. ARMSTRONG:  Your Honor, in

20   regards to the counterclaim, my understanding is

21   that we don't start any additional discovery

22   until Judge Stark has an opportunity to set a

23   schedule or contact counsel.

24             THE COURT:  Well --

1          MR. ARMSTRONG:  Is that correct?

2          THE COURT:  Sort of.

3          MR. SCHILDHORN:  I was hoping we

4    could do it with agreement without the Judge's

5    intervention.

6          THE COURT:  Well, you're going to

7    have to meet with him to get a schedule, and

8    then he'll be available to you.  But let me say

9    this:  Your answer may, in some way, cause

10   limitations on the discovery that Emerald seeks.

11   But it's not going to prohibit discovery in some

12   fashion.

13          So if when you two meet, like

14   you're going to meet about the discovery on your

15   complaints, if you can agree to something

16   starting to go forward, there's no prohibition

17   from going forward on some things that Emerald

18   wants to get and then that you want to get.

19          MR. ARMSTRONG:  Well, I wasn't

20   really thinking about Emerald's discovery.  I

21   was thinking in terms of the Emerald deposition

22   and any other discovery that I want to take in

23   regard to the counterclaim.

24          THE COURT:  You can --

```
1            MR. ARMSTRONG:  I understand.
2            THE COURT:  You can start moving
3     on that.
4            MR. ARMSTRONG:  I can start any
5     time on that?
6            THE COURT:  Yes.
7            MR. ARMSTRONG:  All right, Your
8     Honor.
9            THE COURT:  Well, after your first
10    meeting with Judge Stark.
11            MR. ARMSTRONG:  That's what I
12    wanted to clarify.
13            THE COURT:  Which is going to be
14    like next week, --
15            MR. ARMSTRONG:  All right.
16            THE COURT:  -- either by phone or
17    he'll bring you back in.
18            But the only thing I ask you to do
19    is wait until you meet with him, so you can give
20    him a broad idea of what you're doing.  Then you
21    get started.
22            But you're not going to have to be
23    held off like even two weeks.  You're going to
24    be able to get going next week once you get with
```

1    him.

2              MR. ARMSTRONG:   That's fine.

3    Thank you, Your Honor.

4              THE COURT:   And when you get with

5    him, if you both have talked in the mean time

6    and you have agreement and you just said, Judge,

7    this is what we want to do and we appreciate you

8    being available if something comes up that's

9    disputed, then you can have at it.

10             MR. ARMSTRONG:   All right.   Thank

11   you, Your Honor.

12             THE COURT:   Is that your

13   understanding?

14             MR. SCHILDHORN:   Yes, Your Honor.

15   I think I'll think of my additional questions

16   after you leave the bench.

17             THE COURT:   Okay.   And so, you

18   know, I will be available by phone, but

19   sometimes I don't hear it ring.

20             That's what my kids accuse me of.

21   They say, Dad, how come you never answer your

22   cell phone?   I say, Oh, I hear it.   I know it's

23   ringing.   No, I'm only kidding.

24             I think you're going to be able to

1    make a lot of agreements with each other.  But I

2    do think there's some things, from what I saw in

3    the papers, that Judge Stark may have to decide,

4    if I understand where Emerald wants to go.  But

5    we'll see.

6                    MR. SCHILDHORN:  Thank you, Your

7    Honor.  I appreciate your clarification.

8                    THE COURT:  Okay.  So you're going

9    to get back to me.  I'm going to get Judge Stark

10    to call you.

11                    MR. SCHILDHORN:  Right.

12                    THE COURT:  I'm going to meet with

13    him this afternoon, and he'll be calling you to

14    either get you on the phone or to have you in in

15    person, whatever his or your preferences are.

16                    I'll be putting an order in place

17    that just has the November 22nd and December

18    14th dates in it.  And then you'll be telling me

19    what you have agreed to as trial dates in

20    February and April.

21                    MR. SCHILDHORN:  Great.

22                    THE COURT:  Okay?  All right.

23                    Thank you very much.  We'll be in

24    recess.

Hawkins Reporting Service
715 North King Street - Wilmington, Delaware 19801
(302) 658-6697  FAX (302) 658-8418

25

1     THE CLERK:  All rise.

2    (Court was recessed at 2:24 p.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

26

```
1   State of Delaware )
                     )
2   New Castle County )

3

4

5            CERTIFICATE OF REPORTER

6

7        I, Heather M. Triozzi, Registered

8   Professional Reporter, Certified Shorthand Reporter,

9   and Notary Public, do hereby certify that the

10  foregoing record, Pages 1 to 26 inclusive, is a true

11  and accurate transcript of my stenographic notes

12  taken on November 1, 2007, in the above-captioned

13  matter.

14

15       IN WITNESS WHEREOF, I have hereunto set my

16  hand and seal this 27th day of November, 2007, at

17  Wilmington.

18

19

20

21            Heather M. Triozzi, RPR, CSR
              Cert. No. 184-PS
22

23

24
```

Hawkins Reporting Service
715 North King Street - Wilmington, Delaware 19801
(302) 658-6697  FAX (302) 658-8418