IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC | : |
|     Plaintiff/ Counterclaim Defendant, | : |
| v. | :    Civ. No. 05-245-JJF-LPS |
| EMERALD EQUIPMENT LEASING, INC. | : |
|     Defendant/ Counterclaim Plaintiff, | : |

**UNCONTESTED MOTION OF EMERALD EQUIPMENT LEASING, INC. FOR AMENDMENT OF JUDGMENT AND/OR RELIEF FROM MEMORANDUM ORDER ENTERED ON DECEMBER 28, 2007**

Emerald Equipment Leasing, Inc. ("Emerald"), pursuant to Federal Rules of Civil Procedure 59 and 60, hereby moves this Court for entry of an Order for amendment of and/or relief from Memorandum Order entered in this matter on December 28, 2007. Sea Star Line, LLC ("Sea Star") does not oppose the relief sought herein.

**Background**

By Order entered December 13, 2007 (D.I. 155), a hearing was scheduled for December 20, 2007, at which time the parties were to address a number of issues, including the following:

    1.    The implication of the results of the "Baxter" test case for Emerald Equipment Leasing, Inc.'s renewed (i) Motion to Compel Sea Star Line, LLC Responses to Certain Interrogatories (D.I. 114), specifically Interrogatory Nos. 1, 2, 4, 6, 8 and 9, and (ii) Motion to Compel Sea Star Line, LLC's Production of Certain Documents (D.I. 115), specifically Document Request Nos. 5, 6, 8, 10, 11, 12, 23-25, and 25-42 and whether the Court should grant or deny such renewed motions;

    2.    Emerald Equipment Leasing, Inc.'s three requests for additional document discovery as set forth in Emerald's Reply to Sea Star Line, LLC's Response to Emerald's Submission

    Regarding Baxter Healthcare, Inc. (D.I. 151), and whether the Court should grant or deny such requests; and

    3. The specific nature of any other additional discovery request(s), including the identity of any additional witness(es) to be deposed, and whether the Court should grant or deny such requests for additional discovery.

Accordingly, a hearing as set forth above was held on December 20, 2007. As a result of said hearing, a Memorandum Order (D.I. 160) was issued granting various relief regarding the discovery requests pending.

## **Relief Sought**

Emerald seeks relief from the Memorandum Order in one very limited respect. At page 11 of the Memorandum Order, the Court states "Emerald intends to seek, at most, two additional depositions: (i) a records custodian, pursuant to Fed.R.Civ.P. 30(b)(6); and (ii) William Lauderdale. (158 at 76-77). This is not, however, what Emerald intended. Rather, Emerald intended to take a Fed.R.Civ.P. 30(b)(6) deposition of Sea Star Line LLC; the reference to the records custodian at the hearing in this matter was meant to refer to a separate deposition(s) of a records custodian(s), to the extent necessary, in connection with records produced in this matter. Apparently, the reference to a Fed.R.Civ.P. 30(b)(6) deposition of a Sea Star Line representative and the requested deposition of a records custodian became conflated during colloquy at the hearing.

At the hearing, the issue of the 30(b)(6) deposition was first raised when Emerald's counsel was discussing the interrogatory requests. Other than the request to compel a response to Interrogatory No. 1, Emerald's counsel indicated he would withdraw his request for responses to the other disputed interrogatories, since the information sought in those interrogatories could be elicited at a 30(b)(6) deposition (D.I. 158 at p. 75, line 23 to p. 76, line 14). Counsel for

Emerald then continued that another deposition may be sought, to the extent necessary of a records custodian (D.I. 158 at p. 76, line 15 to line 19). Finally, Emerald's counsel brought up the possibility of a deposition of Bill Lauderdale (D.I. 158 at p. 76, line 20 to p. 77, line 3). Upon further colloquy, Emerald's counsel thought he was agreeing with the Court's understanding that there would be a 30(b)(6) deposition regarding designated matters, a second deposition of Bill Lauderdale (either as a Sea Star employee; otherwise this would be a "independent" deposition for which a subpoena would be served) and, if necessary, a third or additional "records" depositions (D.I. 158 at p. 77, line 6-13). This appears to have been a misunderstanding.

Accordingly, Emerald seeks an amendment to and/or relief from the Memorandum Order only with respect to the Court's determination that "no depositions other than those of the records custodian or Mr. Lansdale, or those that had been noticed or agreed upon prior to December 20, 2007, shall be taken without leave of the Court" (see page 12 of Memorandum Order). Specifically, Emerald respectfully requests that the Memorandum Order be altered to the extent that depositions should also be allowed to include a Rule 30(b)(6) of Sea Star Line, LLC (subject to any Sea Star Line, LLC objections, if any, in connection with a notice of deposition or a subpoena issued), as well as depositions of a records custodian and Mr. Lauderdale.

The relief requested is well within the parameters of Rule 59 and/or Rule 60 of the Federal Rules of Civil Procedure. The provision in the Memorandum Order relating to the depositions sought by Emerald was entered on the mistaken belief that Emerald only intended to take a 30(b)(6) records deposition of Sea Star Line, LLC, when, in fact, Emerald intended to take a 30(b)(6) deposition of Sea Star Line, LLC, as well as records deposition(s), to the extent necessary. As such, based on what clearly appears to be a "mistake", Emerald believes the relief

sought should be granted to alter or amend the Memorandum Order pursuant to Fed.R.Civ.P. 59(e) and/or Fed.R.Civ.P. 60(b) providing relief from an Order based upon "mistake" or "inadvertence". Such Order should provide that Emerald be permitted to take a Rule 30(b)(6) deposition of Sea Star (independent of a records custodian deposition), subject to any Sea Star objection, if any, in connection with a notice of deposition issued in that regard.

Pursuant to Local Rule 7.1.1 Emerald has consulted with Sea Star's counsel who has agreed that the scope of the Sea Star 30(b)(6) should not be limited to a records deposition; however, Sea Star reserves its right to object based on the scope once it sees the subject matter set forth on any notice of deposition served.

Dated: January 14, 2008

ECKERT SEAMANS CHERIN & MELLOTT, LLC


By:  /s/Ronald S. Gellert
     Ronald S. Gellert, Esquire (No. 4259)
     300 Delaware Avenue, Suite 1210
     Wilmington, De  19801
     Phone: 302-425-0430
     Fax:     302-425-0432

                    and

     Gary M. Schildhorn, Esquire
     Alan I. Moldoff, Esquire
     Eckert Seamans Cherin & Mellott, LLC
     Two Liberty Place
     50 South 16th Street, 22nd Floor
     Philadelphia, PA  19102
     Phone: 215-851-8400
     Fax:     215-851-8383

     Counsel for Emerald Equipment Leasing, Inc.

{M0626003.1}