UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

SEA STAR LINE, LLC,
a limited liability company,        Civil Action No. 05-CV-245-JJF

    Plaintiff,

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,

    Defendant,

-vs-

SEA STAR LINE, LLC,

    Counter-Defendant.
_____/

## MOTION TO EXTEND TIME

    Pursuant to Fed. R. Civ. P. 6(b), Plaintiff/Counter-Defendant Sea Star Line, LLC ("Sea Star"), moves for entry of an Order extending the deadlines for documentary production and responses specified in the Magistrate's Order dated December 28, 2007 (D.I. 160). As grounds for this Motion, Sea Star would show the Court:

    1.    On December 7, 2007, Emerald Equipment Leasing, Inc. ("EEL") filed a Reply to Sea Star Line, LLC's Response to Emerald's Submission regarding Baxter Healthcare, Inc. D.I. 151.

    2.    As to the document demands listed in EEL's Reply (D.I. 151 at 8), the Magistrate's Memorandum Order, dated December 28, 2007, states:

Specifically, Sea Star is required to produce, within **twenty(20) days of the date of this Order**[5], the following:

A. All invoices, bills, or other similar documents between Sea Star and trucking companies used for the movement of containers to or from Baxter, for the time period April 29, 2002 through September 30, 2002. These documents should not just pertain to the specific Emerald equipment identified in the Baxter documents, but to all equipment.

B. A list identifying the five (5) largest trucking companies (by volume) used by Sea Star in the United States and the three (3) largest trucking companies used by Sea Star in Puerto Rico fro the period of April 29, 2002 through September 30, 2002. As to those five (5) trucking companies in the United States and the three (3) largest in Puerto Rico, Sea Star shall provide copies of all invoices exchanged between Sea Star and those companies for services rendered between April 29, 2002 and September 30, 2002.

C. Copies of all invoices exchanged between Sea Star and ET Heinsen, Sea Star's stevedoring company, used in the Dominican Republic, as well as any and all invoices from any company involved with loading, discharge or movement of any containers and/or chassis and/or gen sets from April 29, 2002 through September 30, 2002.

D. For the period May 1, 2002 through June 30, 2002, any and all copies of all original vessel manifests for each vessel that carried any containers, chassis or generators on Sea Star vessels directly, as an interline, or as a slot charter from or to any port.

D.I. 160 at 6-7 (footnote omitted).

3. With respect to EEL's demand for an "accounting" answer to Interrogatory No. 1 (D.I. 151 at 8), the Memorandum Order states:

Accordingly, with the respect to Emerald's renewed Motion to Compel Sea Star Line, LLC's Responses to Certain Interrogatories (D.I. 114), Emerald's request regarding Interrogatory No.1 is GRANTED, and Sea Star shall respond thereto **within twenty(20) days of the date of this Order**. *See supra* n.5.

D.I. 160 at 11.

    4.    To justify imposition of twenty-day deadlines for the document production and the interrogatory answer, the Magistrate noted:

> While Federal Rule of Civil Procedure 34 ordinarily allows for 30 days to respond to requests for production of documents, that time frame may be shortened by court order. Here, given that: this case has been pending in one form or another since March 1, 2004; Emerald served its document request on Sea Star a year ago in December 2006 (D.I. 103-04); Emerald moved to compel production of documents sought by its document request more than seven months ago in May 2007 (D.I. 115); Judge Farnam put Sea Star on notice more than four months ago at the August 2007 hearing that, depending on the results of the Baxter test, Sea Star might have to do a lot of work to produce documents; the parties have agreed to a discovery cut-off of March 1, 2008, which is barely more than two months away; and trial will be held in April 2008, the Court finds ample reason to shorten time allowed for responses to 20 days.

(D.I. at 6-7 n.5).

    6.    Footnote, however, does not mention that after a hearing on August 22, 2007, this Court denied EEL's discovery demands (D.I. 103, 104, 115) without prejudice (D.I. 130). Furthermore, the Magistrate ostensibly has overlooked the fact that the documentary listing in the Memorandum Order is derived from EEL's Reply to Sea Star Line, LLC's Response to Emerald's Submission regarding Baxter Healthcare, Inc. (D.I. 151 at 8), filed on December 7, 2008. That "this case has been pending in one form or another since March 1, 2004" when Sea Star filed its Complaint is not a ground for shortening time to respond. That "Sea Star might have to do a lot of work to produce documents" militates against shortening time.

    6.    In pertinent part Rule 6(b) provides: "when an act may or must be done withing a specified time, the court may, for a good cause, extend the time ...." Good cause certainly exists for granting Sea Star's request:

05130|MOT|10036795.WPD

(a) On January 14, 2008 Sea Star filed Objections and Motion to Set Aside Magistrate's Memorandum Order (D.I. 165) pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Until the Court rules on Sea Star's Objections and determines whether any aspects of the Magistrate's Memorandum Order are valid and enforceable, provision of documents and information in an effort to comply with the Order would be premature.

(b) The Magistrate's orders require review of numerous transactions and attempts to locate voluminous documents, many of which obviously have no relevance to EEL transactions or equipment. The April 29, 2002 - September 30, 2002 time-frame necessitates identification and retrieval of records from storage in an effort to determine whether and what materials described in the Memorandum Order still exist. Time and expense incurred in identifying, segregating, and copying existing material are significant.

(c) The Court must determine whether the Magistrate erred in affording EEL a private right of action to discover vessel cargo manifests filed with the federal government pursuant to 19 U.S.C. §1431 and 19 C.F.R. §103.31 and whether the Magistrate's ruling comports with canons of statutory construction and regulatory requirements for disclosure. If the Court orders production, Sea Star will request that delivery of the vessel cargo manifests be to the Magistrate for *in camera* review, segregation of legally discoverable information, and redaction of legally non-discoverable information, in accordance with statutory and regulatory proscriptions and judicial precedent before disclosure to a third party, such as EEL.

## CONCLUSION

Sea Star respectfully requests that the Court extend the deadlines for documentary production and responses specified in the Magistrate's Order dated December 28, 2007 (D.I. 160).

Pursuant to Local Rule 16.4, undersigned counsel certifies that she has caused a copy of this request to be sent to the client.

January 17, 2008

SMITH, KATZENSTEIN & FURLOW LLP

/s/ Kathleen M. Miller
Kathleen M. Miller (I.D. No. 2898)
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE 19899
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: Kmiller@skfdelaware.com

OF COUNSEL:
Timothy J. Armstrong
Armstrong & Mejer, P.A.
2222 Ponce de Leon Boulevard
Penthouse Suite
Miami, FL 33134
Telephone: 305-444-3355

*Attorneys for Sea Star Line LLC*

05130|MOT|10036795.WPD

## 7.1.1 Certification

I, Kathleen M. Miller, certify that I contacted counsel for Emerald Equipment Leasing, Inc. in an attempt to reach agreement with respect to the extension of time. After a discussion, counsel were unable to reach agreement.

January 17, 2008

_____
Kathleen M. Miller

05130|MOT|10036795.WPD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2008 a copy of the foregoing SEA STAR LINE, LLC'S MOTION TO EXTEND TIME was served on the parties listed below in the manner indicated:

*Facsimile*
ALAN I. MOLDOFF, ESQ.
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street
22nd Floor
Philadelphia, PA 19102
Email: amoldoff@eckertseamans.com

*Efiling and first class mail*
Ronald S. Gellert, Esq.
Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue
Suite 1210
Wilmington, DE 19801

/s/Kathleen M. Miller
Kathleen M. Miller (I.D. No. 2898)

05130|MOT|10036795.WPD