**EXHIBIT E**

LAW OFFICES

# GEBHARDT & SMITH LLP

NINTH FLOOR

THE WORLD TRADE CENTER

BALTIMORE, MARYLAND 21202-3064

BALTIMORE:    (410) 752-5830
WASHINGTON:    (301) 470-7458

FACSIMILE
(410) 385-5119

WRITER'S DIRECT DIAL NUMBER:

September 25, 2003

## VIA TELECOPIER (305) 442-4300

Timothy J. Armstrong, Esquire
Armstrong & Mejer
Suite 1111 Douglas Centre
2600 Douglas Road
Coral Gables, Florida 33134

Re:  Sea Star Line, LLC & MBC Leasing, Inc.

Dear Tim:

This will acknowledge receipt of your letter of September 19, 2003 purporting to confirm our telephone conversation of September 17, 2003. Although the letter is accurate in many respects, clarification is called for because your letter omits certain elements of our conversation and misstates certain of our discussions.

You state in the first paragraph of your letter that MBC Leasing, Inc. ("MBC") is obligated to "indemnify and defend Sea Star against any competing claimant's alleged entitlement to compensation for use of Emerald Equipment between April 27 and July 31, 2002." This statement is inaccurate in two respects.

First, MBC is only obligated to indemnify Sea Star Line, LLC ("Sea Star") against "competing claims" that have been determined to be valid by a "court of competent jurisdiction." Until such time, if any, as that occurs, MBC's only obligation is to defend.

Second, a claim is a "competing claim" only if it is "for use of EMERALD EQUIPMENT... during any period for which SEA STAR has paid MBC pursuant to this AGREEMENT." The mere fact that Emerald Equipment Leasing, Inc. ("Emerald") has asserted a claim against Sea Star for use of "Emerald Equipment" does not necessarily mean that the claim is a "competing claim." In fact, as discussed more fully below, it appears obvious based on our conversation that the claims being asserted by Emerald against Sea Star are not, at least in part, "competing claims."

SEE01A6

GEBHARDT & SMITH LLP

Timothy J. Armstrong, Esquire
September 25, 2003
Page 2

Consequently, your statement that I "acknowledged that MBC would be obliged to indemnify Sea Star against Emerald's claims" is not entirely accurate. What I did acknowledge, and stand by, is that a claim by Emerald against Sea Star seeking to require Sea Star to pay Emerald for use of "Emerald Equipment" for which Sea Star has already paid MBC is a "competing claim" covered by the Indemnity Agreement.

In a similar vein, your statement that I "reconfirmed that any Emerald claim cannot include equipment used in connection with the post-sale NPR shipments in process during late April and early May" is not entirely accurate either. What I did say is that it appeared from the materials included with your September 8, 2003 letter that Sea Star had, in fact, paid the bankruptcy estate of NPR, Inc. and affiliates for use of equipment to complete shipments in process in the April to May 2002 time period, something that MBC had not previously believed to be the case due to answers to interrogatories signed by NPR, Inc. and Holt Cargo Systems, Inc. I told you that I could not identify from the materials that you sent me precisely what equipment Sea Star paid for, but agreed that if it included the Emerald Equipment, neither MBC nor Emerald should be trying to make Sea Star pay again.

In terms of what I have "asked" or "advised" Scott Krieger to do with respect to communicating with Mr. Davis of Emerald, what I told you was that I understood that Mr. Krieger intended to inform Mr. Davis that MBC agreed that Emerald could not assert a claim against Sea Star for use of Emerald Equipment for which Sea Star had already paid the bankruptcy estates.

What you omitted from your letter, of course, is that you acknowledged that Sea Star does not dispute that it has used Emerald Equipment, albeit less than Emerald claims, and not paid for that use. Consequently, Sea Star has breached the Indemnity Agreement. You also failed to mention that you declined to provide documentation concerning what Sea Star acknowledges it owes or documentation demonstrating why the claims asserted by Sea Star are not valid or are "competing claims."

In light of your acknowledgement that Sea Star acknowledges that it has used Emerald Equipment and not paid MBC for that use, the claims being asserted by Emerald are, at least to some extent, cannot be "competing claims." MBC has no obligation to defend against claims arising from the use of Emerald Equipment by Sea Star for which Sea Star has not paid MBC. Amounts that Sea Star acknowledges it owes for use of Emerald Equipment should be remitted to MBC immediately and without any attempt by Sea Star to condition acceptance of Sea Star's payment upon any agreement by MBC that Sea Star has paid all amounts due.

GEBHARDT & SMITH LLP

Timothy J. Armstrong, Esquire
September 25, 2003
Page 3

In the absence of documentation demonstrating that Emerald is asserting claims against Sea Star for use of Emerald Equipment for which Sea Star has already paid MBC, to the extent that Emerald is asserting "competing claims" against Sea Star, there is little that MBC can do to "defend" Sea Star against those claims other than reiterate to Emerald that Sea Star cannot properly be required to pay for the use of the same equipment twice. Consistent with the Indemnity Agreement, MBC will intervene with Emerald on a more specific basis, but only upon being provided with documentation needed to support Sea Star's defense and only if Sea Star is not in default itself under the Indemnity Agreement when such documentation is provided.

Sincerely,

William L. Hallam

cc:    Scott H. Krieger

SE52148