## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC | : | |
| | : | |
| Plaintiff/ | : | |
| Counterclaim Defendant, | : | |
| | : | |
| v. | : | Civ. No. 05-245-JJF-LPS |
| | : | |
| EMERALD EQUIPMENT LEASING, INC. | : | |
| | : | |
| Defendant/ | : | |
| Counterclaim Plaintiff, | : | |

## EMERALD EQUIPMENT LEASING, INC. RESPONSE TO
## SEA STAR LINE, LLC MOTION TO EXTEND TIME AND
## REQUEST FOR EXPEDITED DISPOSITION

The Defendant/Counterclaim Plaintiff, Emerald Equipment Leasing, Inc. ("Emerald")

hereby responds to Sea Star Line, LLC ("Sea Star") Motion to Extend Time (the "Motion to

Extend")(D.I. 169), for which it seeks expedited disposition, and in support thereof states as

follows:

## RESPONSE

In the Motion To Extend, Sea Star seeks an Order extending the deadlines for

documentary production and responses specified in the Memorandum Order issued by

Magistrate Judge Stark (the "Magistrate") dated December 28, 2007 (D. I. 160).  In the

Memorandum Order, Sea Star is directed by the Magistrate to provide certain discovery on or

before January 17, 2008.  Instead, Sea Star filed, on January 14, 2008, its Objections and Motion

to Set Aside Memorandum Order (D.I. 165) (the "Motion to Set Aside Magistrate's Order").

Emerald believes the Motion to Set Aside Magistrate's Order raises frivolous issues and was

meant only to cause further delay.  See, the Emerald Response To Objections And Motion To Set

Aside Magistrate's Memorandum Order Together With Request For Sanctions (the "Emerald

Response To Sea Star Motion To Set Aside Memorandum Order") which was filed by Emerald on January 25, 2008 (D. I. 170) and is incorporated herein in full.

Furthermore, Sea Star appears to suggest, in support of its unfounded request to extend time to produce the discovery documents, that the documents which Emerald requested and which the Magistrate ordered be produced in the Memorandum Order are "new" requests. Accordingly, it states in its Motion to Extend Time at paragraph 6 [sic] as follows:"Furthermore, the Magistrate ostensibly has overlooked the fact that the documentary listing in the Memorandum Order is derived from EEL's Reply to Sea Star Line, LLC's Response to Emerald's Submission Regarding Baxter Healthcare, Inc. (D.I. 151 at 8), filed on December 7, 2008".  In fact, the documents requested by Emerald and which were ordered by the Magistrate in the Memorandum Order are, in certain respects, a more limited version of Emerald's Request For Production of Documents served on Sea Star in December, 2006 (D. I. 103-104). Although, the scope of certain records sought is enlarged to include all equipment used and not just Emerald equipment, the time period for which such records has been substantially narrowed.

In addition, and even more importantly, the parties had agreed that the discovery cutoff date would be March 1, 2008.  A trial is to be scheduled in connection with the Emerald Counterclaim some time in April, 2008.  The refusal of Sea Star to produce the documents and respond to the discovery request as directed by the Magistrate in the Memorandum Order now seriously prejudices Emerald's position.

Rule 6(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "when an act may or must be done within a specified time, the Court may, for a good cause, extend the time…." Based on the foregoing, there is no "good cause" set forth for the extension of time as requested by Sea Star.  The merits of Sea Star's Objections and Motion to Set Aside Magistrate

Memorandum Order are, as demonstrated in Emerald's Response To Sea Star's Motion To Set Aside Memorandum Order, without foundation.  While Sea Star contends that it needs additional time to produce the documents requested in order to afford time for Sea Star to locate those documents, it is respectfully suggested that if Sea Star spent less time fighting the document requests and more time locating requested documents, it would not need the additional time.  The Sea Star request to enlarge time should be denied.

## REQUEST FOR EXPEDITED CONSIDERATION

Given the time constraints as set forth herein, it is respectfully requested that this matter be considered and disposed of in an expedited manner, as the Court may allow.

## CONCLUSION

Emerald respectfully requests that the Court deny Sea Star's request to extend the deadlines for documentary production and responses specified in the Magistrate's Order dated December 28, 2007 (D.I. 160).  The documents and information requested should be supplied immediately and sanctions should be ordered as requested in the Emerald Response to Objections and Motion to Set Aside Magistrate's Memorandum Order, together with Request for Sanctions (D.I. 170).

ECKERT SEAMANS CHERIN & MELLOTT, LLC


By: s/s Ronald S. Gellert
    Ronald S. Gellert, Esquire (No. 4259)
    Tara L. Lattomus, Esquire (No. 3515)
    300 Delaware Avenue, Suite 1210
    Wilmington, De  19801
    Phone:  302-425-0430
    Fax:     302-425-0432

and

Gary M. Schildhorn, Esquire
Alan I. Moldoff, Esquire
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
Phone:  215-851-8400
Fax:     215-851-8383