IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, a limited liability company, : : : | |
| Plaintiff, : : | |
| v. : | Civ. Act. No. 05-245-JJF |
| : | |
| EMERALD EQUIPMENT LEASING, INC., : a corporation, : : | |
| Defendant. : | |

## MEMORANDUM ORDER

Plaintiff Sea Star Line, LLC ("Sea Star") has filed an Objection And Motion To Set Aside Magistrate's Memorandum Order (D.I. 165) in response to a Memorandum Order (D.I. 160) issued by Magistrate Judge Stark concerning matters referred to him by this Court for resolution. The Objection has been fully briefed by both Sea Star and Defendant, Emerald Equipment Leasing, Inc. ("Emerald").

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), this Court may reconsider any pretrial matter referred to the magistrate judge, if it is shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has considered Sea Star's objections in the context of the parties' submissions and Judge Stark's Memorandum Order and finds each of Sea Star's objection lacks merit.

First, the Court finds no clear legal error in Judge Stark's conclusion that Emerald's discovery motions were properly renewed. Judge Stark afforded the parties a full and fair

opportunity to present their positions on the relevant issues (D.I. 148), and therefore, neither party has been prejudiced by the Court's consideration of these issues.

With respect to Sea Star's standing arguments, the Court agrees with Judge Stark that such arguments should not be an impediment to discovery at this juncture. To the extent Sea Star wishes to pursue its standing arguments, it should do so in the context of an appropriate dispositive motion for Judge Stark's consideration.

As for Sea Star's argument that the ordered discovery is barred by 19 U.S.C. § 1431(c) and 19 C.F.R. § 1431(c), the Court agrees with Judge Stark that Sea Star has not demonstrated the applicability of that statute and the related regulation to circumstances involving court ordered discovery by a litigant. As Judge Stark correctly points out the case law cited by Sea Star is inapposite. In the alternative, the Court finds that Judge Stark has provided the parties with an appropriate mechanism for any redactions in the vessel manifests which Sea Star believes may be required by law.

The Court further finds no clear error in Judge Stark's finding that a 31-34% deviation between the vendor bills and self-bills is a significant discrepancy justifying the discovery sought by Emerald. Emerald has narrowed its original discovery

2

requests, and the Court forewarned Sea Star that discovery would be permitted in these types of circumstances.

Sea Star's remaining objections are to certain factual statements by Judge Stark, which Sea Star contends are clearly erroneous. However, the statements to which Sea Star refers do not appear to be relevant to the discovery issues raised. Indeed, Sea Star does not offer a full explanation as to why those statements are incorrect or how they impact the ordered discovery. Accordingly, the Court cannot conclude that Judge Stark's Order is clearly erroneous or contrary to the law.[1]

NOW THEREFORE, IT IS HEREBY ORDERED that Sea Star's Objections to Magistrate Judge Stark's Memorandum and Order are **OVERRULED**, and the Motion To Set Aside Magistrate's Memorandum Order (D.I. 165) is **DENIED**.

February 21, 2008
DATE

UNITED STATES DISTRICT JUDGE

---

[1] Emerald suggests in its Response to Sea Star's Objections that sanctions against Sea Star are warranted. However, any award of sanctions should be considered by Magistrate Judge Stark in the first instance consistent with the Court's order referring to him all pretrial matters. Accordingly, to the extent Emerald intends to maintain its request for sanctions against Sea Star, it should present that request to Judge Stark.