# EXHIBIT B

# ADELMAN LAVINE GOLD AND LEVIN
A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW

LEWIS H. GOLD
GARY M. SCHILDHORN
BARRY D. KLEBAN
GARY D. BRESSLER
STEVEN D. USDIN
RAYMOND H. LEMISCH
BRADFORD J. SANDLER
ALAN L MOLDOFF
KATHLEEN E. TORBIT
MARK PFEIFFER
JENNIFER R. HOOVER
ALEXANDER MORETSKY
MARIE C. DOOLEY

SUITE 900
FOUR PENN CENTER
PHILADELPHIA, PA. 19103-2808
(215) 568-7515
FACSIMILE (215) 557-7922
susdin@adelmanlaw.com
www.adelmanlaw.com

90 John Street, Suite 701
New York, NY 10038
(212) 227-9389

919 N. Market Street,
Suite 710
Wilmington, DE 19801
(302) 654-8200

January 19, 2007

**BY FIRST-CLASS MAIL AND TELECOPIER**

Timothy J. Armstrong, Esquire
Armstrong & Mejer
Suite 1111, Douglas Center
2600 Douglas Road
Coral Gables, FL 33134

Re:   Sea Star Line, LLC v. Emerald Equipment Leasing, Inc.
      U.S. District Court for the District of Delaware
      Case No. 05-CV-00245-(JJF)

Dear Mr. Armstrong:

Enclosed is Emerald Equipment Leasing, Inc.'s Objections and Response to Request For Production of Documents Propounded by Plaintiff, Sea Star Line, LLC in the above-referenced matter. Under separate cover (except as to Bates-numbered document E68,500 to 68,501 enclosed herewith), my client is forwarding to you Bates-stamped documents as following:

1.   MITs and certain related material which have been Bates numbered E-60,000-63,113 and E-63,236-68,158.

2.   Bills of Sale Bates numbered E-68,159-68,368; and

3.   Updated schedules ("invoices") for all Emerald Equipment Bates numbered E-63,114-63,235 and 68,369-68,395.

Many of the MITs have already been supplied to Sea Star as part of prior document productions. However, certain of these MITs have additional handwritten notations made thereon relating to updated information received by Emerald throughout this litigation and, therefore, in order to make certain that all MITs with the most updated information have been supplied to Sea Star, we are providing these in bulk. In addition, the related materials with respect to the MITs consist primarily of various documentation which Emerald received from Sea Star, but which was never

Timothy J. Armstrong, Esquire
January 19, 2007
Page 2

Bates stamped by either Sea Star or Emerald. Accordingly, this documentation is being submitted to Sea Star which have now been Bates numbered by Emerald.

      Should you have any questions regarding the foregoing, please do not hesitate to contact me. Thank you very much.

                              Very truly yours,

                              ALAN I. MOLDOFF

AIM:md
cc:    Emerald Equipment Leasing, Inc.
       Gary M. Schildhorn, Esquire

g:\393\10\letters\armstrong-md10

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC, a limited liability company, | : | CIVIL ACTION |
| Plaintiff, | : | |
| -vs- | : | |
| EMERALD EQUIPMENT LEASING, INC., a corporation, | : | |
| Defendant/Plaintiff on the Counterclaim | : | Case No. 05-CV-00245-(JJF) |
| -vs- | : | |
| SEA STAR LINE, LLC | : | |
| Defendant on the Counterclaim | : | |

### EMERALD EQUIPMENT LEASING, INC.'S OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF, SEA STAR LINE, LLC

Defendant, Emerald Equipment Leasing, Inc., (hereinafter, "Defendant" or "Emerald"), by and through its attorneys, Adelman Lavine Gold and Levin, a Professional Corporation, hereby responds to Plaintiff, Sea Star Line, LLC's (hereinafter, "Plaintiff" or "Sea Star") Request for Production of Documents ("document requests") as follows:

### GENERAL OBJECTIONS

1.   Defendant objects to Plaintiff's document requests to the extent that each request seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

G:\393\10\pleading\obj-answer to document request-ee.DOC

2. Defendant objects to Plaintiff's document requests to the extent the document requests are duplicative of the voluminous discovery which has already been requested and exchanged between the parties in this litigation. To such extent, Defendant objects to the document requests as unreasonable and/or unduly burdensome, given the discovery already provided in this case.

3. Defendant objects to the definitions and/or instructions of Plaintiff's document requests to the extent that they purport to alter, expand or otherwise modify Defendant's obligations under the applicable Rules of Civil Procedure, or are, in any manner, overbroad.

4. Defendant specifically objects to Plaintiff's definitions of "Defendant", "Counter-Plaintiff", "Emerald", "MBC", "Storage", "Representative" and/or "Representatives" as overbroad.

5. Defendant specifically objects to Plaintiff's definitions of "relating", "related" and "pertaining" to a given subject as unduly burdensome and/or unreasonable.

6. Defendant specifically objects to the "Instructions" to the extent they imply that Defendant has any obligation to produce documents previously Bates numbered and produced by Sea Star in this case. Defendant reserves the right to use any document Bates numbered and provided by Sea Star in this litigation either at the time of trial or in any pretrial proceeding in this matter. Any documents, however, that Emerald has received from Sea Star which have not been Bates stamped by Sea Star and which Emerald may rely on in this matter, will be Bates numbered by Emerald and produced by Emerald.

7.  Defendant objects to Plaintiff's document requests to the extent that they seek:

(a) attorney work product;

(b) privileged information, including, but not limited to, information or documents which are subject to the attorney/client privilege;

(c) documents and tangible things prepared in anticipation of litigation or for trial by Plaintiff or its attorneys, agents or representatives; or

(d) information or documentation which is otherwise not discoverable under the Rules of Civil Procedure.

8.  Defendant objects to Plaintiff's document requests to the extent that the terms and phrases contained therein are undefined, vague and/or ambiguous.

9.  Defendant objects to Plaintiff's document requests to the extent they seek or require a legal conclusion to be made.

10. The production of any documents in response to Plaintiff's document requests are made without waiving any objections which Defendant may have with respect to the admissibility of that information or any portion thereof.

11. Defendant has made a good faith and reasonable effort to respond to Plaintiff's document requests; however, Defendant's investigation relating to the above-captioned matter is continuing, and thus, Defendant has neither completed its own discovery nor completed its preparation for trial. Accordingly, the following responses are based on Defendant's knowledge, information and belief at this time. Defendant specifically reserves the right to amend its answers and responses herein as additional information is discovered.

12. These general objections are continuing and are therefore applicable to each of the following requests contained in Plaintiff's document requests. Subject to and without waiving the foregoing objections, Defendant hereby submits the following responses to Plaintiff's document requests.

### SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. Documents responsive to this request have been previously produced. Updated schedules are being produced herewith.

2. Emerald objects to this request since all Emerald Equipment between January 1, 2002 and April 27, 2002 were in the possession of NPR Inc. and therefore any such requests should be directed to NPR, Inc. To the extent any documents which may be responsive to this request are in Emerald's possession, custody or control, such documents have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

3. Emerald objects to this document request to the extent that this request should be directed to MBC or Storage. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

4. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

G:\393\10\pleading\obj-answer to document request-cc.DOC

5. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

6. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

7. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

8. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

9. To the extent any such documents exist, all documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

10. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith

11. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

12. To the extent any such documents exist, all documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

13. To the extent any such documents exist, all documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

14. Emerald objects to this document request to the extent that this request should be directed to NPR, Inc., MBC or Storage. Without waiver of said objection, none.

15. Emerald objects to this document request to the extent that this request should be directed to NPR, Inc., MBC or Storage. Without waiver of said objection, all documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

16. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

17. None.

18. Emerald objects to this document request to the extent that this request should be directed to NPR, Inc., MBC or Storage. Without waiver of said objection, none.

19. All documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

20. All documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

21. All documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

22. All documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

23. Emerald objects to this request to the extent that the phrase "initially was listed in Emerald claims delivered to Sea Star after March 31, 2005", is vague and unclear. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

24. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

25. Emerald objects to this document request to the extent that this request should be directed toward NPR, Inc., MBC or Storage. Without waiver of said objection, to the extent such documents exist, such documents have been

        previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

26. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

27. Emerald objects to this document request to the extent that this request should be directed toward MBC, Storage, NPR, Inc. or Holt Cargo Systems, Inc. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

28. Emerald objects to this document request to the extent this request should be directed toward MBC, Storage, NPR, Inc. or Holt Cargo Systems, Inc. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

29. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

30. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

31. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

32. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

33. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

34. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

35. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

36. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. Without waiver of said objection, to the extent any such documents exist, all documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

37. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

38. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

39. Emerald objects to this document request to the extent that the phrase "offers to sell, lease or rent" is vague and ambiguous. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as may be supplemented by the documents submitted herewith.

40. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

41. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

42. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

43. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. Without waiver of said objection, any such documents have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

44. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. Without waiver of said objection, all

documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

45. None.

46. None.

47. Emerald objects to this document request to the extent that this request should be directed toward MBC, Storage or NPR, Inc. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

48. Emerald objects to this document request to the extent that this request should be directed toward MBC, Storage or NPR, Inc. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

49. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

50. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea

Star or Emerald, except as supplemented by the documents submitted herewith.

51. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. Without waiver of said objection, none.

52. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

53. Emerald objects to this document request to the extent that the request is ambiguous and the term "notices" is vague and undefined. Without waiver of said objection, none.

54. All documents responsive to this request have been previously produced either by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

55. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. In addition, Emerald objects to this request since it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

56. Emerald objects to this document request to the extent that this request should be directed toward MBC or Storage. In addition, Emerald objects to this request since it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

57. Emerald objects to this document request to the extent that this request should be directed toward MBC or Thomas Holt, Sr. In addition, Emerald objects to this request since it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

58. Emerald objects to this document request to the extent that this request should be directed toward MBC, Thomas Holt, Sr., or Thomas Holt, Jr. In addition, Emerald objects to this request since it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

59. Emerald objects to this request to the extent that the term "guarantees" is undefined and vague. In addition, Emerald objects to this request since it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

60. Emerald objects to this document request to the extent the term "carveout" is vague and undefined. In addition, Emerald objects to this document request since it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver of said objection, see letter agreement dated February 25, 2004 submitted herewith with Bates number E68,500-68,501.

61. Emerald objects to this document request to the extent that this request since it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

62. Emerald objects to this document request to the extent it seeks or requires a legal conclusion to be made. Without waiver of said objection, such documents, if any, are public documents filed in Emerald's bankruptcy proceeding.

63. Emerald objects to this document request to the extent it seeks or requires a legal conclusion to be made. Without waiver of said objection, such documents, if any, are public documents filed in NPR, Inc.'s bankruptcy proceeding.

64. All documents responsive to this request have been previously produced by Sea Star or Emerald.

65. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

66. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

67. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

68. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents

        responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

69. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

70. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

71. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

72. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

73. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

74. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents

responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

75. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

76. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

77. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

78. All documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

79. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

80. Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents

      responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

81.  Emerald objects to this request to the extent that it seeks or requires a legal conclusion to be made. Without waiver of said objection, all documents responsive to this request have been previously produced by Sea Star or Emerald, except as supplemented by the documents submitted herewith.

                          ADELMAN LAVINE GOLD AND LEVIN,
                          A Professional Corporation

                          BY: _____
                          GARY M. SCHILDHORN, ESQUIRE
                          ALAN I. MOLDOFF, ESQUIRE
                          Suite 900, Four Penn Center
                          Philadelphia, PA  19103-2808
                          (215) 568-7515 (Phone)
                          (215) 557-7922 (Fax)