**EXHIBIT "A"**

Alan I Moldoff/ESCM
04/17/2008 02:33 PM

ECKERT
SEAMANS
www.eckertseamans.com

To  KMM@skfdelaware.com, amesq@aol.com
cc  gschildhorn@eckertseamans.com
bcc  lrobins@holtoversight.com
Subject  Sea Star - Emerald

Kathy/Tim,

We have had some opportunity to review the various discovery responses made by Sea Star as ordered by Magistrate Stark. Upon our review so far, there are still issues which need to be resolved. They are:

1. Review of the new disk provided by Sea Star which is supposed to contain all original vessel manifests for the period May 1, 2002 through June 30, 2002 for each vessel that carried any containers, chassis, or generators on Sea Star vessels directly, as an interline, or as a slot charter from or to any port (the "Manifests") indicates that a substantial number of the Manifests provided are "blank", i.e., there is only a cover page and then no information following. I raised this issue several weeks ago after we received the first Manifest disk. The new disk provided by Sea Star has the same "blank" Manifests. No explanation for these "blank" Manifests has ever been provided.

2. In addition, there still appear to be missing Manifests. While the new Manifest disk Sea Star provided contained the "missing' Manifests we previously were able to identify, there still appear to be additional missing Manifests. For example, a cursory review of the documents provided by Baxter shows the transport of Baxter goods by Sea Star on voyages for which Manifests were not provided. These appear to include: Humacao 567 N; Mayaguez 565 N; and Elyun 257 N. We should not have to identify the voyages for Sea Star. Rather, Sea Star is supposed to comply with the Magistrate's discovery order to provide all Manifests for the relevant time period. It did not comply initially and it appears it still has not complied after its second attempt.

3. With respect to the 7 boxes of truck invoices recently provided relating to the truckers Sea Star identified as the five largest (by volume) "trucking companies" used by Sea Star in the U.S., it appears that only about 20% of the invoices had any backup material/documentation to show the equipment pieces used. As you know, Sea Star initially provided only the cover sheet for the invoices without any of the additional information to show the equipment pieces used, which, of course, was the reason for the discovery in the first place. Now, although some of this back up documentation was finally provided, most of the invoices have none of the backup information to show the equipment pieces used similar to the documentation for approximately 20% of the invoices which was provided. Where is this additional information?

4. Furthermore, I am advised that one of the "trucking companies" for which Sea Star provided invoices - namely Carribean Shipping Services - is not really a "trucking company". Rather, it is my understanding Caribbean Shipping provides services which include engaging truckers to move the cargo. As such, it appears the invoices from Carribean Shipping will not identify the equipment pieces used to move the cargo since they are not the "trucker' moving the cargo. As you know, I earlier discussed my concern with you that apparently Sea Star identified the largest trucking companies by volume in terms of dollar amount of services provided, as opposed to measuring volume by quantity of loads moved. It is the quantity of moves which would identify the most equipment involved, as was the clear intent of the discovery request. The fact that Sea Star identified Carribean Shipping as a "trucking company", whose invoices would not contain any of the equipment information sought by Emerald, just adds to my concerns.

5. Finally, we still have not received the schedules attached to Sea Star's response to Interrogatory No. 1 in word or excel format. Furthermore, Sea Star still has not provided the requested information for all of the equipment identified on Schedule C of its response.

It has been weeks since the above information was supposed to have been supplied by Sea Star as ordered by Magistrate Stark. If a sufficent response to resolve these issues are not given by tomorrow,

Emerald will request that Magistrate Stark schedule a telepone hearing to resolve these issues.

PLEASE NOTE THAT AS OF JULY 17, 2007, MY PHONE NUMBER AND ADDRESS HAVE CHANGED AS SET FORTH BELOW.

Alan Moldoff, Esquire

Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102

215-851-8450 (phone)
215-851-8383 (fax)
amoldoff@eckertseamans.com

This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.