**EXHIBIT "C"**

Alan I Moldoff/ESCM
04/23/2008 10:39 AM

**ECKERT**
**SEAMANS**
www.eckertseamans.com

To  Amesq@aol.com

cc  KMM@skfdelaware.com, gschildhorn@eckertseamans.com

bcc  lrobins@holtoversight.com, arthurdavis782@aol.com

Subject  Re: Sea Star - Emerald

Tim,

I will try to respond as succinctly as possible to the issues you raised below in connection with Emerald's Objections and Responses To Request For Documents which were served on Sea Star more than a year ago on January 19, 2007. If you want to discuss any of this, please call.

1. Request No. 1: As you know, the documentation produced throughout discovery continuously reveals additional or new information evidencing Sea Star's use of the Emerald Equipment. Also, as you know, based on this additional information received in discovery, Emerald has, from time to time, updated its equipment schedules ("invoices") to try to make the information on the invoices (i.e., rent charges and stipulated loss values) as accurate as possible. These adjustments have been made both up and down, i.e., sometimes in Emerald's favor, sometimes in Sea Star's favor, depending on what the documentation shows. Emerald's claim is approximately $4.8 Million. The changes - up or down - have been relatively minor compared to the magnitude of the overall claim.Of course, none of this would have been necessary had Sea Star submitted accurate self billing reports in the first place. Nonetheless, Emerald, has no problem working out a procedure with Sea Star whereby updates to the invoices are provided periodically as the documents are being reviewed. Please call so we can coordinate.

2. Request Nos. 3 and 27: Emerald provided all the inventories it could locate at the time of its initial production of documents. Furthermore, despite your contentions, MBC and Storage Transfer are separate entities and neither are Emerald's "alter ego". Accordingly Emerald believes its objection that documents from MBC and Storage Transfer should be obtained from those entities directly was appropriate. Furthermore, in any event, you have subpoened and received documents from both MBC and Storage Transfer. As you know, Emerald has provided tens of thousands of documents. If the production of documents from other sources included certain documents which you believe should have been in Emerald's possession, so be it. There was no intention on Emerald's part not to include those documents. Indeed, Emerald believes those documents serve only to further support Emerald's position. Since these documents you mentioned have already been provided in discovery through either the deposition process or subpoena, I don't know how Emerald can further supplement. Do you want Emerald to resend these documents now produced in discovery? What purpose would that serve? In any event, I will ask Emerald to review its files to see if it can determine if there are any further documents which may be responsive to the document requests and which may have come into existence since the time of the initial document production which have not been produced.

3. Request Nos. 4 and 5: I do not know what documents you believe Emerald has in its possession which it has not provided in connection with the MIT reports. If you know what they are, please tell us. If there were TIRs or other supporting documents for those MITs, they would be in Sea Star's possession, not Emerald's. Those documents should have been prepared by Sea Star or its agents. If they were prepared, Sea Star should have them and should have produced them. Many, if not most, of these MITs are from the terminals in Puerto Rico or the Dominican Republic which were controlled either by Sea Star or its agents. I don't know why you state documents such as TIRs relating to these terminals are in Emerald's possession or Emerald has access to them. Please tell me why you believe this to be the case.

4. Request Nos. 9 13, 14 and 15: See No. 3 above. Furthermore, the information and data mentioned by Tom Holt Sr. and Lorraine Robins refer to computer entries. That is what is contained on the MITs which have been produced. I don't know what other records you believe Emerald has which it has not produced. Please let me know.

5. Request No. 10: The "grace period" is mentioned in E 5106- E 51010 which has been previously

produced.

6. Request Nos. 12 and 14: See No. 3 above. In addition, the handwritten notes on the MITs refer to other documents produced throughout discovery such as the self billing reports or inventories. If you are unsure about this, let me know. Also, the railroads' truckers' and depot reports in Emerald's possession have been produced. In fact, I believe much of this was from documents received from Sea Star in this discovery. Again, I don't know what documents you believe Emerald has which it has not provided. Please let me know.

7. Request No. 16: The electronic gate activity documents at Packer Avenue were provided previously by Emerald at EM 14000 to EM 16399. The gate at Puerto Nuevo in Puerto Rico was and is controlled by Sea Star. It is Sea Star that has not provided these documents. If I am wrong about this, please tell me why.

8. Request No. 25: See No. 2 above.

9. Request No. 39: See No. 2 above.

10. Request No. 47: See No. 2 above. Furthermore, I don't know what "agreements" to which you are referring.

11. Request No. 55 and 56: See No. 2 above.

12. Request No. 63: The term "bookings" came from the deposition testimony of Phil Bates taken in this litigation.

Thank you.

PLEASE NOTE THAT AS OF JULY 17, 2007, MY PHONE NUMBER AND ADDRESS HAVE CHANGED AS SET FORTH BELOW.

Alan Moldoff, Esquire

Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102

215-851-8450 (phone)
215-851-8383 (fax)
amoldoff@eckertseamans.com


This communication may contain federal tax advice. Recent IRS regulations require us to advise you that any discussion of federal tax issues in this communication was not intended or written to be used and cannot be used to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting these IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the Firm's Tax partners if you have any questions regarding federal tax advice.


Amesq@aol.com



Amesq@aol.com
04/18/2008 04:52 PM

To  Alan I Moldoff/ESCM@ESCM
cc  KMM@skfdelaware.com