

# SEA STAR LINE, LLC

October 4, 2002

<u>Via Federal Express</u>

Scott Krieger
MBC Leasing Corp.
Two Hopkins Plaza
5th Floor
Baltimore, MD 21201

Dear Scott,

We finally received the last page (Schedule "A") from Emerald Equipment Leasing, and have sent all the countersigned documentation to William Hallam, Esq. as requested. (The MBC Leasing Corp. Lease, the Indemnity Agreement, and a copy of the complete Emerald Equipment Leasing Rental Agreement – copies enclosed FYI.)

Enclosed with this letter we have provided our payments for equipment usage of MBC containers as well as Emerald equipment, less the storage and handling of Emerald equipment which was provided by Sea Star Line:

1)    Check #36806 – $52,517.15 (MBC Equipment)
      Perdiem 4/27/02–7/31/02 – (No Storage or Handling)

2)    Check #36805 – $29,250.05 (MBC Equipment)
      Perdiem 8/1/02-8/31/02 – (No Storage or Handling)

3)    Check #36807 – $184,084.93 (For Emerald Equipment)
      Perdiem 4/27/02–7/31/02 – (Less Storage and Handling)

4)    Check #36806 – $52,517.15 (For Emerald Equipment)
      Perdiem 8/1/02-8/31/02 – (Less Storage and Handling)

The perdiem "Self-Billing" report summaries are enclosed with each payment, and correspond to the self-billing detail reports you have previously received from Sea Star Line.

100 Bell Tel Way, Suite 300 • Jacksonville, Florida 32216
Tel: (904) 855-1260 • Fax: (904) 724-3011

SE50895

A-189

The storage and handling charges are the same as the detailed invoices we have previously provided to you (copies of statements are enclosed). We have reduced the storage and handling total (4/27/02 to 7/31/02) by $4,620.00 – credit memo #1000003576 and by $4,221.90 – credit memo #1000003577 which are enclosed. (These were two errors noted by Art Davis.)

I am very pleased that we have finally found a means to clear-up these issues and to proceed toward a more normal business relationship.

Please let me know if you need any further clarification of any details.

Sincerely,

Philip V. Bates
Senior VP Operations

Cc:    William Hallam, Esq.
       Tim Armstrong, Esq

Enclosures



| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | AMOUNT PAID | DISCOUNT | WRITE OFF | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| 00000000000051282 | 04/27-07/31/02 | 10/3/02 | $52,517.15 | $52,517.15 | $0.00 | $0.00 | $52,517.15 |

| | | | $52,517.15 | $52,517.15 | $0.00 | | $52,517.15 |

COMMENT     MBC LEASING



**SEA STAR LINE, LLC**
OPERATING ACCOUNT
100 BELL TEL WAY, SUITE 300
JACKSONVILLE, FL 32216

FIRST UNION
CORAL WAY BRANCH
2720 CORAL WAY
MIAMI, FLORIDA 33145-3271
63-643/670

36806

DATE
10/4/02

AMOUNT
$52,517.15

PAY   *Fifty Two Thousand Five Hundred Seventeen Dollars And 15 Cents*

TO THE
ORDER
OF

MBC LEASING CORP.
ATTN: SCOTT H. KRIEGER
2 HOPKINS PLAZA, 5TH FLOOR
BALTIMORE MD 21201

*Robert P. Teeth*

*William S. Warden*

⌐▤

⑈0 36806⑈  ⑈06700643 2⑈ 200000 28 106 8 ⑈

SEA STAR LINE, LLC / OPERATING ACCOUNT 100 BELL TEL WAY, SUITE 300, JACKSONVILLE, FL 32216          36806

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | AMOUNT PAID | DISCOUNT | WRITE OFF | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| 00000000000051282 | 04/27-07/31/02 | 10/3/02 | $52,517.15 | $52,517.15 | $0.00 | $0.00 | $52,517.15 |

| | | | $52,517.15 | $52,517.15 | $0.00 | | $52,517.15 |

COMMENT     MBC LEASING

10/4/2002

## MBC EQUIPMENT A/P SUMMARY

| Owner: | Billing Period | Contract No. | Total # Units | Remarks | Total Amount Billed | Total Amount Paid | Date Paid | Check No. |
|---|---|---|---|---|---|---|---|---|
| MBC | 4/27/02 - 5/14/02 | MBC | 313 | | $3,760.10 | $0.00 | | |
| MBC | 5/15/02 - 5/31/02 | MBC | 383 | | $7,458.30 | $0.00 | | |
| MBC | 6/1/02 - 6/30/02 | MBC | 387 | | $14,274.50 | $0.00 | | |
| MBC | 7/1/02 - 7/31/02 | MBC | 722 | | $27,024.25 | $0.00 | | |

EQUIPMENT USAGE DUE TO
MBC LEASING CORP.: 4/27/02 - 7/31/02   TOTAL: $52,517.15

STORAGE AND HANDLING DUE TO SEA STAR LINE   TOTAL: $0.00

BALANCE DUE TO MBC LEASING CORP. 4/27/02 - 7/31/02 TOTAL: $52,517.15

SEA STAR LINE, LLC

SE50898

A-192

## SEA STAR LINE, LLC
## SELF-BILLING REPORT

Billing Period:  4/27/02 TO 5/14/02
Owner:  MBC

| LOCATION | EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|---|
| JACKSONVILLE, FL | NPRU675 - 40' HC CONTAINER | 62 | $1.15 | $730.25 |
| | UXXU - 45' HC CONTAINER | 24 | $1.40 | $350.00 |
| | SCSU450 - 45' HC CONTAINER | 12 | $1.40 | $156.80 |
| | | 98 | | $1,237.05 |
| | | | | |
| SAN JUAN, PR | NPRU675 - 40' HC CONTAINER | 144 | $1.15 | $1,614.60 |
| (INCLUDES DOMINICAN) | UXXU - 45' HC CONTAINER | 38 | $1.40 | $518.00 |
| | SCSU450 - 45' HC CONTAINER | 16 | $1.40 | $208.60 |
| | | 198 | | $2,341.20 |
| | | | | |
| PORT ELIZABETH, NJ | NPRU675 - 40' HC CONTAINER | 7 | $1.15 | $58.65 |
| | UXXU - 45' HC CONTAINER | 5 | $1.40 | $64.40 |
| | SCSU450 - 45' HC CONTAINER | 5 | $1.40 | $58.80 |
| | | 17 | | $181.85 |

| GRAND TOTAL | 313 | $3,760.10 |
|---|---|---|

## SEA STAR LINE, LLC
## SELF-BILLING REPORT

**Billing Period:** 5/15/02 TO 5/31/02
**Owner:** MBC

| LOCATION | EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|---|
| JACKSONVILLE, FL | NPRU675 - 40' HC CONTAINER | 67 | $1.15 | $1,273.05 |
| | UXXU - 45' HC CONTAINER | 30 | $1.40 | $663.60 |
| | SCSU450 - 45' HC CONTAINER | 17 | $1.40 | $354.20 |
| | | 114 | | $2,290.85 |
| | | | | |
| SAN JUAN, PR (INCLUDES DOMINICAN) | NPRU675 - 40' HC CONTAINER | 178 | $1.15 | $3,224.60 |
| | UXXU - 45' HC CONTAINER | 52 | $1.40 | $1,079.40 |
| | SCSU450 - 45' HC CONTAINER | 21 | $1.40 | $471.80 |
| | | 251 | | $4,775.80 |
| | | | | |
| PORT ELIZABETH, NJ | NPRU675 - 40' HC CONTAINER | 7 | $1.15 | $136.85 |
| | UXXU - 45' HC CONTAINER | 6 | $1.40 | $135.80 |
| | SCSU450 - 45' HC CONTAINER | 5 | $1.40 | $119.00 |
| | | 18 | | $391.65 |

| GRAND TOTAL | 383 | | $7,458.30 |
|---|---|---|---|

## SEA STAR LINE, LLC
## SELF-BILLING REPORT

Billing Period: 6/01/02 TO 6/30/02
Owner: MBC

| LOCATION | EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|---|
| JACKSONVILLE, FL | NPRU675 - 40' HC CONTAINER | 67 | $1.15 | $2,311.50 |
|  | UXXU -'45' HC CONTAINER | 30 | $1.40 | $1,260.00 |
|  | SCSU450 - 45' HC CONTAINER | 17 | $1.40 | $714.00 |
|  |  | 114 |  | $4,285.50 |
| SAN JUAN, PR | NPRU675 - 40' HC CONTAINER | 178 | $1.15 | $6,141.00 |
| (INCLUDES DOMINICAN) | UXXU - 45' HC CONTAINER | 52 | $1.40 | $2,184.00 |
|  | SCSU450 - 45' HC CONTAINER | 21 | $1.40 | $882.00 |
|  |  | 251 |  | $9,207.00 |
| PORT ELIZABETH, NJ | NPRU675 - 40' HC CONTAINER | 7 | $1.15 | $241.50 |
|  | UXXU - 45' HC CONTAINER | 6 | $1.40 | $252.00 |
|  | SCSU450 - 45' HC CONTAINER | 5 | $1.40 | $210.00 |
|  |  | 18 |  | $703.50 |
| INLAND DEPOTS | NPRU675 - 40' HC CONTAINER | 2 | $1.15 | $57.50 |
|  | UXXU - 45' HC CONTAINER | 2 | $1.40 | $21.00 |
|  |  | 4 |  | $78.50 |
|  | GRAND TOTAL | 387 |  | $14,274.50 |

SE50901

A-195

**SEA STAR LINE, LLC**
**SELF-BILLING REPORT**

Billing Period: 7/01/02 TO 7/31/02
Owner: MBC

| EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|
| 40' HC CONTAINER (NPRU675) | 526 | $1.15 | $18,559.85 |
| 45' HC CONTAINER (UXXU480, 481) | 130 | $1.40 | $5,630.80 |
| 45' HC CONTAINER (SCSU450) | 66 | $1.40 | $2,833.60 |
| | 722 | | $27,024.25 |

| GRAND TOTAL | 722 | | $27,024.25 |
|---|---|---|---|

9/30/2002 10:07 AM



| VENDOR ID | VENDOR NAME | PAYMENT NUMBER | CHECK DATE | | |
|---|---|---|---|---|---|
| 1MBLEX01 | MBC LEASING CORP | 0000000000016561 | 10/4/02 | 36805 | |

| YOUR VOUCHER NUMBER | | INVOICE DATE | AMOUNT | AMOUNT PAID | DISCOUNT | WRITE OFF | NET |
|---|---|---|---|---|---|---|---|
| 0000000000051269 | 08/01-08/31/02* | 10/3/02 | $29,250.05 | $29,250.05 | $0.00 | $0.00 | $29,250.05 |
| | | | $29,250.05 | $29,250.05 | $0.00 | | $29,250.05 |

COMMENT      MBC LEASING

---

**36805**

SEA STAR LINE, LLC
OPERATING ACCOUNT
100 BELL TEL WAY, SUITE 300
JACKSONVILLE, FL 32216

SEA STAR

FIRST UNION
CORAL WAY BRANCH
2720 CORAL WAY
MIAMI, FLORIDA 33145-3271
63-643/670

DATE
10/4/02

AMOUNT
$29,250.05

PAY   *Twenty Nine Thousand Two Hundred Fifty Dollars And 05 Cents*

TO THE
ORDER
OF

MBC LEASING CORP
ATTN: SCOTT H. KRIEGER
2 HOPKINS PLAZA, 5TH FLOOI
BALTIMORE MD 21201

*Robert J Zeeth*

*William S Weder*

⌐‖ʼ036805‖ʼ  ⌐:067006432:  2000002B4068ɪʼ

---

SEA STAR LINE, LLC / OPERATING ACCOUNT 100 BELL TEL WAY, SUITE 300, JACKSONVILLE, FL 32216                **36805**

| VENDOR ID | VENDOR NAME | PAYMENT NUMBER | CHECK DATE | | |
|---|---|---|---|---|---|
| 1MBLEX01 | MBC LEASING CORP | 0000000000016561 | 10/4/02 | 36805 | |

| YOUR VOUCHER NUMBER | | INVOICE DATE | AMOUNT | AMOUNT PAID | DISCOUNT | DATE OF CHECK | NET |
|---|---|---|---|---|---|---|---|
| 0000000000051269 | 08/01-08/31/02* | 10/3/02 | $29,250.05 | $29,250.05 | $0.00 | $0.00 | $29,250.05 |
| | | | $29,250.05 | $29,250.05 | $0.00 | | $29,250.05 |

COMMENT      MBC LEASING

10/4/2002

## MBC EQUIPMENT A/P SUMMARY

| Owner: | Billing Period | Contract No. | Total/# Units | Remarks | Total Amount Billed | Total Amount Paid | Date Paid | Check No. |
|--------|----------------|--------------|---------------|---------|---------------------|-------------------|-----------|-----------|
| MBC | 8/1/02 - 8/31/02 | MBC | 772 | | $29,250.05 | $0.00 | | |

EQUIPMENT USAGE DUE TO
MBC LEASING CORP: 8/1/02 - 8/31/02          TOTAL:          $29,250.05

STORAGE AND HANDLING DUE TO SEA STAR LINE          TOTAL:          $0.00

BALANCE DUE TO MBC LEASING CORP: 8/1/02 - 8/31/02          TOTAL:          $29,250.05

SEA STAR LINE, LLC

SE50904

A-198

**SEA STAR LINE, LLC**
**SELF-BILLING REPORT**

**Billing Period:** 8/01/02 TO 8/31/02
**Owner:** MBC

| EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|
| 40' HC CONTAINER (NPRU675) | 550 | $1.15 | $19,607.50 |
| 45' HC CONTAINER (UXXU480, 481) | 153 | $1.40 | $6,640.20 |
| 45' HC CONTAINER (SCSU450) | 69 | $1.40 | $2,994.60 |
| | 772 | | $29,242.30 |

| GRAND TOTAL | 772 | | $29,242.30 |
|---|---|---|---|

9/30/2002 10:16 AM

SE50905

A-199

SEA STAR LINE, LLC / OPERATING ACCOUNT 100 BELL TEL WAY, SUITE 300, JACKSONVILLE, FL 32216



| VENDOR ID | NAME | PAYMENT NUMBER | CHECK DATE | CHECK NUMBER |
|---|---|---|---|---|
| 1MBLEX01 | MBC LEASING CORP | 00000000001656 | 10/4/02 | 36807 |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | AMOUNT PAID | DISCOUNT | WRITE OFF | |
|---|---|---|---|---|---|---|---|
| 0000000000051289 | 04/27-07/31/02 | 10/3/02 | $184,084.93 | $184,084.93 | $0.00 | $0.00 | $184,084.93 |

|  |  |  | $184,084.93 | $184,084.93 | $0.00 | | $184,084.93 |

COMMENT      EMERALD LEASING

---

36807



**SEA STAR LINE, LLC**
OPERATING ACCOUNT
100 BELL TEL WAY, SUITE 300
JACKSONVILLE, FL 32216

FIRST UNION
CORAL WAY BRANCH
2720 CORAL WAY
MIAMI, FLORIDA 33145-3273
63-643/670

DATE
10/4/02

AMOUNT
$184,084.93

PAY    One Hundred Eighty Four Thousand Eighty Four Dollars And 93 Cents

TO THE
ORDER
OF

MBC LEASING CORP
ATTN: SCOTT H. KRIEGER
2 HOPKINS PLAZA, 5TH FLOOR
BALTIMORE MD 21201

*Robert Leeth*
*William S. Weiden*

⑆036807⑈ ⑆067006043⑈ ⑈200000281048⑈

---

SEA STAR LINE, LLC / OPERATING ACCOUNT 100 BELL TEL WAY, SUITE 300, JACKSONVILLE, FL 32216            36807

| VENDOR ID | NAME | PAYMENT NUMBER | CHECK DATE | CHECK NUMBER |
|---|---|---|---|---|
| 1MBLEX01 | MBC LEASING CORP | 00000000001656 | 10/4/02 | 36807 |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | AMOUNT PAID | DISCOUNT | WRITE OFF | |
|---|---|---|---|---|---|---|---|
| 0000000000051289 | 04/27-07/31/02 | 10/3/02 | $184,084.93 | $184,084.93 | $0.00 | $0.00 | $184,084.93 |

|  |  |  | $184,084.93 | $184,084.93 | $0.00 | | $184,084.93 |

COMMENT      EMERALD LEASING

10/4/2002

SEA STAR LINE, LLC

## EMERALD EQUIPMENT A/P SUMMARY

| Owner: | Billing Period | Contract No. | Total # Units | Remarks | Total Amount Billed | Total Amount Paid | Date Paid | Check No. |
|---|---|---|---|---|---|---|---|---|
| EMERALD | 4/27/02 - 5/15/02 | EME01 | 2001 | | $64,779.85 | $0.00 | | |
| EMERALD | 5/16/02 - 5/31/02 | EME01 | 2297 | | $94,194.05 | $0.00 | | |
| EMERALD | 6/1/02 - 6/30/02 | EME01 | 1808 | | $165,828.35 | $0.00 | | |
| EMERALD | 7/1/02 - 7/31/02 | EME01 | 1362 | | $121,607.60 | $0.00 | | |

EQUIPMENT USAGE DUE TO
EMERALD EQUIPMENT LEASING:          4/27/02 - 7/31/02          TOTAL:          $446,409.85

STORAGE AND HANDLING DUE TO
SEA STAR LINE 4/27/02 - 7/31/02:                               TOTAL:          $262,324.92

NET BALANCE DUE TO EMERALD
EQUIPMENT LEASING 4/27/02 - 7/31/02          TOTAL:          $184,084.93

SE50907
A-201

## SEA STAR LINE, LLC
## SELF-BILLING REPORT

DATE FROM/TO: 4/27/02 TO 5/15/02
OWNER: EMERALD EQUIPMENT LEASING

| ON-HIRE LOCATION | EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|---|
| JACKSONVILLE, FL | 20' ST CONTAINER | 20 | $1.00 | $158.00 |
| | 20' CHASSIS | 20 | $2.20 | $420.20 |
| | 40' ST CONTAINER | 10 | $1.25 | $133.75 |
| | 40' HC CONTAINER | 28 | $1.50 | $343.50 |
| | 40' CHASSIS | 240 | $2.20 | $5,044.60 |
| | 40' GENSET | 41 | $4.50 | $1,791.00 |
| | 40' REEFER | 51 | $8.00 | $4,296.00 |
| | 45' HC CONTAINER | 146 | $2.00 | $2,460.00 |
| | 45' CHASSIS | 140 | $2.40 | $3,165.60 |
| | | 696 | | $17,812.65 |
| | | | | |
| SAN JUAN, PR | 20' ST CONTAINER | 31 | $1.00 | $479.00 |
| (INCLUDES DOMINICAN) | 20' CHASSIS | 55 | $2.20 | $1,933.80 |
| | 40' ST CONTAINER | 33 | $1.25 | $631.25 |
| | 40' HC CONTAINER | 72 | $1.50 | $1,608.00 |
| | 40' CHASSIS | 299 | $2.20 | $9,823.00 |
| | 40' GENSET | 140 | $4.50 | $9,175.50 |
| | 40' REEFER | 54 | $8.00 | $6,640.00 |
| | 45' HC CONTAINER | 131 | $2.00 | $3,672.00 |
| | 45' CHASSIS | 117 | $2.40 | $4,065.60 |
| | | 932 | | $38,028.15 |
| | | | | |
| PHILADELPHIA, PA | 20' ST CONTAINER | 9 | $1.00 | $91.00 |
| | 20' CHASSIS | 8 | $2.20 | $167.20 |
| | 40' ST CONTAINER | 14 | $1.25 | $158.75 |
| | 40' HC CONTAINER | 16 | $1.50 | $288.00 |
| | 40' CHASSIS | 66 | $2.20 | $1,460.80 |
| | 40' GENSET | 19 | $4.50 | $1,093.50 |
| | 40' REEFER | 16 | $8.00 | $1,480.00 |
| | 45' HC CONTAINER | 26 | $2.00 | $496.00 |
| | 45' CHASSIS | 22 | $2.40 | $424.80 |
| | | 196 | | $5,660.05 |
| | | | | |
| PORT ELIZABETH, NJ | 20' ST CONTAINER | 11 | $1.00 | $69.00 |
| | 20' CHASSIS | 0 | $2.20 | $0.00 |
| | 40' ST CONTAINER | 18 | $1.25 | $130.00 |
| | 40' HC CONTAINER | 48 | $1.50 | $486.00 |
| | 40' CHASSIS | 0 | $2.20 | $0.00 |
| | 40' GENSET | 0 | $4.50 | $0.00 |
| | 40' REEFER | 34 | $8.00 | $1,808.00 |
| | 45' HC CONTAINER | 66 | $2.00 | $786.00 |
| | 45' CHASSIS | 0 | $2.40 | $0.00 |
| | | 177 | | $3,279.00 |

GRAND TOTAL          2001                $64,779.85

SE50908

A-202

## SEA STAR LINE, LLC
## SELF-BILLING REPORT

**Billing Period:** 5/16/02 TO 5/31/02
**Owner:** EMERALD EQUIPMENT LEASING

| LOCATION | EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|---|
| JACKSONVILLE, FL | 20' ST CONTAINER | 21 | $1.00 | $328.00 |
| | 20' CHASSIS | 25 | $2.20 | $818.40 |
| | 40' ST CONTAINER | 14 | $1.25 | $237.50 |
| | 40' HC CONTAINER | 32 | $1.50 | $684.00 |
| | 40' CHASSIS | 254 | $2.20 | $8,657.00 |
| | GENSET | 49 | $4.50 | $3,433.50 |
| | 40' REEFER | 59 | $8.00 | $7,352.00 |
| | 45' HC CONTAINER | 172 | $2.00 | $5,236.00 |
| | 45' CHASSIS | 160 | $2.40 | $5,949.60 |
| | | 786 | | $32,696.00 |
| SAN JUAN, PR | 20' ST CONTAINER | 49 | $1.00 | $681.00 |
| (INCLUDES DOMINICAN) | 20' CHASSIS | 73 | $2.20 | $2,404.60 |
| | 40' ST CONTAINER | 52 | $1.25 | $897.50 |
| | 40' HC CONTAINER | 84 | $1.50 | $1,974.00 |
| | 40' CHASSIS | 338 | $2.20 | $11,277.20 |
| | GENSET | 140 | $4.50 | $10,080.00 |
| | 40' REEFER | 64 | $8.00 | $7,808.00 |
| | 45' HC CONTAINER | 161 | $2.00 | $4,786.00 |
| | 45' CHASSIS | 147 | $2.40 | $5,208.00 |
| | | 1108 | | $45,116.30 |
| PHILADELPHIA, PA | 20' ST CONTAINER | 9 | $1.00 | $144.00 |
| | 20' CHASSIS | 8 | $2.20 | $281.60 |
| | 40' ST CONTAINER | 14 | $1.25 | $280.00 |
| | 40' HC CONTAINER | 16 | $1.50 | $384.00 |
| | 40' CHASSIS | 68 | $2.20 | $2,329.80 |
| | GENSET | 19 | $4.50 | $1,368.00 |
| | 40' REEFER | 7 | $8.00 | $896.00 |
| | 45' HC CONTAINER | 26 | $2.00 | $832.00 |
| | 45' CHASSIS | 22 | $2.40 | $844.80 |
| | | 189 | | $7,360.20 |
| PORT ELIZABETH, NJ | 20' ST CONTAINER | 11 | $1.00 | $176.00 |
| | 20' CHASSIS | 1 | $2.20 | $6.60 |
| | 40' ST CONTAINER | 26 | $1.25 | $496.25 |
| | 40' HC CONTAINER | 58 | $1.50 | $1,348.50 |
| | 40' CHASSIS | 13 | $2.20 | $239.80 |
| | 40' GENSET | 0 | $4.50 | $0.00 |
| | 40' REEFER | 36 | $8.00 | $4,592.00 |
| | 45' HC CONTAINER | 68 | $2.00 | $2,160.00 |
| | 45' CHASSIS | 1 | $2.40 | $2.40 |
| | | 214 | | $9,021.55 |
| **GRAND TOTAL** | | **2297** | | **$94,194.05** |

**SEA STAR LINE, LLC**
**SELF-BILLING REPORT**

Billing Period: 6/01/02 TO 6/30/02   (REVISED)
Owner: EMERALD EQUIPMENT LEASING

| LOCATION | EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|---|
| JACKSONVILLE, FL | 20' ST CONTAINER | 21 | $1.00 | $630.00 |
| | 20' CHASSIS | 18 | $2.20 | $1,502.60 |
| | 40' ST CONTAINER | 10 | $1.25 | $416.25 |
| | 40' HC CONTAINER | 19 | $1.50 | $967.50 |
| | 40' CHASSIS | 191 | $2.20 | $15,802.60 |
| | GENSET | 45 | $4.50 | $6,525.00 |
| | 40' REEFER | 47 | $8.00 | $12,680.00 |
| | 45' HC CONTAINER | 103 | $2.00 | $8,230.00 |
| | 45' CHASSIS | 140 | $2.40 | $11,280.00 |
| | | 594 | | $58,033.95 |
| SAN JUAN, PR | 20' ST CONTAINER | 43 | $1.00 | $1,440.00 |
| (INCLUDES DOMINICAN) | 20' CHASSIS | 73 | $2.20 | $4,818.00 |
| | 40' ST CONTAINER | 36 | $1.25 | $1,622.50 |
| | 40' HC CONTAINER | 63 | $1.50 | $3,439.50 |
| | 40' CHASSIS | 251 | $2.20 | $21,285.00 |
| | GENSET | 140 | $4.50 | $18,900.00 |
| | 40' REEFER | 22 | $8.00 | $9,720.00 |
| | 45' HC CONTAINER | 114 | $2.00 | $8,650.00 |
| | 45' CHASSIS | 138 | $2.40 | $10,476.00 |
| | | 880 | | $80,351.00 |
| PHILADELPHIA, PA | 20' ST CONTAINER | 2 | $1.00 | $60.00 |
| | 20' CHASSIS | 7 | $2.20 | $517.00 |
| | 40' ST CONTAINER | 9 | $1.25 | $362.50 |
| | 40' HC CONTAINER | 9 | $1.50 | $469.50 |
| | 40' CHASSIS | 51 | $2.20 | $3,799.40 |
| | GENSET | 19 | $4.50 | $2,565.00 |
| | 40' REEFER | 5 | $8.00 | $1,480.00 |
| | 45' HC CONTAINER | 12 | $2.00 | $720.00 |
| | 45' CHASSIS | 11 | $2.40 | $1,137.60 |
| | | 125 | | $11,111.00 |
| PORT ELIZABETH, NJ | 20' ST CONTAINER | 11 | $1.00 | $330.00 |
| | 20' CHASSIS | 1 | $2.20 | $66.00 |
| | 40' ST CONTAINER | 19 | $1.25 | $787.50 |
| | 40' HC CONTAINER | 46 | $1.50 | $2,173.50 |
| | 40' CHASSIS | 13 | $2.20 | $858.00 |
| | 40' GENSET | 0 | $4.50 | $0.00 |
| | 40' REEFER | 29 | $8.00 | $7,120.00 |
| | 45' HC CONTAINER | 51 | $2.00 | $3,142.00 |
| | 45' CHASSIS | 1 | $2.40 | $72.00 |
| | | 171 | | $14,549.00 |
| INLAND DEPOTS | 20' ST CONTAINER | 5 | $1.00 | $74.00 |
| | 20' CHASSIS | 1 | $2.20 | $28.60 |
| | 40' ST CONTAINER | 0 | $1.25 | $0.00 |
| | 40' HC CONTAINER | 3 | $1.50 | $42.00 |
| | 40' CHASSIS | 9 | $2.20 | $303.60 |
| | 40' GENSET | 0 | $4.50 | $0.00 |
| | 40' REEFER | 6 | $8.00 | $736.00 |
| | 45' HC CONTAINER | 4 | $2.00 | $112.00 |
| | 45' CHASSIS | 10 | $2.40 | $487.20 |
| | | 38 | | $1,783.40 |

| | GRAND TOTAL | 1,808 | | $165,828.35 |

SE50910

A-204

## SEA STAR LINE, LLC
## SELF-BILLING REPORT

**Billing Period:** 7/01/02 TO 7/31/02
**Owner:** EMERALD EQUIPMENT LEASING

| EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|
| 20' ST CONTAINER | 81 | $1.00 | $2,644.00 |
| 20' CHASSIS | 91 | $2.20 | $6,461.40 |
| 40' ST CONTAINER | 57 | $1.25 | $2,235.00 |
| 40' HC CONTAINER | 71 | $1.50 | $4,621.50 |
| 40' CHASSIS | 484 | $2.20 | $40,121.40 |
| GENSET | 48 | $4.50 | $7,231.50 |
| 40' REEFER | 60 | $8.00 | $20,848.00 |
| 45' HC CONTAINER | 176 | $2.00 | $14,340.00 |
| 45' CHASSIS | 294 | $2.40 | $23,104.80 |
| | 1,362 | | $121,607.60 |

| GRAND TOTAL | 1,362 | | $121,607.60 |
|---|---|---|---|

**Accounts Receivable**                                  August 28, 2002
7/1/02 - 7/31/02

| Number | Date | Customer | Invoice Total | Amount Paid | Balance Due |
|--------|------|----------|---------------|-------------|-------------|
| IM000000523 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $275.00 | $0.00 | $275.00 |
| IM000000524 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $200.00 | $0.00 | $200.00 |
| IM000000525 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $25.00 | $0.00 | $25.00 |
| IM000000526 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $50.00 | $0.00 | $50.00 |
| IM000000527 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $350.00 | $0.00 | $350.00 |
| IM000000528 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $75.00 | $0.00 | $75.00 |
| IM000000529 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $100.00 | $0.00 | $100.00 |
| IM000000530 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $175.00 | $0.00 | $175.00 |
| IM000000531 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $1,800.00 | $0.00 | $1,800.00 |
| IM000000532 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $13,940.00 | $0.00 | $13,940.00 |
| IM000000533 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $2,968.56 | $0.00 | $2,968.56 |
| IM000000534 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $13,020.00 | $0.00 | $13,020.00 |
| IM000000535 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $15,988.56 | $0.00 | $15,988.56 |
| IM000000536 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $2,500.00 | $0.00 | $2,500.00 |
| IM000000537 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $75.00 | $0.00 | $75.00 |
| IM000000538 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $250.00 | $0.00 | $250.00 |
| IM000000539 | 08/22/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $2,160.00 | $0.00 | $2,160.00 |
| **USA61101 – EMERALD EQUIPMENT LEASING** | | | **$53,952.12** | **$0.00** | **$53,952.12** |
| **Total:** | | | **$53,952.12** | **$0.00** | **$53,952.12** |

**Accounts Receivable**
4/27/02 - 6/30/02

September 28, 2002

| Number | Date | Customer | Invoice Total | Amount Paid | Balance Due |
|---|---|---|---|---|---|
| IM00000000507 | 07/09/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $92,190.00 | $0.00 | $92,190.00 |
| IM00000000508 | 07/09/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $2,111.02 | $0.00 | $2,111.02 |
| IM00000000509 | 07/09/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $16,700.00 | $0.00 | $16,700.00 |
| IM00000000510 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $415.00 | $0.00 | $415.00 |
| IM00000000511 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $6,885.00 | $0.00 | $6,885.00 |
| IM00000000512 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $22,295.00 | $0.00 | $22,295.00 |
| IM00000000513 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $1,536.00 | $0.00 | $1,536.00 |
| IM00000000514 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $4,160.00 | $0.00 | $4,160.00 |
| IM00000000515 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $2,500.00 | $0.00 | $2,500.00 |
| IM00000000516 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $1,500.00 | $0.00 | $1,500.00 |
| IM00000000517 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $27,752.20 | $0.00 | $27,752.20 |
| IM00000000518 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $22,726.34 | $0.00 | $22,726.34 |
| IM00000000519 | 07/16/2002 | USA61101 - EMERALD EQUIPMENT LEASING | $7,602.24 | $0.00 | $7,602.24 |
| USA61101 - EMERALD EQUIPMENT LEASING | | | $208,372.80 | $0.00 | $208,372.80 |

**Total:** | | | $208,372.80 | $0.00 | $208,372.80 |



**SEA STAR LINE, LLC**
100 BELL TEL WAY
JACKSONVILLE, FL 32216
904-855-1206
FAX: 904-725-9825

**SEA STAR**

# Statement

CLOSING DATE    JULY 17, 2002

BILL TO:

USA61101
EMERALD EQUIPMENT LEASING
101 SOUTH KING ST
GLOUCESTER CITY, NJ 08030 ATT: ARTHUR DAVIS

SHIP TO:

USA61111
MBC LEASING
TWO HOPKINS PLAZA
PO BOX 1461
BALTIMORE, MD 21203 ATT: SCOTT KRIEGER

| DATE | INVOICE NUMBER | AMOUNT | PAYMENTS | DUE |
|---|---|---|---|---|
| 07/09/2002 | IM00000000506 | 4,620.00 | 0.00 | 4,620.00 |
| 07/09/2002 | IM00000000507 | 92,190.00 | 0.00 | 92,190.00 |
| 07/09/2002 | IM00000000508 | 6,332.92 | 0.00 | 6,332.92 |
| 07/09/2002 | IM00000000509 | 16,700.00 | 0.00 | 16,700.00 |
| 07/16/2002 | IM00000000510 | 415.00 | 0.00 | 415.00 |
| 07/16/2002 | IM00000000511 | 6,885.00 | 0.00 | 6,885.00 |
| 07/15/2002 | IM00000000512 | 22,295.00 | 0.00 | 22,295.00 |
| 07/16/2002 | IM00000000513 | 1,536.00 | 0.00 | 1,536.00 |
| 07/16/2002 | IM00000000514 | 4,160.00 | 0.00 | 4,160.00 |
| 07/16/2002 | IM00000000515 | 2,500.00 | 0.00 | 2,500.00 |
| 07/16/2002 | IM00000000516 | 1,500.00 | 0.00 | 1,500.00 |
| 07/16/2002 | IM00000000517 | 27,752.20 | 0.00 | 27,752.20 |
| 07/16/2002 | IM00000000518 | 22,726.34 | 0.00 | 22,726.34 |
| 07/16/2002 | IM00000000519 | 7,602.24 | 0.00 | 7,602.24 |
| | | $217,214.70 | $0.00 | $217,214.70 |

*CREDIT MEMO # 1000003576 (4,620.00)*

*CREDIT MEMO # 1000003577 (4,221.90*

*BALANCE DUE        # 208,372.80*

| 0 - 30 DAYS | 31 - 60 DAYS | 61 - 90 DAYS | > 90 DAYS | TOTAL |
|---|---|---|---|---|
| $217,214.70 | $0.00 | $0.00 | $0.00 | $217,214.70 |

Credit Memos                    1000000003577

Sea Star Line, LLC
100 Bell Tel Way
Suite 300
Jacksonville          FL  32216

Date    9/25/2002

EMERALD EQUIPMENT LEASING
101 SOUTH KING ST

GLOUCESTER CITY          NJ  08030

| Purchase Order | Customer ID | Salesperson ID | Shipping Method | Payment Terms ID |
|---|---|---|---|---|
| | USA61101 | | | |

ADJ BILLING FOR EMERALD LOT G4                        $4,221.90

| | |
|---|---|
| Subtotal | $4,221.90 |
| Misc | $0.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Trade Discount | $0.00 |
| Payment | $0.00 |
| Total | $4,221.90 |



**SEA STAR LINE, LLC**
100 BELL TEL WAY
JACKSONVILLE FL 32216
904-855-1206
FAX: 904-725-9829

**SEA STAR**

Page: 1

# Invoice

NUMBER:  IM000000000508

DATE:  JULY 09, 2002

BILL TO:                                          AND

USA61101
EMERALD EQUIPMENT LEASING
101 SOUTH KING ST
GLOUCESTER CITY, NJ 08030 ATT: ARTHUR DAVIS

| ACCOUNT CODE | BOOKING # | BILL OF LADING | EQUIPMENT # |
|---|---|---|---|
| USA61101 | | | |

| DATE | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|---|
| | CONTAINER STORAGE CHARGES LOT G4, PUERTO NUEVO, SAN JUAN, PR | | | |
| | 1.14 ACRES (CUERDES) @ $2650 PER MONTH/PER ACRE | | 0.00 | 0.00 |
| | APRIL 27 TO MAY 27, 2002  NO STORAGE CHARGES | 0.00 | 0.00 | 0.00 |
| | MAY 27 TO MAY 31, 2002-4 DAYS @ $98.95 PER DAY | 4.00 | 98.95 | 395.80 |
| | JUNE 1 TO JUNE 30, 2002 @2604/MO PER ACRE | 1.14 | 2,604.00 | 2,968.56 |
| | JULY 1 TO JULY 31, 2002 @2604/MO PER ACRE @ .3333 | 1.14 | 2,604.00 | 2,968.56 |
| | TOTAL SLOTS = 39 | | | |
| | LYKES SLOTS = 26 | | | |
| | EMERALD SLOTS = 13 | | | |
| | EMERALD SLOTS = .3333 OF TOTAL | | | |
| | ADJUSTMENT TO INVOICE = | | | |
| | 1.14 ACRES (CUERDES) @ $2650 PER MONTH/PER ACRE X .33333 | | | |
| | CREDIT MAY 27 TO MAY 31,  2002 | | | (263.86) |
| | CREDIT JUNE 1 TO JUNE 30, 2002 | | | (1,979.02) |

IM-508



**SEA STAR LINE, LLC**
100 BELL TEL WAY
JACKSONVILLE, FL 32216
904-855-1206
FAX: 904-725-9829

Page: 2

# Invoice

NUMBER: IM0000000050N

DATE    JULY 09, 2002

BILL TO:
USA61101
EMERALD EQUIPMENT LEASING
101 SOUTH KING ST
GLOUCESTER CITY, NJ 08030 ATT: ARTHUR DAVIS

AND

| ACCOUNT CODE | BOOKING # | BILL OF LADING | EQUIPMENT # |
|---|---|---|---|
| USA61101 | | | |

| DATE | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|---|
| | CREDIT JULY 1 TO JULY 31, 2002 | | | (1,979.02) |

## REVISED AMOUNT DUE

| | | | TOTAL | $2,111.02 |
|---|---|---|---|---|

IM-508

Sea Star Line, LLC
100 Bell Tel Way
Suite 300
Jacksonville          FL  32216

Credit Memos          1000000003576

Date    9/25/2002

EMERALD EQUIPMENT LEASING
101 SOUTH KING ST

GLOUCESTER CITY          NJ  08030

| Purchase Order | Customer ID USA61101 | Salesperson ID | Shipping Method | Payment Terms ID |
|---|---|---|---|---|

ADJUST BILLING FOR EMERALD                                          $4,620.00

| | |
|---|---|
| Subtotal | $4,620.00 |
| Misc | $0.00 |
| Tax | $0.00 |
| Freight | $0.00 |
| Trade Discount | $0.00 |
| Payment | $0.00 |
| Total | $4,620.00 |



**SEA STAR LINE, LLC**
100 BELL TEL WAY
JACKSONVILLE, FL 32216
904-855-1206
FAX: 904-725-9829

**SEA STAR**

# Invoice

NUMBER: IM00000000506

DATE: JULY 09, 2002

BILL TO:

| | |
|---|---|
| USA61101 | AND |
| EMERALD EQUIPMENT LEASING | USA61111 |
| 101 SOUTH KING ST | MBC LEASING |
| GLOUCESTER CITY, NJ 08030 ATT: ARTHUR DAVIS | TWO HOPKINS PLAZA |
| | PO BOX 1461 |
| | BALTIMORE, MD 21203 ATT: SCOTT KRIEGER |

| ACCOUNT CODE | BOOKING # | BILL OF LADING | EQUIPMENT # |
|---|---|---|---|
| USA61101 | | | |

| DATE | DESCRIPTION | QUANTITY | PRICE | AMOUNT |
|---|---|---|---|---|
| 07/01/02 | BUNDLING CHASSIS TO REDUCE STORAGE SPACE AT SJ, PR AND THEN TRANSFERRING BUNDLES TO "SHOWROOM" LOT FOR STORAGE PER AGREED RATE | | | |
| | RATES: BUNDLING $170    DRAY    $15 TERMINAL RELEASE    $25 | 0.00 | 210.00 | 0.00 |
| | BUNDLES OF 3 (REFER TO PAGE 1 OF 2) | 12.00 | 210.00 | 2,520.00 |
| | BUNDLES OF 3(REFER TO PAGE 2 OF 2) | 10.00 | 210.00 | 2,100.00 |

## VOID

| | | | TOTAL | $4,620.00 |
|---|---|---|---|---|



| VENDOR ID | NAME | PAYMENT NUMBER | CHECK DATE | |
|-----------|------|----------------|------------|---|
| 1MBLEX01 | MBC LEASING CORP | 000000000016564 | 10/4/02 | 36808 |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | AMOUNT PAID | DISCOUNTS | WRITE OFF | NET PAID |
|---|---|---|---|---|---|---|---|
| 000000000051290 | 08/01-08/31/02 | 10/3/02 | $49,795.59 | $49,795.59 | $0.00 | $0.00 | $49,795.59 |
| | | | $49,795.59 | $49,795.59 | $0.00 | | $49,795.59 |

COMMENT    EMERALD LEASING

---



**SEA STAR LINE, LLC**
OPERATING ACCOUNT
100 BELL TEL WAY, SUITE 300
JACKSONVILLE, FL 32216

SEA STAR

FIRST UNION
CORAL WAY BRANCH
2720 CORAL WAY
MIAMI, FLORIDA 33145-3271
63-543/670

36808

DATE          AMOUNT
10/4/02        $49,795.59

PAY   *Forty Nine Thousand Seven Hundred Ninety Five Dollars And 59 Cents*

TO THE
ORDER
OF

MBC LEASING CORP
ATTN: SCOTT H. KRIEGER
2 HOPKINS PLAZA, 5TH FLOOR
BALTIMORE MD 21201

*Robert P. Peekl*

*William S. Weiden*

⌐⊟

⑈³⁶⁸⁰⁸⑈  ⑆⁰⁶⁷⁰⁰⁶⁴³²⑆  ²⁰⁰⁰⁰²⁸¹⁰⁶⁸⁴⑈

---

SEA STAR LINE, LLC / OPERATING ACCOUNT 100 BELL TEL WAY, SUITE 300, JACKSONVILLE, FL 32216

36808

| VENDOR ID | NAME | PAYMENT NUMBER | CHECK DATE | |
|-----------|------|----------------|------------|---|
| 1MBLEX01 | MBC LEASING CORP | 000000000016564 | 10/4/02 | 36808 |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | AMOUNT PAID | DISCOUNTS | WRITE OFF | NET PAID |
|---|---|---|---|---|---|---|---|
| 000000000051290 | 08/01-08/31/02 | 10/3/02 | $49,795.59 | $49,795.59 | $0.00 | $0.00 | $49,795.59 |
| | | | $49,795.59 | $49,795.59 | $0.00 | | $49,795.59 |

COMMENT    EMERALD LEASING

10/4/2002

## EMERALD EQUIPMENT A/P SUMMARY

| Owner: | Billing Period | Contract No. | Total# Units | Remarks | Total Amount Billed | Total Amount Paid | Date Paid | Check No. |
|---|---|---|---|---|---|---|---|---|
| EMERALD | 8/1/02 - 8/31/02 | EME01 | 1075 | | $94,851.95 | $0.00 | | |

EQUIPMENT USAGE DUE TO
EMERALD EQUIPMENT LEASING:        8/1/02 - 8/31/02        TOTAL:        $94,851.95        $0.00

STORAGE AND HANDLING DUE TO
SEA STAR LINE 8/1/02 - 8/31/02:        TOTAL:        $45,056.36

NET BALANCE DUE TO EMERALD
EQUIPMENT LEASING 8/1/02 - 8/31/02        TOTAL:        $49,795.59

SEA STAR LINE, LLC

**SEA STAR LINE, LLC**
**SELF-BILLING REPORT**

Billing Period: 8/01/02 TO 8/31/02
Owner: EMERALD EQUIPMENT LEASING

| EQUIPMENT TYPE | TOTAL UNITS | PER DIEM | TOTAL AMOUNT |
|---|---|---|---|
| 20' ST CONTAINER | 81 | $1.00 | $2,511.00 |
| 20' CHASSIS | 67 | $2.20 | $4,710.20 |
| 40' ST CONTAINER | 57 | $1.25 | $2,208.75 |
| 40' HC CONTAINER | 71 | $1.50 | $3,301.50 |
| 40' CHASSIS | 288 | $2.20 | $27,447.20 |
| GENSET | 74 | $4.50 | $9,580.50 |
| 40' REEFER | 60 | $8.00 | $14,880.00 |
| 45' HC CONTAINER | 189 | $2.00 | $11,500.00 |
| 45' CHASSIS | 188 | $2.40 | $18,712.80 |
| | 1,075 | | $94,851.95 |

| GRAND TOTAL | 1,075 | | $94,851.95 |

Accounts Receivable                        September 28, 2002
08/01/02-08/31/02

| Number | Date | Customer | Invoice Total | Amount Paid | Balance Due |
|--------|------|----------|---------------|-------------|-------------|
| IM000000548 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $1,350.00 | $0.00 | $1,350.00 |
| IM000000549 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $300.00 | $0.00 | $300.00 |
| IM000000550 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $250.00 | $0.00 | $250.00 |
| IM000000551 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $600.00 | $0.00 | $600.00 |
| IM000000552 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $350.00 | $0.00 | $350.00 |
| IM000000553 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $2,675.00 | $0.00 | $2,675.00 |
| IM000000554 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $1,875.00 | $0.00 | $1,875.00 |
| IM000000555 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $650.00 | $0.00 | $650.00 |
| IM000000556 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $500.00 | $0.00 | $500.00 |
| IM000000557 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $250.00 | $0.00 | $250.00 |
| IM000000558 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $13,020.00 | $0.00 | $13,020.00 |
| IM000000559 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $12,603.36 | $0.00 | $12,603.36 |
| IM000000560 | 09/20/2002 | USA61101 – EMERALD EQUIPMENT LEASING | $10,633.00 | $0.00 | $10,633.00 |
| **USA61101 – EMERALD EQUIPMENT LEASING** | | | **$45,056.36** | **$0.00** | **$45,056.36** |
| **Total:** | | | **$45,056.36** | **$0.00** | **$45,056.36** |

SE50923



BarbDavis@SEASTARLINE.
COM
11/08/02 10:45 AM

To  ADavis@holtoversight.com

cc  ARooks@seastarline.com, HYordan@seastarline.com,
GCervone@seastarline.com, LFlorence@seastarline.com,
BarbDavis@seastarline.com

bcc

Subject  Emerald Equipment - New Orleans

Art,

The following list is the rest of the equipment in New Orleans:

40' Container:
--------------------
PRMU 674718

40' Reefer:
--------------------
PRMU 595257

Gen Sets:
----------------
PRGS 001485
PRGS 001524
PRGS 001460

Regards,

Barbara

----- Forwarded by Barbara Davis/Seastarline on 11/08/2002 10:58 AM -----

Barbara Davis

11/07/2002
06:38 PM

Rooks/Seastarline@seastarline, Henry

George

Lisa

Barbara

Orleans

To:   ADavis@holtoversight.com
cc:   Andrew

Yordan/Seastarline@Seastarline,

Cervone/Seastarline@seastarline,

Florence/Seastarline@seastarline,

Davis/Seastarline@seastarline
Subject:    Emerald Equipment - New

Art,

The following equipment is available in New Orleans:

20' Containers:
--------------------
PRMU 220024
PRMU 220301
PRMU 220373

EXHIBIT
Robins-11

```
20' Chassis:
--------------------
PRMC 120655
PRMC 120688
PRMC 120718
PRMC 120563
PRMC 120543
PRMC 120671

40' Standard Containers:
----------------------------------------
PRMU 600203

40' Hi-Cube Containers:
----------------------------------------
PRMU 673653
PRMU 674222
PRMU 674458
PRMU 674534
PRMU 674361

40' Reefers:
--------------------
PRMU 595249

40' Chassis:
--------------------
PRMC 170108
PRMC 171062
PRMC 171417
PRMZ 107087
PRMC 040109
PRMC 171498
PRMC 045415
PRMC 172936
PRMC 171279
PRMZ 004397
PRMC 172177
PRMC 045498
PRMZ 700888
PRMC 046101

45' Containers:
------------------------
PRMU 653352
PRMU 650347

45' Chassis:
--------------------
PRMC 150084
PRMC 150180
PRMC 151213
PRMC 150043
PRMC 150359
PRMC 150366
```

All of this is the same equipment that you told CSX not to let us use. I
still have a couple of numbers that I cannot make out and will have to
verify with CSX tomorrow morning. I did not list the chassis that we've

purchased.

Regards,

Barbara



ADavis@holtoversight.c    To: ARooks@SEASTARLINE.COM
om                        cc:
12/16/2002 11:44 AM       Subject: Re: Emerald Sale units.

Andy

Sr.Duenas has picked up 8 containers during the last two weeks.  The
service was just bad.  He has agreed to purchase 100 containers and will
start with 5 tractors at one time on Wed. 12/18 at 8 A.M.  to see if the
service has improved.

How many units can you load out at one time if he has his power equipment
at the terminal at one time?  Can you do a second round if the trucks
return at 3 P.M ?

As discussed, I am trying to move as much equipment as possible as fast as
possible and need the cooperation at the pier.

I want to move some equipment back to Jacksonville.  What is the cost
delivered to your pier in Jax??

 I would pick up with my yard horse.
 Can we leave the chains on the stacked chassis and return them to you in
Jax?
..
If the first move goes well we might move as many as 700 additional chassis
to Jax.

Can you also give me a cost for delivery to Port Everglades.

Would you provide a cost to add dunnage between the bottom and second
chassis?  Would you provide a cost to stack chassis with dunnage and strap
with 2" straps for probable delivery on your vessels?

I really need answers to these questions as quickly as possible.

Regards

Arthur

I really need th

ARooks@SEASTARLI              To:
NE.COM
ADavis@holtoversight.com
                              cc:
12/16/02 07:42                Subject: Re: Emerald Sale
units.                        
AM

SE51077

Hope this helps.

Andy Rooks
904 855-1278 Phone
904 725-9875 Fax
----- Forwarded by Andrew Rooks/Seastarline on 12/16/2002 08:04 AM -----

John Emery

Rooks/Seastarline@seastarline
        12/16/2002
        06:28 AM
Phil Bates/Seastarline@seastarline

units.(Document link: Andrew Rooks)

| | |
|---|---|
| To: | Andrew |
| cc: | Arturo Rodrigues/Seastarline@seastarline, George Cervone/Seastarline@seastarline, |
| Subject: | Re: Emerald Sale |

yes, art can come on wednesday, thursday, and friday only. these are non
ship days. we will not make any emerald dispatches on monday, tuesday, or
weekends. john

Andrew Rooks

Emery/Seastarline@seastarline
        12/13/2002
Rodrigues/Seastarline@Seastarline, Phil
        04:17 PM
George Cervone/Seastarline@seastarline

| | |
|---|---|
| To: | John |
| cc: | Arturo Bates/Seastarline@Seastarline, |
| Subject: | Emerald Sale units. |

Art is asking for help on what days/times he can instruct buyers to go in
and pick up sale containers. He advises that drivers are waiting 2-3 hours
at our terminal and would like to schedule these pick ups to help alleviate
the wait time. Any ideas?

Andy Rooks
904 855-1278 Phone
904 725-9875 Fax

SE51078

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                  *       Chapter 11

MUMA SERVICES, INC (f/k/a MURPHY *          Case Nos.: 01-00926 through
MARINE SERVICES, INC.), et al.,              01-00950 (MFW)
      Debtors.                     *       (Jointly Administered)

    *      *   *     *   *   *   *     *   *   *

## MOTION OF MBC LEASING CORP.
## FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE PRIORITY
## CLAIMS PURSUANT TO 11 U.S.C. §§ 365(d)(10), 503(b) AND 507(a)(1)

Leasing Corp. ("MBC"), by and through its attorneys, moves this Court for an

       (a) Allowing MBC a claim in the amount of Thirteen Thousand Six Hundred

Sixty-Seven Dollars and Ten Cents ($13,667.10) pursuant to 11 U.S.C. § 365(d)(10)

representing: (i) the amount of rent that accrued under the Equipment Lease Agreement dated as

of March 18, 1999 by and between MBC, as lessor, and NPR, Inc. and Holt Cargo Systems, Inc.

as lessees, (the "MBC Lease") during the period that commenced on the 60th day after NPR, Inc.

and Holt Cargo Systems, Inc. (collectively, the "Lessee Debtors") filed their petitions for relief

under Chapter 11 and ended on the date on which rejection of the MBC Lease was effective; (the

"MBC 365 Period") minus (ii) the amount paid by the Lessee Debtors to MBC during the MBC

365 Period;

       (b) Allowing MBC a claim in the amount of Eighty-Seven Thousand Six Hundred

Fourteen Dollars and Forty-One Cents ($87,614.41) pursuant to 11 U.S.C. §§ 503(b) and

507(a)(1) representing unpaid rent that accrued under the MBC Lease between the date on which

the Lessee Debtors filed their petitions for relief under Chapter 11 and the commencement of the

MBC 365 Period;

C:\DOCUMENTS AND SETTINGS\DELLOSO\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLKE7\18750.MOTION.ADMIN.WPD

(c) Allowing MBC a claim in the amount of One Hundred Fifteen Thousand Eight Hundred Twenty-Nine Dollars and Twenty-Two Cents ($115,829.22) pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1) representing the actual and necessary unpaid cost to the Lessee Debtors' estates of continued use of the equipment that was the subject of the MBC Lease after the MBC 365 Period;

(d) Allowing MBC a claim in the amount of Two Million Three Hundred Ninety-Seven Thousand Two Hundred Thirty-One Dollars and Twenty-Eight Cents ($2,397,231.28) pursuant to 11 U.S.C. § 365(d)(10) representing: (i) the amount of rent that accrued under the Equipment Lease Agreement made as of November 18, 1997 by and between Emerald Equipment Leasing, Inc. ("Emerald"), as lessor, and the Lessee Debtors, as lessees (the "Emerald Lease") during the period that commenced on the 60th day after the Lessee Debtors filed their petitions for relief under Chapter 11 and ended on the date on which rejection of the Emerald was effective (the "Emerald 365 Period"); minus (ii) the amount paid by the Lessee Debtors to or for the benefit of Emerald during the Emerald 365 Period;

(e) Allowing MBC a claim in the amount of One Million Five Hundred Sixty-Seven Thousand Four Hundred Eleven Dollars and Eleven Cents ($1,567,411.11) pursuant to 11 §§ 503(b) and 507(a)(1) representing unpaid rent that accrued under the Emerald Lease between the date on which the Lessee Debtors filed their petitions for relief under Chapter 11 and the commencement of the Emerald 365 Period; and

(f) Allowing MBC a claim in the amount of One Million Four Hundred Thirty-Four Thousand Five Hundred Seventy-Nine Dollars and Sixty-Six Cents ($1,434,579.66) pursuant to U.S.C. §§ 503(b) and 507(a)(1) representing a portion of the actual and necessary

unpaid cost to the Lessee Debtors' estates of continued use of the equipment that was the subject

of the Emerald Lease after the Emerald 365 Period and for reasons states:

<u>Claims Under MBC Lease</u>

Pursuant to the MBC Lease, MBC leased to the Lessee Debtors 700 forty foot dry van containers and the 283 forty-five foot dry van containers (the "MBC Equipment").

2.    At the time that the Lessee Debtors filed their petitions for relief under Chapter 11, the MBC Lease had not expired, had not been terminated, and was in full force and effect and the Lessee Debtors were in possession of the MBC Equipment.

3.    Following the filing of their petitions, the Lessee Debtors continued to use the MBC Equipment and to derive revenues from the use thereof including, without limitation, funds paid by Sea Star Line, LLC ("Sea Star") to purchase the Lessee Debtors' accounts receivable which were generated, in part, by using the MBC Equipment.

4.    On or about May 15, 2002, the Debtors filed a Motion for Order Approving Rejection of Leases of Non-Residential Real Property and Equipment Pursuant to 11 U.S.C. § 365 (the "Omnibus Rejection Motion") seeking to reject multiple leases, including the MBC Lease, effective as of May 15, 2002.

5.    The Omnibus Rejection Motion insofar as it pertained to the MBC Equipment was resolved by an Order Rejecting MBC Equipment Lease (the "MBC Rejection Order") entered on June 3, 2002.

6.    The MBC Rejection Order provided that, to the extent that the MBC Lease as a "true lease," it was rejected effective as of May 15, 2002. The Lessee Debtors were also directed to convey all of their right, title, and interest in and to the MBC Equipment to MBC effective as of May 15, 2002. The MBC Rejection Order also granted MBC relief from the automatic stay to enforce its rights and remedies under the MBC Lease.

7.     Pursuant to 11 U.S.C. § 365(d)(10), the Lessee Debtors were obligated to "timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief... under an unexpired lease of personal property... until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof."

8.     As this Court has never "ordered otherwise," the Lessee Debtors were obligated to perform all obligations that came due under the MBC Lease during the MBC 365 Period.

9.     During the MBC 365 Period, Five Hundred Thirty-Six Thousand Eighty-One Dollars and Thirty-Nine Cents ($536,081.39) in rent came due under the MBC Lease.

10.     The Lessee Debtors paid Five Hundred Twenty-Two Thousand Four Hundred Fourteen Dollars and Twenty-Nine Cents ($522,414.29) to MBC on account of rent that came due during the MBC 365 Period under the MBC Lease and a Stipulation Between MBC Leasing Corp. and Debtors With Respect to Adequate Protection of Property (the "MBC Stipulation") which was approved by this Court on June 13, 2001[1].

11.     The unpaid balance of the rent that came due under the MBC Lease during the MBC 365 Period, Thirteen Thousand Six Hundred Sixty-Seven Dollars and Ten Cents ($13,667.10), remains due and payable.

12.     In addition, pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1), MBC is entitled to an allowed claim for the actual, necessary costs and expenses of preserving the Lessee Debtors'

---

[1] As MBC's claim under 11 U.S.C. § 365(d)(10) is entitled to the highest priority of the claims held by MBC, to avoid overstating its claim, MBC has applied all payments made by the Debtors on account of their obligations under the MBC Lease after the filing of their petitions, whether or not made during the MBC 365 Period, to rent that accrued under the MBC Lease during the MBC 365 Period.

estates, including the costs incurred in using the MBC Equipment both before and after the 365 Period.

13.  Between the date of the filing of the Lessee Debtors' petitions and the commencement of the MBC 365 Period, the Lessee Debtors used the MBC Equipment in the operation of their businesses.

14.  Between the date of the filing of the Lessee Debtors' petitions and the commencement of the MBC 365 Period, Eighty-Seven Thousand Six Hundred Fourteen Dollars and Forty-One Cents ($87,614.41) in rent accrued under the MBC Lease.

15.  No part of the rent that accrued under the MBC Lease between the date of the filing of the Lessee Debtors' petitions and the commencement of the MBC 365 Period has been

16.  The Lessee Debtors did not return the MBC Equipment to MBC at the conclusion of the MBC 365 Period.

7.  Certain of the MBC Equipment, as yet unidentified, (the "Sea Star MBC Equipment") was delivered by the Lessee Debtors into the possession of Sea Star upon the sale of certain of the assets of the Lessee Debtors, but not including the Sea Star MBC Equipment, to Sea Star.

18.  At a hearing on approval of the sale to Sea Star on April 26, 2002, counsel to the Lessee Debtors represented to the Court that a "memorandum agreement" between the Lessee Debtors and Sea Star existed pursuant to which the "estates are being compensated" by Sea Star for the Lessee Debtors' costs for the use of any equipment that Sea Star was not purchasing to complete shipments in process at the time of closing.  Transcript of April 26, 2002 hearing on Motion to Sell ("April 26 Transcript"), p. 55, line 25, to p. 56, line 24.

19.    According to counsel, that memorandum agreement was based upon a model developed by "one or our people, the president-- or, the Executive VP of MPR (sic), Carl Fox, and Mr. Leach from Sea Star." April 26 Transcript, p. 56, line 25, to p. 57, line 3. The model was based on "the last quarter's costs of shipping, costs of delivering the service, on average." April 26 Transcript, p. 57, lines 3-5. According to the representation of Debtors' counsel, "there is an imputed number that we'll get paid at closing, and then it's subject to true up post closing based on the *actual cost of the voyage, or the trips to MPR* (sic)." April 26 Transcript, p. 57, lines 10-12 (Emphasis added).

20.    In response to a specific question by the Court as to whether the costs for which the Debtors would be paid by Sea Star included rental costs, whether or not the applicable lease had been rejected, counsel to the Lessee Debtors stated:

> We understand that there may be an administrative expense claim accruing until we can get these boxes out of service. That's understood. Again, Sea Star will hopefully correct me if I— if I am wrong, but I believe that the model, which is complicated and has a lot of factors in it, does include the total rental costs as one of the cost factors imputed to the box moving in interstate and international commerce.

April 26 Transcript, p. 58, lines 5-11.

21.    Despite the representations made by their counsel, in response to Interrogatories subsequently served on the Lessee Debtors by MBC, both Lessee Debtors stated that nothing was due from Sea Star for use of the Sea Star MBC Equipment.

22.    Sea Star subsequently leased the MBC Equipment from MBC effective as of August 1, 2002 pursuant to an Equipment Lease Agreement dated as of August 1, 2002 by and between MBC, as lessor, and Sea Star, as lessee (the "Sea Star MBC Lease").

23.    Between the date on which rejection of the MBC Lease was effective and the date on which the Sea Star MBC Lease became effective, One Hundred Fifteen Thousand Eight

Hundred Twenty-Nine Dollars and Twenty-Two Cents ($115,829.22) in rent attributable to the MBC Equipment accrued under the MBC Lease calculated at the rates specified therein.

24.    The rent attributable to the MBC Equipment that came due under the MBC Lease between the date on which rejection of the MBC Lease was effective and the date on which the Sea Star MBC Lease became effective constitutes an actual, necessary cost and expense of preserving the Lessee Debtors' estates as the use of at least a portion of such equipment was essential to the consummation of the sale of the Lessee Debtors's assets to Sea Star and counsel to the Lessee Debtors acknowledged that a continuing administrative expense obligation was likely to be incurred until the MBC Equipment was returned.

25.    No portion of the rent that accrued under the MBC Lease between the date on which rejection of the MBC Lease was effective and the date on which the Sea Star MBC Lease became effective has been paid.

WHEREFORE, MBC respectfully requests that this Court enter an Order:

1.    Allowing MBC a claim in the amount of Thirteen Thousand Six Hundred Sixty-Seven Dollars and Ten Cents ($13,667.10) pursuant to 11 U.S.C. § 365(d)(10) representing the amount of unpaid rent that accrued under the MBC Lease during the period that commenced on the 60th day after the Lessee Debtors filed their petitions for relief under Chapter 11 and ended on May 15, 2002;

2.    Allowing MBC a claim in the amount of Eighty-Seven Thousand Six Hundred Fourteen Dollars and Forty-One Cents ($87,614.41) pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1) representing unpaid rent that accrued under the MBC Lease between the date on which the Lessee Debtors filed their petitions for relief under Chapter 11 and the commencement of the MBC 365 Period;

3.    Allowing MBC a claim in the amount of One Hundred Fifteen Thousand Eight Hundred Twenty-Nine Dollars and Twenty-Two Cents ($115,829.22) pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1) representing the actual and necessary unpaid cost to the Lessee Debtors' estates of continued use of the Sea Star MBC Equipment after the MBC 365 Period until the commencement of the term of the Sea Star MBC Lease;

4.    Authorizing and directing the trustee of the estates of the Lessee Debtors (the "Trustee") to pay the aforesaid claims immediately; and

5.    Granting to MBC such other and further relief as the case may require.

### Claims Under Emerald Lease

26.    In 1997, Emerald requested that MBC provide a term loan (the "Purchase Money Loan") to Emerald in the amount of Thirty-Five Million Dollars ($35,000,000.00) to enable Emerald to purchase 426 twenty foot steel dry van containers, 990 Onan refrigerator "gensets," 910 forty foot steel dry van containers, 1,457 forty foot steel high cube dry van containers, 945 forty-five foot steel dry van containers, 396 forty-five foot aluminum dry van containers, 972 refrigerated containers, and 6,741 chassis (the "Emerald Equipment") from the Lessee Debtors and to enter into a long term lease of the Emerald Equipment to the Lessee Debtors.    MBC agreed to provide the Purchase Money Loan.

27.    To evidence its obligations with respect to the Purchase Money Loan, Emerald executed and delivered to MBC a Loan and Security Agreement dated as of November 20, 1997 by and between Emerald and MBC, as subsequently amended, (the "Loan Agreement"), and a $35,000,000.00 Term Loan Promissory Note dated as of November 20, 1997 from Emerald to MBC. 28.    To secure its obligations to MBC with respect to the Purchase Money Loan, Emerald granted MBC a security interest in the Emerald Equipment and all "accounts, chattel

paper, contract rights, documents, general intangibles, and instruments arising from" the Emerald Equipment.

29.     Emerald leased the Emerald Equipment to the Lessee Debtors pursuant to the Emerald Lease.

30.     As additional security for its obligations to MBC with respect to the Purchase Money Loan, Emerald assigned the Emerald Lease to MBC pursuant to the Loan Agreement and an Assignment of Lease As Security made as of November 20, 1997 by and between Emerald and MBC (the "Lease Assignment"). MBC perfected its security interests in all of the collateral granted by Emerald by taking possession of the original Emerald Lease and by appropriate filings.

31.     In the Emerald Lease, as a precaution in the event that the Emerald Lease was ever determined to constitute a financing transaction instead of a true lease, the Lessee Debtors granted Emerald a security interest in the Emerald Equipment. Emerald perfected its security interest in the Emerald Equipment by appropriate filings and assigned its security interests to MBC as additional collateral.

32.     At the time that the Lessee Debtors filed their petitions for relief under Chapter 11, the Emerald Lease had not expired, had not been terminated, and was in full force and effect and the Lessee Debtors were in possession of the Emerald Equipment.

33.     Following the filing of the Lessee Debtors' petitions, the Lessee Debtors continued to use the Emerald Equipment and to derive revenues from the use thereof including, without limitation, funds paid by Sea Star to purchase the Lessee Debtors' accounts receivable which were generated, in part, by using the Emerald Equipment.

34.    On or about April 18, 2002, the Lessee Debtors filed a Motion for Order Approving Rejection of Equipment Lease With Emerald Equipment Leasing, Inc. Pursuant to 11 U.S.C. § 365 (the "Emerald Rejection Motion") seeking authorization to reject the Emerald Lease as of an unspecified date, but requesting a hearing on April 22, 2002.

35.    The Emerald Rejection Motion was resolved by a Consent Order Authorizing Return of Equipment to Emerald Equipment Leasing, Inc. (the "Emerald Rejection Order") entered on May 10, 2002.

36.    The Emerald Rejection Order provided that, to the extent that the Emerald Lease was a "true lease," it was rejected effective as of April 18, 2002, the date on which the Emerald Rejection Motion was filed.  The Lessee Debtors were also ordered to execute a bill of sale conveying all of the Lessee Debtors' right, title, and interest in and to the Emerald Equipment to Emerald.  By separate Order, MBC was granted relief from the automatic stay, effective as of April 29, 2002, to enforce its rights and remedies under the Loan Agreement.

37.    By virtue of the assignment of the Emerald Lease to MBC pursuant to the Loan Agreement and the Lease Assignment and the granting of relief from the automatic stay to MBC to enforce its rights and remedies thereunder, MBC is entitled to assert and enforce any claims that Emerald may have under the Emerald Lease or arising from the use of the Emerald Equipment.

38.    Pursuant to 11 U.S.C. § 365(d)(10), the Lessee Debtors were obligated to "timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief... under an unexpired lease of personal property... until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title,

unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof."

39.     As this Court has never "ordered otherwise," the Lessee Debtors were obligated to perform all obligations that came due under the Emerald Lease during the Emerald 365 Period.

40.     During the Emerald 365 Period, Eight Million Eight Hundred Seventy-Three Thousand One Hundred Forty Dollars and Eighty-Six Cents ($8,873,140.86) in rent came due under the Emerald Lease.

41.     The Lessee Debtors paid Six Million Four Hundred Seventy-Five Thousand Nine Hundred Nine Dollars and Fifty-Eight Cents ($6,475,909.58) to MBC on account of rent that accrued during the Emerald 365 Period under the Emerald Lease and the MBC Stipulation[2].

42.     The unpaid balance of the rent that came due under the Emerald Lease during the Emerald 365 Period, Two Million Three Hundred Ninety-Seven Thousand Two Hundred Thirty-One Dollars and Twenty-Eight Cents ($2,397,231.28), remains due and payable.

43.     In addition, pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1), as Emerald's assignee, MBC is entitled to an allowed claim for the actual, necessary costs and expenses of preserving the Lessee Debtors' estates, including the costs incurred in using the Emerald Equipment both before and after the Emerald 365 Period.

44.     Between the date of the filing of the Lessee Debtors' petitions and the commencement of the Emerald 365 Period, the Lessee Debtors used the Emerald Equipment in the operation of their businesses.

---

[2]     As in the case of the MBC Lease, MBC has applied all post-petition payments to obligations under the Emerald Lease that came due during the Emerald 365 Period.

45     Between the date of the filing of the Lessee Debtors' petitions and the commencement of the Emerald 365 Period, One Million Five Hundred Sixty-Seven Thousand Four Hundred Eleven Dollars and Eleven Cents ($1,567,411.11) in rent accrued under the Emerald Lease.

46.     No part of the rent that accrued under the Emerald Lease between the date of the filing of the Lessee Debtors' petitions and the commencement of the Emerald 365 Period has been paid.

47.     The Lessee Debtors did not return the Emerald Equipment to Emerald or MBC at the conclusion of the Emerald 365 Period.

48.     Over the objection of MBC who sought a temporary restraining order to stop such delivery, certain as yet unidentified Emerald Equipment (the "Sea Star Emerald Equipment") was delivered by the Lessee Debtors into the possession of Sea Star upon the sale of certain of the assets of the Lessee Debtors, but not including the Sea Star Emerald Equipment, to Sea Star.

49.     At a hearing on approval of the sale to Sea Star on April 26, 2002, counsel to the Lessee Debtors represented to the Court that a "memorandum agreement" between the Lessee Debtors and Sea Star existed pursuant to which the "estates are being compensated" by Sea Star for the Lessee Debtors' costs for the use of any equipment that Sea Star was not purchasing to complete shipments in process at the time of closing. April 26 Transcript, p. 55, line 25, to p. 56, line 24.

50.     According to counsel, that memorandum agreement was based upon a model developed by "one or our people, the president-- or, the Executive VP of MPR (sic), Carl Fox, and Mr. Leach from Sea Star." April 26 Transcript, p. 56, line 25, to p. 57, line 3. The model was based on "the last quarter's costs of shipping, costs of delivering the service, on average."

April 26 Transcript, p. 57, lines 3-5.  According to the representation of Debtors' counsel, "there is an imputed number that we'll get paid at closing, and then it's subject to true up post closing based on the *actual cost of the voyage, or the trips to MPR* (sic)."  April 26 Transcript, p. 57, lines 10-12 (Emphasis added).

51    In response to a specific question by the Court as to whether the costs for which the Debtors would be paid by Sea Star included rental costs, whether or not the applicable lease had been rejected, counsel to the Lessee Debtors stated:

> We understand that there may be an administrative expense claim accruing until we can get these boxes out of service.  That's understood.  Again, Sea Star will hopefully correct me if I— if I am wrong, but I believe that the model, which is complicated and has a lot of factors in it, does include the total rental costs as one of the cost factors imputed to the box moving in interstate and international commerce.

April 26 Transcript, p. 58, lines 5-.

52.    Despite the representations made by their counsel, in response to Interrogatories subsequently served on the Lessee Debtors by MBC, both Lessee Debtors stated that nothing was due from Sea Star for use of the Sea Star Emerald Equipment.

53.    Commencing on June 11, 2002, MBC began effecting sales of specific items of Emerald Equipment pursuant to Article 9 of the Uniform Commercial Code.

54.    Between the date on which rejection of the Emerald Lease was effective and the first date on which MBC sold any Emerald Equipment, One Million Four Hundred Thirty-Four Thousand Five Hundred Seventy-Nine Dollars and Sixty-Six Cents ($1,434,579.66) in rent attributable to the Emerald Equipment accrued under the Emerald Lease calculated at the rates specified therein[3].

---

[3]    Rent has continued to accrue under the Emerald Lease attributable to Emerald Equipment that remains in the possession of the Lessee Debtors after June 11, 2002.  However,

55.    The rent attributable to the Emerald Equipment that came due under the Emerald Lease between the date on which rejection of the Emerald Lease was effective and the date on which MBC first sold an item of Emerald Equipment constitutes an actual, necessary cost and expense of preserving the Lessee Debtors' estates as the use of at least a portion of such equipment was essential to the consummation of the sale of the Lessee Debtors's assets to Sea Star and counsel to the Lessee Debtors acknowledged that a continuing administrative expense obligation was likely to be incurred until the Emerald Equipment was returned.

56.    No portion of the rent attributable to the Emerald Equipment that accrued under the Emerald Lease between the date on which rejection of the Emerald Lease was effective and the date on which MBC first sold an item of Emerald Equipment has been paid.

WHEREFORE, MBC respectfully requests that this Court enter an Order:

1.    Allowing MBC a claim in the amount of Two Million Three Hundred Ninety-Seven Thousand Two Hundred Thirty-One Dollars and Twenty-Eight Cents ($2,397,231.28) pursuant to 11 U.S.C. § 365(d)(10) representing the amount of unpaid rent that accrued under the Emerald Lease during the period that commenced on the 60th day after the Lessee Debtors filed their petitions for relief under Chapter 11 and ended on April 18, 2002;

---

as MBC has sold, and is continuing to sell, items of Emerald Equipment as they are located and recovered, the universe of Emerald Equipment remaining in the possession of the Lessee Debtors has changed multiple times one MBC started selling Emerald Equipment and will continue to change each time that MBC recovers another item of Emerald Equipment from the Lessee Debtors. Because of the difficulty of recalculating the rent due on the changing universe of Emerald Equipment remaining in the possession of the Lessee Debtors each time that an item of Emerald Equipment is recovered, for administrative convenience, although it results in the understatement of MBC's administrative expense claim, MBC has elected to assert an administrative claim for the actual and necessary cost of continued use of the Emerald Equipment by the Lessee Debtors after the date on which rejection of the Emerald Lease became effective only for the period in which the Debtors and Sea Star, with the Lessee Debtors' consent, used all of the Emerald Equipment.

2.    Allowing MBC a claim in the amount of One Million Five Hundred Sixty-Seven Thousand Four Hundred Eleven Dollars and Eleven Cents ($1,567,411.11) pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1) representing unpaid rent that accrued under the Emerald Lease between the date on which the Lessee Debtors filed their petitions for relief under Chapter 11 and the commencement of the Emerald 365 Period;

3.    Allowing MBC a claim in the amount of One Million Four Hundred Thirty-Four Thousand Five Hundred Seventy-Nine Dollars and Sixty-Six Cents ($1,434,579.66) pursuant to 11 U.S.C. §§ 503(b) and 507(a)(1) representing the actual and necessary unpaid cost to the Lessee Debtors' estates of continued use of the Sea Star Emerald Equipment after the Emerald 365 Period until MBC first sold an item of Emerald Equipment;

4.    Authorizing and directing the Trustee to pay the aforesaid claims immediately; and

5    Granting to MBC such other and further relief as the case may require.


Respectfully submitted,

NEAL J. LEVITSKY
Bar No.: 2092
FOX, ROTHSCHILD, O'BRIEN &FRANKEL, LLP
824 North Market Street, Suite 810
P.O. Box 2323
Wilmington, Delaware 19899-2323
Telephone: (302) 654-7444
Fax: (302) 656-8920

and

WILLIAM L. HALLAM
Federal Bar. No.: 00057
GEBHARDT & SMITH LLP
The World Trade Center, 9th Floor
401 East Pratt Street
Baltimore, Maryland 21202
Telephone: (410) 752-5830
Fax: (410) 385-5119

Attorneys for MBC Leasing Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 2nd day of January, 2003 copies of the foregoing

Motion of MBC Leasing Corp. For Allowance and Payment of Administrative Priority Claims

Pursuant to 11 U.S.C. §§ 365(d)(10), 503(b) and 507(a)(1) were sent via facsimile to: Daniel K.

Astin, Esquire, The Bayard Firm, 222 Delaware Avenue, 9th Floor, Wilmington, Delaware 19801

and Donald J. Crecca, Esquire, Schwartz, Tobia, Stanziale. Sedita & Campisano, P.A., 22

Cresmont Road, Montclair, New Jersey 07042, attorneys for Charles A. Stanziale, Jr., Trustee;

Gary M. Schildhorn, Esquire, Adelman Lavine Gold and Levin, P.C., 1900 Two Penn Center

Plaza, Philadelphia, Pennsylvania 19102 (Fax No. 215-557-7922), attorney for Emerald

Equipment Leasing, Inc.; and Frank J. Perch, III, Esquire, Office of the United States Trustee, J.

Caleb Boggs Federal Building, 844 King Street, Suite 2313 - Lockbox 35, Wilmington,

Delaware 19801 (Fax No. 302-573-6497).

NEIL J. LEVITSKY

C:\DOCUMENTS AND SETTINGS\DELLOSO\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLKE7\18750.MOTION.ADMIN.WPD

GREENWICH TERMINALS LLC
P.O. BOX 42550
PHILADELPHIA, PA 19101

PHILADELPHIA, PA

2333

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 1/29/03 | 001572 | *****4,800.00 |

*Pay*    FOUR THOUSAND EIGHT HUNDRED AND 00/100 DOLLARS

TO
THE
ORDER
OF

55482
MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

DUPLICATE VOUCHER

NON NEGOTIABLE

---

GREENWICH TERMINALS LLC
P.O. BOX 42550
PHILADELPHIA, PA 19101

55482
MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

2003025018

SOVEREIGN BANK
PHILADELPHIA, PA

| | | | DATE | CHECK NO. | AMOUNT |
|---|---|---|------|-----------|--------|
| | | | 1/29/03 | 001572 | *****4,800.00 |

| Invoice Date | Invoice Number | Invoice Amount | Description | G/L | Invoice Date | Invoice Number | Invoice Amount | Description | G/L |
|------|------|------|------|------|------|------|------|------|------|
| 3/03/20 | 012003 | 4,800.00 | | 1185-00 | | | | | |



EXHIBIT 94
EEL-5
2-12-08
www.DeposDE.com

GREENWICH TERMINALS LLC
P.O. BOX 42550
PHILADELPHIA. PA 19101

SOVEREIGN BANK
PHILADELPHIA, PA

60-7269
2833

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 2/04/03 | 001630 | ******8,028.85 |

Pay    EIGHT THOUSAND TWENTY-EIGHT AND 85/100 DOLLARS

TO
THE
ORDER
OF

55482
MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

DUPLICATE VOUCHER

NON NEGOTIABLE

GREENWICH TERMINALS LLC
P.O. BOX 42550
PHILADELPHIA, PA 19101

55482
MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

2043l25018    SOVEREIGN BANK
PHILADELPHIA, PA

DATE    CHECK NO.    AMOUNT
2/04/03    001630 ******8,028.85

| Invoice Date | Invoice Number | Invoice Amount | Description G/L | Invoice Date | Invoice Amount | Invoice Amount | Description G/L |
|------|------|------|------|------|------|------|------|
| 2/01/03 | 013103 | 8,028.85 | | 2007300 | | | |

5.2

A-241

Art;
thanks for the update. Let me research and will advise.
Thanks,

Andy Rooks
Director of Equipment
904 855-1278 Phone
904 725-9875 Fax

ADavis@holtove
rsight.com

HoltJR/holtoversight@holtoversight,
01/29/2003
robins/holtoversight@holtoversight
12:33 PM
CSXI, S. Kearney(Document link:

To:    SJackson@MATSON.COM
cc:    ARooks@seastarline.com, Tom
lorraine

Subject:    RE: Emerald Chassis at

Andrew Rooks)


Andy

I've check this email and find the following

PRMZ 004250
You show this on your lease as of 5/29/02 for 95 days. You do not show this
returned.  This unit originally went out of
Packer Avenue terminal late March 02 for the account of NFR.  On May
11,2002 it delivered a  loaded container to
Port Elizabeth via your carrier North Star.  Based on this information this
chassis should have been on put on lease
from 4/27/02  until same is returned in accordance with lease agreement.

PRMC 171170
You do not show this unit on any of your lease billings.  This chassis was
picked up by your trucker Palmer on 6/17/02
from Packer Avenue terminal.  Based on this information this chassis
should have been put on lease from 6/17/02
until same is returned in accordan with the lease agreement.

PRMC 151476
You do not show this unit on any of your lease billings. This chassis was
picked up by your trucker H & M on 5/10/02
from Packer Avenue terminal.  Based on this information this chassis should
have been put on lease from 5/10/02
until same is returned in accordance with the lease agreement.

PRMC 150663
You do not show this unit on any of your lease billings.  This chassis was
picked up by your trucker Northstar on 5/14/02
from Packer Avenue terminal.  Based on this information this chassis should
have been put on lease from 5/14/02
until same is returned in accordance with the lease agreement.

PRMC 170005
You show this unit on your lease from 7/02/02 thru 7/31/02.  You do not
show when or where the unit was terminated.



EXHIBIT
Robins-12

E 004933

This chassis was picked up by your trucker H & M from Packer Avenue
terminal on 5/8/02. Based on this information
we shall issue corrected billing and continue same until unit is returned
in accordance with lease agreement.

As we understand from your email these units are now at CSXI S Kearney
Ramp. You should make arrangements
to have these unit removed. All charges are for the account of SeaStar
Lines.

Will shall issue corrected billing on the above five units.   If you have
any questions please contact me at once.

Best regards
Arthur Davis

| | |
|---|---|
| SJackson@MATSON. | |
| COM | To: |
| "'ARocks@seastarline.com'" | |
| | <ARocks@seastarline.com>, |
| ADavis@holtoversight.com | |
| 01/29/03 08:20 | cc:    "Mike Last (SEA) |
| via INET" | |
| AM | <mlast@seastarline.com>, |
| GCervone@seastarline.com | |
| | Subject: RE: Emerald Chassis |
| at CSXI, S. Kearney | |

Andy,

Any word yet on these chassis?   Have they been removed from Kearny?

Rgds,
Sherri

-----Original Message-----
From: ARocks@seastarline.com [mailto:ARocks@seastarline.com]
Sent: Thursday, January 23, 2003 4:53 PM
To: ADavis@holtoversight.com
Cc: MLast@seastarline.com; GCervone@seastarline.com; Sherri Jackson
(Remote: via CHI 904-743-0610
Subject: Emerald Chassis at CSXI, S. Kearney

Art:

CSXI has following Emerald Chassis at S. Kearney ramp. (Sea Star Line never
took possession). They are asking to have removed. Please handle.
FRMZ004252

E 004934

PRMC171170
PRMC151476
PRMC150663
PRMC170005

Thanks,

Andy Rocks
Director of Equipment
904 355-1278 Phone
904 725-9875 Fax

E 004935

Art:
We will release 172558 to Alex Garcia. I will advise on the rest of your
email regarding Houston upon Barbara's return.

Andy Rooks
Director of Equipment
904 855-1278 Phone
904 725-9675 Fax

|  | ADavis@hcltove | To: | ARooks@seastarline.com |
|---|---|---|---|
|  | rsight.com | cc: | scott.krieger@mercentile.net, |
| lorraine |  |  |  |
|  | 03/05/2003 |  | robins/hcltoversight@hcltoversight |
|  | 01:03 PM | Subject: | Emerald Chassis sold to |
| AGA Group |  |  |  |

Andy

Confirming my voice mail of today,  Alex Garcia of AGA Group shipped
chassis on SSL from San Juan to Miami. Alex was advised that one of the
chassis PRMC 172558 would not be released because you advised SSL purchased
it.  You let me know you planned to get a different chassis for him and
would work out the details with me.
I do not see chassis PRMC 172558 on the  SSL lists of purchases.  Alex did
receive the title from MBC for this chassis.  Is it possible there was
confusion with PRMC 172998 purchased by SSL on 8/30/02?
Please advise your thoughts.

In January I advised you that three chassis located in La Porte Texas at
First Coast could not be sold with the other equipment because of the
condition i.e. bent  and twisted frames.  You were sending a surveyor to
inspect the chassis the following week but I have heard nothing from you as
of today.  I did receive an offer of $700.00 for the units if they had
titles from a different buyer and offer I could not accept.  Please let me
know the status of chassis:
PRMC 170211
PRMC 170318
PRMZ 168726
According to the lease agreement you would be responsible for payment in
the amount of $2,200.00 per chassis and would receive the titles.

In addition I note SSL has not included these units on the Self Billing
Reports. I found the following information :

PRMC 170211 GO PHL 4/25 to Roadway, GO 5/7 Elizabeth Roadway, GI 7/26 HOU
First Coast in your pool

PRMC 170318  GO PHL 4/16 to CSX R R  GI 7/26 HOU First Coast in your pool

PRMZ 168726  GO  JAX 4/16 to CSX R R  now in HOU First Coast in your pool

All chassis should have been put on hire as of 4/27/02 and continue to be
on hire as of today.
As such thru 2/28/02 rent should be paid for 308 days on each chassis at a



EXHIBIT
Robinson-14
1/26/05

E 004936

rate of $2.20 per day = $677.60 per chassis
and a total for the three chassis of $2,032.80.

Please advise your thoughts

Regards

Arthur

E 004937



ADavis@holtoversight.com

03/05/2003 03:26 PM

To: ARooks@SEASTARLINE.COM
cc: MCabrera@SEASTARLINE.COM, JEmery@SEASTARLINE.COM,
RDiaz@SEASTARLINE.COM, ARodrigues@SEASTARLINE.COM,
RRodriguez@SEASTARLINE.COM

Subject: Re: Emerald chassis sold to SSL at the Showroom

Andy
Just to confirm, these are the same four chassis I found when I was in San
Juan during the week of 2/3 and reported to you that I would pull out and
have them redelivered to the terminal. I will set up with Arturo and or
Manuel to bring a fork truck to the "showroom" to unstack the chassis. As
you know, I will be in San Juan next week and will coodinate the move.

On a seperate issue, what are your thoughts in regard to the chains and
binders. I proposed you give us a credit of 60% of the origional charges
and we would keep the chains. In the alternative, we want to return the
chains as agreed and will want to have them counted as they are loaded into
your truck. I am willing to handle this in either manner. When I was in
San Juan last, a crew of 4 men arrived to take the chains with the thought
to count them at a later date when they could spread them out onto the
pier. That doesn't work for us. Please adsvise your thoughts.

We have a large number of chassis to be surveyed next week if you plan to
redeliver anything from the terminal back to Emerald. Please see if you
can have Manuel Cabrerra available to work on that with me. Thank you
Regards

Arthur


ARooks@SEASTARLI
NE.COM

ADavis@holtoversight.com

MCabrera@seastarline.com, JEmery@seastarline.com,
ARodrigues@seastarline.com,
03/05/03 02:40
PM

To:

cc:
RDiaz@seastarline.com,

RRodriguez@seastarline.com
Subject: Emerald chassis sold

to SSL at the Showroom


Art:
Per our conversation, the following four (4) chassis are at the showroom in
San Juan, but were purchased by Sea Star. Please arrange with Manuel
Cabrera for their return.

170612
170800
171415
172243

The 172126 which I originally identified at the showroom is actually
172726. This unit does not belong to SSL.
Thanks for your help.

SE51243

Andy Rooks
Director of Equipment
904 855-1278 Phone
904 725-9875 Fax

SE51244



 **Andrew Rooks**
03/06/2003 05:49 PM

To: ADavis@holtoversight.com
Subject: Chains and Binders - San Juan Emerald Chassis stacks

Arthur;
Sea Star Line Invoice Number IM00000000507 in the amount of $92,190.00 was submitted to Emerald on July 9, 2002. This invoice represented 394 stacks of Emerald Chassis that were bundled and released to Emerald and sent to the "Showroom". These chains and binders (3 sets per stack) were not invoiced with the understanding from Emerald Representatives that these chains and binders would be returned to Sea Star Line. Please advise of your intentions and time frame on returning the remaining sets or advise us if we should invoice Emerald for this material.
I look forward to your response.

Andy Rooks
Director of Equipment
904 855-1278 Phone
904 725-9875 Fax

SE51247

# INVOICE

**GREENWICH TERMINALS, LLC**
PO BOX 42550
PHILADELPHIA, PA 19101

**BILL TO:**

54707
MDC LEASING CORP.
2 HOPKINS PLAZA, 5TH FLOOR
BALTIMORE, MD 201
ATTN: MR. SCOTT KRIEGER

INVOICE NO.: 0370705
INVOICE DATE: 03/05/03
WORK ORDER: 000-9868

SHIP # 03-998  DOMESTIC VESSEL

REIMBURSEMENT OF EXPENSES JAN. & FEB. 2003

| DESCRIPTION | UNITS/QTY | UNITS/QTY | RATE | AMOUNT |
|---|---|---|---|---|
| PAYEE: MARTIN MC DONALD<br>DATE: 1/13/03   CK# 1410 | 1.000 | | 3633.5000 | 3633.50 |
| PAYEE: TERMINAL INVESTMENT CORP<br>DATE: 1/16/03   CK# WIRE | 1.000 | | 7682.6000 | 7682.60 |
| PAYEE: GEN'L TRANSPORTATION<br>DATE: 1/29/03   CK# 1570 | 1.000 | | 7089.7900 | 7089.79 |
| PAYEE: ARTHUR B. DAVIS<br>DATE: 1/29/03   CK# 1573 | 1.000 | | 1395.1000 | 1395.10 |
| PAYEE: MARTIN MC DONALD<br>DATE: 1/29/03   CK# 1572 | 1.000 | | 4800.0000 | 4800.00 |
| PAYEE: GEN'L TRANSPORATION<br>DATE: 1/30/03   CK# 1587 | 1.000 | | 4442.5000 | 4442.50 |
| PAYEE: MARTIN MC DONALD<br>DATE: 2/4/03   CK# 1630 | 1.000 | | 8028.8500 | 8028.85 |

**PAY THIS AMOUNT** ➡ CONTINUED

DUPLICATE

A-250

EXHIBIT 9
EEL - 4
2-12-08
www.DeposDE.com

# INVOICE

ZENNITH TERMINAL SVC LLC
PO BOX 42550
PHILADELPHIA PA 19101

**BILL TO:**

56707
MBC LEASING CORP
2 HOPKINS PLAZA (5TH FLOOR)
BALTIMORE  MD 21201
ATTN:  MR. SCOTT KRIEGER

| | |
|---|---|
| INVOICE NO. | 0307655 |
| INVOICE DATE | 03/06/03 |
| WORK ORDER | 00038168 |

SHIP #  03-998  DOMESTIC VESSEL

REIMBURSEMENT OF EXPENSES JAN. & FEB. 2003

| DESCRIPTION | UNITS/QTY | UNITS/QTY | RATE | AMOUNT |
|---|---|---|---|---|
| PAYEE: GEN'L TRANSPORATION<br>DATE: 2/14/03    CK# 1721 | 1.000 | | 15937.5000 | 15237.50 |
| PAYEE: TERMINAL INVESTMENT CORP<br>DATE: 2/21/03    CK# WIRE | 1.000 | | 7682.6000 | 7682.60 |
| PAYEE: GEN'L TRANSPORTATION<br>DATE: 2/25/03    CK# 1814 | 1.000 | | 4037.5000 | 4037.50 |
| PAYEE: MARTIN MC DONALD<br>DATE: 2/26/03    CK# 1826<br>SEE ATTACHED SUPPORTS | 1.000 | | 212.6200 | 212.67 |

**PAY THIS AMOUNT** ➡    64,242.56

Credit - Interpool/Trac chassis stored in Jacksonville    ( 6,734.00)
Credit - Transportation Refrid purchase of LYKU Conts     (20,200.00)
                                             Balance Due   37,308.56

DUPLICATE

A-251

**GREENWICH TERMINALS LLC**
P.O. BOX 42550
PHILADELPHIA, PA 19101

2041025018    SOVEREIGN BANK
PHILADELPHIA, PA

60-7269
2313

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 1/29/03 | 001573 | *****1,395.10 |

**Pay**    ONE THOUSAND THREE HUNDRED NINETY-FIVE AND 10/100 DOLLARS

TO
THE
ORDER
OF

17670
ARTHUR B DAVIS
128 PARKVIEW ROAD
CHELTENHAM, PA  19012

DUPLICATE VOUCHER

NON NEGOTIABLE

---

**GREENWICH TERMINALS LLC**
P.O. BOX 42550
PHILADELPHIA, PA 19101

17670
ARTHUR B DAVIS
128 PARKVIEW ROAD
CHELTENHAM, PA 19012

2041025018    SOVEREIGN BANK
PHILADELPHIA, PA

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 1/29/03 | 001573 | *****1,395.10 |

| Invoice Date | Invoice Number | Invoice Amount | Description | G/L | Invoice Date | Invoice Number | Invoice Amount | Description | G/L |
|------|------|------|------|------|------|------|------|------|------|
| 3/01/27 | 0127/03 | 1,395.10 | | 1148-00 | | | | | |



GREENWICH TERMINALS LLC
P.O. BOX 42550
PHILADELPHIA, PA 19101

PHILADELPHIA, PA

60-7259
2311

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 1/29/03 | 001572 | *****4,800.00 |

Pay    FOUR THOUSAND EIGHT HUNDRED AND 00/100 DOLLARS

55482
TO THE ORDER OF    MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

DUPLICATE VOUCHER

NON-NEGOTIABLE

GREENWICH TERMINALS LLC
P.O. BOX 42550
PHILADELPHIA, PA 19101

55482
MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

201025018

SOVEREIGN BANK
PHILADELPHIA, PA

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 1/29/03 | 001572 | *****4,800.00 |

| Invoice Date | Invoice Voucher | Invoice Amount | Description | D/L | Invoice Date | Invoice Number | Invoice Amount | Description | D/L |
|---|---|---|---|---|---|---|---|---|---|
| 1/01/20 | 012003 | 4,800.00 | | 1140-00 | | | | | |

A-253

**FOR CHECK** Date 1/20/03 ___ 19 ___

Address MARTIN MC DENALD

City ___ 55482

Amount $ 480.00 ___ State ___ Zip Code ___

Or Charge To ___ Charge To Account No. 1148-00

For ___

REQUESTED BY
O. Davis

APPROVED BY

CHECK ISSUED BY

TOPS FORM 1218

CHECK NO.

Please provide (3) copies of voucher & backup UNION USA

A-254

*Martin McDonald*
*37 Ivanhoe Drive*
*Manalapan, New Jersey 07726*

January 27, 2003
Greenwich Terminals, LLC
101 S King Street
Gloucester City, New Jersey 08030

As agents for MBC Leasing Corp.

Consulting fees for work in San Juan on equipment sales.

| Week of January 20 - 25 | 6 days at $800.00 per day | $4,800.00 |
|---|---|---|
| Total payable this invoice | | $4,800.00 |

A-255



GREENWICH TERMINALS LLC
P.O. BOX 42550
PHILADELPHIA, PA 19101

SOVEREIGN BANK
PHILADELPHIA, PA
60-7269
2313

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 2/04/03 | 001630 | ******8,028.85 |

Pay   EIGHT THOUSAND TWENTY-EIGHT AND 85/100 DOLLARS

55482

TO THE ORDER OF   MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

DUPLICATE VOUCHER

NON-NEGOTIABLE

GREENWICH TERMINALS LLL
P.O. BOX 42550
PHILADELPHIA, PA 19101

55482
MARTIN MCDONALD
37 IVANHOE DRIVE
MANALAPAN, NJ 07726

SOVEREIGN BANK
PHILADELPHIA, PA

| DATE | CHECK NO. | AMOUNT |
|------|-----------|--------|
| 2/04/03 | 001630 | ******8,028.85 |

| Invoice Date | Invoice Number | Gross Amount | Description | G/L | | | Invoice Amount | Description | G/L |
|---|---|---|---|---|---|---|---|---|---|
| 2/01/03 | 013103 | 8,028.85 | | 2030-00 | | | | | |

FROM : MCDONALD                FAX NO. :                Jan. 27 2003 11:59PM  P2

**EXPENSE REPORT**

Employee Name: Martin McDonald
Soc Sec No: 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
Covering: 1/19 1/25

| (1) DATE | TRAVEL FROM / TO | (2) DAILY CAR MILEAGE | BUSINESS PURPOSE | (4) TRANSPORTATION EXPENSES PLANE FARE | GAS | (5) CAR RENTAL | (6) HOTEL MOTEL | (7) MEALS include Gratuities | (8) PHONE | (9) OTHER EXPENSE | (10) ENTERTAINMENT | DAILY TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1/19 to 1/25 | | LOAD U SAVE SERVICE | 305.80 | | 559.50 | 2085.25 | 192.50 | | | | 3222.25 |
| | | | | | | | | | | 268.00 | | 268.00 |
| | 1/19 → 1/27 (2) DAYS AT $8000.00 | | | | | | | | | | | 16,000.00 |
| | | | | | | | | | | | | |
| WEEKLY TOTALS | | TOTAL MILES | | | | | | | | | | |
| Consul Labor | 1/17  1/24  1/31 @ $200 PER DAY | | | | | | | | | | | 3,000.00 |
| | | | | | | | | | | | | |
| TOTAL EXPENSES | | | | | | | | | | | | 8024.00 |

SUBMITTED BY: _M. McDonald_

RECEIVED
2003 FEB -3 AM 9:20
H.O.L.L.
VP DEPT.

FROM : MCDONALD

FAX NO. :                          Jan. 27 2003 11:59PM  P3
MARTT MCDONALD                              LC
RR   860783641  VEH 05198:6494835  HERTZ.
CLS YL  NVL N  03DURG  LC PR EMIER5

CDP  211787-PLATINUM CARD FROM AMEX

RES C072001852/PDR    JL
PREPARED BY: 8718/PRSAND
COMPLETED BY: 8192/PRSAN1
RENTED: 01/18/03  22:13 @ LUIS MUNOZ MARIN AJP
RETURN: 01/22/03  12:24 @ LUIS MUNOZ MARIN AJP

PLAN IN:        RAW1 *  RATE CLASS:    L
PLAN OUT:       PDR
* YOU DID NOT RETURN AS ORIGINALLY STATED TO
LUIS MUNOZ MARIN AJP     ON 01/22/03 BY 18:09
THE LOWEST QUALIFYING RATE HAS BEEN CHARGED.

MILEAGE IN       2791     TR-X MILES
MILEAGE OUT      2439     MILES ALLOWED
MILES DRIVEN      352     MILES CHARGED

| | | | |
|---|---|---|---|
| 5WEEKS | 1 @ $ 409.70 /WEEK | $ | 409.70 |
| EX DAYS | 1 @ $ 81.94 /DAY | $ | 81.94 |
| SUBTOTAL 1 | | $ | 491.64 |
| DISCCUNT - R  5% | | $ | 24.58 |
| SUBTOTAL 2 | | T$ | 467.06 |
| AIRPORT RECOVERY FEE | | T$ | 46.71 |
| LDW       DECLINED | | | |
| LIS       DECLINED | | | |
| PAI       DECLINED | | | |
| FPO       ACCEPTED | | T$ | 37.73 |
| VEH LIC FEE | | $ | 8.00 |
| TAX    .000 % ON TAXABLE TIL OF $ 551.50 | | | |
| CHARGED ON  AMX    XXXXXXXXXX3093 | | $ | 559.50 |
| RENT FP AMX  XXXXXXXXXX3093 | | | |

*46706* (handwritten)

*559.50* (handwritten)

STATEMENT OF CHARGES - NOT VALID FOR RENTAL

A-258

FROM : MCDONALD                    FAX NO. : 7325366570              Jan. 28 2003 12:13AM  P8

```
        AMBASSADOR PLAZA
      RISTORANTE LA SCALA

   4002 YANIRA              1
   ---------------------------
   3/1          197    GST 1
          JAN25'03  9:26PM
   ---------------------------

     1 PASTA E FAGIOLI     5.00
     1 TODAY SPECIAL      18.00
       GARLIC BREAD
     1 Open Food           1.25
     1 COFFEE CUP          2.00
     1 WATER2              5.00

       Food               26.25
       Beverage            5.00
       TOTAL DUE:  $31.25

   Thank you for dining with us


   TIP ......  _____700_____

   TOTAL .... _____$3785___

   ROOM # ... _____

   NAME PRINT _____

   SIGNATURE  _____
```

```
        AMBASSADOR PLAZA
        CAFE MEZZANINE

   802 MONICA
   ---------------------------
   17/1          113    GST 1
          JAN20'03 11:38PM
   ---------------------------

     1 BBQ BREAST          8.50
     2 DIET COKE           3.90

       Food               12.40
       SubTotal    $12.40

   Thank you for dining with us

   TIP ......  _____250_____

   TOTAL ....  _____$1490___

   ROOM # ... _____

   NAME PRINT _____

   SIGNATURE  _____
```

A-259

FROM : MCDONALD                FAX NO. : 7325366570              Jan. 28 2003 12:12AM  P7



Ashford Ave. Condado
TEL:(787)721-8667  FAX:(787)721-5560

0232c  Table 48  #Party 1
ROSELEEN R  SvrCk: 3 19:04 01/24/03
DINING ROOM

1 SODA                                1.99
1 SHRIMP & SIRLOIN, medium well,
  choice-fries, add caesar salad    16.99
1 ESPRESSO                            1.99

                     Sub Total: 20.96
           OPEN DOLLAR »Discount»:   3.99
01/24 19:40 TOTAL:          16.97

**PLEASE PAY YOUR SERVER**

**BREAKFAST SERVED DAILY**

Join us every morning for the best
cooked to order breakfast in San Juan!

                    TIP  340
                       20 37

---

Int'l Restaurant Services Inc.
Chili's Grill & Bar
San Patricio Plaza
Guaynabo PR.
787-774-0295

Server: MADELINE        12/11/2002
Table 7/1               2:30 PM
Guests: 2               40030

Diet Pepsi (2 @1.79)      3.58
Triple Play               6.29
Cup with entree (2 @2.29) 4.58
Baby Back Ribs & Chicken (2 27.98

Total                    45.43

Balance Due      46.43
                    9 20
Gracias por su visita          6 3
Comentarios (787)275-986
irsloperations@prmail.nst

---

AMBASSADOR PLAZA
CABARET

2001 JUAN                        6

207 JAN23'03 11:59PM

1 PREMIUM LIQUOR       6.00
7 CORDIAL             42.00

Beverage              48.00
SubTotal          $48.00

Thank you for your patronage
Gratuity not included

TIP ......  _____

TOTAL ....  _____

ROOM # ...  _____

NAME PRINT  _____

SIGNATURE  _____

ON-
SITE

---

Oriental Palace
Plaza Las America
HATO REY, PR 00918
7897672736

Server: CECILIO         Station: 7

Order #: 87760          Dine In
Table: 15               Guests: 1

2 COORS LIGHT            6.50
1 EEL ROLL              7.25

AMOUNT DUE:           $13.75

>> Ticket #: 206 <<    3 3 0
1/22/2003 8:28:39 PM   16 75

********************************
GRACIAS POR SU PATROCINIO !!
SUGERIMOS 15 % DE PROPINA NO INCLUIDA
15% DE SU CUENTA SERIA  $2.06
GRACIAS !!

********************************

FROM : MCDONALD                    FAX NO. : 7325366570          Jan. 28 2003 12:14AM P10

  **eTICKET**                    # Continental Airlines

Issue Date: January 13, 2003

### eTicket Itinerary and Receipt

**Attention:**                                    **Confirmation: UZY1H2**

| Day | Date | Flight/ Class | Depart | Time | Arrive | Time | Equip | Meal |
|-----|------|-------|--------|------|--------|------|-------|------|
| Sun | 19JAN03 | CO 1947 Z | NEWARK EWR | 4:20PM | SAN JUAN PR. | 8:08PM | 757-200 | Dinner |
| Mon | 27JAN03 | CO 1946 T | SAN JUAN PR. | 3:30PM | NEWARK EWR | 6:30PM | 757-200 | Dinner |

| Traveler (1) | Frequent Flyer | eTicket Number | Seat(s) in flight order and subject to change |
|--------------|----------------|----------------|-----------------------------------------------|
| MCDONALD / MARTY | CO-RFC038526 Gold | 0052162EE1315 | 4F/ 9C |

Fare: $348.00          Combined Tax: $37.80          Per Person Total: $385.80          eTicket Total: $385.80

Combined Tax / Fee Detail:   U.S. International Transportation Tax: $28.80, Security Service Fee: $5.00, Passenger Facility Charge $8.00

Method of Payment:   AMERICAN EXPRESS 37138683XXXXXXXX

Fare Rules:   Additional charges may apply for changes in addition to any fare rules listed.
NON-REFUNDABLE/FEE FOR CHANGE
All changes must be made prior to the departure date or the ticket has no value

---

### International eTicket Reminders

→ Bring this eTicket Receipt along with photo identification, proof of citizenship, passport and/or visa to the ticket lobby for check-in
→ The FAA now restricts carry-on baggage to one bag plus one personal item (purse, briefcase, laptop computer, etc.) per passenger
→ For up to the minute flight information call 1-800-784-4444 or try our free Flight Paging service at continental.com
→ If flight segments are not flown in order, your reservation may be cancelled
→ There is no need to call to reconfirm this reservation. If your travel plans change, call 1-800-231-0856, outside the U.S., call local Continental office
→ Your eTicket is non transferable and valid for 1 year from the issue date unless otherwise noted in the fare rules above
→ International taxes and fees may be collected at your departure airport

---

### Important Baggage Information

For important baggage allowance and embargo information, please visit continental.com > Travel Center > Policies > Baggage Information or call Continental at 1-800-231-0856.

---

### AirTrain Newark Really Flies. Connect to the Airport in 30 Minutes.

From Penn Station take either Amtrak or NJ Transit and arrive in less than 30 minutes to the Newark Liberty International Airport station. From there connect with the AirTrain and go right to the terminal. For more information visit continental.com > Travel Center > Airport Information > Terminal Maps > Newark.

---

### Reserve a Conference Room at the Airport

Presidents Club members can now utilize conference room facilities even if not traveling that day. Stop by any location or call the Presidents Club at 1-800-322-2340 for details.

---

### IMPORTANT CONSUMER NOTICES

- Your travel is subject to Continental's Contract of Carriage terms. The Contract is available at any CO ticketing facility, continental.com or by calling 1-800-525-0280. The Contract terms include rules about limits on liability for personal injury or death and for loss, damage, or delay of goods and baggage, check-in times, overbooking, security issues, reservations denial of carriage, refunds, claim limits and resolutions including time limitations for filing a claim or lawsuit, and warrants changes and irregularities.
- On domestic flights, Continental's maximum liability for checked baggage is $2500 per passenger and Continental excludes liability for undeclared baggage. You can declare excess value (including the domestic portions of the trip), restrict liability for checked baggage to $640/bag, and $400/passenger for unchecked baggage. You can declare excess valuation on certain carriage of the signed, and travel fees will apply. Continental excludes liability for fragile, valuable or perishable items carried as checked baggage including jewelry, cash, cameras, equipment and items valuables. If any of these items are lost, damaged or delayed, you will not be entitled to any reimbursement.
- For international flights, a treaty known as the Warsaw Convention may apply to the entire journey. When applicable, it governs, amongst other things, the liability of the carrier for baggage and death or injury to passengers.
- Your ticket jacket and the Contract of Carriage contain further detail of these terms.

---

### Thank you for choosing Continental Airlines
www.continental.com

A-261

**ATLC LIMOUSINE SERVICE**
207 Westgate Drive
Edison, NJ 08820
FAX #908-668-0629
michael @atlclimo.com
1-800-942-285

McDonald, Marty                                    January 12, 2003
37 Ivanhoe Drive
Manalapan, NJ  07726

| DESCRIPTION | |
|---|---|
| From Manalapan, NJ to Newark Airport | $104.00 |

**PAID IN FULL BY CREDIT CARD.**

*THANK YOU FOR YOUR BUSINESS.*

| TOTAL | |
|---|---|
| | $104.00 |

A-262

FROM : MCDONALD                    FAX NO. : 7325366570              Jan. 29 2003 09:58PM  P3

### ATLC LIMOUSINE SERVICE
207 Westgate Drive
Edison, NJ  08820
FAX #908-668-0629
michael @atlclimo.com
1-800-942-2852

McDonald, Marty                                            January 27, 2003
37 Ivanhoe Drive
Manalapan, NJ  07726

---

## DESCRIPTION

From Newark Airport to Manalapan, NJ                              $104.00

### PAID IN FULL BY CREDIT CARD.

*THANK YOU FOR YOUR BUSINESS.*

TOTAL                                                            $104.00

---

A-263

FROM : MCDONALD            FAX NO. : 7325366570        Jan. 28 2003 12:10AM  P3

Mr. Marty McDonald
212 Fernwood AVE
Edison, NJ 08837

PLEASE NOTE
OUR CHECK-OUT TIME IS 12:00 NOON

Arrival:    01/19/03                    Room:          612
Departure: 01/27/03                     Cashier:        16
                                        Page:            1
                                        Departure Time: 07:45

R·E·C·E·I·P·T — Radisson Ambassador Plaza Hotel & Casino, 01/27/03

Make your next reservation via the WWW.RADISSON.COM/SANJUANPR_AMBASSADOR

| Date | Text | Room | Charges | Credits |
|------|------|------|---------|---------|
| 01/19 | Room Charge | 612 | 195.00 | |
| 01/19 | PR Government Room Tax | | 21.45 | |
| 01/19 | Surcharge | | 9.75 | |
| 01/20 | Room Charge | | 195.00 | |
| 01/20 | PR Government Room Tax | | 21.45 | |
| 01/20 | Surcharge | | 9.75 | |
| 01/20 | Telephone -Long Distance ->#1612 : 732-738-4408 | | 3.50 | |
| 01/20 | Telephone -Long Distance ->#1612 : 732-738-4080 | | 3.50 | |
| 01/21 | Parking | | 8.00 | |
| 01/21 | Room Charge | | 195.00 | |
| 01/21 | PR Government Room Tax | | 21.45 | |
| 01/21 | Surcharge | | 9.75 | |
| 01/21 | Parking | | 8.00 | |
| 01/21 | Telephone -Long Distance ->#1612 : 908-510-1737 | | 3.50 | |
| 01/21 | Telephone -Long Distance ->#1612 : 908-510-1737 | | 3.50 | |
| 01/21 | Telephone -Long Distance ->#1612 : 908-510-1737 | | 4.88 | |
| 01/21 | La Scala Ristorante ->#612  : CHECK #107  *ON-SITE* | | 146.00 | |
| 01/22 | Room Charge | | 195.00 | |
| 01/22 | PR Government Room Tax | | 21.45 | |
| 01/22 | Surcharge | | 9.75 | |
| 01/22 | Parking | | 8.00 | |
| 01/22 | Telephone -Long Distance ->#1612 : 732-786-1147 | | 5.57 | |
| 01/23 | Room Charge | | 195.00 | |
| 01/23 | Surcharge | | 9.75 | |
| 01/23 | PR Government Room Tax | | 21.45 | |

A-264

FROM : MCDONALD                    FAX NO. : 7325366570        Jan. 28 2003 12:11AM  P4

Mr. Marty McDonald
212 Fernwood AVE
Edison, NJ 08837

PLEASE NOTE
OUR CHECK-OUT TIME IS 12:00 NOON

Arrival:   01/19/03                          Room:        612
Departure: 01/27/03                          Cashier:     16
                                             Page:        2
                                             Departure Time:  07:45

R E C E I P T      Radisson Ambassador Plaza Hotel & Casino, 01/27/03

Make your next reservation via the WWW.RADISSON.COM/SANJUANPR_AMBASSADOR

| Date  | Text | Room | Charges | Credits |
|-------|------|------|---------|---------|
| 01/23 | Parking | | 8.00 | |
| 01/23 | Telephone -Long Distance | | 4.19 | |
|       | ->#1612 : 732-536-7989 | | | |
| 01/23 | Telephone -Long Distance | | 4.19 | |
|       | ->#1612 : 732-786-1147 | | | |
| 01/23 | Telephone -Long Distance | | 7.64 | |
|       | ->#1612 : 732-598-2147 | | | |
| 01/23 | Telephone -Long Distance | | 3.50 | |
|       | ->#1612 : 718-967-8152 | | | |
| 01/24 | Room Charge | | 195.00 | |
| 01/24 | Surcharge | | 9.75 | |
| 01/24 | PR Government Room Tax | | 21.45 | |
| 01/24 | Parking | | 8.00 | |
| 01/25 | Room Charge | | 195.00 | |
| 01/25 | PR Government Room Tax | | 21.45 | |
| 01/25 | Surcharge | | 9.75 | |
| 01/25 | Parking | | 8.00 | |
| 01/26 | Room Charge | | 195.00 | |
| 01/26 | PR Government Room Tax | | 21.45 | |
| 01/26 | Surcharge | | 9.75 | |
| 01/26 | Parking | | 8.00 | |
| 01/26 | Telephone -Long Distance | | 1.23 | |
|       | ->#1612 : 787-344-3491 | | | |
| 01/26 | Mezzanine Coffee Shop | | 25.85 | |
|       | ->#612  : CHECK #967 | | | |
| 01/27 | American Express Card | | | 2082.65 |
|       | ->XXXXXXXXXX3003     11/04 | | | |

                          Total        2082.65    2082.65
                          Balance         0.00 USD

Thank you for choosing Radisson Ambassador Plaza Hotel & Casino.

A-265





**Andrew Rooks**
03/19/2003 03:29 PM

To: lrobins@holtmarine.com, ADavis@holtoversight.com,
tholtjr@holtmarine.com, "Scott H Krieger"
<Scott.Krieger@mercantile.net>
Subject: Your 3/18/03 reply

Lorraine:

**1. 30 Day Minimum** – My responses to you have been unit specific. My comment of "all units utilized and per diem paid to Emerald for a minimum of 30 days" in my 3/12/02 email applied to the specific units listed in your spread sheets. The two examples you provided were not included in your lists. However, regarding the two units you now mention:

- PRMZ007760 – We paid the NPR Trustee 14 days of equipment cost for all loads on vessels on 4/27/02.

- PRMC120180 - The unit was terminated inadvertently on 6/25/02 in our system. The actual termination date is 7/17. We owe Emerald 6          days (6/26 – 6/31).

**2. Redelivery** – Our Rental Agreement did not require a listing of unit numbers for termination. In accordance with the agreement, I provided emails indicating the quantity and types to Art Davis. Termination dates for respective units are listed on the self billing reports in which Emerald and MBC received monthly.
The conversations you and I had related to Inland Depot issues (Illinois Auto, Global). I have not had any verbal conversations with you since June, 2002. All conversations regarding Emerald terminations have been with Art.

**3. Inspections** – Yes, the inspection process of units to be returned was completed on Friday, March 14. A total of 89 units were jointly inspected of which only 9 units will require Sea Star to credit Emerald $1,491.50 for damages.

**4. ON/OFF HIRE** – Sometime in July 2002, John Emery presented a complete listing of the 668 containers stored at our terminal to Marty McDonald during one of his visits to San Juan. On July 9, 2002, invoice number IM000000509 was submitted with a complete listing of the 668 units stored at our facility. On August 22, 2002, invoice number 1M000000536 was submitted with an updated inventory of the 764 units stored. You have had ample time to review these inventories from these respective invoices.

**5. NPR Records** - I concur with your statement about NPR records not belonging to Emerald. NPR records and office furnishings were already in these containers on April 27. Sea Star did not put these records in these units and any per diem or storage issues that Emerald has should be directed at the Trustee.

**6. Chains and Binders** – We have received back from Emerald 395 sets of chains and binders. Approximately 800 sets still remain with Emerald. Please advise on when we can expect the return of the remaining sets.

Andy Rooks

Director of Equipment
904 855-1278 Phone
904 725-9875 Fax

# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MUMA SERVICES, INC., *et al.*, | : | Case Nos. 01-0926 (MFW) |
| f/k/a Murphy Marine Services, Inc. | : | through 01-0932 (MFW) and |
| | : | Case Nos. 01-0935 (MFW) |
| Debtors[1] | : | through 01-0950 (MFW) |
| | : | |
| _____ | : | (Jointly Administered) |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| MUMA SERVICES, INC., *et al.*, | : | Case Nos. 01-00933 (MFW) |
| f/k/a Murphy Marine Services, Inc. | : | through 01-00934 (MFW) |
| | : | |
| | : | (Jointly Administered) |
| Debtors | : | |
| _____ | : | **Re: Docket No. 3471** |

## ORDER APPROVING JOINT MOTION OF CHAPTER 7 TRUSTEE, DOCKSIDE REFRIGERATED WAREHOUSES, INC. AND EMERALD EQUIPMENT LEASING, INC. TO SEVER JOINT ADMINISTRATION OF THE DOCKSIDE AND EMERALD CASES FROM THE CONVERTED CHAPTER 7 CASES AND FOR A DELINEATION OF SEPARATE CLAIMS DOCKETS FOR THE CHAPTER 7 AND CHAPTER 11 CASES

Upon consideration of the Joint Motion of the Chapter 7 Trustee,

Dockside Refrigerated Warehouses, Inc. and Emerald Equipment Leasing, Inc. To Sever

Joint Administration Of The Dockside And Emerald Cases From The Converted Chapter

7 Cases And For A Delineation Of Separate Claims Dockets For The Chapter 7 And

---

[1] The Debtors are Murphy Marine Services, Inc., The Holt Group, Inc., B.H. Sobelman & Co., Inc., Borinquen Maintenance, Inc., Broadway Equipment Leasing Corp., C.R.T., Inc., Dockside International Fish Co., Dockside Refrigerated Warehouse, Inc., Emerald Equipment Leasing, Inc., Holt Cargo Systems, Inc., Holt Hauling & Warehousing System, Inc., New Port Stevedores, Inc. (f/k/a S.J.I.T., Inc.), NPR Holding Corporation, NPR, Inc., NPR Navieras Receivables, Inc., NPR S.A., Inc., Oregon Avenue Enterprises, Incorporated, Pattison Avenue Warehousing Corp., Refrigerated Distribution Center, Inc., Refrigerated Enterprises, Inc., The Riverfront Development Corporation, San Juan International Terminals, Inc., 777 Pattison Ave., Inc., Triple Seven Ice, Inc., and Wilmington Stevedores, Inc.

Chapter 11 Cases (the "Motion"); and due and adequate notice of the Motion having been given; and sufficient cause appearing therefore; it is hereby

ORDERED as follows:

1.      The Motion is GRANTED.

2.      The bankruptcy cases of Dockside Refrigerated Warehouses, Inc. ("Dockside") and Emerald Equipment Leasing, Inc. ("Emerald") (Dockside and Emerald shall hereinafter be referred to collectively as the "Chapter 11 Debtors"), shall be severed from the joint administration of the Chapter 7 Cases (as defined in the Motion), such that the Chapter 11 Cases shall proceed separately and independently from the Chapter 7 Cases, maintaining separate dockets for the Chapter 11 Cases and the Chapter 7 Cases from the date of this Order.

3.      Separate claims dockets shall be established for the Dockside and Emerald cases which shall consist solely of claims filed against those entities pursuant to the Bar Date Notice on separate claims forms. A separate claims docket shall be established for the Chapter 7 Cases which shall consist solely of claims filed against any of the Chapter 7 Debtors on separate proofs of claim forms for each such Chapter 7 Debtor.

4.      Any claims not filed as a separate claim against a particular Debtor in any one of the Bankruptcy Cases (as defined in the Motion) on a separate proof of claim form shall not be included on any claims docket and the Chapter 11 Debtors and Trustee may disregard such claims as if no claim was filed; provided, however, that the claims filed in case number 01-926 by the Pension Benefit Guaranty Corporation, as

A-269

amended, shall be deemed filed in each of the above-captioned bankruptcy cases, without the need to re-file any such claim.

5.    Nothing granted herein shall prejudice the rights of the Trustee and the Chapter 11 Debtors to object to any proof of claim filed in these cases, including without limitation, the claims asserted by the Pension Benefit Guaranty Corporation.

Dated: May 23, 2003
      Wilmington, Delaware

The Honorable Mary F. Walrath
United States Bankruptcy Judge

A-270



**SEA STAR LINE, LLC**



Mr. Arthur Davis                                                          July 9, 2003
Holt Oversight & Logistical Technologies
3301 S. Columbus Blvd.
Philadelphia, PA 19148

RE:     Invoice IMP000103
        Chains and Binders

Dear Arthur:

Emerald Leasing requested that we move 394 bundles of chassis to the Showroom lot in San Juan in June, 2002. Mr. Marty McDonald requested our services and approved all cost of bundling, handling, dray, etc. per the enclosed schedule. It was requested by Emerald that we not invoice charges for chains and binders because they would be returned promptly to Sea Star Line.

As per the attached return analysis of June 1, 2003, of the 1182 sets of chains and binders provided, 787 sets of chains and binders at $40.25 each and 42 loose chains at $16.00 each have not been returned. Therefore, we are invoicing Emerald the attached invoice for $32,348.75. It has been over a year, so unless you can confirm that you will promptly return all or part of the remaining sets, we will expect your remittance. In the event you return a portion of the chains and binders by August 1, 2003, we will be pleased to adjust the invoice.

Please advise if I can be of any further assistance.

Sincerely,

Andy Rooks
Director of Equipment

Cc:     Phil Bates – Sea Star Line
        Scott Krieger – MBC Leasing

100 Bell Tel Way, Suite 300 • Jacksonville, FL 32216
Tel: (904) 855-1260 • Fax: (904) 724-3011

SE51903



**SEA STAR LINE, LLC**
100 BELL TELL WAY
SUITE 300
JACKSONVILLE, FL 32216
904-855-1206

# Invoice

Number: IMP000103

Date: July 09, 2003

Bill To:
USA61101
EMERALD EQUIPMENT LEASING
101 SOUTH KING ST
GLOUCESTER CITY, NJ C8030 ATT: ARTHUR DAVIS

AND

USA61111
MBC LEASING
TWO HOPKINS PLAZA
PO BOX 1461
BALTIMORE, MD 21203 ATT: SCOTT KRIEGER

| REFERENCE # | PERIOD | | TYPE OF SERVICES |
| --- | --- | --- | --- |
| | | | EQUIPMENT |

| DATE | DESCRIPTION | QUANTITY | RATE | Amount |
| --- | --- | --- | --- | --- |
| JUNE 1, 2003 | BALANCE OF ORIGINAL 1182 CHAIN/BINDER SETS NOT RETURNED | 787.00 | 40.25 | 31,676.75 |
| | LOOSE CHAINS | 42.00 | 16.00 | 672.00 |

## THIS IS YOUR INVOICE
## PAYMENT DUE UPON RECEIPT

Total    $32,348.75

SE51804

A-272

SPECIAL BILL



**Sea Star Line, LLC**

Invoice No. Pre-Form 12

**INVOICE**

| Customer | | Misc | |
|---|---|---|---|
| Name | EMERALD | Date | |
| Address | | Order No. | |
| City | State   ZIP | Rep | |
| Phone | | FOB | |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| 787 | CHAIN/BINDER SETS | $ 40.25 | $ 31,676.75 |
| 42 | LOOSE CHAINS | 16.00 | 672.00 |
| | | SubTotal | $32,348.75 |
| | | Shipping | |

| Payment | Check | | |
|---|---|---|---|
| Comments | | Tax Rate(s) | |
| Name | | | |
| CC # | | TOTAL | $ 32,348.75 |
| Expires | | | |

PO BOX 195461 SAN JUAN PR 00919-5461

SE51806

A-273

- 394 BUNDLES CHASSIS W/ 3 SETS EACH OF CHAINS/BINDERS MOVED FROM SEA STAR SAN JUAN TERMINAL, SAN JUAN, TO "SHOWROOM"
- TOTAL 1182 CHAIN/BINDER SETS USED.

## RETURN ANALYSIS

- CHAINS :   1182  TOTAL
  - 158   RETURNED BY EVERGLADES DIRECT (RECEIPT)
  - 195   RETURNED BY AGA GROUP, PORT EVERGLADES
    (CHASSIS SOLD BY EVERSION TO AGA USED CHAIN/BINDERS FOR TRANSPORT)

    _____

    829   CHAINS OWED TO SEA STAR
  - 787   CHAINS TO MATCH WITH BINDERS
    42   ADDITIONAL CHAINS NOT MATCHED WITH BINDERS

- BINDERS :   1182  TOTAL
  - 175   RETURNED BY EVERGLADES DIRECT (W/ RECEIPT)
  - 25   RETURNED BY EVERGLADES DIRECT (W/ RECEIPT)
  - 195   RETURNED BY AGA GROUP, PORT EVERGLADES
    787   BINDERS TO MATCHED WITH CHAINS

SE51805

A-274



Arthur Davis                        To: "Scott H Krieger" <Scott.Krieger@mercantile.net>
08/11/03 09:05 AM
                                    cc: adavis@holtoversight.com

                        Subject: Re: Invoices

Good morning Scott
I will answer your questions as posed:

1. The charges for Terminal Services are for the rental of a forklift truck and a Yard tractor. The rental charge includes all maintenance on the equipment. We have been paying for the equipment in advance and are charged against the "deposit" as we use the equipment. We are not charged for a minimum of hours but for specific use only. We have worked with this company since we started to sell the equipment.

2. The $321.00 charge from General Transportation Services covers the purchase of 4" "I" beam clips which are used to stack the chassis. I will fax the invoice to you after I send this e mail.

3. I paid Container Port Group after I sold the equipment to Miesler Leasing Corp. for $27,250.00 . I am certain you would agree it was cheaper to make the payment instead of using the alternative of taking Container Port Group to court which would involve you and I, Tom Holt, Sr., Tom Holt, Jr. at least two attorneys, and we would still have to make a payment anyway.

4. The difference is taxes and benefits. You were invoiced at the same rate per week as last last year.

5. Please be assured that no one is more aware of the costs at Jax Port then me. I continuously work the containers in every way I can including the repair of the boxes prior to delivery as in the case of Handi Storage. I hope Horizon Lines will conclude the purchase of 250 - 300 containers on the same basis. The containers have been quoted out to Costa Rica, the Middle East, South America, and all over the United States. Some of those actively working on the sale are:Trailer Rentals, AGA Group, Transportation Equipment, Gulf Stream, GFR Associates, and others. There is nothing I would like to do more then sell out these boxes.
With the sale of Handi Storage boxes and the 45' chassis, we will further reduce the area in use. The cost to move the containers to a less expensive facility will not reduce the overall cost due to the volume we have.

We recently spoke about invoicing my time on a monthly basis; you pointed out you did need an invoice. I will comply with your request. Sorry for missing that.

Regaards

Arthur


"Scott H Krieger" <Scott.Krieger@mercantile.net>

          "Scott H Krieger"        To: adavis@holtoversight.com
                              <Scott.Krieger@merc
                              antile.net>           cc:
                              08/08/03 04:33 PM     Subject: Invoices


E 006822

Art: After I got over the shock of 7 months of your salary all at once (I thought we had agreed that we would do this monthly going forward) I had an opportunity to review the remainder of the bills you submitted and have the following questions?

1.  Terminal Services invoice 00129985 for deposits on a 30,000 lb lift and tico tractor.  I thought we already had this kind of stuff under rental agreements.  If not, what were these rentals for and how/when will we get these deposits totalling $7,682.60 back?

2.  Your check # 003227 in the amount of $3,627.50 includes payment for a $321 invoice # 34383 for which no support was provided.

3.  Back storage and other expenses at Containerport Group, Inc in Cleveland was $10,196.85 for only 27 units.  This amounts to $377 per unit.  I doubt some of the containers are even worth that.  What is the story here?  What are we doing to locate the remaining thousands of units outside of our three controlled locations to minimize this kind of expense going forward?  Before we put out this kind of money to recapture outlying units again, I would like to be consulted if I am expected to reimburse Greenwich Terminals for these nonbudgeted costs.

4. I calculate your salary for the 7 months to be roughly $54,600.  Is the difference employer soc sec and other benefits?

5.  Jaxport rent of $27K a month is a killer.  Can we explore either cheaper offsite storage or better yet, a blow out sale of containers?

I do not currently have sufficient funds to pay all of these invoices.  As we receive additional sale proceeds, we will attempt to pay as soon as the funds become available.  Please submit all expenses monthly going forward.  As sales have slowed, we will need better information to make difficult decisions that are certain to arise in upcoming months.

Thanks, Scott


Scott H. Krieger
Senior Vice President
Mercantile-Safe Deposit and Trust Company
2 Hopkins Plaza, 5th Floor
Baltimore, Md 21201

Phone: (410) 237-5694
Fax:    (410) 237-5319
Email:  scott.krieger@mercantile.net

****************************************************************
The opinion expressed in this e-mail message are those of the sender alone and do not represent the position of Mercantile Bankshares Corporation or its Affiliates unless specifically so stated herein. Additionally, the information contained in this message is intended only for the persons to whom it is addressed and may contain confidential or privileged material. Copying, distributing, dissemination, reliance on, or other use of the information by persons other than the intended recipient(s) is prohibited. If you received this message in error, please notify the sender and delete the entire message from any computer.
****************************************************************

E 006823

A-276

**Arthur Davis/holtoversight**
09/16/03 11:03 AM

To  EarbDavis@seastarline.com, ARooks@seastarline.com

cc  Tom HoltSR/holtoversight@holtoversight, Tom Holt JR/holtoversight@holtoversight, Lorraine Robbins/holtoversight@holtoversight

bcc

Subject  Containers at ShawBarbara

Barbara / Andy

Thank you for the information in regard to the equipment that is available at Shaw. As you know, NPR did not use this depot .. I will do what I can to sell the equipment from this depot .
As agreed, I will continue to sell equipment from the depots to assist Sea Star in cutting their costs by not having to return the equipment to Philadelphia or Jacksonville and Sea Star agreed they will stop off hiring equipment in San Juan. In no case has Emerald at any time accepted information that equipment was available for sale as an agreement the equipment was off hired at the depot.
We will contact potential customers and do everything possible to sell the equipment at the depot.

Upon checking the records we have found the following information in regard to the chassis at Shaw:

PRMC 120744 not on self billing report; Gate in Shaw per Andy Rooks 7/26/02
PRMC 171187 per SSL on hire 7/1/02, paid 7/1 (31) days and 8/1/02 (31) days, nothing paid 9/1/02 - 5/31/03
                        paid 6/1/03 (30) days and 7/1/03 (31) days

PRMZ 084059 not on self billing report, gate out JAX 4/26/02 gate in Shaw 7/26/02 per Andy Rooks
PRMC 151000 not on self billing report. Gate in JAX 4/26/02
PRMC 151238 per SSL on hire 5/10/02 paid 4/29/02 (6) days total no further payments listed on any self billing
reports

Andy, please add these units to the self billing report for August.
When will we receive the August report ?

Regards

Arthur



EXHIBIT
Robins-20
1/26/05

09/24/2005 16:25 FAX 4102375319   COLLATERAL REVIEW   ☒601

# TELECOPY COVER SHEET



**MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY**
2 HOPKINS PLAZA/P.O. BOX 1461
BALTIMORE, MARYLAND 21203
(410) 237-5784
(410) 237-5319 (FAX)

DATE: 9/24/03

TO: D. A. Davis

FAX NUMBER: 856-742-9401

FROM: Scott Kriegen   (410) 237-

NUMBER OF PAGES: _____ (including cover sheet)

MESSAGE: Draft of Nelson's Response. Just please make sure you are not claiming payment for the 4/5 and time periods covered under self calling reports for Sis Sta.   Thanks   Scott

## CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us.

## WARNING

Interception of telephonic communications could be a violation of Maryland and Federal laws.

E 005788

A-278

 **MBC LEASING CORP.**

*Set by*
*Fax /*
*Fed /*

October 30, 2003

Mr. Thomas Holt, Jr., President
Greenwich Terminals, LLC
3301 S. Columbus Boulevard
Philadelphia, PA 19102

Dear Tom:

As you are probably aware, we have negotiated a deal in principal to sell MBC Leasing's Emerald loan documents to your father, effective 11/1/03. As a result, and in accordance with the Independent Contractor Agreement dated June 30, 2002 between MBC and Greenwich, MBC Leasing Corp. is exercising its right to terminate the Agreement and Greenwich Terminals' engagement as an independent contractor of MBC Leasing. This letter is intended to give Greenwich Terminals the required 30 days notice. However, we would appreciate it if you could stop incurring any additional controllable expenses on MBC's account immediately.

We have enjoyed our relationship with Greenwich and its employees. Thank you for all of your collective efforts on our behalf.

Sincerely,

Scott H. Krieger
Treasurer & Assistant Secretary

SHK:swl
G:1