UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC,<br>a limited liability company, | )<br>)<br>) | Civil Action No. 05-CV-245-JJF |
| Plaintiff, | )<br>) | |
| -vs- | )<br>) | |
| EMERALD EQUIPMENT LEASING, INC.,<br>a corporation, | )<br>)<br>) | |
| Defendant, | )<br>) | |
| -vs- | )<br>) | |
| SEA STAR LINE, LLC, | )<br>) | |
| Counter-Defendant. | )<br>) | |

### NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that on July 1, 2008, **Sea Star Line, LLC's Subpoena on Thomas Holt, Sr.** (the "Subpoena") was served as set forth in Proof of Service, attached herto with the Subpoena as Exhibit "A."

Dated: July 3, 2008

SMITH, KATZENSTEIN & FURLOW, LLP

By: _____
Etta R. Wolfe (ID No. 4164)
The Corporate Plaza
800 Delaware Avenue
P.O. Box 410
Wilmington, DE 19899
Tel: (302) 652-8400
Fax: (302) 652-8405
*Counsel for Sea Star Line, LLC*

{05130|NOS|10047564.DOC}

# EXHIBIT A

Case 1:05-cv-00245-JJF-LPS    Document 200    Filed 07/03/2008    Page 2 of 10

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/1/08 | 10710 ELLICOTT RD.  PHILADELPHIA, PA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| THOMAS HOLT, SR. | ACCEPTED BY   ANGELA HOLT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DOUG PRIEST | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   7/1/08
DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the partyor attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need notappearin person atthe place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materialsorof the premises. If objection is made, the partyserving the subpoenashall not be entitled to inspectand copyrnaterials; or inspectthe premises except pursuaritto an order of the court by which the subpoena was issued. If objection has been made, the parlyserving the subpoena may, upon notice to the person commanded to produce, move at any time for an orderto compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court bywhich asubpoenawas issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer ofa partyto travel to a place more than 1 00 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matterand no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 1 00 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows asubstantial need forthe testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are keptin the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged orsubjectto protection astrial preparation materials, the claim shall be made expresslyand shall be supported bya description of the natureof the documents, communications, orthings not produced that is sufficienttoenable the demanding party to contest the claim.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

_____ DISTRICT OF __**DELAWARE**_____

**SUBPOENA DUCES TECUM**

SEA STAR LINE, LLC,
a limited liability company,
    Plaintiff,

Civil Action No. 05-CV-245-JJF

-vs-

EMERALD EQUIPMENT LEASING, INC.,
a corporation,
    Defendant,

-vs-

SEA STAR LINE, LLC,
    Counterclaim-Defendant.

**TO:**    Thomas Holt, Sr.
        10710 Ellicott Road
        Philadelphia, PA 19154

x **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United State District Court for the District of Delaware<br>844 North King Street<br>Wilmington, DE 19801 | 4B |
| | DATE AND TIME<br>July 7, 2008 9:30 a.m. |

**YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents): See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| United State District Court for the District of Delaware<br>844 North King Street<br>Wilmington, DE 19801 | July 7, 2008 9:30 a.m. |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF | DATE |
|---|---|
| Attorney for Plaintiff  _[signature]_ | July 1, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Kathleen M. Miller, Esq., Smith, Katzenstein & Furlow, LLP, 800 Delaware Avenue, Wilmington, DE 19801,
302-652-8400

cc:    Alan I. Moldoff, Esquire (via facsimile)

## SCHEDULE "A"

Pursuant to Federal Rule of Civil Procedure 45, THOMAS J. HOLT, SR. ("HOLT") shall produce at trial the following documents and electronically stored information (collectively "records"), as defined below, in his custody or control:

1. All records relating to EMERALD.

2. All records relating to MBC.

3. All records relating to E.T. Heinsen C por A.

4. All records relating to Emerald Equipment, including but not limited to containers, chassis, and gen sets.

5. All records relating to the following:

(a) Promissory Note between STORAGE and MBC, dated November 1, 2003;

(b) Loan Sale and Assignment Agreement between STORAGE and MBC, dated November 1, 2003;

(c) Security Agreement between STORAGE and MBC, dated November 26, 2003;

(d) Guaranty Agreement between Thomas J. Holt, Sr. and MBC, dated November 1, 2003.

6. All records relating to communications in regard to Emerald Equipment between HOLT and any other person, including but not limited to the following:

(a) Arthur Davis;

(b) Lorraine Robins.;

(c) Martin McDonald;

    (d) E. T. Heinsen;

    (e) Representatives of E.T. Heinsen C por A;

    (f) Representatives of EMERALD;

    (g) Representatives of the NPR, Inc. bankruptcy trustee;

    (h) Representatives of MBC;

    (j) Representatives of SEA STAR.

6. All records relating to recoveries of Emerald Equipment.

7. All records relating to contracts for overland and ocean carriage of Emerald Equipment.

8. All records relating to purchases of Emerald Equipment.

9. All records, including but not limited to bills of sale and notices of sale, delivered to SEA STAR that relate to sales of Emerald Equipment.

10. All records relating to transfers of title to Emerald Equipment.

11. All records, including but not limited to agreements for use of land or facilities, relating to storage of Emerald Equipment.

12. All records relating to payments for Emerald Equipment.

13. All lists of Emerald Equipment prepared or received by any person.

14. All inventories of Emerald Equipment.

15. All agreements between STORAGE and MBC and related records pertaining to EMERALD or Emerald Equipment.

16. All records relating to communications between HOLT and MBC pertaining to EMERALD or Emerald Equipment.

17. All agreements between HOLT and Lorraine Robins or STORAGE and related records pertaining to EMERALD or Emerald Equipment.

18. All records relating to communications between HOLT and Lorraine Robins or Thomas Holt, Jr. pertaining to EMERALD or Emerald Equipment.

19. All guarantees by any Person relating to EMERALD or Emerald Equipment.

20. All agreements, including but not limited to carveout agreements, between HOLT and MBC and related records.

21. All records relating to transfers of legal or equitable interests in EMERALD after October 1, 2003.

22. All records relating to MBC transfers of security interests in EMERALD after October 1, 2003.

23. All records relating to communications between HOLT and EMERALD representatives, MBC representatives, and any other persons pertaining to termination of the Equipment Rental Agreement.

24. All agreements between HOLT and EMERALD, MBC, and any other persons pertaining to termination of the Equipment Rental Agreement.

25. All records relating to communications between HOLT and EMERALD representatives, MBC representatives, and any other persons pertaining to the Indemnity Agreement between MBC and SEA STAR.

26. All records, including but not limited to cancelled checks and wire transfers, of payments of the purchase price specified in the Loan Sale and Assignment Agreement, dated November 1, 2003.

27. All records, including but not limited to cancelled checks and wire transfers, of payments to satisfy the Promissory Note, dated November 1, 2003.

28. All records, including but not limited to cancelled checks and wire transfers, of payments pertaining to the Guaranty Agreement, dated November 1, 2003.

29. All records, including but not limited to cancelled checks and wire transfers, of payments pertaining to the Security Agreement, dated November 26, 2003.

30. All records, including but not limited to cancelled checks and wire transfers, relating to payments to attorneys representing EMERALD.

31. All records, including but not limited to cancelled checks and wire transfers, relating to authorization of payments to attorneys representing EMERALD.

32. All records relating to negotiations with MBC after September 1, 2003 of the following:

    (a) Promissory Note;

    (b) Loan Sale and Assignment Agreement;

    (c) Security Agreement;

    (d) Guaranty Agreement.

## DEFINITIONS

For purposes of this Subpoena Duces Tecum, the following definitions apply:

1. "SEA STAR" means SEA STAR LINE, LLC.

2. "EMERALD" means EMERALD EQUIPMENT LEASING, INC. and its subsidiaries, branches, departments, divisions, and affiliates, as well as all other organizations in which EMERALD has a management or controlling interest. The term "EMERALD" also includes all present and former directors, officers, executives, and employees of EMERALD EQUIPMENT LEASING, INC., and all agents, representatives, and other persons acting or purporting to act on

behalf of EMERALD.

   3. "MBC" means MBC LEASING CORP. and any of its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "MBC" also includes all present and former directors, officers, executives, and employees of MBC LEASING CORP., and all agents, representatives, and other persons acting or purporting to act on behalf of MBC.

   4. "STORAGE" means STORAGE TRANSFER, LLC and its predecessors, subsidiaries, branches, departments, divisions and affiliates, including but not limited to all other organizations in which it has a management or controlling interest. The term "STORAGE" also includes all present and former directors, officers, executives, and employees of STORAGE TRANSFER, LLC, and all agents, representatives, and other persons acting or purporting to act on behalf of STORAGE.

   5. "AGREEMENT" means any contract, understanding or arrangement among two or more persons, written or oral, formal or informal, express or implied.

   6. "COMMUNICATION" means correspondence, contact, discussion, and any other kind of written or oral exchange between two or more persons, including but not limited to all telephone conversations, face-to-face conversations, meetings, visits, conferences, internal and external discussions, and e-mails, memoranda, Blackberry and other wireless records, and other records setting forth, summarizing or relating to such correspondence, contact, discussion, and other written or oral exchange.

   7. "RECORD" or "RECORDS" mean anything which may be considered to be a document, electronically stored information, or tangible thing within the meaning of the Federal Rules of Civil Procedure. Without limitation and as examples, "RECORDS" shall include all letters, correspondence, e-mails, records of conferences, conversations, and other communications, memoranda, notes, telegrams, summaries, telephone logs and records, Blackberry and other wireless records, teletypes, telefaxes, telexes, private written messages, desk calendars, diaries, appointment books, agendas, minutes of meetings, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, contracts, agreements, proposed agreements, notices, canceled checks, charts, graphs, transcripts of interviews, depositions, brochures, affidavits, communications with government bodies, invoices, notes and minutes of meetings of management, boards of directors and committees, intra-office and inter-office communications, results of investigations, working papers, newspaper and magazine articles, records of payments, releases, receipts, computer data, vouchers, papers similar to any of the foregoing and other writings of every kind and description (whether or not actually used) and other records of voice recordings, film, tapes, electronically stored information, and other data compilations stored in any medium from which information can be obtained. Any alterations, notes, comments, or other material contained in or attached to a copy which is not included in originals or copies to which the preceding definition refers shall be deemed a separate "DOCUMENT". **Deponent must produce:**

**(a) the original, or copies if the original is not available, of all written or graphic matter, including but not limited to drafts and non-conforming copies of documents which contain deletions, insertions, handwritten notes, or comments, however produced or reproduced; (b) all other data or data compilations stored in any medium from which information can be obtained -- translated, if necessary, by the deponent into reasonably usable form; (c) any other tangible thing that constitutes or contains matters within the scope of the Subpoena.**

        8.    "Emerald Equipment" means: (a) any container, genset, chassis, reefer, and other equipment which has had Emerald Equipment Leasing, Inc. prefixes or other markings; (b) any container, genset, chassis, reefer, and other equipment which has been subject to claims by Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC; (c) any container, genset, chassis, reefer, and other equipment sold by or on behalf of Emerald Equipment Leasing, Inc., MBC Leasing Corp., or Storage Transfer, LLC.

        9.    "Equipment" means any container, genset, chassis, reefer, and other equipment used in the transport of cargo by vessel, train, truck, or other motor vehicle.

        10.    "Person" means any natural person, corporation, company, partnership, joint venture, association, joint-stock company, institution, trustee in bankruptcy, and any other entity organized for any purpose, as well as any agent of any of the foregoing.

        11.    "Representative" or "Representatives", used in reference to a person, means (a) any past or present officer, director, partner, associate, agent, attorney, subsidiary, or affiliate of such person and (b) any other persons acting on behalf of, or in concert with, such persons, including but not limited to insurance brokers or agents, auditors, actuaries, and consultants of any type.

        12.    To make production inclusive rather than exclusive, the singular shall include the plural and *vice versa*; the masculine shall include the feminine and *vice versa*; and the disjunctive "or" shall include the conjunctive "and" and *vice versa*.