IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC,<br>a limited liability company,<br><br>        Plaintiff,<br><br>-vs-<br><br>EMERALD EQUIPMENT LEASING, INC.,<br>a corporation,<br><br>        Defendant. | CASE NO. 05-CV-00245 (JJF) |

## PRE-TRIAL ORDER FOR JULY 7, 2008 TRIAL

For trial on the Complaint, set for July 7, 2008, the parties submit this Pre-trial Order pursuant to the Court's directive at the June 24, 2008 pre-trial conference.

    1.    **Statement of Issues by Sea Star Line, LLC**

    (a)    Whether Emerald Equipment Leasing, Inc.'s ("Emerald") alleged contingent derivative "carve out" interest confers real-party-in-interest status and standing under the Equipment Rental Agreement ("Rental Agreement"), which is expressly "subject and subordinate to any lease or security interest in favor of a third-party lessor or lender to Lessor", particularly MBC Leasing Corp. ("MBC"), to assert claims against Sea Star Line, LLC ("Sea Star"), such as claims for rent of Emerald equipment;

    (b)    Whether the Loan Sale and Assignment Agreement between MBC and Storage Transfer, LLC ("Storage") prohibits and estopps Emerald claims against Sea Star for compensation for use of Emerald equipment during any period for which Sea Star has paid MBC

under the Indemnity Agreement between MBC and Sea Star;

(c) Sea Star seeks the following declarations of rights and legal obligations under the Rental Agreement and the Order Authorizing Sale of the NPR Assets Free and Clear of All Liens, Claims and Encumbrances ("Sale Order"):

1. Sea Star has no responsibility or liability for Emerald equipment subject to previous agreements between Emerald and NPR, Inc. ("NPR") that Sea Star did not use pursuant to the Rental Agreement after closing of the asset purchase.

2. Emerald's delivery of each piece of Emerald equipment subject to the Rental Agreement must have been effected and evidenced by an equipment interchange receipt – a TIR – signed and dated on or after April 29, 2002.

3. Redelivery of equipment subject to the Rental Agreement may have been at Greenwich terminal, Philadelphia, Pennsylvania; Sea Star terminal, Puerto Nuevo, San Juan, Puerto Rico; Greenwich terminal, Port of Jacksonville, Florida; or any other location as to which the parties have agreed in writing.

4. Redelivery of Emerald equipment subject to the Rental Agreement may have been effected and evidenced by a TIR signed by the Sea Star terminal, Puerto Nuevo, San Juan, Puerto Rico, a designated receiving terminal, at which time Emerald was required to off-hire the equipment.

5. Sea Star has no responsibility or liability to compensate for use of Emerald equipment prior to or during Shipments in Transit.

6. The Sale Order imposes no obligation with respect to any lessor's equipment that on April 27, 2002, was not located on leased property acquired under the Asset

Purchase Agreement; that was not involved in shipment to a "final port of destination" where Sea Star leased premises acquired under the Asset Purchase Agreement and Sale Order; that was returned to port or inland facilities by third parties, such as consignees, which had received shipments at final destinations outside ports.

7. Sea Star has had no duty to "redeliver" or pay compensation for Emerald equipment that Sea Star "touched" but did not use, including but not limited to Emerald equipment which was involved in Shipments in Transit or held by third parties, such as E.T. Heinsen and inland depots, and was returned to port terminals or inland depots where Sea Star leased premises; Emerald equipment which entered NPR terminals prior to closing of the asset purchase; and Emerald equipment for which delivery under the Rental Agreement is not evidenced by a TIR, signed and dated by Sea Star for use on or after April 29, 2002.

8. Sea Star has had no duty to "redeliver" or pay for Emerald equipment involved in Shipments in Transit that third parties, such as consignees, did not return to port terminals or inland depots where Sea Star leased premises. Any Emerald recourse would be to the NPR bankruptcy estate.

9. For Emerald equipment involved in Shipments in Transit, any Sea Star on-hire obligation would begin when Sea Star signed a TIR for its use after completion of a Shipment in Transit.

10. Any Sea Star on-hire obligation for Emerald equipment in the possession of third parties, such as depots, shipper pools, shipper warehouses, or former NPR agents or stevedores, as of and after closing would begin when Sea Star signed a TIR removing such Emerald equipment from a depot or shipper pool or acknowledging receipt from a customer or

delivering carrier for Sea Star's use. Otherwise, Sea Star would have no responsibility for such equipment.

        11. Sea Star has no obligation to Emerald for *per diem* rent.

        12. Sea Star has no obligation for Emerald Stipulated Loss Value claims unless a signed TIR discloses Sea Star's on-hire of such Emerald equipment under the Rental Agreement on or after April 29, 2002; and there is no evidence of redelivery under the Rental Agreement

        13. Sea Star has no obligation for Emerald's adjusted Stipulated Loss Value claims pertaining to Emerald equipment recovered and sold. Emerald admittedly did not give Sea Star notice required by paragraph 13(b)(iii) of the Rental Agreement prior to sales of Emerald equipment for which Emerald alleges Sea Star is responsible.

    (d)    Whether and in what amount Sea Star is entitled to recover damages:

        1. for Emerald breaches of contract, including contracts of carriage represented by bills of lading;

        2. on accounts stated or open accounts;

        3. for goods and services provided to and for the benefit of Emerald, including use of Sea Star's San Juan terminal facilities to store Emerald equipment, handling services relating to Emerald equipment, carriage of Emerald equipment onboard Sea Star vessels, and chains and binders, provided at Emerald's request.

    (e)    Whether and in what amount Sea Star is entitled to recover payments and credits given in connection with Emerald equipment that was not on-hired by Sea Star or that was involved in Shipments in Transit

2.  **Emerald's Response to Sea Star's Statement of Issues**

(a)  Emerald Equipment Leasing, Inc. ("Emerald") is the Lessor under the Rental Agreement and the owner of the Emerald Equipment which is the subject of both the Rental Agreement and the Sale Order. Emerald is a real party-in-interest and has standing in this litigation. MBC was Emerald's secured creditor.

(b)  The Loan, Sale and Assignment Agreement between MBC and Storage Transfer LLC ("Storage") is a document which is between non-parties to this litigation and for which Sea Star has not sought a declaration of rights in its Complaint. Furthermore, the Loan, Sale and Assignment Agreement does not estop or prohibit Emerald's claim against Sea Star for compensation for use of Emerald Equipment for which Sea Star has not paid appropriate rental charges or stipulated loss. The Indemnity Agreement protects Sea Star against competing claims, not a claim for use of Emerald Equipment for which Sea Star has paid no one.

(c)  Sea Star's proposed declaration of rights and obligations under the Rental Agreement and Sale Order differ from and, in many respects, contradicts the requested declarations sought in Sea Star's Complaint. In addition, Sea Star has added a number of declarations which are not included in the Sea Star Complaint (see paragraphs 21 and 22 of the Sea Star Complaint). As such, Emerald objects to the newly proposed declarations and therefore Sea Star should not be provided any relief in this regard. To the extent the Court will consider Sea Star's newly requested declarations, Emerald responds as follows:

1.  Emerald agrees that under the Rental Agreement, Sea Star has no obligation for Emerald Equipment it did not use. Sea Star does have obligations under the Sale Order and or common law.

2. Emerald disputes this requested declaration. Delivery of the equipment under the circumstances of this case did not occur since the Emerald Equipment was already in Sea Star's possession or control and was scattered all over the United States, Puerto Rico and the Dominican Republic at the time Sea Star commenced its use of the equipment. To the extent Sea Star did not prepare and provide to Emerald a signed Equipment Interchange Receipt – a TIR – for each piece of Emerald Equipment it used, Sea Star breached paragraph 1 of the Rental Agreement. In addition, a signed TIR under the Rental Agreement is conclusive evidence that Sea Star received delivery of any particular piece of equipment; it is not exclusive evidence of such use (see paragraph 5 of the Rental Agreement). Any competent evidence of Sea Star's use of the Emerald Equipment commences Sea Star's obligation to pay rent.

3. Emerald disputes this requested declaration. The Rental Agreement provides at paragraph 10(a) that redelivery of equipment used by Sea Star had to be made "to Lessor" ("Emerald") at Greenwich Terminal, Philadelphia, Pennsylvania; Sea Star Terminal, Puerto Nuevo, San Juan, Puerto Rico; Greenich Terminal, Port of Jacksonville, Florida; or any other location as to which the parties have agreed in writing. Since the parties recognize that Sea Star could not return the Emerald Equipment to itself in the San Juan terminal, which it controlled, designated areas were set up in the San Juan terminal (J lot) for the return of Emerald Equipment. In addition, redelivery under paragraph 10(a) of the Rental Agreement provided that Lessor ("Emerald") was to be given 72 hour prior notice in writing of types and quantities of equipment which Sea Star intended to redelivery at particular ports.

4. Emerald disputes this requested declaration. See response to No. 3 above. In San Juan, the equipment had to be moved to the designated area in the San Juan terminal and

not subsequently re-used or lost by Sea Star. Also, 72 hours prior notice of redelivery had to be given. A TIR signed by the Sea Star terminal without redelivery to Emerald as set forth in response to No. 3 above does not "off-hire" the equipment.

5. Emerald does not and has not disputed that Sea Star has no obligation to pay rental charges to Emerald for equipment which Sea Star solely used for shipment in-transit.

6. Emerald objects to this requested declaration as it relates to parties other than Emerald. Sea Star's obligation regarding Emerald Equipment is set forth in paragraph 13 of the Sale Order

7. This requested declaration, as stated, is convoluted and unclear. In any event, Sea Star's obligation to pay compensation and to redeliver equipment arises out of its use of such equipment, other than solely for an in-transit use. See responses to Nos. 1-5 above.

8. Emerald disputes this requested declaration. Paragraph 13 of the Sale Order sets forth Sea Star's obligation.

9. Emerald disputes this requested declaration. See responses to Nos. 1 and 2 above. Sea Star's obligation to pay rental charges after an in-transit use commenced when Sea Star retained possession of such pieces of equipment and used such piece of equipment for a subsequent use.

10. Emerald disputes this requested declaration. Sea Star's on-hire obligation, and therefore its obligation to commence paying rent at any location may be shown by any competent evidence of Sea Star's use of any particular piece of Emerald Equipment. See response to No. 2.

11.   Emerald does not understand the requested declaration and therefore disputes this requested declaration.

12.   Emerald disputes this requested declaration. Sea Star's obligation for stipulated loss value applies to any piece of equipment which competent evidence discloses Sea Star's used and such equipment was (a) a total constructive loss, (b) never redelivered to Emerald, or (c) redelivered and subsequently taken or reused by Sea Star and not thereafter returned.

13.   Emerald disputes this requested declaration. Sea Star misreads paragraph 13(b)(iii) of the Rental Agreement. Adjusted Stipulated Loss Value charged by Emerald applies to all Emerald Equipment which Emerald contends Sea Star used and failed to return to Emerald in accordance with the Rental Agreement. Specifically, any Emerald Equipment which Sea Star used and which Sea Star failed to return to Emerald within 60 days after the termination of the Rental Agreement was properly treated by Emerald as "lost" equipment pursuant to paragraph 10(f) for which Sea Star was obligated to pay Emerald the full stipulated loss value pursuant to the Rental Agreement. As to any such equipment which Emerald subsequently recovered, Emerald mitigated damages by selling such equipment and charging Sea Star only the difference between the stipulated loss value and the sale price (i.e., the "Adjusted Stipulated Loss Value").

(d)   Emerald does not dispute Sea Star's request for payment with respect to certain ocean freight charges for the shipment of certain Emerald Equipment which Emerald requested. Emerald disputes the amount of the freight charges requested. In addition, Emerald asserts its setoff rights as set forth in its Answer to the Complaint. Emerald disputes it has any obligation for the payment of chains and binders and/or storage and handling charges.

(e)     Emerald does not dispute that Sea Star has no obligation for equipment which it used solely for "shipments in transit". Sea Star is obligated for rental charges for any Emerald Equipment which it used, other than for solely "shipment s in transit".

3.     **List of Witnesses**

**By Sea Star:**

1. Thomas Holt, Sr. (live or deposition)
   10710 Ellicott Road
   Philadelphia, PA

2. Arthur Davis (live or deposition)
   128 Parkview Road
   Cheltenham, PA

3. Mark P. Levins (deposition)
   101 S. King Street
   Gloucester City, NJ

4. Lorraine Robins (live or deposition)
   7900 Old York Road
   Apt. 812 B
   Elkins Park, PA

5. Francisco Gonzalez (deposition)
   Plaza 4, S.S.A. 11,
   Mansion del Sur,
   Toa Baja, Puerto Rico

6. John Allen (deposition)
   120 Gun Club Road
   Jacksonville, FL

7. Robert Leetch[1]
   617 West Addison St.
   Chicago, IL

---

[1] Robert Leetch is currently unable to attend trial in this matter on July 7, 2008 due to a medical condition. Sea Star requests that the record remain open to allow testimony from Mr. Leetch.

{05130|CHT|10047422.DOC}                 9

8. Carl Fox
   100 Bell Tel Way, Suite 300
   Jacksonville, FL

9. Andrew Rooks
   100 Bell Tel Way, Suite 300
   Jacksonville, FL

10. Records Custodian
    Storage Transfer, LLC
    7900 Old York Road
    Elkins Park, PA

Sea Star Lines, LLC reserves the right to call witnesses listed by defendant

**By Emerald Equipment Leasing, Inc.:**

1. Tom Holt, Jr. (Live)

2. Arthur Davis (Live)

3. Andrew Rooks (Live or Deposition)

4. Philip Bates (Deposition)

5. George Cervone (Deposition)

6. Lisa Florence (Deposition)

Emerald Equipment Leasing, Inc. reserves the right to present additional testimony as follows:

1. Thomas Holt, Sr. (Live or Deposition)

2. Mark Levins (Deposition)

3. Lorraine Robins (Live or Deposition)[2]

4. Francisco Gonzalez (Deposition)

---

[2] Lorraine Robins is currently unable to attend trial in this matter on July 7, 2008 due to a serious illness. Defendant reserves the right to request that the record remain open to allow additional testimony from Lorraine Robins, to the extent Defendant deems necessary.

{05130|CHT|10047422.DOC}                          10

5.  John Allen (Deposition)

6.  Any witness listed by Plaintiff

4.  **Other Matters**

(a) The parties will file deposition designations and counter-designations the week after trial.

(b) The parties will provide the Court with binders of pre-marked exhibits the morning of trial. A list of the exhibits is attached hereto.

**July 3, 2008**

| SMITH, KATZENSTEIN & FURLOW LLP | ECKERT SEAMANS CHERIN & MELLOTT, LLC |
|---|---|
| By: _/s/ Kathleen M. Miller_<br>Kathleen M. Miller (ID No. 2898)<br>The Corporate Plaza<br>800 Delaware Avenue<br>P.O. Box 410<br>Wilmington, DE 19899<br>Tel: (302) 652-8400<br>Fax: (302) 652-8405<br><br>And<br><br>Timothy J. Armstrong<br>Armstrong & Mejer, P.A.<br>Penthouse Suite<br>2222 Ponce de Leon Blvd.<br>Coral Gables, FL 33134<br><br>Counsel for Sea Star Line, LLC | By: _/s/Michael Busenkell_<br>Michael Busenkell (ID No. 3933)<br>300 Delaware Avenue<br>Suite 1210<br>Wilmington, DE 19801<br><br>And<br><br>Gary Schildhorn, Esq.<br>Alan I. Moldoff, Esq.<br>Two Liberty Place<br>50 South 16th Street<br>22nd Floor<br>Philadelphia, PA 19102<br><br>Counsel for Emerald Equipment Leasing, Inc. |