IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA STAR LINE, LLC | : | |
| | : | |
|     Plaintiff/ | : | |
|     Counterclaim Defendant, | : | |
| | : | |
| v. | : | Civ. No. 05-245-JJF-LPS |
| | : | |
| EMERALD EQUIPMENT LEASING, INC. | : | |
| | : | |
|     Defendant/ | : | |
|     Counterclaim Plaintiff, | : | |

**EMERALD EQUIPMENT LEASING, INC.'S MOTION TO STRIKE
OR OTHERWISE NOT REQUIRE THE FILING OF A RESPONSE TO SEA
STAR LINE, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE AMENDED COUNTERCLAIM, OR IN THE ALTERNATIVE
TO EXTEND TIME TO FILE A RESPONDING BRIEF**

Emerald Equipment Leasing, Inc. ("Emerald"), hereby moves for an Order striking or otherwise not requiring the filing of a response to Sea Star Line, LLC's Motion for Partial Summary Judgment on the Amended Counterclaim, or in the alternative, to extend time to file a responding brief, and in support thereof, states as follows:

**BACKGROUND**

1. On March 1, 2004, Sea Star Line, LLC ("Sea Star") filed a Complaint (the "Complaint") in the United States District Court for the Middle District of Florida seeking, inter alia, a declaratory judgment as to rights and liabilities under an Equipment Rental Agreement and a certain Order of the United States Bankruptcy Court for the District of Delaware. D.I. 1

2. After the litigation commenced by Sea Star was transferred to the United States District Court for the District of Delaware (the "Court"), Emerald filed an Answer, Affirmative Defenses and Counterclaim. D.I. 53. Subsequently, Emerald filed an Amended Counterclaim (the "Amended Counterclaim"). D.I. 79.

{M0677997.1}

3. During a pretrial conference on November 1, 2007, the Court bifurcated trial on the Complaint and the Amended Counterclaim, referring all pretrial matters relating to the Amended Counterclaim to Magistrate Judge Stark. D.I. 142. Trial on the Complaint was scheduled for July 7, 2008 and trial on the Amended Counterclaim was scheduled for September 15, 2008. D.I. 182.[1]

4. On June 10, 2008, Sea Star filed a Motion for Partial Summary Judgment in connection with the Sea Star Complaint raising various issues, including "standing" and "real party-in-interest" (the "Prior Sea Star Summary Judgment Motion"). D.I. 192, 193 and 194.

5. At a pretrial conference in connection with the Sea Star Complaint on June 24, 2008, the Court made clear on the record that it would not entertain motions for summary judgment since the matters raised in the pleadings would be heard in a "Bench Trial" and that no response to the Motion should be filed. Specifically, the Court stated:

> In a Bench Trial that means someone is entitled to judgment as a matter of law. Why would I spend my time dealing with that when it's more direct and actually saves everybody the time and trouble of a decision and has no impact that's implicated in the trial? D.I. 198 at page 13.

In response to a question to the Court as to whether Emerald had to respond to the prior Motion for Summary Judgment, the Court stated:

> You don't have to respond to that…..That will be part of the post-trial briefing. When you have a bench trial and there is going to be matters of law decided, that's what I tried to say when I came in the courtroom. I mentioned the Summary Judgment. It will be wrapped into the trial. You can make that point for purposes of appeal, either side, that we thought prior to trial we were entitled to Judgment as a Matter or Law. When you're doing a bench trial, it will be a waste of the judges time to engage in that, particularly when it's a partial Summary Judgment application. So, you will

---

[1] The September 15, 2008 trial date has since been cancelled by Order of the Court with a new date to be set. See docket entry dated August 27, 2008.

answer it in your post-trial briefing on the first trial phase. D.I. 198 at pages 13-14.

6. A Bench Trial was held in connection with the Sea Star Complaint on July 7, 8 and 22, 2008. The parties have filed opening and responding post-trial briefs in connection therewith which, inter alia, includes the issues raised in the Prior Sea Star Summary Judgment Motion. D.I. 210 and D.I. 212.

7. Just shortly after filing is opening brief in connection with the trial on the Sea Star Complaint, on August 14, 2008, Sea Star again filed a Motion for Partial Summary Judgment, this time in connection with the Amended Counterclaim (the "Current Sea Star Summary Judgment Motion"). D.I. 209, 210.

8. The Current Sea Star Summary Judgment Motion raises a number of issues identical to the issues raised in the Prior Sea Star Summary Judgment Motion (which are now part of the briefing by Sea Star in connection with the trial on the Sea Star Complaint), although adding additional points relating specifically to certain claims set forth in the Amended Counterclaim.

## ARGUMENT

9. The Court's clear ruling stated at the pretrial conference on June 24, 2008, that it would not consider summary judgment motions at this stage of the proceedings under the circumstances presented herein, appears to apply with equal force to the Current Sea Star Summary Judgment Motion. Since the Amended Counterclaim will be adjudicated in a Bench Trial, the parties will have a full opportunity to adjudicate the issues raised in the Current Sea Star Summary Judgment Motion without the added and wholly undue expense to the parties and waste of judicial resources resulting from additional motion practice.

10. Additionally, it should be noted that a number of the issues raised in the Current Sea Star Summary Judgment Motion have been raised and have already been briefed in the opening and

responding briefs filed after the trial held on the Sea Star Complaint. As a result, it would be a waste of expenses for the parties to again brief these issues since it is duplicative of work already done relating to pending issues now before this Court.

## RELIEF REQUESTED

11. Accordingly, Emerald respectfully requests that this Court order that the Current Sea Star Summary Judgment Motion be stricken, and/or make a ruling that the Court will not consider the Current Sea Star Summary Judgment Motion and that therefore Emerald has no need to file a response thereto.

12. Alternatively, should this Court determine that the Current Sea Star Summary Judgment Motion is appropriate, notwithstanding it prior ruling on this matter, it is respectfully requested that this Court grant an extension of time for Emerald to respond to the Current Sea Star Summary Judgment Motion for a period of ten (10) business days after the Court's determination on this Motion.

## COMPLIANCE WITH LOCAL RULE 7.1.1

13. Emerald has attempted to amicably resolve the issues raised in this Motion with counsel for Sea Star, pointing out the language contained in the June 24, 2008 pretrial hearing relating to the Court's ruling in connection with the Prior Sea Star Summary Judgment Motion (see e-mail to Sea Star's counsel dated August 26, 2008 attached hereto as Exhibit "A"). Sea Star's counsel has indicated it will not withdraw its Motion(See Exhibit "B").

WHEREFORE, Emerald respectfully requests that the Court grant the relief sought herein.

                ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: _/s/ Ronald S. Gellert_

    Ronald S. Gellert, Esquire (No. 4259)
    Tara L. Lattomus, Esquire (No. 3515)
    300 Delaware Avenue, Suite 1210
    Wilmington, De 19801
    Phone: 302-425-0430
    Fax:    302-425-0432

                and

    Gary M. Schildhorn, Esquire
    Alan I. Moldoff, Esquire
    Eckert Seamans Cherin & Mellott, LLC
    Two Liberty Place
    50 South 16th Street, 22nd Floor
    Philadelphia, PA 19102
    Phone: 215-851-8400
    Fax:    215-851-8383

{M0677997.1}