UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, )<br>a limited liability company, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>EMERALD EQUIPMENT LEASING, INC., )<br>a corporation, )<br>)<br>Defendant, )<br>)<br>-vs- )<br>)<br>SEA STAR LINE, LLC, )<br>)<br>Counter-Defendant. )<br>_____ ) | Civil Action No. 05-CV-245-JJF |

## MOTION TO EXTEND TIME

Pursuant to Fed. R. Civ. P. 6(b), Timothy J. Armstrong, attorney for Sea Star Line, LLC ("Sea Star"), moves for entry of an Order extending the deadline for the payment of sanctions specified in the Magistrate's Order dated August 27, 2008 (D.I. 213). As grounds for this Motion, Mr. Armstrong would show the Court:

1. On May 6 2008, the Magistrate Judge held a teleconference on discovery disputes raised by both parties (D.I. 187). On May 7, 2008, the Magistrate Judge issued an order setting a briefing schedule on Emerald Equipment Leasing, Inc.'s ("Emerald") Request to Sanction Sea Star in connection with discovery (D.I. 188).

2. The Request for Sanction was fully briefed on June 2, 2008.

3. On August 27, 2008, the Magistrate Judge issued a Memorandum Order in which the judge imposed sanctions of $15,000 against Sea Star's attorney personally. The Memorandum Order directed that Mr. Armstrong personally pay Emerald $15,000 "within ten (10) days of the date of this Order." (D.I. 213 at p. 10).

4. On September 11, 2008, Sea Star and Mr. Armstrong filed their Objections and Motion to Vacate or Set Aside Memorandum Order Regarding Sanctions ("Motion to Vacate").

5. In pertinent part Rule 6(b) provides: "when an act may or must be done withing a specified time, the court may, for a good cause, extend the time ...." Good cause certainly exists for granting Mr. Armstrong's request. Sea Star and Mr. Armstrong believe, as more fully set out in the Motion to Vacate, that the Magistrate Judge's imposition of sanctions was improper and unwarranted and the amount of the sanctions was not justified. To require that Mr. Armstrong pay Emerald $15,000 before he has had an opportunity to present his arguments to this Court would be unfair, especially in light of the fact that Mr. Armstrong never received notice and has not been given an opportunity to defend himself. Fed. R. Civ. P. 37(a)(5)(A). At the time the Magistrate Judge issued his Memorandum Order there was not (and has never been) a motion presented to sanction Mr. Armstrong personally. Accordingly, Mr. Armstrong requests that the Court grant him an extension of time to pay the ordered sanction (if any) until 20 days after any final order has been entered.

WHEREFORE, Timothy J. Armstrong respectfully requests that the Court extend the deadline for the payment of sanctions specified in the Magistrate's Order dated August 27, 2008 (D.I. 213).

                                                      SMITH, KATZENSTEIN & FURLOW LLP

September 11, 2008                     */s/Kathleen M. Miller*
                                                      Kathleen M. Miller (I.D. No. 2898)
                                                      800 Delaware Avenue, 10th Floor
                                                      P.O. Box 410
                                                      Wilmington, DE 19899
                                                      Telephone: 302-652-8400
                                                      Facsimile: 302-652-8405
                                                      E-mail: Kmiller@skfdelaware.com

OF COUNSEL:
Timothy J. Armstrong
Armstrong & Mejer, P.A.
2222 Ponce de Leon Boulevard
Penthouse Suite
Miami, FL 33134
Telephone: 305-444-3355