IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEA STAR LINE, LLC, a limited    :
liability company,               :
                                 :
              Plaintiff,         :
                                 :
        v.                       :  Civ. Act. No. 05-245-JJF
                                 :
EMERALD EQUIPMENT LEASING, INC.,:
a corporation,                   :
                                 :
              Defendant.         :

## MEMORANDUM ORDER

On August 27, 2008, Magistrate Judge Leonard P. Stark issued
a Memorandum Order (D.I. 213) granting the request (D.I. 189) of
Emerald Equipment Leasing Inc. ("Emerald") for sanctions and
ordering Mr. Timothy Armstrong, an attorney for Sea Star Line,
LLC ("Sea Star"), to pay to Emerald the sum of fifteen thousand
dollars ($15,000).  Sea Star filed a document entitled
"Objections and Motion To Vacate Or Set Aside Memorandum Order
Regarding Sanctions."  (D.I. 218).  Briefing on the Objections
and Motion To Vacate was completed on October 9, 2008.  For the
reasons discussed, the Court will overrule Sea Star's Objections
and deny Sea Star's Motion To Vacate.

Sea Star contends that Magistrate Judge Stark's Memorandum
Order imposing sanctions violates basic tenets of due process
because it was issued without a pending motion by Emerald
requesting sanctions and without affording Mr. Armstrong and Sea
Star notice and a hearing.  Sea Star also contends that as a
factual matter, Magistrate Judge Stark erred in finding that Sea

Star and Mr. Armstrong unilaterally revised his discovery Order
by identifying its five largest truckers by monetary volume of
business, rather than by volume of equipment moved.

By Order entered November 2, 2007, the Court referred
Emerald's Amended Counterclaim to Magistrate Judge Stark to
manage and resolve all pretrial matters, up to and including the
pretrial conference. Rulings made by the Magistrate Judge on
referred matters are reviewed under the clearly erroneous or
contrary to law standard of review pursuant to 28 U.S.C. §
636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil
Procedure.

As a threshold matter, the Court notes that contrary to Sea
Star's assertion, Emerald lodged repeated requests for sanctions
with this Court and the Magistrate Judge in connection with the
discovery issues forming the basis of the sanctions ultimately
awarded in this case. (D.I. 170, 184). The Court, in addressing
Emerald's request for sanctions, deferred to the Magistrate Judge
stating that "any award of sanctions should be considered by
Magistrate Judge Stark in the first instance consistent with the
Court's Order referring to him all pretrial matters." (D.I. 176
at 3, n.1). Emerald ultimately renewed its request for sanctions
against Sea Star, and the Court concludes that it was in this
context of repeated, renewed and continuing requests for

sanctions by Emerald that Magistrate Judge Stark considered the imposition of sanctions.

As for Sea Star's due process objection, the Court further concludes that the imposition of sanctions in this case did not violate due process. Due process is satisfied and oral hearings are not required when the party subject to sanctions is given fair notice that sanctions may be imposed and an opportunity to respond in writing to the issues. See e.g., Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000) (recognizing that due process is satisfied by an opportunity to brief the issues and that an oral or evidentiary hearing is not required); In re 60 East 80th Street Equities, Inc. 218 F.3d 109, 117 (2d Cir. 2000) ("The opportunity to respond is judged under a reasonableness standard: a full evidentiary hearing is not required; the opportunity to respond by brief or oral argument may suffice."); LaPrade v. Kidder Peabody & Co., Inc., 146 F.3d 899, 907 (D.C. Cir. 1998) (recognizing that a hearing is not required to satisfy due process where the court has had an opportunity to observe counsel's conduct and is familiar with the underlying issues); Cook v. American S.S. Co., 134 F.3d 771 (6th Cir. 1998) (same), Eisenberg v. University of New Mexico, 936 F.2d 1131, 1135 (10th Cir. 1991) (same). In this case, Magistrate Judge Stark fulfilled both of these requirements. First, at the May 7, 2008

3

discovery hearing, Magistrate Judge Stark gave Sea Star and Mr. Armstrong express warning that he would be considering the issue of sanctions based on Mr. Armstrong's handling of discovery and providing the parties with an opportunity to be heard on the issue of sanctions. (D.I. 188 at 44-45). Specifically, Magistrate Judge Stark stated:

> I have to, in full candor, put everybody on fair notice that this is now sounding like a case in which, Mr. Armstrong, your side is worthy of being sanctioned for how you are handling discovery. . . . I am not ruling that there are going to be sanctions, but I am giving you fair warning, Mr. Armstrong, that I am troubled by some of the things that I have heard today, but you can wait for my Order which would give both sides a chance to be heard on that.

(D.I. 188 at 44-45). Magistrate Judge Stark followed his remarks with the entry of a schedule for written submissions, and full briefing on the issue of sanctions followed. Given Magistrate Judge Stark's familiarity with the underlying discovery issues, his observations of counsel's conduct during the proceedings, his express notice to Mr. Armstrong and Sea Star that the imposition of sanctions would be considered, and the opportunity he provided to the parties for full briefing on the issue of sanctions, the Court cannot conclude that an oral hearing was necessary to satisfy due process concerns.

Having concluded that Sea Star's due process objection lacks merit, the Court turns to Sea Star's remaining arguments which are focused on Magistrate Judge Stark's factual findings. After

reviewing the record and the parties' submissions as they pertain to the discovery dispute at issue, the Court cannot conclude that the findings underlying Magistrate Judge Stark's imposition of sanctions were erroneous.  The record supports that the parties were aware that Emerald sought and Magistrate Judge Stark ordered Sea Star to identify the five largest truckers by volume in the sense of the number of pieces of equipment moved, and that Sea Star, through the actions of Mr. Armstrong, evaded the requirements of the Order by instead identifying those truckers by dollar amount.  Sea Star made this decision without requesting relief from Magistrate Judge Stark on the grounds that compliance with the Order would be unduly burdensome or onerous.

     As for the amount of sanctions imposed, the Court likewise cannot conclude that Magistrate Judge Stark's Order was erroneous.  Emerald initially sought $22,230.00 in sanctions, but Magistrate Judge Stark indicated that he was modifying the amount sought by Emerald to avoid penalizing Sea Star for exercising its right to file objections to the Magistrate Judge's discovery rulings.

     In sum, the Court concludes that Magistrate Judge Stark's imposition of sanctions was not contrary to law or based upon clearly erroneous factual findings.  Accordingly, the Court will overrule Sea Star's Objections and deny its Motion To Vacate.

NOW THEREFORE, IT IS HEREBY ORDERED that the Objections and Motion To Vacate Or Set Aside Memorandum Order Regarding Sanctions (D.I. 218) filed by Sea Star Line, LLC are **OVERRULED** and **DENIED**.

 November 3, 2008  
      DATE                                    UNITED STATES DISTRICT JUDGE