IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, a limited liability company, | : : : |
| Plaintiff, | : : |
| v. | : Civ. Act. No. 05-245-JJF |
| EMERALD EQUIPMENT LEASING, INC., a corporation, | : : : : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion Pursuant To Local Rule 7.1.5 For Rehearing And Reargument Of Memorandum Order Regarding Sanctions (D.I. 233) filed by Sea Star Line, LLC ("Sea Star") and Timothy J. Armstrong requesting reargument of the Court's November 3, 2008 Memorandum Order (D.I. 231) overruling and denying Sea Star and Mr. Armstrong's Objections and Motion To Vacate or Set Aside Memorandum Order Regarding Sanctions. For the reasons discussed, the Court will grant the Motion.

A motion for reconsideration or reargument is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.'" Id. (citing Ogelsby v. Penn Mutual Life Ins. Co., 877 F. Supp. 872, 892 (D. Del. 1995)). As such, reargument is only appropriate where "the Court has patently misunderstood a

party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990) (citations omitted); see also D. Del. L.R. 7.1.5.  The decision to grant a motion for reargument lies within the discretion of the district court; however, such motions should only be granted sparingly. Dentsply Int'l, Inc. v. Kerr Mfg. Co., 42 F. Supp. 2d 385, 419 (D. Del. 1999).

In its Motion For Reargument Sea Star and Mr. Armstrong clarify that their Objection to the Magistrate Judge's imposition of sanctions did not rest on the Magistrate Judge's decision to forgo an oral hearing on the Motion but rather on the lack of individual notice to Mr. Armstrong that he might personally be subject to sanctions.  The Third Circuit has held that notice to a party of a possible sanctions award against it does not constitute sufficient notice to the attorney representing that party that he or she may also be subject to sanctions. Bowers v. National Collegiate Athletic Ass'n, 475 F.3d 524 (3d Cir. 2007). In the Court's view, this case presents a close question, because the Magistrate Judge particularly implicated Mr. Armstrong's conduct as a reason for the sanctions award in his statement giving notice to the parties that sanctions were being

considered.[1] However, in order to erase any ambiguity arising from this statement and to ensure Mr. Armstrong a fair opportunity to be heard personally on the issue of sanctions, the Court will vacate the Magistrate Judge's Order awarding sanctions against Mr. Armstrong and remand this matter to the Magistrate Judge for more comprehensive treatment.[2]

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion Pursuant To Local Rule 7.1.5 For Rehearing And Reargument Of Memorandum Order Regarding Sanctions (D.I. 233) filed by Sea Star Line, LLC ("Sea Star") and Timothy J. Armstrong is **GRANTED**.

2. The August 27, 2008 Memorandum Order (D.I. 213) of Magistrate Judge Leonard P. Stark granting the request (D.I. 189) of Emerald Equipment Leasing Inc. ("Emerald") for sanctions and ordering Mr. Timothy Armstrong, an attorney for Sea Star Line, LLC ("Sea Star"), to pay to Emerald the sum of fifteen thousand

---

[1] The Magistrate Judge stated:

> I have to, in full candor, put everyone on fair notice that this is now sounding like a case in which, Mr. Armstrong, your side is worthy of being sanctioned for how you are handling discovery. . . ."

(D.I. 187 at 44-45) (emphasis added).

[2] In so doing, the Court notes that the remaining arguments raised by Sea Star concerning the factual predicate for the Magistrate Judge's sanctions award were addressed by the Court in its previous decision, and are therefore, not the proper subject of a motion for reargument.

3

dollars ($15,000) is **VACATED** and this matter is **REMANDED** to the Magistrate Judge for further consideration.

December 17, 2008
DATE

UNITED STATES DISTRICT JUDGE