IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, a limited liability company, : : : | |
| Plaintiff, : : | |
| v. : : | Civ. Act. No. 05-245-JJF |
| EMERALD EQUIPMENT LEASING, INC., : a corporation, : : | |
| Defendant. : | |

**MEMORANDUM ORDER**

Pending before the Court are Objections And Motion To Vacate Or Set Aside Memorandum Order Regarding Sanctions (D.I. 264) filed by Sea Star Line ("Sea Star") and its attorney, Timothy Armstrong. For the reasons discussed, the Court will overrule the Objections and deny the Motion To Vacate.

**I.  PARTIES' CONTENTIONS**

By their Objections and Motion, Sea Star and Mr. Armstrong contend that the Magistrate Judge's sanction award violates Sea Star's due process rights, because the Magistrate Judge provided no notice to Sea Star that an award of sanctions would be reconsidered against it on remand. In this regard, Sea Star points out that the Court's remand of this matter to the Magistrate Judge was for the purpose of "ensur[ing] Mr. Armstrong a fair opportunity to be heard personally on the issue of sanctions." (D.I. 240 at 3). Sea Star contends that the Court made no mention of sanctions against Sea Star in its decision remanding this case, yet the Magistrate Judge, with no notice, imposed the sanction award against both Sea Star and

Mr. Armstrong. In addition, Sea Star contends that the Magistrate Judge's decision to award sanctions lacks factual support.

In response, Emerald contends that Sea Star and Mr. Armstrong's argument is "circular and fallacious" and in the nature of a "Catch 22." Emerald suggests that Sea Star and Mr. Armstrong cannot have it both ways. Emerald contends that the basis for the Court's decision to grant reconsideration of the sanction order in the first instance was inadequate notice to Mr. Armstrong and that the issue of inadequate notice to Sea Star was never raised. Thus, Emerald contends that the Magistrate Judge's sanctions order on remand does not violate due process. Emerald further contends that the Court has already found factual support for the sanctions order. In this regard, Emerald directs the Court to its initial decision on the sanctions award (D.I. 231), as well as to the footnote in the Court's decision on reargument, in which the Court noted that "the remaining arguments raised by Sea Star concerning the factual predicate for the Magistrate Judge's sanction award were addressed by the Court in its previous decision, and are therefore not the proper subject of a motion for reargument." (D.I. 240 at 3).

## II. DISCUSSION

The hallmarks of due process are notice and an opportunity to be heard. The opportunity to be heard is judged under a reasonableness standard. In this case, Sea Star contends that it had no notice that it might again be subject to sanctions on remand,

yet Sea Star proceeded as if this was the case by filing a brief on remand, joined by Mr. Armstrong, in which Sea Star again argued that it acted in good faith in attempting to comply with Judge Stark's discovery order. Sea Star's actions belie its argument that it was unaware that it could again be exposed to sanctions, and therefore, the Court cannot conclude that Sea Star's due process rights were violated.

Further, the Court concludes that sufficient factual support exists in the record for the Magistrate Judge's award of sanctions against both Sea Star and its attorney, Mr. Armstrong.

NOW THEREFORE, IT IS HEREBY ORDERED that the Objections filed by Sea Star and its attorney, Mr. Armstrong, are **OVERRULED**, and the Motion To Vacate Or Set Aside Memorandum Order Regarding Sanctions is **DENIED**.

July 23, 2009
DATE

UNITED STATES DISTRICT JUDGE