IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA STAR LINE, LLC, a limited liability company, | : :  : |
| Plaintiff, | : : |
| v. | : Civ. Act. No. 05-245-JJF : |
| EMERALD EQUIPMENT LEASING, INC., a corporation, | : : : |
| Defendant. | : |

Timothy J. Armstrong, Esquire of ARMSTRONG & MEJER, P.A., Miami, Florida.
Kathleen M. Miller, Esquire of SMITH, KATZENSTEIN & FURLOW, LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Gary M. Schildhorn, Esquire and Alan I. Moldoff, Esquire of ECKERT SEAMANS CHERIN & MELLOTT, LLC, Philadelphia, Pennsylvania.
Ronald S. Gellert, Esquire and Tara L. Lattomus, Esquire of ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

October 6, 2009
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Sea Star Line, LLC's and Timothy J. Armstrong's Objections And Motion To Vacate Or Set Aside Order Imposing Sanctions (D.I. 280). By its Motion, Sea Star and Mr. Armstrong again object to the imposition of sanctions, but recognize that this Court has already ruled against Sea Star and Mr. Armstrong in its July 23, 2009 Order. Sea Star and Mr. Armstrong also contend that the Magistrate Judge's July 20, 2009 Order setting the amount of sanctions at $15,000 fails to include the requisite findings that the expenses incurred by Defendants were reasonable and resulted from the failure of Sea Star and Mr. Armstrong to obey a discovery order.

In opposition to Sea Star's Objection, Emerald contends that its expenses far exceed the $15,000 imposed by the Magistrate Judge. In support of its expenses, Emerald directs the Court to the Certification of Counsel (D.I. 266) that it filed in connection with the procedures devised by the parties and approved by the Magistrate Judge for determining the amount of sanctions to be imposed.

Although the Court has already ruled against Sea Star and Mr. Armstrong on the merits of the sanctions issue and, at this juncture, is presented primarily with a challenge to the amount of sanctions imposed, the Court is persuaded that reconsideration of the entire sanctions issue is warranted in light of the Third

Circuit's recently issued decision in Grider v. Keystone Health Plan Central, Inc., 2009 WL 2750450 (3d Cir. 2009). In Grider, the Third Circuit considered the imposition of sanctions on the defendants and their attorney under Federal Rule of Civil Procedure 26(g)(3)[1] and 37(c)(1).[2] After reviewing the 77-page opinion containing 93 numbered paragraphs issued by the sanctioning judge, the Third Circuit accepted his factual findings and credibility determinations, but ultimately vacated

---

[1] Rule 26(g) provides:

*Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

[2] Rule 37(c)(1) provides:

*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

the sanctions order. Specifically, the Third Circuit concluded, among other things, that the sanctioning judge (1) failed to analyze the "substantial justification" standard expressly articulated in Rule 26(g)(3) and 37(c)(1); (2) failed to provide sufficient specificity in describing the individual sanctionable conduct; and (3) failed to sufficiently address the monetary aspect of the sanctions award as it relates to each sanctioned party and its culpable conduct.[3]

Although the Grider opinion does not deal with the particular Rule at issue here, the Court cannot discount the potential applicability of Grider here, most notably those holdings concerning the need to expressly consider the substantial justification standard in imposing sanctions and to provide precise and detailed support for an imposition of sanctions. Rule 37(b)(2)(C), under which Judge Stark sanctioned Sea Star and Mr. Armstrong provides:

> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, <u>unless the failure was substantially justified</u> or other circumstances make an award of expenses unjust.

---

[3] The Third Circuit also concluded that Rule 37(c)(1) precludes the imposition of sanctions on an attorney. This aspect of the Grider decision has no applicability here, because the rule governing the imposition of sanctions here, Rule 37(b)(2)(c), contemplates the personal liability of counsel for failure to obey a discovery order.

4

In Grider, the Third Circuit treated the issue of sanctions against an attorney with great attention noting that "attorneys' reputations (and, therefore, their livelihood and ability to practice their chosen profession are at stake." 2009 WL 2750450 at 20. In this regard, the Third Circuit emphasized the need to particularly analyze the individualized conduct warranting sanctions with heightened specificity.

While the Court notes that the Grider decision was rendered in the context of different Rule provisions, the Court believes it is compelled to remand the matter of sanctions in its entirety to the Magistrate Judge for further consideration in light of any potential applicability of Grider. As Grider points out generally, "the imposition of sanctions requires an individualized analysis," and must be sufficiently detailed in all respects, including the imposition of the amount of sanctions, as well as in the rationale concluding that an award of sanctions is justified in the first instance. Id. at 20. Accordingly, the Court will sustain Sea Star's and Mr. Armstrong's Objections and grant their Motion To Vacate Or Set Aside Order Imposing Sanctions (D.I. 280). In light of the foregoing, the Court will also vacate its July 23, 2009 Memorandum Order (D.I. 276) and remand this matter to the Magistrate Judge in its entirety to provide the Magistrate Judge

with the opportunity to reconsider his decision imposing sanctions in light of the substantial justification standard under Rule 37(b)(1), and/or to provide a sufficiently detailed analysis in light of any potential applicability or ramifications of Grider.[4]

An appropriate Order will be entered.

---

[4] Because the previous decisions of the Magistrate Judge have been vacated, the Court's ruling here essentially requires the Magistrate Judge to reconsider sanctions on a "blank slate" in light of Grider.

6