```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
```

SEA STAR LINE, LLC, a limited       :
liability company,                  :
                                    :
            Plaintiff,              :
                                    :
       v.                           :   Civ. Act. No. 05-245-JJF
                                    :
EMERALD EQUIPMENT LEASING, INC.,    :
a corporation,                      :
                                    :
            Defendant.              :

---

Timothy J. Armstrong, Esquire of ARMSTRONG & MEJER, P.A., Miami, Florida.
Kathleen M. Miller, Esquire of SMITH, KATZENSTEIN & FURLOW, LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

Gary M. Schildhorn, Esquire and Alan I. Moldoff, Esquire of ADELMAN LAVINE GOLD AND LEVIN, A Professional Corporation, Philadelphia, Pennsylvania.
Ronald S. Gellert, Esquire; Tara L. Lattomus, Esquire and Margaret F. England, Esquire of ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

November 12, 2009
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Vacate Final Judgment Order (D.I. 295) filed by Plaintiff, Sea Star Line, LLC ("Sea Star"). For the reasons discussed, the Court will deny the Motion with leave to renew.

## I. Background

This case has had a protracted history, both in this Court and before Magistrate Judge Stark. The background of this action is set forth fully in the Court's previous decisions. With respect to the instant Motion, the Court provides the following additional background.

On September 19, 2008, the Court entered an Opinion determining that Sea Star had not established it was entitled to certain requested declarations. (D.I. 220.) In the Order accompanying that decision, the Court denied Sea Star's requested declarations and indicated that the Court "will enter a Final Judgment Order once Emerald's Amended Counterclaim has been fully adjudicated." (D.I. 221.) No appeal was taken by either party from the Order accompanying the September 19 Opinion.

On August 27, 2009, the Court issued a Memorandum Opinion determining that Sea Star was liable to Emerald on certain of its counterclaims, and concluding that an accounting as to damages was not necessary because Emerald sufficiently established the damages it was owed by virtue of the invoices submitted by

1

Emerald. (D.I. 282.) In the Order accompanying the decision, the Court provided rulings on certain evidentiary objections and stated:

> 3. In accordance with the procedures set forth in the Memorandum Opinion accompanying this Order, Emerald shall submit a proposed Final Judgment Order consistent with the Court's rulings as set forth in both this Memorandum Opinion and the Opinion issued on September 19, 2008.

(D.I. 283.)

On September 4, 2009, Emerald submitted its proposed Final Judgment Order. Sea Star did not file any objections to the proposed Final Judgment Order in the time frame provided by the Court.

On September 10, 2009, Sea Star filed a Notice of Appeal seeking to appeal the Court's September 19, 2008 Opinion and accompanying Order, and the August 27, 2009 Memorandum Opinion and Order. On September 21, 2009, Sea Star filed an Amended Notice of Appeal adding to its appeal, the Memorandum Order Regarding Sanctions (D.I. 263), the Order imposing sanctions (D.I. 275), the Memorandum Order overruling objections (D.I. 276) and the Order (D.I. 287) denying Sea Star's request for an extension of time to pay the sanctions. Later that same day, Sea Star filed an Amended Notice Of Amended Appeal adding Timothy J. Armstrong as an appellant.

Also on that same day, Emerald filed a Request For Entry of Final Judgment Order (D.I. 289). Three days later, on September

24, 2009, Sea Star filed a letter to the Court indicating it would be filing a response to the Request For Entry Of Final Judgment Order. (D.I. 292.)

Having determined that a response from Sea Star was not necessary because it did not timely object to the proposed Final Judgment Order, the Court entered a Final Judgment Order on September 24, 2009. Five days later, Sea Star filed the instant Motion To Vacate.

On October 2, 2009, and in response to calls received by the Clerk of Court from Emerald, the Court issued an Order directing the Clerk to hold in abeyance the directive in the Final Judgment Order regarding the release of funds until further Order of the Court. (D.I. 296.) In issuing this directive, the Court noted that the Motion To Vacate Final Judgment Order filed by Plaintiff requests that the Court rescind the direction to the Clerk with respect to the deposit in the Court's registry.

On October 6, 2009, the Court issued a Memorandum Opinion and Order sustaining Sea Star's objections to the Sanctions Order issued by Magistrate Judge Stark and remanding the matter to him for further consideration. (D.I. 297, 298.) Emerald has advised Magistrate Judge Stark that it does not intend to proceed further with the sanctions issue at this time, and has requested that the issue of sanctions be held in abeyance pending disposition of the

instant Motion and Sea Star's Interlocutory Appeal of the trial decisions in this case. (D.I. 304.)

## II. Parties' Contentions

By its Motion, Sea Star requests the Court to vacate its Final Judgment Order pursuant to Rule 60(b)(4). Specifically, Sea Star contends that the filing of its Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(3), deprived the Court of jurisdiction rendering the Final Judgment Order void. In this regard, Sea Star emphasizes that Section 1292 was meant to allow immediate appeals in admiralty cases from interlocutory orders determining the rights and liabilities of parties.

In response, Emerald contends that Sea Star's filing of the Notice of Appeal did not divest the Court of jurisdiction to enter the Final Judgment Order. In this regard, Emerald contends that Sea Star's appeal did not prevent the Court from finishing its work. More specifically, Emerald contends that

> Sea Star's appeal involves, inter alia, this Court's determination of liability, whether this Court erred in addressing the damages issue and whether Emerald satisfied its burden of proof as to damages. It does not, however, involve the specific calculation of those damages. Thus, there is no potential for "conflict among tribunals" occasioned by this Court entering the Final Judgment Order which does not change, modify or amend the prior decisions which are the subject of the interlocutory appeal. The findings incorporated into the Final Judgment Order are not before the appellate court and therefore there can be no "conflict" in determinations by different tribunals.

(D.I. 300 at 6.)

4

## III. DISCUSSION

The question underlying Sea Star's Rule 60(b) Motion is essentially whether this Court was divested of jurisdiction by the filing of Sea Star's Notice of Appeal, such that the Final Judgment Order should not have been entered. This same question regarding the effect of the Notice of Appeal is also at the heart of whether this Court can grant Sea Star's Rule 60(b) Motion in the first instance. This case, however, is in a complicated procedural posture, and therefore, while the issue is succinctly stated, its resolution is not as clear.

The Court begins its analysis by examining a few general principles. As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance; it immediately confers jurisdiction on the court of appeals and divests the district court of its control over aspects of the case involved in the appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). However, an appeal from a non-appealable order is considered a nullity and does not have the effect of divesting the district court of jurisdiction. Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985) (citations omitted). Similarly, a premature appeal does not divest the district court of jurisdiction. Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989).

5

The purpose of the divestiture rule is to "prevent[] the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." Venen, 758 F.2d at 121. Because this rule is a judge-made doctrine premised upon prudential considerations, the Third Circuit has further recognized that "the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988).

In this case, Sea Star filed its Notice of Appeal pursuant to 28 U.S.C. § 1292(a)(3), which provides for appellate review of interlocutory decrees "determining the rights and liabilities of the parties to admiralty cases." Because this statute presents an exception to the rule providing for the appeal of only final judgments, the statute has been narrowly construed to allow interlocutory appeals only after liability has been determined, but before the damages phase, and only in those cases in which the district court's order conclusively determines the appellant's claim. In re Complaint of PMD Enter., Inc., 301 F.3d 147, 149-150 (3d Cir. 2002); Hager v. Laurelton Welding Serv., Inc., 124 Fed. Appx. 104, 106 (3d Cir. 2005).

In the Court's view there are significant questions about whether Sea Star's Notice of Appeal complies with the requirements of Section 1292(a)(3). In this regard, the Court

6

notes that Sea Star has appealed from an Opinion and Memorandum Opinion of the Court, which is not permissible. In the Matter of Chelsea Hotel Corp., 241 F.2d 846, 848 (3d Cir. 1957) ("[I]t is settled that an appeal may not be taken from an opinion. It is only the definitive order or judgment which follows the opinion which is reviewable by appeal."). As for the Orders appealed by Sea Star, the Court notes that both Orders contemplate the entry of a Final Judgment Order. Therefore, it is unclear to the Court whether it can be said that these Orders conclusively determine the rights and liabilities of the parties as required for an appeal pursuant to Section 1292(a)(3). Indeed, it was the Court's intention to make the determination of the parties' rights and liabilities clear and definitive as to all issues by entering a comprehensive Final Judgment Order that encompassed the rulings in both the September 2008 and August 2009 decisions. The Court's purpose in entering the Final Judgment Order was to facilitate a full resolution of the case without piecemeal appeals. Presumably, Sea Star was aware of this intent, because it did not appeal from the Opinion and Order entered in September 2008, in which the Court expressly indicated that it would reserve entry of a final judgment until after Emerald's Counterclaims were adjudicated. The Court further announced its intention to enter a Final Judgment Order when it ordered Emerald to file a proposal and provided Sea Star the opportunity to file

7

objections to the proposal in its August 2009 Memorandum Opinion and Order. However, Sea Star did not timely file any objections and instead filed its preemptory Notice of Appeal.

In any event, it now appears to the Court that significant questions exist as to whether Sea Star's appeal to the Third Circuit is premature and valid in light of the Section 1292(a)(3) requirements.[1] However, as the parties and the Court acknowledge, the question of whether the Notice of Appeal is premature and comports with Section 1292(a)(3) is ultimately a question reserved for the Third Circuit.

---

[1] In addition to questions regarding the validity of the Notice of Appeal, the Court also questions whether the Final Judgment Order is the type of Order which can be said to have altered the status of the case before the Third Circuit, because it essentially encompasses the rulings set forth in the September 2008 Opinion and August 2009 Memorandum Opinion. Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 308 (1992). In this regard, the Final Judgment Order could even loosely be said to be an aid to the appeal. Id. at 320-323.

With regard to the provision of damages in the Final Judgment Order, the Court notes that although the precise amount of damages was not quantified in the Court's August 2009 Memorandum Opinion, it was evident that the Court had accepted Emerald's invoices as evidence of the amount due, and therefore, a totaling of the invoices was the only necessary step to achieving a dollar value. With regard to attorneys' fees and costs, the Court likewise concluded that Emerald was entitled to such fees and costs, but awaited the proposed Final Judgment Order with respect to the entry of such amounts. The Court anticipated that if Sea Star disagreed with the amounts, it would file objections to the proposal, and it was for this reason, that the Court provided Sea Star with an objection deadline before entering the Final Judgment Order.

In clear cases of a premature appeal, the Third Circuit has counseled that the district court should continue to exercise jurisdiction:

> We recognize that a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction. Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal. While this is not an invitation for district courts to resolve thorny issues of appellate jurisdiction the application of the Griggs rule is sufficiently clear, and the interest in expediting cases sufficiently strong, that the district courts should continue to exercise their jurisdiction when faced with clearly. premature notices of appeal.

Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989). In cases in which the answer is less clear, however, "doubts about the legitimacy of the appeal should be resolved in favor of awaiting disposition of the appeal by the court of appeals." Allan Ides, The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 311-312 (1992).

In the case of a Rule 60(b) motion, the Court is without authority to grant such a motion while a Notice of Appeal is pending and may only deny such a motion or consider it.[2] Venen,

---

[2] If the Court intends to grant a Rule 60(b) motion, it would have to certify its intention to the Third Circuit, which would then entertain a motion to remand. Only after remand would this Court have the power to grant such a motion. Venen, 758 F.2d at 123.

9

758 F.2d at 123. Rather than compound any error that may have been committed in entering the Final Judgment Order with further error in the adjudication of the Rule 60(b) motion here, the Court will await the Third Circuit's determination regarding jurisdiction in the first instance, before taking any action that would result in the granting of Sea Star's Rule 60(b) Motion and the vacating of the Final Judgment Order.[3]

## IV. CONCLUSION

For the reasons discussed, the Court will deny Sea Star's Motion with leave to renew following a determination from the Third Circuit regarding its jurisdiction and instructions from the Third Circuit regarding the impact of its determination on the Court's actions subsequent to the filing of Sea Star's Notice

---

[3] The Court would be remiss if it did not note that Sea Star has not argued that the Court's decision vacating Judge Stark's imposition of sanctions against Sea Star, which was entered after Sea Star filed its Notice of Appeal, was impermissible. Courts have recognized that issues like sanctions and attorneys' fees are collateral to an appeal on the merits, and therefore, can continue to be adjudicated after the filing of a Notice of Appeal. However, in this case, Sea Star amended its Notice of Appeal to include Judge Stark's sanction decision, and therefore, under Sea Star's line of reasoning, the Court would also presumably have been without jurisdiction to take this action.

In sum, the Court notes several complexities given the procedural posture of this case and Sea Star's preemptive action in filing its Notice of Appeal before entry of the Court's contemplated Final Judgment Order, and therefore, the Court awaits instruction from the Third Circuit as to whether the Court's subsequent actions, in entering Final Judgment and adjudicating the sanctions issue, should be vacated.

of Appeal, including the entry of the Final Judgment Order in this case and the decision to vacate the Magistrate Judge's award of sanctions.

    An appropriate Order will be entered.